UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13-10361 (___) |
| Debtor in a Foreign Proceeding | |

**DECLARATION OF JEREMY C. HOLLEMBEAK IN SUPPORT OF PETITION
FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF**

JEREMY C. HOLLEMBEAK pursuant to 28 U.S.C. § 1746, declares:

1. I am a member of the firm of Milbank, Tweed, Hadley & M$^{\text{C}}$Cloy LLP, counsel to FTI Consulting Canada Inc., the court-appointed monitor (the **"Monitor"**) and authorized foreign representative of the proceeding (the **"Canadian Proceeding"**) of Sino-Forest Corporation (**"SFC"**) under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the **"CCAA"**) pending before the Ontario Superior Court of Justice (Commercial List) (the **"Ontario Court"**).

2. I respectfully submit this declaration in support of the Monitor's *Verified Petition for Recognition of Foreign Proceeding and Related Relief* (the **"Verified Petition"**) and *Memorandum of Law in Support of Chapter 15 Petition for Recognition of Foreign Proceeding and Related Relief* (the **"Memorandum of Law"**).

3. Attached hereto as Exhibits A-J is a true and correct copy of each of the following documents:

> A. the *Thirteenth Report of the Monitor* dated November 22, 2012 (the "**13th Report**");[1]

---

[1] The 13th Report is filed with the following appendices thereto: (C) the Information Statement, without appendices (the "**Information Statement**"); (E) the Plan Supplement (the "**Plan Supplement**"); (F) the *Affidavit of W. Judson Martin* in support of SFC's initial CCAA

    B. the *First Supplemental Report to the Thirteenth Report of the Monitor* dated December 4, 2012 (the "**First 13th Report Supplement**");[2]

    C. the *Second Supplemental Report to the Thirteenth Report of the Monitor* dated December 6, 2012 ("**Second 13th Report Supplement**");

    D. the *Affidavit of W. Judson Martin* in support of the Plan, sworn and submitted to the Ontario Court on November 29, 2012 (the "**November Affidavit**");[3]

    E. the *Factum of the Applicant* dated December 5, 2012 and submitted to the Ontario Court in support of the Plan (the "**Factum**");

    F. the Endorsement of the Ontario Court for Sanction of the Plan of Compromise and Reorganization dated December 10, 2012 (the "**Plan Endorsement**"); and

    G. the Plan Implementation Order of the Ontario Court dated January 21, 2013 (the "**Plan Implementation Order**");

    H. the *Fifteenth Report of the Monitor* dated January 28, 2013 (the "**15th Report**"),[4]

---

application, sworn to and submitted to the Ontario Court on March 30, 2012, without exhibits (the "**March Affidavit**"); (G) the *Pre-Filing Report of the Proposed Monitor* dated March 30, 2012 (the "**Pre-Filing Report**"), (H) the *Sixth Report of the Monitor* dated August 10, 2012, without appendices (the "**6th Report**"); (I) the *Tenth Report of the Monitor* dated October 18, 2012, without appendices (the "**10th Report**"); (J) the Claims Procedure Order of the Ontario Court dated May 14, 2012 (the "**Claims Procedure Order**"); and (K) the Equity Claims Decision of the Ontario Court dated July 27, 2012 (the "**Equity Claims Decision**").

[2] The First 13th Report Supplement is filed with Appendix H thereto, comprising the *Minutes of the Meeting of Creditors of Sino-Forest Relating to the Plan of Compromise and Reorganization Dated December 3, 2012* and accompanying *Report of the Scrutineer on Attendance* and *Report of Scrutineer on Voting* (the "**Voting Report**").

[3] The November Affidavit is filed without exhibits.

