**Exhibit F**
**Endorsement of the Ontario Court for**
**Sanction of the Plan of Compromise and Reorganization dated December 10, 2012**

CITATION: Sino-Forest Corporation (Re), 2012 ONSC 7041
COURT FILE NO.: CV-12-9667-00CL
DATE: 20121210

## SUPERIOR COURT OF JUSTICE – ONTARIO
### (COMMERCIAL LIST)

RE: IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION, Applicant

BEFORE: MORAWETZ J.

COUNSEL: Robert W. Staley, Kevin Zych, Derek J. Bell and Jonathan Bell, for Sino-Forest Corporation

Derrick Tay, Jennifer Stam, and Cliff Prophet for the Monitor, FTI Consulting Canada Inc.

Robert Chadwick and Brendan O'Neill, for the Ad Hoc Committee of Noteholders

Kenneth Rosenberg, Kirk Baert, Max Starnino, and A. Dimitri Lascaris, for the Class Action Plaintiffs

Won J. Kim, James C. Orr, Michael C. Spencer, and Megan B. McPhee, for Invesco Canada Ltd., Northwest & Ethical Investments LP and Comité Syndicale Nationale de Retraite Bâtirente Inc.

Peter Griffin, Peter Osborne and Shara Roy, for Ernst & Young Inc.

Peter Greene and Ken Dekkar, for BDO Limited

Edward A. Sellers and Larry Lowenstein, for the Board of Directors of Sino-Forest Corporation

John Pirie and David Gadsden, for Poyry (Beijing)

James Doris, for the Plaintiff in the New York Class Action

David Bish, for the Underwriters

Simon Bieber and Erin Pleet, for David Horsley

James Grout, for the Ontario Securities Commission

Emily Cole and Joseph Marin, for Allen Chan

Susan E. Freedman and Brandon Barnes, for Kai Kit Poon

Paul Emerson, for ACE/Chubb

Sam Sasso, for Travelers

HEARD:    DECEMBER 7, 2012

### ENDORSEMENT

[1]    The Applicant, Sino-Forest Corporation ("SFC"), seeks an order sanctioning the Plan of Compromise and Arrangement dated December 3, 2012, as modified, amended, varied or supplemented in accordance with its terms (the "Plan") pursuant to section 6 of the *Companies' Creditors Arrangement Act* ("CCAA"), and ancillary relief as set out in the proposed sanction order (the "Sanction Order").

[2]    The Plan is supported by:

   (a) the Monitor;

   (b) SFC's largest creditors, the Ad Hoc Committee of Noteholders (the "Ad Hoc Committee");

   (c) Ernst & Young LLP ("E&Y");

   (d) BDO Limited ("BDO"); and

   (e) the Underwriters.

The Ad Hoc Committee of Purchasers of the Applicant's Securities (the "Ad Hoc Securities Purchasers Committee" including the "Class Action Plaintiffs") has agreed not to oppose the Plan.

[3]    The Plan was approved by an overwhelming majority of Affected Creditors voting on the Plan in person or by proxy. In total, 99% in number, and greater than 99% in value, of those Affected Creditors voting favoured the Plan.

[4]    Invesco Canada Ltd. ("Invesco"), Northwest & Ethical Investments LP and Comité Syndicale Nationale de Retraite Bâtirente Inc. (collectively, the "Funds") object to the proposed Sanction Order. The Funds request an adjournment of the motion for a period of one month. Alternatively, the Funds request that the Plan be altered so as to remove Article 11 "Settlement of Claims Against Third Party Defendants".

[5] This endorsement fully addresses the adjournment request of the Funds. In this endorsement, defined terms have been taken from the motion record.

[6] The Funds are institutional, public and private equity funds that owned 3,085,786 common shares of SFC on June 2, 2011. The Funds alleged that they suffered substantial losses after the market in SFC shares collapsed following a public issuance of a report suggesting that fraud permeated SFC's assets and operations.

[7] Following the collapse of SFC's share price, class actions were commenced against SFC, certain of its directors and officers, the auditors, the Underwriters and other expert firms.

[8] On January 6, 2012, Perell J. granted carriage of the class action to Koskie Minsky LLP and Siskinds LLP ("Class Counsel"). The class has not been certified.

[9] Counsel to the Funds takes the position that Class Counsel does not represent the Funds.

[10] In his affidavit sworn December 6, 2012, Mr. Eric J. Adelson, Senior Vice President, Secretary and head of Legal of Invesco stated that on December 3, 2012, Class Counsel and E&Y announced that they had entered into a settlement by which E&Y would pay $117 million into a "Trust" formed as part of the CCAA proceedings, in return for releases of all claims that could be brought against E&Y by any person in connection with SFC.

