**Exhibit J**
**Order of the Ontario Court regarding post-implementation matters**
**dated January 31, 2013**

Court File No. CV-12-9667-00CL

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## COMMERCIAL LIST

| THE HONOURABLE MR. | ) | THURSDAY, THE 31ST |
|---|---|---|
|  | ) |  |
| JUSTICE MORAWETZ | ) | DAY OF JANUARY, 2013 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

### ORDER

**THIS MOTION**, made by FTI Consulting Canada Inc. in its capacity as monitor (the "**Monitor**") of Sino-Forest Corporation (the "**Applicant**") for the relief set out in the Monitor's notice of motion dated January 29, 2013 was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the sixteenth report dated January 29, 2013 (the "**Sixteenth Report**") and on hearing submissions of counsel for the Monitor, the Applicant, the ad hoc committee of noteholders and those other parties present, no one appearing for any other person on the service list, although served as appears from the Affidavit of Service of Jason McMurtrie sworn January 29th, 2013, filed

1. **THIS COURT ORDERS** that the time for the service of the Notice of Motion and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2. **THIS COURT ORDERS** that capitalized terms used herein and not otherwise defined have the meaning given to them in the Sixteenth Report.

3. **THIS COURT ORDERS** that from and after the Plan Implementation Date, in addition to and without limiting the powers provided to the Monitor in the CCAA, the Initial Order and the Expansion of Monitor's Powers Order, the Monitor shall have all of the power and authority

TOR_LAW\ 8088525\1

necessary to carry out any remaining matters in the CCAA Proceedings and administer the estate of the Applicant including, without limitation, administering any remaining Unresolved Claims, pursuing input tax credits on behalf of the Applicant and filing tax returns for the Applicant, provided, however, that the Monitor shall not be required to provide any oversight or supervisions with respect to:

(a)     the ongoing involvement of the Applicant as a defendant in the Class Actions; and

(b)     any actions taken by the Litigation Trustee or the Litigation Trust in connection with any of the rights assigned to the Litigation Trust under the Plan.

4.    THIS COURT ORDERS the Monitor shall continue to have the benefit of all of the protections and priorities as set out in the Initial Order, the Expansion of Monitor's Powers Order and all other Orders of this Court including, without limitation, the benefit of the stay of proceedings set out in the Initial Order and any such protections and priorities shall apply to the Monitor in fulfilling its duties under this Order or in carrying out the provisions of this Order.

5.    THIS COURT ORDERS that Bennett Jones LLP is hereby authorized to act as Canadian counsel to the Applicant in the Class Actions on the terms and conditions set out in the Ongoing Representation Letter attached as Appendix "E" to the Sixteenth Report.

6.    THIS COURT ORDERS that the Applicant, with the consent of the Monitor and Goodmans LLP (on behalf of the Initial Consenting Noteholders), shall be entitled to retain U.S. counsel in the Class Actions on terms and conditions substantially similar to the Ongoing Representation Letter without further Order of the Court.

7.    THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, Barbados, the British Virgin Islands, Cayman Islands, Hong Kong, the People's Republic of China or in any other foreign jurisdiction, to give effect to this Order and to assist the Applicant, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicant and to the Monitor, as an officer of the Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in

any foreign proceeding, or to assist the Applicant and the Monitor and their respective agents in carrying out the terms of this Order.

ENTERED AT / INSCRIT A TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

JAN 3 1 2013

TOR_LAW\ 8088525\1

| Court File No.: CV-12-9667-00CL |
|---|

IN THE MATTER OF THE *COMPANIES CREDITORS' ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF SINO-FOREST CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced in Toronto

**ORDER**

**GOWLING LAFLEUR HENDERSON LLP**
Barristers and Solicitors
1 First Canadian Place
100 King Street West, Suite 1600

**Derrick Tay** (LSUC #: 21152A)
Tel:    (416) 369-7330
Fax:   (416) 862-7661

**Jennifer Stam** (LSUC #: 46735J)
Tel:    (416) 862-5697
Fax:   (416) 862-7661

Lawyers for the Monitor, FTI Consulting Canada Inc.