## EXHIBIT D



# KIM·ORR

*Michael C. Spencer*
Tel: (416) 349-6572
E-mail: mcs@kimorr.ca

**VIA FACSIMILE AND E-MAIL**

March 26, 2013

The Honourable Mr. Justice Morawetz
Commercial List Office
10th Floor, 393 University Avenue,
Toronto, ON
M5G 1E6

Your Honour:

Re:    *Sino-Forest Corporation (Re) – CCAA* **Proceeding, Court File No. CV-12-9667-00CL**

  *The Trustees of the Labourers' Pension Fund of Central and Eastern Canada v. Sino-Forest Corp.*, **Court File No. CV-11-431153-00CP**

This letter is respectfully submitted on behalf of Invesco Canada Ltd., Northwest & Ethical Investments L.P., Comité Syndical National de Retraite Bâtirente Inc., Matrix Asset Management Inc., Gestion Férique and Montrusco Bolton Investments Inc. (the "Objectors" in the above proceedings) with respect to the proposed settlement with Ernst & Young LLP and related matters. This letter responds to the Court's request at this morning's conference for a specification in writing of our objections and alternative proposals for settling the Order with respect to the Court's Endorsement, dated March 20, 2013.

The Objectors maintain their opposition to the substance of the proposed settlement and related matters as previously argued to the Court. As stated at the conference, the Objectors respectfully raise three issues in connection with the form of order proposed by Class Counsel and E&Y (the "Proposed Order").

First, we note that the Endorsement states in numerous places that distribution of the Settlement Fund is an integral part of the *CCAA* Plan of Compromise of Sino-Forest ("Plan"). See, e.g., Endorsement paragraph 63 ("it is clear that Ernst & Young is contributing in a tangible way to the Plan, by its significant contribution of $117 million."); see also paragraphs 36, 50, 54, 62, and 71. We also note that section 6(8) of the *CCAA* requires a plan of compromise or arrangement to provide "that all claims that are not equity claims are to be paid in full before [any] equity claim is to be paid." Similarly, Plan section 4.5 provides that, in light of the fact that non-equity creditors are not being paid in full, "Equity Claimants shall not receive any



consideration or distributions under the Plan ....." In the case of Sino-Forest, the non-equity creditors are the company's noteholders as of the Distribution Record Date.

Paragraph 17 of the Proposed Order contemplates distribution of the Settlement Fund "to or for the benefit of the Securities Claimants for their claims against Ernst & Young." Securities Claimants are defined in Appendix A of the Proposed Order as persons who acquired Sino-Forest securities, including shares and notes, at any time. This includes members of the class in the Class Action, i.e. Sino-Forest share purchasers and note purchasers during the class period, even if those persons subsequently have sold their shares or notes. "Securities Claimants" as a group thus include noteholders, but also note purchasers who no longer hold their notes, and also any share purchasers (who may or may not still be shareholders as well).

Some counsel at today's conference indicated that the net Settlement Fund is intended to be paid to plaintiffs and class members in the Class Action – i.e., share and note purchasers during the class period. In our view, distribution of any settlement proceeds from E&Y to class members would be appropriate. However, since as currently configured the distribution of Settlement Fund amounts will occur as part of the Plan, as the Court found in its Endorsement, we are concerned that payments to share and note purchasers cannot be squared with *CCAA* section 6(8) and Plan section 4.5, as described above.

Although we acknowledge that the actual allocation of Settlement Fund amounts will be decided later, in our view the tension described above represents a fundamental problem stemming from using the *CCAA* to effectuate a third-party non-debtor settlement and releases in this situation, and we do not see any way to resolve that issue in the wording of the order. We understood Class Counsel to say that the Settlement Fund was intended to be "separate" from the Plan and thus not subject to section 6(8), and they may wish to clarify this in their proposed language for the order, although in our view that would not resolve the underlying problem.

Second, paragraph 4 of the Proposed Order appoints the Ontario Plaintiffs as "representatives on behalf of ... the 'Securities Claimants' ... in the Ontario Class Action, including for the purposes of and as contemplated by section 11.1 of the Plan, and more particularly the Ernst & Young Settlement and the Ernst & Young Release." The Objectors continue to assert that their interests cannot be represented by the Ontario Plaintiffs for the reasons previously argued. In addition it seems clear that a conflict has developed between non-equity creditor noteholders and other securities claimants, as described in the section above, such that they cannot all be properly represented by the Ontario Plaintiffs and their counsel. Finally it is unclear whether the appointment is intended to cover representation of a certified class as against all remaining defendants in the class action; if the intent is more limited, as counsel seemed to indicate at the conference, in our view the word "including" could be removed in paragraph 4, so that the representation is expressly limited to section 11.1 of the Plan and more particularly the Ernst & Young Settlement and the Ernst & Young Release. While our clients object to that representation, at least the intended scope will be made clear.

Third, the Proposed Order does not deal with the status of the Objectors' opt outs (mentioned at paragraph 80 of the Endorsement). The Objectors wish to opt out and believe they have, but we understand our friends' position to be that the Releases are effective regardless. This could be clarified by inserting, in Paragraph 9 of the Proposed Order (describing the binding effect of the



Release) after the word "disability," the phrase: "… notwithstanding any purported Class Action opt-outs submitted by the Objectors or any other Person,…".  Again, while our clients object to that outcome, at least the intended scope will be made clear.

Respectfully,

Michael C. Spencer

cc:   The Service List, as attached
        E. Adelson, Invesco Canada Ltd.
        J. Mountain, Northwest & Ethical Investments L.P.
        D. Simard, Comité Syndical National de Retraite Bâtirente Inc.
        D. Balsdon, Matrix Asset Management Inc.
        L. Lizotte, Gestion Férique
        M. Natal, Montrusco Bolton Investments Inc.