## EXHIBIT E



**PALIARE ROLAND**

BARRISTERS

Massimo (Max) Starnino
T    416.646.7431    Asst 416.646.7470
F    416.646.4301
E    max.starnino@paliareroland.com
    www.paliareroland.com

March 27, 2013

File 80089

Chris G. Paliare
Ian J. Roland
Ken Rosenberg
Linda R. Rothstein
Richard P. Stephenson
Nick Coleman
Margaret L. Waddell
Donald K. Eady
Gordon D. Capern
Lily I. Harmer
Andrew Lokan
John Monger
Odette Soriano
Andrew C. Lewis
Megan E. Shortreed
Massimo Starnino
Karen Jones
Robert A. Centa
Nini Jones
Jeffrey Larry
Kristian Borg-Olivier
Emily Lawrence
Denise Sayer
Danny Kastner
Tina H. Lie
Jean-Claude Killey
Jodi Martin
Michael Fenrick
Nasha Nijhawan
Jessica Latimer
Debra Newell
Lindsay Scott
Alysha Shore
Gregory Ko

HONORARY COUNSEL

Ian G. Scott, Q.C., O.C.

(1934 - 2006)

**HAND DELIVERED**

Superior Court of Justice
Commercial List
330 University Avenue
Toronto, ON  M5G 1R7

Dear Sirs/Mesdames:

Re:    **Sino-Forest Corporation**
       **Court File No. CV-12-9667-00CL**

We write on behalf of the Ad Hoc Committee of Purchasers of the Applicant's
Securities (the "Ad Hoc Purchasers") in connection with the referenced matter.
Yesterday, we attended before Justice Morawetz to settle the terms of his order
in this matter dated March 20, 2013.  At that time and for the first time, Michael
Spencer, on behalf of the Objectors to the Ernst & Young Settlement, expressed
concerns with respect to the terms of the draft order.  In response, His Honour
asked the Objectors to provide detailed drafting comments in the form of a
marked-up order and directed that we schedule any further attendance to settle
the form of the order through your office.

Yesterday evening, Mr. Spencer sent a letter to His Honour detailing his
concerns.  Accordingly, we write to respond to those concerns, and to ask that
you bring this letter to Justice Morawetz's attention and let us know whether he
would like us to re-attend before him for the purpose of settling the order (and, if
so, the first available date on which he is available), or if he prefers to deal with
this matter on the basis of the correspondence, without any further attendance.

**<u>Response to the Objectors' Concerns</u>**

Mr. Spencer's letter purports to raise "concerns" regarding paragraphs 4, 9 and
17 of the draft settlement approval order and provides drafting comments for
paragraphs 4 and 9. Mr. Spencer's other comments are argument and should
have been raised on the motion before Justice Morawetz, upon which he has
now rendered his decision.  They were not.

PALIARE ROLAND ROSENBERG ROTHSTEIN LLP
155 WELLINGTON STREET WEST 35TH FLOOR  TORONTO ONTARIO  M5V 3H1  T 416.646.4300

The Ad Hoc Purchasers do not oppose the suggested change to paragraph 4 to remove the word "including", on the terms set out below. Otherwise, it is respectfully submitted that the order, which was circulated in advance of the February 4, 2013 hearing and the form of which was unopposed by any party at the motion, should not change. .

## Paragraph 4

Paragraph 4 of the settlement approval order provides as follows:

> THIS COURT ORDERS that Ontario Plaintiffs are hereby recognized and appointed as representatives on behalf of those Persons described in Appendix "A" hereto (collectively, the "Securities Claimants") in these insolvency proceedings in respect of the Applicant (the "CCAA Proceedings") and in the Ontario Class Action, including for the purposes of and as contemplated by section 11.1 of the Plan, and more particularly the Ernst & Young Settlement and the Ernst & Young Release.

The Ad Hoc Purchasers do not oppose changing paragraph 4 by deleting the word "including" as proposed by Mr. Spencer, so that it reads as follows:

> THIS COURT ORDERS that Ontario Plaintiffs are hereby recognized and appointed as representatives on behalf of those Persons described in Appendix "A" hereto (collectively, the "Securities Claimants") in these insolvency proceedings in respect of the Applicant (the "CCAA Proceedings") and in the Ontario Class Action, for the purposes of and as contemplated by section 11.1 of the Plan, and more particularly the Ernst & Young Settlement and the Ernst & Young Release.

