**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                              :
                                                    :     Chapter 15
SINO-FOREST CORPORATION,                            :
                                                    :     Case No. 13-10361 (MG)
                                                    :
         Debtor in a Foreign Proceeding.            :
---------------------------------------------------------------x

### ORDER GRANTING RECOGNITION AND ENFORCEMENT OF ORDER OF ONTARIO COURT APPROVING ERNST & YOUNG SETTLEMENT

This matter was brought before the Court upon the *Motion to Recognize and Enforce Order of Ontario Court Approving Ernst & Young Settlement* (the "**Motion**")[1] of Ernst & Young LLP ("**E&Y**") seeking the entry of an order pursuant to sections 105(a), 1507, and 1521 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") giving full force and effect in the United States to the March 20, 2013 order, attached hereto as Exhibit A (the "**Settlement Order**"), of the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**") in the proceeding (the "**Canadian Proceeding**") of Sino-Forest Corporation ("**SFC**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**").

At a hearing held on November 18, 2013, the Court considered and reviewed the Motion and the other pleadings and exhibits submitted in support thereof, including the *Memorandum of Law in Support of Motion to Recognize and Enforce Order of Ontario Court Approving Ernst & Young Settlement* and the *Declaration of Ken Coleman* dated September 20, 2013, and the exhibits attached thereto. No objections to the Motion have been received by this Court.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Therefore, after due deliberation and sufficient cause appearing therefore:

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

  A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code.

  B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

  C. Venue is proper in this District pursuant to 28 U.S.C. §§ 1410 (2) and (3).

  D. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507, and 1521 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting that relief.

  E. The relief granted herein is not manifestly contrary to the public policy of the United States, as prohibited by section 1506 of the Bankruptcy Code.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

  1. The Motion is hereby granted.

  2. The Settlement Order is hereby given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 105(a), 1507, and 1521 of the Bankruptcy Code, including, but not limited to, the following

provisions of the Settlement Order:[2]

> Paragraph 8: [T]he Ernst & Young Settlement and the Ernst & Young Release be and hereby are approved for all purposes and by s. 11.1 of the Plan and paragraph 40 of the Sanction Order and shall be implemented in accordance with their terms, [the Settlement Order], the Plan, and the Sanction Order.
>
> Paragraph 9: [The Settlement Order], the Ernst & Young Settlement and the Ernst & Young Release are binding upon each and every Person or entity having an Ernst & Young Claim . . . .
>
> Paragraph 12: [P]ursuant to the provisions of section 11.1 (b) of the Plan,
>
> > a. upon receipt by the Settlement Trust of the Settlement Fund, all Ernst & Young Claims, including but not limited to the claims of the Securities Claimants, shall be fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against Ernst & Young in accordance with section 11.1 (b) of the Plan;
> >
> > b. on the Ernst & Young Settlement Date, section 7.3 of the Plan shall apply to Ernst & Young and the Ernst & Young Claims *mutatis mutandis*;
> >
> > c. upon receipt by the Settlement Trust of the Settlement Fund, none of the plaintiffs in the Class Actions or any other actions in which the Ernst & Young Claims could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of Ernst & Young, proven at trial or otherwise, that is the subject of the Ernst & Young Settlement ("Ernst & Young's Proportionate Liability");
> >
> > d. upon receipt by the Settlement Trust of the Settlement Fund, Ernst & Young shall have no obligation to participate in and shall not be compelled to participate in any disputes about the allocation of the Settlement Fund from the Settlement Trust and any and all Ernst & Young Claims shall be irrevocably channeled to the Settlement Fund held in the Settlement Trust in accordance with paragraphs 16 and 17 of [the Settlement Order] and the Claims and Distribution Protocol defined [in paragraph 17 of the Settlement Order] and forever discharged and released against Ernst & Young in accordance with paragraph 12(a) of [the Settlement Order],

---

[2] Capitalized terms in these provisions, unless defined herein, shall have the meaning ascribed to such terms in the Settlement Order or the *Plan of Compromise and Reorganization* dated December 3, 2013 (the "Plan"), filed as schedule A to Exhibit B of this court's *Order Granting Recognition of Foreign Proceeding, Enforcement of Canadian Orders, and Related Relief* dated April 15, 2013 [Dkt. No. 16].

       regardless of whether the Claims and Distribution Protocol is finalized as at the Ernst & Young Settlement Date;

  e. on the Ernst & Young Settlement Date, all Class Actions, as defined in the Plan, including the Ontario Class Action shall be permanently stayed as against Ernst & Young; and

  f. on the Ernst & Young Settlement Date, the Ontario Class Action shall be dismissed against Ernst & Young.

Paragraph 13: [O]n the Ernst & Young Settlement Date, any and all claims which Ernst & Young may have had against any other current or former defendant, or any affiliate thereof, in the Ontario Class Action, or against any other current or former defendant, or any affiliate thereof, in any Class Actions in a jurisdiction in which this order has been recognized by a final order of a court of competent jurisdiction and not subject to further appeal, any other current or former defendant's insurers, or any affiliates thereof, or any other Persons who may claim over against the other current or former defendants, or any affiliate thereof, or the other current or former defendants' insurers, or any affiliate thereof, in respect of contribution, indemnity or other claims over which relate to the allegations made in the Class Actions, are hereby fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished.

  3. Notice of the Motion was served on the parties identified in paragraph 37 of the Motion, published in the national edition of *The Wall Street Journal* as soon as practicable following the filing of the Motion, and was posted on the Monitor's website at http://cfcanada.fticonsulting.com/sfc/default.htm and the website of lead counsel to the U.S. Plaintiffs in the U.S. Class Action at http://www.cohenmilstein.com/cases/274/sino-forest. No other or further notice need be provided, and such service shall constitute adequate and sufficient service and notice of the Motion and this Order.

  4. The Motion and the Settlement Order shall be made available upon request at the offices of Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020 to the attention of Jonathan Cho, (212) 610-6300, jonathan.cho@allenovery.com.

5. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
      November __, 2013

HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**Settlement Order**