## COURT OF APPEAL FOR ONTARIO

DATE: 20130626
DOCKET: M42068 & M42399

MacFarland, Watt and Epstein JJ.A.

In the Matter of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, and in the Matter of a Plan of Compromise or Arrangement of Sino-Forest Corporation

BETWEEN

The Trustees of the Labourers' Pension Fund of Central and Eastern Canada, the Trustees of the International Union of Operating Engineers Local 793 Pension Plan for Operating Engineers in Ontario, Sjunde Ap-Fonden, David Grant and Robert Wong

Plaintiffs

and

Sino-Forest Corporation, Ernst & Young LLP, BDO Limited (formerly known as BDO McCabe Lo Limited), Allen T.Y. Chan, W. Judson Martin, Kai Kit Poon, David J. Horsley, William E. Ardell, James P. Bowland, James M.E. Hyde, Edmund Mak, Simon Murray, Peter Wang, Garry J. West, Poyry (Beijing) Consulting Company Limited, Credit Suisse Securities (Canada), Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC)

Proceedings under the *Class Proceedings Act, 1992*

Defendants

James C. Orr, Won J. Kim, Megan B. McPhee and Michael C. Spencer, for the moving parties, Invesco Canada Ltd., Northwest & Ethical Investments L.P., and Comité Syndical National de Retraite Bâtirente Inc.

Ken Rosenberg, Massimo Starnino, Jonathan Ptak, Jonathan Bida, Charles M. Wright and A. Dimitri Lascaris, for the *Ad Hoc* Committee of Purchasers of the Applicant's Securities, including the Representative Plaintiffs in the Ontario Class Action

Benjamin Zarnett, Robert Chadwick and Brendan O'Neill, for the respondent *Ad Hoc* Committee of Noteholders

Peter R. Greene, Kathryn L. Knight and Kenneth A. Dekker, for the responding party DBO Limited

Robert W. Staley, Kevin Zych, Derek J. Bell, Raj Sahni and Jonathan Bell, for Sino-Forest Corporation

David Bish, John Fabello and Adam M. Slavens, for the Underwriters

Derrick Tay, Clifton Prophet and Jennifer Stam, for FTI Consulting Canada Inc., in its capacity as Monitor

Peter H. Griffin, Peter J. Osborne and Shara N. Roy, for Ernst & Young LLP

Heard in writing

On appeal from the orders of Justice Geoffrey B. Morawetz of the Superior Court of Justice, dated December 10, 2012, with reasons reported at 2012 ONSC 7050, and March 20, 2013, with reasons reported at 2013 ONSC 1078.

ENDORSEMENT

[1]    Leave to appeal is denied.

[2]    The test for granting leave to appeal in *CCAA* proceedings is well-settled. It is to be granted sparingly and only where there are serious and arguable grounds that are of real and significant interest to the parties. In determining

whether leave ought to be granted, this court is required to consider the following four-part inquiry:

- Whether the point on the proposed appeal is of significance to the practice;
- Whether the point is of significance to the action;
- Whether the proposed appeal is *prima facie* meritorious or frivolous; and
- Whether the appeal will unduly hinder the progress of the action.

See *Re Country Style Food Services Inc.* (2002), 158 O.A.C. 30 (C.A.).

[3]    In our view the proposed appeals fail to meet this stringent test.

[4]    These motions for leave to appeal relate to the supervising judge's approval of a settlement releasing Ernst & Young LLP from any claims arising from its auditing of Sino-Forest Corporation.

[5]    The Ernst & Young settlement is part of Sino-Forest's Plan of Compromise and Reorganization ("the Plan") following a bankruptcy triggered by allegations of corporate fraud. The settlement has the support of all parties to the *CCAA* proceedings, including the Monitor, Sino-Forest's creditors and a group of plaintiffs seeking to recover their investment losses in a contemplated, but not yet certified, class action ("the Ontario Plaintiffs").

[6]    These motions for leave to appeal are brought by a single group of Sino-Forest investors, collectively known as Invesco, who together held approximately 1.6% of Sino-Forest's outstanding shares at the time of its collapse. Invesco

chose not to participate in any of the *CCAA* proceedings leading to the Ernst & Young settlement. It appeared for the first time at the hearing to sanction the Plan. Invesco objects to the Ernst & Young settlement because it wishes to preserve its right to opt out of any class proceedings and pursue an independent claim against Ernst & Young.

[7]   Invesco is represented by Kim Orr LLP, the firm that ranked last in a fight for carriage of the Ontario class action against Sino-Forest and its auditors and underwriters. In January 2012, Perell J. awarded carriage of that action to Koskie Minsky and Siskinds LLP, with the Ontario Plaintiffs as the proposed representative plaintiffs. No appeal was taken from the order of Perell J.

[8]   There are two motions for leave to appeal before the court.

- **M42068** – Invesco seeks leave to appeal the supervising judge's order dated December 10, 2012, sanctioning a Plan of Compromise and Reorganization for Sino-Forest (the "Sanction Order")

- **M42399** – Invesco seeks leave to appeal the supervising judge's orders dated March 20, 2013, approving the Ernst & Young settlement and dismissing Invesco's motion for an order to

represent all prospective class members who oppose the settlement (the "Settlement Order" and the "Representation Dismissal Order").

[9]  By order of Simmons J.A. dated May 1, 2013, the motion for leave to appeal the Sanction Order was ordered to be consolidated and heard together with the motion for leave to appeal the Settlement Order and the Representation Dismissal Order.

[10]  The motions for leave to appeal are opposed by Sino-Forest, the Monitor, Sino-Forest's auditors and underwriters, the Ontario Plaintiffs, and a group representing Sino-Forest's major creditors.

**The Sanction Order**

[11]  The supervising judge dismissed Invesco's arguments opposing the Sanction Order on the ground that, since the settlement was not part of the Plan at that point, its objections were premature. It could raise those objections when the court considered whether or not to approve the settlement.

[12]  Invesco did not move to stay this order and the Plan has since been implemented. This proposed appeal is moot, and in any event, we see no basis to interfere with the supervising judge's decision.

**The Settlement Order and the Representation Dismissal Order**

[13]   In approving the settlement, the supervising judge applied the test set out in *Robertson v. ProQuest Information and Learning Co.*, 2011 ONSC 1647. And because the proposed settlement provided for a release to Ernst & Young, he went on to consider the test prescribed by this court in *ATB Financial v. Metcalfe and Mansfield Alternative Investments II Corp.*, 2008 ONCA 587, 92 O.R. (3d) 513, leave to appeal refused, [2008] S.C.C.A. No. 337 ("*ATB Financial*"). He found that the proposed settlement met those requirements. He concluded that the Ernst & Young settlement was fair and reasonable, provided substantial benefits to relevant stakeholders and was consistent with the purpose and spirit of the *CCAA*.

[14]   There is no basis on which to interfere with his decision. The issues raised on this proposed appeal are, at their core, the very issues settled by this court in *ATB Financial*.

[15]   Having dismissed their objection to the settlement order, it follows that Invesco's motion for a representation order would also be dismissed.

[16]   The motions for leave to appeal are dismissed.

Page: 7

[17]  Costs are to the responding parties on the motions on a partial indemnity scale fixed in the sum of $1,500 per motion inclusive of disbursements and applicable taxes.