**LOWENSTEIN SANDLER LLP**
Michael S. Etkin
Tatiana Ingman
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

*Chapter 15 Counsel for Class Action Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13- 10361 (MG) |
| Debtor in a Foreign Proceeding | |

**U.S. CLASS ACTION PLAINTIFFS' AND CANADIAN CLASS ACTION PLAINTIFFS' JOINDER TO THE MOTION TO RECOGNIZE AND ENFORCE ORDER OF ONTARIO COURT APPROVING ERNST & YOUNG SETTLEMENT**

Lead plaintiffs (the "**U.S. Class Action Plaintiffs**") in the class action proceeding pending in the United States District Court for the Southern District of New York styled *David Leapard, et al. v. Allen T.Y. Chan, et al.*, Case No. 1:12-cv-01726 (AT) (the "**NY Class Action**") and lead plaintiffs (the "**Canadian Class Action Plaintiffs**" and together with the U.S. Class Action Plaintiffs (the "**Class Action Plaintiffs**")) in the class action proceedings pending in Canada (the "**Canadian Class Actions**" and together with the NY Class Action, the "**Class Actions**") hereby file this joinder to the *Motion to Recognize and Enforce Order of Ontario Court Approving Ernst & Young Settlement* (Docket No. 18) (the "**Motion**").[1]

---

[1] Capitalized terms used herein but not defined herein have the meaning ascribed to such terms in the Motion.

27721/2
11/06/2013 **26928685**.**7**

**JOINDER**

1. The Class Action Plaintiffs support the entry of the Proposed Order granting the relief requested in the Motion. Recognition and enforcement of the Ontario Court's order (the "**Settlement Order**") approving the E&Y Settlement is a principal condition to the effectiveness of the E&Y Settlement and the first cash recovery to investors victimized in SFC's meltdown. The E&Y Settlement was extensively negotiated in good faith at arm's length in the context of SFC's Canadian Proceeding under the auspices of the Ontario Court, the foreign court this Court has recognized as having principal jurisdiction over SFC's insolvency proceedings. The E&Y Settlement was approved in accordance with Canadian law and procedures that are consistent with U.S. principles of due process and were separately approved by the Ontario Court. The Class Action Plaintiffs respectfully submit that recognition and enforcement of the Settlement Order is both appropriate and in the best interest of all class members who stand to gain from the E&Y Settlement.[2] In light of the foregoing, and considering the significant benefit to all class members in the United States and Canada, the Class Action Plaintiffs join in the relief requested in the Motion and respectfully request that this Court enter the Proposed Order.

*Background, Commencement of Class Actions and Commencement of Canadian Proceeding*

2. The facts giving rise to the Class Actions are more fully set forth in the Motion; however, in brief summary, SFC was a publicly held company whose securities were traded on the Toronto Stock Exchange and the over-the-counter market in the United States. In June of 2011, SFC was the subject of an investor report by Muddy Waters LLC, a short-seller, purporting to reveal fraud at the company and casting aspersions on SFC's auditors and advisors. In the wake of the report, SFC's share price plummeted, and various Class Actions

---

[2] Throughout the pendency of the Canadian Proceeding, the District Court in the NY Class Action has been kept apprised of relevant developments, including, the terms of the settlement with E&Y, the relief requested in this Court, and the stay of the NY Action pending final approval of the E&Y Settlement. E&Y and the U.S. Class Action Plaintiffs provided an updated Joint Status Report to the District Court on October, 10, 2013 and will be providing additional updates regarding these proceedings and the Canadian Proceedings every thirty days until a final disposition of the Motion and any further proceedings, if necessary, in Canada.

were commenced against SFC and the Third Party Defendants, including E&Y, which acted as SFC's auditor from approximately 2007 through April 4, 2012. The Class Action Plaintiffs allege that E&Y failed to comply with Canadian Generally Accepted Auditing Standards in its audit work and knew – or in the alternative was willfully blind to – various misrepresentations in SFC's financial statements. Just over nine-months after the Muddy Waters' report, SFC commenced the Canadian Proceeding to obtain protection from its creditors under the CCAA.