[4] The 15th Report is filed with the following appendices thereto: (A) the Minutes of Settlement dated November 29, 2012; (G) the Mediation Order of the Ontario Court dated July 25, 2012; (H) the Plan Filing and Meeting Order of the Ontario Court dated August 31, 2012; (I) Notice of Appearance of Kim Orr Barristers P.C. dated December 6, 2012; (J) the Plan Sanction Order of the Ontario Court dated December 10, 2012; (L) Notice of Motion re Leave to Appeal the Sanction Order dated December 27, 2012; (M) (i) letter from Bennett Jones to Kim Orr dated January 3, 2013, (ii) letter from Kim Orr to Bennett Jones dated January 3, 2013, (iii) letter from Lenczner Slaght to Kim Orr dated January 3, 2013; (N) E&Y Notice Order (as defined below); (O) Company's press release dated January 24, 2013; and (P) (i) letter from Gowling Lafleur

    I.   the Monitor's certificate of implementation of the Plan dated January 30, 2013 (the "**Monitor's Certificate**"); and

    J.   the Order of the Ontario Court regarding post-implementation matters dated January 31, 2013 (the "**Post-Implementation Order**").

4.     Attached hereto as Exhibit K is a true and correct copy of each of the unpublished decisions and orders cited in the accompanying Memorandum of Law:

K.   (1)   *Collins v. Oilsands Quest, Inc.*, No. 12-10476, 2012 U.S. Dist. LEXIS 182647 (S.D.N.Y. Dec. 27, 2012)

    (2)   *In re Angiotech Pharmaceuticals, Inc., et al.*, No. 11-10269 (Bankr. D. Del. Feb. 22, 2011) [Docket No. 83]

    (3)   *In re Bd. of Directors of Telecom Argentina S.A.*, No. 05-17811 (BRL), 2006 WL 686867 (Bankr. S.D.N.Y. Feb. 24, 2006), aff'd sub nom. Argo Fund Ltd. v. Bd. of Dirs. of Telecom Argentine, S.A. (In re Bd. of Dirs. of Telecom Argentina, S.A.), 528 F.3d 162 (2d Cir. 2008)

    (4)   *In re Canwest Global Communications Corp., et al.*, No. 09-15994 (Bankr. S.D.N.Y. Nov. 3, 2009) [Docket No. 34]

    (5)   *In re Fairfield Sentry Ltd.*, 440 B.R. 60 (Bankr. S.D.N.Y.), aff'd No. 10 Civ. 7311(GBD), 2011 WL 4357421 (S.D.N.Y. Sept. 16, 2011)

    (6)   *In re Fairfield Sentry Ltd.*, No. 10-13164, 2011 U.S. Dist. LEXIS 105770 (S.D.N.Y. Sept. 15, 2011)

    (7)   *In re Fairfield Sentry Ltd.*, No. 10-13164, 2013 Bankr. LEXIS 136 (Bankr. S.D.N.Y. Jan. 10, 2013)

    (8)   *In re MAAX Corporation,* No. 08-11443 (Bankr. D. Del. Aug. 5, 2008) [Docket No. 37]

    (9)   *In re Metcalfe & Mansfield Alternative Investments, et al.*, No. 09-16709 (Bankr. S.D.N.Y. Jan. 5, 2010) [Docket No. 28]

    (10)   *In re Muscletech Research and Development Inc. et al.*, Nos. 06 CIV 538 and 539 (S.D.N.Y. March 2, 2006) [Docket No. 46]

---

Henderson dated January 11, 2013 regarding the addition of Allen Chan and Kai Kit Poon as Named Third Party Defendants and (ii) letter from Gowling Lafleur Henderson dated January 21, 2013 regarding the addition of David Horsley as a Named Third Party Defendant.

(11) *In re Nortel Networks Corp.*, No. 09-10164 (Bankr. D. Del. Feb. 27. 2009) [Docket No. 40]

(12) *In re Quebecor World Inc.*, No. 08-13814 (Bankr. S.D.N.Y. July 1, 2009) [Docket No. 12]

(13) *In re Vitro S.A.B. de CV,* No. 12-10542, 2012 WL 5935630 (5th Cir. Nov. 28, 2012)

(14) *Smith v. Dominion Bridge Corp.,* No. 96-7580, 1999 WL 111465 (E.D. Pa. March 2, 1999)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
February 4, 2013

By: /s/ Jeremy C. Hollembeak
Jeremy C. Hollembeak

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

*Counsel to FTI Consulting Canada Inc., as Foreign Representative of Canadian Proceeding of Sino-Forest Corporation*

4