[11] Mr. Adelson also states that on December 3, 2012, an Amended Plan was issued that, for the first time in the CCAA proceedings, contained provisions for settlement of claims against Third Party Defendants (Article 11), including specific provisions concerning the settlement by and releases for E&Y, and also allowing other Third Party Defendants to avail themselves of similar provisions for unspecified settlements and releases in the future.

[12] Mr. Adelson acknowledges that on December 5, 2012, counsel for E&Y advised Invesco's counsel that the parties had decided not to request court approval of the proposed E&Y Settlement at the motion scheduled for December 7, 2012. However, Mr. Adelson takes the position that provisions of the Plan, even apart from the E&Y Settlement, appear to affect the legal and practical ability of Invesco and other investors to seek adjudication of their claims against defendants in the SFC litigation on the merits, rendering it vital that sufficient time be provided to fully understand the present matters.

[13] Mr. Adelson also details "preliminary reasons for objecting to the Plan's release provisions":

> 15. If the effect of the Plan is to allow a Third Party Defendant (such as E&Y) to settle its liability to investors in connection with Sino-Forest through a settlement agreement with Class Counsel, and to bind the investors to that settlement without giving them the opportunity to opt out and pursue their claims on the merits outside the Class Action, then Invesco would strenuously object and oppose approval of such an arrangement.
>
> 16. The Class Action has not been certified, so Invesco does not view Class Counsel, with whom we have no other relationship, as authorized to represent its

13-10361-mg    Doc 4-11    Filed 02/04/13    Entered 02/04/13 23:49:31    Exhibit E    Pg
                                            5 of 9
DEC-10-2012 18:20    MAG                                                  4163276228      P.0069

- Page 4 -

interests in connection with Sino-Forest. Our views have not been heard and our interests have not been represented in connection with the Plan and the proposed settlement. It is my understanding that Invesco, as an investor with claims against Sino-Forest and the other defendants in the Class Action, is not a "creditor" with respect to the Plan. Invesco accordingly submits that it would be contrary to its rights to bind it to a release or a settlement involving Third Party Defendants unless Invesco directly participated in proceedings or unless in certified class proceedings it was given the opportunity to opt out. We do not understand the CCAA to authorize releases of third parties, that is, parties other than the Applicant and certain officers and directors under certain circumstances, as part of a Sanction Order. Invesco objects to any such provisions or results in this matter.

[14]  Counsel to the Funds made specific reference to Article 11.2 of the Plan which, counsel submits, if approved, establishes an open-ended mechanism for eligible Third Party Defendants, defined to include the 11 Underwriters named as defendants in the class action, BDO and/or E&Y (if its proposed settlement is not already concluded), to enter into a "Named Third Party Defendant Settlement" with "one or more of (i) counsel to the plaintiffs in any of the class actions...".

[15]  Counsel to the Funds further submits that under Articles 11.2 (b) and (c), once a settlement is concluded among the specified parties, the settling defendant will obtain releases and bar orders in the CCAA proceeding, preventing the continued litigation of any SFC-related claims against them. If a settlement is reached in the future, counsel submits that the CCAA release and bar orders will remain available notwithstanding that the CCAA process may have concluded. Accordingly, counsel submits that it appears that these provisions purport to vest authority in the parties as described to enter into settlements that may have the effect of barring any claimants (such as the Funds) from prosecuting SFC-related claims against the Underwriters, BDO and/or E&Y, subject to the approval of this court. This bar, counsel submits, would be imposed without compliance with establishes prerequisites of the *Class Proceedings Act* ("CPA") – including class certification, a fairness hearing, approval by the court supervising the class action, and provision of opt-out rights – necessary to impose releases or other restrictions on class members who are not named parties before that court.

[16]  Stated more succinctly, counsel submits that the Plan appears designed to unnecessarily fetter the powers of a future court, namely, the class action case management court, by assigning to the CCAA court the power to approve and effectuate class-wide settlements without regard to established statutory and rule-based procedural safeguards found in the CPA.

[17]  The adjournment request was opposed, primarily on the basis that the Funds had misunderstood the terms of the Plan. Oral submissions were made by counsel on behalf of the Monitor, SFC, Ad Hoc Noteholders, SFC Board, Ontario Securities Commission, E&Y and the Class Action Plaintiffs. Specifically, these parties submit there was a misunderstanding on the part of the Funds as to what was before the court for approval and, perhaps more importantly, what was not before the court for approval.

[18]  Counsel to the Monitor also submits that SFC has limited funds and time is critical.

[19]   The thrust of the arguments of the combined forces opposing the adjournment request is that the court is not being asked, at this time, to approve the settlement. Rather, what is before the court is a motion to approve the Plan, which includes approval of a framework with respect to a proposed settlement of claims against Third Party Defendants.

[20]   Essentially, if certain conditions are met and further court approvals and orders are obtained, it is conceivable that E&Y will get a release. However, such a release is not being requested at this time. Further, it is not a condition of Plan Implementation that the E&Y matter be settled.