In agreeing to this change, the Ad Hoc Purchasers do not concede that any conflict has developed among the Securities Claimants, as defined, or that the order does any more or any less than as drafted.

## Paragraph 9

Paragraph 9 of the settlement approval order provides as follows:

> THIS COURT ORDERS that this Order, the Ernst & Young Settlement and the Ernst & Young Release are binding upon each and every Person or entity having an Ernst & Young Claim, including those Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedure*, R.R.O. 1990, Reg. 194 are dispensed with in respect of the Ontario Class Action.

In Mr. Spencer's letter, the Objectors propose amending this paragraph to add after the word "disability" the phrase "… notwithstanding any purported Class Action opt-outs submitted by the Objectors or any other Person,…"

This addition is unnecessary and might be taken to suggest that opt out rights would otherwise apply and that this Court's order eliminated opt out rights.

There is no ambiguity in paragraph 9 that requires clarification.

## Paragraph 17

Paragraph 17 of the settlement approval order provides as follows:

> THIS COURT ORDERS that after payment of class counsel fees, disbursements and taxes (including, without limitation, notice and administration costs and payments to Claims Funding International) and upon the approval of a Claims and Distribution Protocol, defined below, the entire balance of the Settlement Fund shall, subject to paragraph 18 below, be distributed to or for the benefit of the Securities Claimants for their claims against Ernst & Young, in accordance with a process for allocation and distribution among Securities Claimants, such process to be established by CCAA Representative Counsel and approved by further order of this court (the "Claims and Distribution Protocol").

The Objectors seek no drafting amendments to this paragraph. Instead, their "concerns" are properly argument which should have been made at the motion, but were not.

The process of allocation is to be determined, and court approval will be sought. Engaging in argument subsequent to the settlement approval motion and prior to the allocation motion should not be encouraged.

However, should His Honour be inclined to engage on the merits, we have set out our position as follows.

The Objectors argue that payments to share and note purchasers "cannot be squared" with subsection 6(8) of the *CCAA* and article 4.5 of the Plan.

The Objectors are incorrect and their submissions do not accord with the explicit language of the Plan or the purpose of subsection 6(8) of the *CCAA*. Paragraph 17 of the order provides for payment by Ernst & Young for claims against Ernst & Young. Such claims are not Equity Claims and thus article 4.5 of the Plan and subsection 6(8) of the *CCAA* do not apply.

Article 4.5 of the Plan provides for the release of "All Equity Claims" and indicates that Equity Claimants shall not receive consideration or distributions under the Plan. Its operation is limited to affecting Equity Claims. In contrast, the Plan provides that claims against non-debtors, such as Ernst & Young, are not Equity Claims:

1. Equity Claim is defined as a Claim, which itself is defined as "any right or claim ... that may be asserted or made against SFC";

2. Further, article 7.5 of the Plan expressly provides that the claims against Ernst & Young are not Equity Claims: "any Class Action Claim against the Third Party Defendants that relates to the purchase, sale or ownership of Existing Shares or Equity Interests… (e) does not constitute an Equity Claim or an Affected Claim under this Plan." [Emphasis added].

Article 4.5 of the Plan thus does not apply to payments pursuant to the Ernst & Young Settlement in satisfaction of claims against Ernst & Young.

More generally, sub-section 6(8) of the *CCAA* also does not apply. The Court of Appeal, in the course of upholding this Court's Equity Claims Decision (*Re Sino-Forest Corp.*, 2012 ONCA 816), recently explained the purpose of subection 6(8) of the *CCAA*:

> In our view, in enacting s. 6(8) of the CCAA, Parliament intended that a monetary loss suffered by a shareholder (or other holder of an equity interest) in respect of his or her equity interest *not* diminish the assets of the debtor available to general creditors in a restructuring. If a shareholder sues auditors and underwriters in respect of his or her loss, in addition to the debtor, and the auditors or underwriters assert claims of contribution or indemnity against the debtor, the assets of the debtor available to general creditors would be diminished by the amount of the claims for contribution and indemnity. (2012 ONCA 816 at para. 56)

Accordingly, subsection 6(8) of the *CCAA* is concerned with ensuring that the proceeds or value of the assets of the debtor corporation are used first to pay creditors' claims in priority to equity claims against the debtor. It is not concerned with distributions from non-debtors for non-equity claims. The claims against Ernst & Young are not equity claims under the *CCAA* and thus subsection 6(8) of the *CCAA* does not apply. This is reflected in the Plan itself and in particular through the definition of Equity Claim and article 7.5 of the Plan, as explained above.