*Negotiation and Approval of the E&Y Settlement*

3.      After the commencement of the Canadian Proceeding, certain parties in the Canadian Class Actions engaged in extensive negotiations over the terms of a potential settlement of the Canadian Class Actions as part of a court-ordered three-day mediation. Subsequently, E&Y and certain of the Canadian Class Action Plaintiffs participated in a second mediation to resolve just the claims made against E&Y.

4.      Ultimately, after extensive further negotiation, in November 2012, E&Y and certain of the Canadian Class Action Plaintiffs began to develop the framework for a consensual resolution of the claims asserted against E&Y. Those parties agreed to the principal terms of a proposed settlement with E&Y and subsequently drafted language to include in the Plan reflecting the framework of the E&Y Settlement and related provisions. Creditors voted on such provisions in the context of approval of the Plan in Canada. The Plan was approved on December 10, 2012.

5.      Following approval of the Plan, the parties took steps to implement the terms of the E&Y Settlement. On December 21, 2012, the Ontario Court approved the form of and distribution of notice regarding the motion to approve the E&Y Settlement, established an objection deadline of January 18, 2013 and set a settlement hearing date of February 4, 2013. Prior to the settlement hearing, the Canadian and U.S. Class Action Plaintiffs engaged in extensive negotiations regarding the application of the E&Y Settlement to members of the class in the NY Class Action (the "**U.S. Class Members**"). Thereafter, an ad hoc committee of purchasers of SFC's securities, including the lead plaintiffs in the Ontario Class Action, moved

the Ontario Court to approve the E&Y Settlement. As a result of the negotiations between U.S. Class Plaintiffs and Canadian Class Plaintiffs, and given the substantial early cash recovery for class members among other benefits of the E&Y Settlement to U.S. Class Members, the U.S. Class Action Plaintiffs supported the relief requested. On March 20, 2013, the Ontario Court approved the E&Y Settlement.

*Terms of the Settlement*

6.      E&Y's settlement of the Class Actions is one of the largest settlements by an auditor in Canadian history, by a large margin, and is one of the largest-ever auditor settlements worldwide. Pursuant to the terms of the E&Y Settlement, upon satisfaction of certain conditions precedent, including the recognition and enforcement of the Settlement Order by this Court, E&Y will pay CAD117 million into a settlement trust fund (the "**Settlement Fund**") for the benefit of purchasers of SFC securities for claims against E&Y[3] and release all claims against SFC, including indemnification claims. In exchange, E&Y will receive a release of all claims against E&Y related to SFC and the benefit of injunction provisions prohibiting the commencement or continuation of any actions against E&Y relating to SFC. *See* Plan, Article 11.

*Class Action Plaintiffs Support Entry of the Proposed Order*

7.      On September 23, 2013, E&Y filed the instant Motion seeking recognition and enforcement of the Settlement Order. As set forth in the Motion, counsel to the Class Action Plaintiffs reviewed and provided comments to the Motion prior to its filing. Notice of the Motion was widely disseminated to U.S. purchasers of SFC securities from March 19, 2007 through August 26, 2011, published in *The Wall Street Journal*, and posted on both the Monitor's website and on the website of U.S. Class Action Plaintiffs' Counsel, giving class members the opportunity to take a position on the relief requested in the Motion. *See Affidavit*

---

[3] The Settlement Fund will be distributed to class members pursuant to a plan of distribution that will be submitted to the Ontario Court for approval on December 13, 2013. Class Members in Canada and the U.S. were provided notice of the plan of distribution, request for attorneys' fees and the right to object on or before November 5, 2013.

-4-

*of Service of Patricia A. Birley* [Docket No. 23] and *Affidavit of Publication (Wall Street Journal)* [Docket No. 24].