[21]   To support this position, counsel referenced a number of provisions in the Plan including:

1. The defined term "Settlement Trust Order", which means a court order that establishes the Settlement Trust (section 11.1 (a) of the Plan) and approves the E&Y Settlement and the E&Y Release…;

2. Section 8.2, which outlines the effect the Sanction Order and includes a reference in Section 8.2 (z) that the E&Y Release shall become effective on the E&Y Settlement Date in the manner set forth in section 11.1;

3. Section 11.1, which details settlement of claims against Third Party Defendants and specifically E&Y. This provision sets out a number of pre-conditions to the required payment to be made by E&Y as provided for in the E&Y Settlement. These pre-conditions are:

   (i)    the granting of the Sanction Order;

   (ii)   the issuance of the Settlement Trust Order;

   (iii)  the granting of an order under Chapter 15 of the United States Bankruptcy Code recognizing and enforcing the Sanction Order and the Settlement Trust Order in the United States;

   (iv)   any other order necessary to give effect to the E&Y Settlement;

   (v)    the fulfillment of all conditions precedent in the E&Y Settlement and the fulfillment by the Ontario Class Action Plaintiffs of all of their obligations thereunder; and

   (vi)   the Sanction Order, the Settlement Trust Order and all E&Y Orders being final orders and not subject to further appeal or challenge.

[22]   Having reviewed these documents, it is apparent that approval of the E&Y Settlement is not before the court on this motion and no release is being provided to E&Y as a result of this motion. In the event all of the pre-conditions are satisfied and if all of the required court approvals and orders are issued, the position of the Funds could be affected. However, the Funds will have the opportunity to make argument on such hearings.

[23]    I have also reviewed the form of Sanction Order being requested specifically paragraph 40. This provision provides that the E&Y Settlement and the release of the E&Y Claims pursuant to section 11.1 of the Plan shall become effective upon the satisfaction of certain conditions precedent, including court approval of the terms of the E&Y Settlement, the terms and scope of the E&Y Release and the Settlement Trust Order and the granting of the Settlement Trust Order.

[24]    Paragraph 41 of the draft Sanction Order also provides that any Named Third Party Defendant Settlement, Named Third Party Defendant Settlement Order and Named Third Party Defendant Release, the terms and scope of which remain in each case subject to further court approval in accordance with the Plan, shall only become effective after the Plan Implementation Date and upon the satisfaction of the conditions precedent, set forth in section 11.2 of the Plan.

[25]    The requested Sanction Order confirms my view that the arguments put forth by counsel on behalf of the Funds are premature and can be addressed on the return of the motion to approve the specific settlements and releases.

[26]    In the result, I have not been persuaded that the adjournment is necessary. The motion for the adjournment is accordingly denied.

_____
MORAWETZ J.

Date:   December 10, 2012

CITATION: Sino-Forest Corporation (Re), 2012 ONSC 7055
COURT FILE NO.: CV-12-9667-00CL
DATE: 20121210

SUPERIOR COURT OF JUSTICE – ONTARIO
(COMMERCIAL LIST)

RE: IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION, Applicant

BEFORE: MORAWETZ J.

COUNSEL: Robert W. Staley, Kevin Zych, Derek J. Bell and Jonathan Bell, for Sino-Forest Corporation

Derrick Tay, Jennifer Stam, and Cliff Prophet for the Monitor, FTI Consulting Canada Inc.

Robert Chadwick and Brendan O'Neill, for the Ad Hoc Committee of Noteholders

Kenneth Rosenberg, Kirk Baert, Max Starnino, and A. Dimitri Lascaris, for the Class Action Plaintiffs

Won J. Kim, James C. Orr, Michael C. Spencer, and Megan B. McPhee, for Invesco Canada Ltd., Northwest & Ethical Investments LP and Comite Syndicale Nationale de Retraite Batirente Inc.

Peter Griffin, Peter Osborne and Shara Roy, for Ernst & Young Inc.

Peter Greene and Ken Dekkar, for BDO Limited

Edward A. Sellers and Larry Lowenstein, for the Board of Directors of Sino-Forest Corporation

John Pirie and David Gadsden, for Poyry (Beijing)

James Doris, for the Plaintiff in the New York Class Action

David Bish, for the Underwriters

Simon Bieber and Erin Pleet, for David Horsley

James Grout, for the Ontario Securities Commission

- Page 2 -

Emily Cole and Joseph Marin, for Allen Chan

Susan E. Freedman and Brandon Barnes, for Kai Kit Poon

Paul Emerson, for ACE/Chubb

Sam Sasso, for Travelers

HEARD:     DECEMBER 7, 2012

## ENDORSEMENT

[1]    For reasons to follow, the motion is granted and an order shall issue sanctioning the Plan substantially in the form of the draft Sanction Order.

_____
MORAWETZ J.

Date: December 10, 2012