The Objectors' submissions also continue to blur the principle governing treatment of third party releases in a *CCAA* plan as set forth in the *ATB Financial* case, and fail to address the solid, and unchallenged, evidentiary record before the court, including the affidavits and their exhibits of Mike Dean and Judson Martin, cataloguing the extensive contributions to the Plan and the *CCAA* process that the Ernst & Young Settlement provided in addition to the monetary contribution, including:

(a) Ernst & Young agreed to support the Plan;

(b) The Ernst & Young Settlement was a catalyst to other parties, including the Underwriters and BDO Limited, supporting the Plan;

(c) Ernst & Young's support materially simplified and accelerated the Plan approval and implementation process;

(d) Ernst & Young agreed that its claims against Sino-Forest and the Sino-Forest Subsidiaries are released, which claims were significant and material as stated above.  In particular, the Proofs of Claim filed by Ernst & Young set out extensive claims that were asserted directly against the Sino-Forest Subsidiaries.  None of these claims were addressed in the Equity Claims Order;

(e) Ernst & Young has agreed to waive any leave to appeal to the Supreme Court of Canada in respect of the dismissal of its appeal by the Court of Appeal for Ontario of the Equity Claims Order;

(f) By agreeing to release all these claims, Ernst & Young eliminated:

    (i)    Dilution of the Noteholders' recovery if Ernst & Young were ultimately to obtain judgments or settlements in respect of those claims;

    (ii)   The expense and management time otherwise to be incurred by Newco and the Subsidiaries in litigating these claims; and

    (iii)  What might otherwise have been a significant extension of the timelines to complete the restructuring of Sino-Forest;

(g) Ernst & Young agreed not to receive any distributions of any kind under the Plan, as have the other Third Party Defendants.  Without that agreement, the Unresolved Claims Reserve would have materially increased, with the potential for a corresponding dilution of consideration paid to the Affected Creditors;

(h) Ernst & Young agreed not to pursue its objections generally to the Plan and its sanction, and agreed to not pursue all of its appeal rights in that regard.

The Ad Hoc Purchasers respectfully request the issuance of the settlement approval order, substantially in the form approved in this Court's reasons dated March 20, 2013, subject only to the additional change to paragraph 4 referenced above.  Clean copies of the revised order are enclosed in the event that His Honour prefers to deal with this matter in writing.

We thank the Court for its attention to this matter.

Yours very truly,
PALIARE ROLAND ROSENBERG ROTHSTEIN LLP

Massimo (Max) Starnino
MS:mj
Encl.

c.      Service List
        Clients

862862_1.DOC

Court File No. CV-12-9667-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

| | | | |
|---|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, | THE |
| | ) | | |
| MR. JUSTICE MORAWETZ | ) | | |
| | | 20TH DAY OF MARCH, 2013 | |

IN THE MATTER OF THE *COMPANIES' CREDITORS
ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE AND
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.:  CV-11-431153-00CP

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

B E T W E E N :

**THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND
EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING
ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT
WONG**

Plaintiffs

- and –

**SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly
known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON
MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES
P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER
WANG, GARRY J. WEST, PÖYRY (BEIJING) CONSULTING COMPANY
LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC.,
DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC.,
SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH
CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS
CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH,
PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of
America Securities LLC)**

Defendants

### ORDER

**THIS MOTION** made by the Ad Hoc Committee of Purchasers of the Applicant's
Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation
("Sino-Forest" or the "Applicant") in the Ontario Superior Court of Justice, bearing (Toronto)
Court File No. CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Ontario Class Action",
respectively), in their own and proposed representative capacities, for an order giving effect to
the Ernst & Young Release and the Ernst & Young Settlement (as defined in the Plan of
Compromise and Reorganization of the Applicant under the *Companies' Creditors Arrangement
Act* ("CCAA") dated December 3, 2012 (the "Plan") and as provided for in section 11.1 of the
Plan, such Plan having been approved by this Honourable Court by Order dated December 10,
2012 (the "Sanction Order")), was heard on February 4, 2013 at the Court House, 330 University
Avenue, Toronto, Ontario.