8. The Class Action Plaintiffs respectfully submit that recognition and enforcement of the Settlement Order is both appropriate and in the best interest of all class members who will recover from the E&Y Settlement. As this Court has recognized, where, as here, relief is sought post-recognition of a foreign insolvency proceeding, such relief "is largely discretionary and turns on subjective factors that embody principles of comity." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333 (S.D.N.Y. 2008); *In re Metcalfe & Mansfield Alternative Investments*, 421 B.R. 685, 697 (Bankr. S.D.N.Y. 2010). Courts in this jurisdiction have long recognized that "when the foreign proceeding is in a sister common law jurisdiction with procedures akin to our own, comity should be extended with less hesitation, there being fewer concerns over the procedural safeguards employed in those foreign proceedings." *In re Bd. of Dirs. of Hopewell Intern. Ins. Ltd., Inc.,* 238 B.R. 25, 66 (Bankr. S.D.N.Y. 1999), *aff'd,* 275 B.R. 699 (S.D.N.Y. 2002) (internal citation and quotations omitted). Unsurprisingly, courts have held that "[t]here is no question that bankruptcy proceedings in Canada - a sister common law jurisdiction with procedures akin to our own - are entitled to comity under appropriate circumstances." *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 212 (S.D.N.Y. 2002) (internal quotations omitted).

9. Appropriate circumstances have been found when (i) the foreign court had jurisdiction to issue the foreign judgment and (ii) the procedures used in the foreign court to reach its determination are consistent with U.S. standards of due process. *See In re Metcalfe & Mansfield*, 421 B.R. at 697-700. Both factors are fully satisfied here.

10. The Ontario Court had jurisdiction as part of the Canadian Proceeding to approve the E&Y Settlement and enjoin third-parties from taking action against E&Y related to SFC. This Court has already recognized the Canadian Proceeding as the foreign main proceeding for foreign debtor SFC on the basis that Ontario is the foreign debtor's center of

main interest. The Ontario Court found that the claims against E&Y related to SFC are inextricably linked to SFC's insolvency proceeding as E&Y is entitled to extensive indemnity and contribution obligations from SFC. The continued prosecution of any claims against E&Y would have a direct impact on SFC's insolvency proceeding, particularly because E&Y indicated that it would be unwilling to settle its claims against SFC and provide the settlement consideration embodied in the E&Y Settlement without releases and injunctions of claims against E&Y related to SFC. On this basis, the Ontario Court expressly found that the Ontario Court was the appropriate forum for approval of the E&Y Settlement and the resolution of Class Actions, *see* Settlement Order ¶¶41-42, and the Ontario Court of Appeal denied leave to appeal those determinations. In determining whether the foreign court had jurisdiction to issue the foreign judgment, the foreign court's determination on the issue is relevant, and though not decisive, persuasive. *See Metcalfe & Mansfield,* 421 B.R. at 699-700.

11.    Second, the procedures used in the foreign court meet U.S. fundamental standards of fairness. As this Court has recognized, "Canadian courts afford creditors a full and fair opportunity to be heard in a manner consistent with standards of U.S. due process." The Canadian Class Action Plaintiffs sought the Ontario Court's approval of procedures for the form and manner of notice of the E&Y Settlement, and the Court approved those procedures. *In re Metcalfe & Mansfield Alternative Investments*, 421 B.R. at 698, citing *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 212 (S.D.N.Y. 2002). Furthermore, other indicia of unfair process, for example disparate treatment solely on the basis of geography, are absent.

12.    In addition, as set forth in the Motion, the parties believe that the relief set forth in the Settlement Order and the Plan, including the third-party injunctive relief, is consistent with the relief available in plenary cases in this Circuit. However, even if such relief were not available in a plenary case in this Circuit, the relief requested is plainly consistent with relief granted by this Court in other chapter 15 cases. *See e.g. Collins v. Oilsands Quest Inc.,*

484 B.R. 593 (S.D.N.Y. 2012); *In re Metcalfe & Mansfield Alternative Investments*, 421 B.R. 685, 700 (Bankr. S.D.N.Y. 2010).

13. The Class Action Plaintiffs submit that the principles of comity embodied by chapter 15 of the Bankruptcy Code generally, and specifically in sections 1507, 1521 and 1522 of the Bankruptcy Code, amply justify granting the relief requested here, and respectfully request that this Court enter the Proposed Order and grant such other and further relief as may be appropriate under the circumstances.

November 7, 2013

    Respectfully submitted,

    **LOWENSTEIN SANDLER LLP**

    By: /s/ *Michael S. Etkin*
    Michael S. Etkin
    Tatiana Ingman
    1251 Avenue of the Americas
    New York, New York 10022
    metkin@lowenstein.com
    tingman@lowenstein.com

    *Chapter 15 Counsel for the Class Action Plaintiffs*