**WHEREAS** the Ontario Plaintiffs and Ernst & Young (as defined in the Plan) entered
into Minutes of Settlement dated November 29, 2012.

**AND WHEREAS** this Honourable Court issued the Sanction Order approving the Plan
containing the framework and providing for the implementation of the Ernst & Young
Settlement and the Ernst & Young Release, upon further notice and approval;

**AND WHEREAS** the Supervising CCAA Judge in this proceeding, the Honourable
Justice Morawetz, was designated on December 13, 2012 by Regional Senior Justice Then to
hear this motion for settlement approval pursuant to both the CCAA and the *Class Proceedings
Act, 1992*;

**AND WHEREAS** this Honourable Court approved the form of notice and the plan for
distribution of the notice to any Person with an Ernst & Young Claim, as defined in the Plan, of
this settlement approval motion by Order dated December 21, 2012 (the "Notice Order");

**AND ON READING** the Ontario Plaintiffs' Motion Record, including the affidavit and
supplemental affidavit of Charles Wright, counsel to the plaintiffs, and the exhibits thereto, the
affidavit of Joe Redshaw and the exhibits thereto, the affidavit of Frank C. Torchio and the
exhibits thereto, the affidavit of Serge Kalloghlian and the exhibits thereto, the affidavit of Adam

Pritchard and the exhibits thereto, and on reading the affidavit of Mike P. Dean and the exhibits thereto, and on reading the affidavit of Judson Martin and the exhibits thereto and on reading the Responding Motion Record of the Objectors to this motion (Invesco Canada Ltd., Northwest & Ethical Investments L.P., Comité Syndical National de Retraite Bâtirente Inc., Matrix Asset Management Inc, Gestion Férique and Montrusco Bolton Investments) including the affidavits of Eric J. Adelson and the exhibits thereto, Daniel Simard and the exhibits thereto and Tanya J. Jemec, and the exhibits thereto, and on reading the Responding Motion Record of Poyry (Beijing) Consulting Company Limited including the affidavit of Christina Doria, and on reading the Fourteenth Report, the Supplement to the Fourteenth Report and the Fifteenth Report of FTI Consulting Canada Inc., in its capacity as Monitor of the Applicant (in such capacity, the "Monitor") dated January 22 and 28, 2013 and February 1, 2013 including any notices of objection received, and on reading such other material, filed, and on hearing the submissions of counsel for the Ontario Plaintiffs, Ernst & Young LLP, the Ad Hoc Committee of Sino-Forest Noteholders, the Applicant, the Objectors to this motion, Derek Lam and Senith Vel Kanagaratnam, the Underwriters, (Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC)), BDO Limited, the Monitor and those other parties present, no one appearing for any other party although duly served and such other notice as required by the Notice Order,

**Sufficiency of Service and Definitions**

1. **THIS COURT ORDERS** that the time for service and manner of service of the Notice of Motion and the Motion Record and the Fourteenth Report, the Supplement to the Fourteenth Report and the Fifteenth Report of the Monitor on any Person are, respectively, hereby abridged and validated, and any further service thereof is hereby dispensed with so that this Motion was properly returnable February 4, 2013 in both proceedings set out in the styles of cause hereof.

2. **THIS COURT ORDERS** that capitalized terms not otherwise defined in this order shall have the meanings attributed to those terms in the Plan.

3. **THIS COURT FINDS** that all applicable parties have adhered to, and acted in accordance with, the Notice Order and that the procedures provided in the Notice Order have provided good and sufficient notice of the hearing of this Motion, and that all Persons shall be and are hereby forever barred from objecting to the Ernst & Young Settlement or the Ernst & Young Release.

**Representation**

4. **THIS COURT ORDERS** that Ontario Plaintiffs are hereby recognized and appointed as representatives on behalf of those Persons described in **Appendix "A"** hereto (collectively, the "Securities Claimants") in these insolvency proceedings in respect of the Applicant (the "CCAA Proceedings") and in the Ontario Class Action, for the purposes of and as contemplated by section 11.1 of the Plan, and more particularly the Ernst & Young Settlement and the Ernst & Young Release.

5. **THIS COURT ORDERS** that Koskie Minsky LLP, Siskinds LLP and Paliare Roland Rosenberg Rothstein LLP are hereby recognized and appointed as counsel for the Securities Claimants for all purposes in these proceedings and as contemplated by section 11.1 of the Plan, and more particularly the Ernst & Young Settlement and the Ernst & Young Release ("CCAA Representative Counsel").

6. **THIS COURT ORDERS** that the steps taken by CCAA Representative Counsel pursuant to the Orders of this Court dated May 8, 2012 (the "Claims Procedure Order") and July 25, 2012 (the "Mediation Order") are hereby approved, authorized and validated as of the date thereof and that CCAA Representative Counsel is and was authorized to negotiate and support the Plan on behalf of the Securities Claimants, to negotiate the Ernst & Young Settlement, to bring this motion before this Honourable Court to approve the Ernst & Young Settlement and the Ernst & Young Release and to take any other necessary steps to effectuate and implement the Ernst & Young Settlement and the Ernst & Young Release,

including bringing any necessary motion before the court, and as contemplated by section
11.1 of the Plan.

**Approval of the Settlement & Release**

7. **THIS COURT DECLARES** that the Ernst & Young Settlement and the Ernst & Young
   Release are fair and reasonable in all the circumstances and for the purposes of both
   proceedings.

8. **THIS COURT ORDERS** that the Ernst & Young Settlement and the Ernst & Young
   Release be and hereby are approved for all purposes and as contemplated by s. 11.1 of the
   Plan and paragraph 40 of the Sanction Order and shall be implemented in accordance with
   their terms, this Order, the Plan and the Sanction Order.

9. **THIS COURT ORDERS** that this Order, the Ernst & Young Settlement and the Ernst &
   Young Release are binding upon each and every Person or entity having an Ernst & Young
   Claim, including those Persons who are under disability, and any requirements of rules
   7.04(1) and 7.08(4) of the *Rules of Civil Procedure*, R.R.O. 1990, Reg. 194 are dispensed
   with in respect of the Ontario Class Action.

**Payment, Release, Discharge and Channelling**

10. **THIS COURT ORDERS** that upon satisfaction of all the conditions specified in section
    11.1(a) of the Plan, Ernst & Young shall pay CDN $117,000,000 (the "Settlement Fund")
    into the Settlement Trust (as defined in paragraph 16 below) less any amounts paid in
    advance as set out in paragraph 15 of this order or the Notice Order.

11. **THIS COURT ORDERS** that upon receipt of a certificate from Ernst & Young confirming
    it has paid the Settlement Fund to the Settlement Trust in accordance with the Ernst &
    Young Settlement as contemplated by paragraph 10 of this Order and upon receipt of a
    certificate from the trustee of the Settlement Trust confirming receipt of such Settlement
    Fund, the Monitor shall deliver to Ernst & Young the Monitor's Ernst & Young Settlement
    Certificate (as defined in the Plan) substantially in the form attached hereto as **Appendix**

**"B"**. The Monitor shall thereafter file the Monitor's Ernst & Young Settlement Certificate
with the Court.

12. **THIS COURT ORDERS** that pursuant to the provisions of section 11.1(b) of the Plan,

      a.  upon receipt by the Settlement Trust of the Settlement Fund, all Ernst &
Young Claims, including but not limited to the claims of the Securities
Claimants, shall be fully, finally, irrevocably and forever compromised,
released, discharged, cancelled, barred and deemed satisfied and extinguished
as against Ernst & Young in accordance with section 11.1(b) of the Plan;

      b.  on the Ernst & Young Settlement Date, section 7.3 of the Plan shall apply to
Ernst & Young and the Ernst & Young Claims *mutatis mutandis*;

      c.  upon receipt by the Settlement Trust of the Settlement Fund, none of the
plaintiffs in the Class Actions or any other actions in which the Ernst &
Young Claims could have been asserted shall be permitted to claim from any
of the other defendants that portion of any damages, restitutionary award or
disgorgement of profits that corresponds with the liability of Ernst & Young,
proven at trial or otherwise, that is the subject of the Ernst & Young
Settlement ("Ernst & Young's Proportionate Liability");

      d.  upon receipt by the Settlement Trust of the Settlement Fund, Ernst & Young
shall have no obligation to participate in and shall not be compelled to
participate in any disputes about the allocation of the Settlement Fund from
the Settlement Trust and any and all Ernst & Young Claims shall be
irrevocably channeled to the Settlement Fund held in the Settlement Trust in
accordance with paragraphs 16 and 17 of this order and the Claims and
Distribution Protocol defined below and forever discharged and released
against Ernst & Young in accordance with paragraph 12(a) of this order,
regardless of whether the Claims and Distribution Protocol is finalized as at
the Ernst & Young Settlement Date;

  e. on the Ernst & Young Settlement Date, all Class Actions, as defined in the Plan, including the Ontario Class Action shall be permanently stayed as against Ernst & Young; and

  f. on the Ernst & Young Settlement Date, the Ontario Class Action shall be dismissed against Ernst & Young.

13. **THIS COURT ORDERS** that on the Ernst & Young Settlement Date, any and all claims which Ernst & Young may have had against any other current or former defendant, or any affiliate thereof, in the Ontario Class Action, or against any other current or former defendant, or any affiliate thereof, in any Class Actions in a jurisdiction in which this order has been recognized by a final order of a court of competent jurisdiction and not subject to further appeal, any other current or former defendant's insurers, or any affiliates thereof, or any other Persons who may claim over against the other current or former defendants, or any affiliate thereof, or the other current or former defendants' insurers, or any affiliate thereof, in respect of contribution, indemnity or other claims over which relate to the allegations made in the Class Actions, are hereby fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished.

14. **THIS COURT ORDERS** that nothing in this order shall fetter the discretion of any court to determine Ernst & Young's Proportionate Liability at the trial or other disposition of an action for the purposes of paragraph 12(c) above, whether or not Ernst & Young appears at the trial or other disposition (which, subject to further order of the Court, Ernst & Young has no obligation to do) and Ernst & Young's Proportionate Liability shall be determined as if Ernst & Young were a party to the action and any determination by the court in respect of Ernst & Young's Proportionate Liability shall only apply in that action to the proportionate liability of the remaining defendants in those proceedings and shall not be binding on Ernst & Young for any purpose whatsoever and shall not constitute a finding against Ernst & Young for any purpose in any other proceeding.

15. **THIS COURT ORDERS** that the Ontario Plaintiffs shall incur and pay notice and administration costs that are incurred in advance of the Ernst & Young Settlement Date, as a

result of an order of this Honourable Court, up to a maximum of the first $200,000 thereof (the "Initial Plaintiffs' Costs"), which costs are to be immediately reimbursed from the Settlement Fund after the Ernst & Young Settlement Date. Ernst & Young shall incur and pay such notice and administration costs which are incurred in advance of the Ernst & Young Settlement Date, as a result of an order of this Honourable Court, over and above the Initial Plaintiffs' Costs up to a maximum of a further $200,000 (the "Initial Ernst & Young Costs"). Should any costs in excess of the cumulative amount of the Initial Plaintiffs' Costs and the Initial Ernst & Young Costs, being a total of $400,000, in respect of notice and administration as ordered by this Honourable Court be incurred prior to the Ernst & Young Settlement Date, such amounts are to be borne equally between the Ontario Plaintiffs and Ernst & Young. All amounts paid by the Ontario Plaintiffs and Ernst & Young as provided herein are to be deducted from or reimbursed from the Settlement Fund after the Ernst & Young Settlement Date. Should the settlement not proceed, the Ontario Plaintiffs and Ernst & Young shall each bear their respective costs paid to that time.

**Establishment of the Settlement Trust**

16. **THIS COURT ORDERS** that a trust (the "Settlement Trust") shall be established under which a claims administrator, to be appointed by CCAA Representative Counsel with the consent of the Monitor or with approval of the court, shall be the trustee for the purpose of holding and distributing the Settlement Fund and administering the Settlement Trust.

17. **THIS COURT ORDERS** that after payment of class counsel fees, disbursements and taxes (including, without limitation, notice and administration costs and payments to Claims Funding International) and upon the approval of a Claims and Distribution Protocol, defined below, the entire balance of the Settlement Fund shall, subject to paragraph 18 below, be distributed to or for the benefit of the Securities Claimants for their claims against Ernst & Young, in accordance with a process for allocation and distribution among Securities Claimants, such process to be established by CCAA Representative Counsel and approved by further order of this court (the "Claims and Distribution Protocol").

18. **THIS COURT ORDERS** that notwithstanding paragraph 17 above, the following Securities Claimants shall not be entitled to any allocation or distribution of the Settlement

Fund: any Person or entity that is as at the date of this order a named defendant to any of the Class Actions (as defined in the Plan) and their past and present subsidiaries, affiliates, officers, directors, senior employees, partners, legal representatives, heirs, predecessors, successors and assigns, and any individual who is a member of the immediate family of the following Persons: Allen T.Y, Chan a.k.a. Tak Yuen Chan, W. Judson Martin, Kai Kit Poon, David J. Horsley, William E. Ardell, James P. Boland, James M.E. Hyde, Edmund Mak, Simon Murray, Peter Wang, Garry J. West, Albert Ip, Alfred C.T. Hung, George Ho and Simon Yeung. For greater certainty, the Ernst & Young Release shall apply to the Securities Claimants described above.

19. **THIS COURT ORDERS** that the fees and costs of the claims administrator and CCAA Representative Counsel shall be paid out of the Settlement Trust, and for such purpose, the claims administrator and the CCAA Representative Counsel may apply to the court to fix such fees and costs in accordance with the laws of Ontario governing the payment of counsel's fees and costs in class proceedings.

**Recognition, Enforcement and Further Assistance**

20. **THIS COURT ORDERS** that the Court in the CCAA proceedings shall retain an ongoing supervisory role for the purposes of implementing, administering and enforcing the Ernst & Young Settlement and the Ernst & Young Release and matters related to the Settlement Trust including any disputes about the allocation of the Settlement Fund from the Settlement Trust. Any disputes arising with respect to the performance or effect of, or any other aspect of, the Ernst & Young Settlement and the Ernst & Young Release shall be determined by the court, and that, except with leave of the court first obtained, no Person or party shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of the Ernst & Young Settlement and the Ernst & Young Release.

21. **THIS COURT ORDERS** that the Ontario Plaintiffs and Ernst & Young with the assistance of the Monitor, shall use all reasonable efforts to obtain all court approvals and orders necessary for the implementation of the Ernst & Young Settlement and the Ernst & Young Release and shall take such additional steps and execute such additional agreements and

documents as may be necessary or desirable for the completion of the transactions
contemplated by the Ernst & Young Settlement, the Ernst & Young Release and this order.

22. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal,
regulatory or administrative body having jurisdiction in Canada or the United States or
elsewhere, to give effect to this order and to assist the Applicant, the Monitor, the CCAA
Representative Counsel and Ernst & Young LLP and their respective agents in carrying out
the terms of this order. All courts, tribunals, regulatory and administrative bodies are hereby
respectfully requested to make such orders and to provide such assistance to the Applicant,
the Monitor as an officer of this Court, the CCAA Representative Counsel and Ernst
&Young LLP, as may be necessary or desirable to give effect to this order, to grant
representative status to the Monitor in any foreign proceeding, or to assist the Applicant, the
Monitor, the CCAA Representative Counsel and Ernst & Young LLP and their respective
agents in carrying out the terms of this order.

23. **THIS COURT ORDERS** that each of the Applicant, the Monitor, CCAA Representative
Counsel and Ernst & Young LLP be at liberty and is hereby authorized and empowered to
apply to any court, tribunal, regulatory or administrative body, wherever located, for the
recognition of this order, or any further order as may be required, and for assistance in
carrying out the terms of such orders.

24. **THIS COURT ORDERS** that the running of time for the purposes of the Ernst & Young
Claims asserted in the Ontario Class Action, including statutory claims for which the
Ontario Plaintiffs have sought leave pursuant to Part XXIII.1 of the Ontario *Securities Act*,
R.S.O. 1990, c. S-5 and the concordant provisions of the securities legislation in all other
provinces and territories of Canada, shall be suspended as of the date of this order until
further order of this CCAA Court.

25. **THIS COURT ORDERS** that in the event that the Ernst & Young Settlement is not
completed in accordance with its terms, the Ernst & Young Settlement and paragraphs 7-14
and 16-19 of this order shall become null and void and are without prejudice to the rights of
the parties in the Ontario Class Action or in any proceedings and any agreement between the

parties incorporated into this order shall be deemed in the Ontario Class Action and in any proceedings to have been made without prejudice.

_____

Morawetz, J.

## APPENDIX "A" TO SETTLEMENT APPROVAL ORDER
### DEFINITION OF SECURITIES CLAIMANTS

"Securities Claimants" are all Persons and entities, wherever they may reside, who acquired any securities of Sino-Forest Corporation including securities acquired in the primary, secondary and over-the-counter markets.

For the purpose of the foregoing,

"Securities" means common shares, notes or other securities defined in the *Securities Act,* R.S.O. 1990, c. S.5, as amended.

APPENDIX "B" TO SETTLEMENT APPROVAL ORDER
MONITOR'S ERNST & YOUNG SETTLEMENT CERTIFICATE

Court File No. CV-12-9667-00CL

*ONTARIO*
SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST

IN THE MATTER OF THE *COMPANIES' CREDITORS*
*ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE AND
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.:  CV-11-431153-00CP

*ONTARIO*
SUPERIOR COURT OF JUSTICE

B E T W E E N :

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND
EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING
ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT
WONG

Plaintiffs

- and –

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly
known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON
MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES
P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER
WANG, GARRY J. WEST, PÖYRY (BEIJING) CONSULTING COMPANY
LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC.,
DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC.,
SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH
CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS
CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH,
PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of
America Securities LLC)

Defendants

All capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Order of the Court dated March 20, 2013 (the "Ernst & Young Settlement Approval Order") which, *inter alia,* approved the Ernst & Young Settlement and the Ernst & Young Release and established the Settlement Trust (as those terms are defined in the plan of compromise and reorganization dated December 3, 2012 (as the same may be amended, revised or supplemented in accordance with its terms, the "Plan") of Sino-Forest Corporation ("SFC"), as approved by the Court pursuant to an Order dated December 10, 2012).

Pursuant to section 11.1 of the Plan and paragraph 11 of the Ernst & Young Settlement Approval Order, FTI Consulting Canada Inc. (the "Monitor") in its capacity as Court-appointed Monitor of SFC delivers to Ernst & Young LLP this certificate and hereby certifies that:

1.    Ernst & Young has confirmed that the settlement amount has been paid to the Settlement Trust in accordance with the Ernst & Young Settlement;

2.    ■, being the trustee of the Settlement Trust has confirmed that such settlement amount has been received by the Settlement Trust; and

3.    The Ernst & Young Release is in full force and effect in accordance with the Plan.

DATED at Toronto this ___ day of _____, 2013.

**FTI CONSULTING CANADA INC.** solely
in its capacity as Monitor of Sino-Forest
Corporation and not in its personal capacity

_____
Name:
Title:

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE AND ARRANGEMENT OF SINO-FOREST CORPORATION

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF    SINO-FOREST CORPORATION, et al.
CENTRAL AND EASTERN CANADA, et al.

Court File No: CV-11-431153-00CP

|  |  |
|---|---|
| Plaintiffs | Defendants    Court File No: CV-12-9667-00CL |

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

Proceeding commenced at Toronto

---

**ORDER**

---

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
250 UNIVERSITY AVENUE, SUITE 501
TORONTO, ON M5H 3E5
**KEN ROSENBERG** (LSUC NO. 21102H)
**MASSIMO STARNINO** (LSUC NO. 41048G)
TEL: 416-646-4300 / FAX: 416-646-4301

**KOSKIE MINSKY LLP**
900-20 QUEEN STREET WEST, BOX 52
TORONTO ON M5H 3R3
**KIRK M. BAERT** (LSUC NO. 309420)
TEL: 416-595-2117 / FAX: 416-204-2889
**JONATHAN PTAK** (LSUC NO. 45773F)
TEL: 416-595-2149 / FAX: 416-204-2903

**SISKINDS LLP**
680 WATERLOO STREET; P.O. BOX 2520
LONDON ON N6A 3V8
**CHARLES M. WRIGHT** (LSUC NO. 36599O)
TEL: 519-660-7753 / FAX: 519-660-7754
**A. DIMITRI LASCARIS** (LSUC NO. 50074A)
TEL: 519-660-7844 / FAX: 519-660-7845

**LAWYERS FOR AN AD HOC COMMITTEE OF
PURCHASERS OF THE APPLICANT'S SECURITIES**