**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
In re:                                          :
                                                :      Chapter 15
SINO-FOREST CORPORATION,                        :
                                                :      Case No. 13-10361 (MG)
                                                :
            Debtor in a Foreign Proceeding.     :
-------------------------------------------------------------x
```

## ORDER GRANTING RECOGNITION AND ENFORCEMENT OF ORDER OF ONTARIO COURT APPROVING ERNST & YOUNG SETTLEMENT

This matter was brought before the Court upon the *Motion to Recognize and Enforce Order of Ontario Court Approving Ernst & Young Settlement* (the "**Motion**")[1] of Ernst & Young LLP ("**E&Y**") seeking the entry of an order pursuant to sections 105(a), 1507, and 1521 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") giving full force and effect in the United States to the March 20, 2013 order, attached hereto as <u>Exhibit A</u> (the "**Settlement Order**"), of the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**") in the proceeding (the "**Canadian Proceeding**") of Sino-Forest Corporation ("**SFC**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**").

At a hearing held on November 18, 2013, the Court considered and reviewed the Motion and the other pleadings and exhibits submitted in support thereof, including the *Memorandum of Law in Support of Motion to Recognize and Enforce Order of Ontario Court Approving Ernst & Young Settlement* and the *Declaration of Ken Coleman* dated September 20, 2013, and the exhibits attached thereto. No objections to the Motion have been received by this Court.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Therefore, after due deliberation and sufficient cause appearing therefore:

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code.

B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1410 (2) and (3).

D.    The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 105(a) and 1507 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting that relief.

E.    The relief granted herein is not manifestly contrary to the public policy of the United States, as prohibited by section 1506 of the Bankruptcy Code.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Motion is hereby granted.

2.    The Settlement Order is hereby given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 105(a) and 1507 of the Bankruptcy Code, including, but not limited to, the following provisions of the Settlement Order:[2]

> Paragraph 8: [T]he Ernst & Young Settlement and the Ernst & Young Release be and hereby are approved for all purposes and by s. 11.1 of the Plan and paragraph 40 of the Sanction Order and shall be implemented in accordance with their terms, [the Settlement Order], the Plan, and the Sanction Order.

---

[2]    Capitalized terms in these provisions, unless defined herein, shall have the meaning ascribed to such terms in the Settlement Order or the *Plan of Compromise and Reorganization* dated December 3, 2013 (the "Plan"), filed as schedule A to Exhibit B of this court's *Order Granting Recognition of Foreign Proceeding, Enforcement of Canadian Orders, and Related Relief* dated April 15, 2013 [Dkt. No. 16].

Paragraph 9: [The Settlement Order], the Ernst & Young Settlement and the Ernst & Young Release are binding upon each and every Person or entity having an Ernst & Young Claim . . . .

Paragraph 12: [P]ursuant to the provisions of section 11.1 (b) of the Plan,

    a.    upon receipt by the Settlement Trust of the Settlement Fund, all Ernst & Young Claims, including but not limited to the claims of the Securities Claimants, shall be fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against Ernst & Young in accordance with section 11.1 (b) of the Plan;

    b.    on the Ernst & Young Settlement Date, section 7.3 of the Plan shall apply to Ernst & Young and the Ernst & Young Claims *mutatis mutandis*;

    c.    upon receipt by the Settlement Trust of the Settlement Fund, none of the plaintiffs in the Class Actions or any other actions in which the Ernst & Young Claims could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of Ernst & Young, proven at trial or otherwise, that is the subject of the Ernst & Young Settlement ("Ernst & Young's Proportionate Liability");

    d.    upon receipt by the Settlement Trust of the Settlement Fund, Ernst & Young shall have no obligation to participate in and shall not be compelled to participate in any disputes about the allocation of the Settlement Fund from the Settlement Trust and any and all Ernst & Young Claims shall be irrevocably channeled to the Settlement Fund held in the Settlement Trust in accordance with paragraphs 16 and 17 of [the Settlement Order] and the Claims and Distribution Protocol defined [in paragraph 17 of the Settlement Order] and forever discharged and released against Ernst & Young in accordance with paragraph 12(a) of [the Settlement Order], regardless of whether the Claims and Distribution Protocol is finalized as at the Ernst & Young Settlement Date;

    e.    on the Ernst & Young Settlement Date, all Class Actions, as defined in the Plan, including the Ontario Class Action shall be permanently stayed as against Ernst & Young; and

    f.    on the Ernst & Young Settlement Date, the Ontario Class Action shall be dismissed against Ernst & Young.

Paragraph 13: [O]n the Ernst & Young Settlement Date, any and all claims which Ernst & Young may have had against any other current or former defendant, or

any affiliate thereof, in the Ontario Class Action, or against any other current or former defendant, or any affiliate thereof, in any Class Actions in a jurisdiction in which this order has been recognized by a final order of a court of competent jurisdiction and not subject to further appeal, any other current or former defendant's insurers, or any affiliates thereof, or any other Persons who may claim over against the other current or former defendants, or any affiliate thereof, or the other current or former defendants' insurers, or any affiliate thereof, in respect of contribution, indemnity or other claims over which relate to the allegations made in the Class Actions, are hereby fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished.

3.      Notice of the Motion was served on the parties identified in paragraph 37 of the Motion, published in the national edition of *The Wall Street Journal* as soon as practicable following the filing of the Motion, and was posted on the Monitor's website at http://cfcanada.fticonsulting.com/sfc/default.htm and the website of lead counsel to the U.S. Plaintiffs in the U.S. Class Action at http://www.cohenmilstein.com/cases/274/sino-forest.  No other or further notice need be provided, and such service shall constitute adequate and sufficient service and notice of the Motion and this Order.

4.      The Motion and the Settlement Order shall be made available upon request at the offices of Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020 to the attention of Jonathan Cho, (212) 610-6300, jonathan.cho@allenovery.com.

5.      This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**IT IS SO ORDERED.**

**Dated:** November 26, 2013
New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

## EXHIBIT A

**Settlement Order**

Court File No. CV-12-9667-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

| | | | |
|---|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, | THE |
| | ) | | |
| MR. JUSTICE MORAWETZ | ) | 20TH DAY OF MARCH, 2013 | |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE AND ARRANGEMENT OF SINO-FOREST CORPORATION**

Court File No.:  CV-11-431153-00CP

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

B E T W E E N :

**THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG**

Plaintiffs

- and –

**SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, PÖYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of America Securities LLC)**

Defendants

### ORDER

**THIS MOTION** made by the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation ("Sino-Forest" or the "Applicant") in the Ontario Superior Court of Justice, bearing (Toronto) Court File No. CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Ontario Class Action", respectively), in their own and proposed representative capacities, for an order giving effect to the Ernst & Young Release and the Ernst & Young Settlement (as defined in the Plan of Compromise and Reorganization of the Applicant under the *Companies' Creditors Arrangement Act* ("CCAA") dated December 3, 2012 (the "Plan") and as provided for in section 11.1 of the Plan, such Plan having been approved by this Honourable Court by Order dated December 10, 2012 (the "Sanction Order")), was heard on February 4, 2013 at the Court House, 330 University Avenue, Toronto, Ontario.

**WHEREAS** the Ontario Plaintiffs and Ernst & Young (as defined in the Plan) entered into Minutes of Settlement dated November 29, 2012.

**AND WHEREAS** this Honourable Court issued the Sanction Order approving the Plan containing the framework and providing for the implementation of the Ernst & Young Settlement and the Ernst & Young Release, upon further notice and approval;

**AND WHEREAS** the Supervising CCAA Judge in this proceeding, the Honourable Justice Morawetz, was designated on December 13, 2012 by Regional Senior Justice Then to hear this motion for settlement approval pursuant to both the CCAA and the *Class Proceedings Act, 1992*;

**AND WHEREAS** this Honourable Court approved the form of notice and the plan for distribution of the notice to any Person with an Ernst & Young Claim, as defined in the Plan, of this settlement approval motion by Order dated December 21, 2012 (the "Notice Order");

**AND ON READING** the Ontario Plaintiffs' Motion Record, including the affidavit and supplemental affidavit of Charles Wright, counsel to the plaintiffs, and the exhibits thereto, the affidavit of Joe Redshaw and the exhibits thereto, the affidavit of Frank C. Torchio and the exhibits thereto, the affidavit of Serge Kalloghlian and the exhibits thereto, the affidavit of Adam

Pritchard and the exhibits thereto, and on reading the affidavit of Mike P. Dean and the exhibits thereto, and on reading the affidavit of Judson Martin and the exhibits thereto and on reading the Responding Motion Record of the Objectors to this motion (Invesco Canada Ltd., Northwest & Ethical Investments L.P., Comité Syndical National de Retraite Bâtirente Inc., Matrix Asset Management Inc, Gestion Férique and Montrusco Bolton Investments) including the affidavits of Eric J. Adelson and the exhibits thereto, Daniel Simard and the exhibits thereto and Tanya J. Jemec, and the exhibits thereto, and on reading the Responding Motion Record of Poyry (Beijing) Consulting Company Limited including the affidavit of Christina Doria, and on reading the Fourteenth Report, the Supplement to the Fourteenth Report and the Fifteenth Report of FTI Consulting Canada Inc., in its capacity as Monitor of the Applicant (in such capacity, the "Monitor") dated January 22 and 28, 2013 and February 1, 2013 including any notices of objection received, and on reading such other material, filed, and on hearing the submissions of counsel for the Ontario Plaintiffs, Ernst & Young LLP, the Ad Hoc Committee of Sino-Forest Noteholders, the Applicant, the Objectors to this motion, Derek Lam and Senith Vel Kanagaratnam, the Underwriters, (Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC)), BDO Limited, the Monitor and those other parties present, no one appearing for any other party although duly served and such other notice as required by the Notice Order,

**Sufficiency of Service and Definitions**

1. **THIS COURT ORDERS** that the time for service and manner of service of the Notice of Motion and the Motion Record and the Fourteenth Report, the Supplement to the Fourteenth Report and the Fifteenth Report of the Monitor on any Person are, respectively, hereby abridged and validated, and any further service thereof is hereby dispensed with so that this Motion was properly returnable February 4, 2013 in both proceedings set out in the styles of cause hereof.

2. **THIS COURT ORDERS** that capitalized terms not otherwise defined in this order shall have the meanings attributed to those terms in the Plan.

3. **THIS COURT FINDS** that all applicable parties have adhered to, and acted in accordance with, the Notice Order and that the procedures provided in the Notice Order have provided good and sufficient notice of the hearing of this Motion, and that all Persons shall be and are hereby forever barred from objecting to the Ernst & Young Settlement or the Ernst & Young Release.

**Representation**

4. **THIS COURT ORDERS** that Ontario Plaintiffs are hereby recognized and appointed as representatives on behalf of those Persons described in **Appendix "A"** hereto (collectively, the "Securities Claimants") in these insolvency proceedings in respect of the Applicant (the "CCAA Proceedings") and in the Ontario Class Action, for the purposes of and as contemplated by section 11.1 of the Plan, and more particularly the Ernst & Young Settlement and the Ernst & Young Release.

5. **THIS COURT ORDERS** that Koskie Minsky LLP, Siskinds LLP and Paliare Roland Rosenberg Rothstein LLP are hereby recognized and appointed as counsel for the Securities Claimants for all purposes in these proceedings and as contemplated by section 11.1 of the Plan, and more particularly the Ernst & Young Settlement and the Ernst & Young Release ("CCAA Representative Counsel").

6. **THIS COURT ORDERS** that the steps taken by CCAA Representative Counsel pursuant to the Orders of this Court dated May 8, 2012 (the "Claims Procedure Order") and July 25, 2012 (the "Mediation Order") are hereby approved, authorized and validated as of the date thereof and that CCAA Representative Counsel is and was authorized to negotiate and support the Plan on behalf of the Securities Claimants, to negotiate the Ernst & Young Settlement, to bring this motion before this Honourable Court to approve the Ernst & Young Settlement and the Ernst & Young Release and to take any other necessary steps to effectuate and implement the Ernst & Young Settlement and the Ernst & Young Release,

including bringing any necessary motion before the court, and as contemplated by section 11.1 of the Plan.

**Approval of the Settlement & Release**

7. **THIS COURT DECLARES** that the Ernst & Young Settlement and the Ernst & Young Release are fair and reasonable in all the circumstances and for the purposes of both proceedings.

8. **THIS COURT ORDERS** that the Ernst & Young Settlement and the Ernst & Young Release be and hereby are approved for all purposes and as contemplated by s. 11.1 of the Plan and paragraph 40 of the Sanction Order and shall be implemented in accordance with their terms, this Order, the Plan and the Sanction Order.

9. **THIS COURT ORDERS** that this Order, the Ernst & Young Settlement and the Ernst & Young Release are binding upon each and every Person or entity having an Ernst & Young Claim, including those Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedure*, R.R.O. 1990, Reg. 194 are dispensed with in respect of the Ontario Class Action.

**Payment, Release, Discharge and Channelling**

10. **THIS COURT ORDERS** that upon satisfaction of all the conditions specified in section 11.1(a) of the Plan, Ernst & Young shall pay CDN $117,000,000 (the "Settlement Fund") into the Settlement Trust (as defined in paragraph 16 below) less any amounts paid in advance as set out in paragraph 15 of this order or the Notice Order.

11. **THIS COURT ORDERS** that upon receipt of a certificate from Ernst & Young confirming it has paid the Settlement Fund to the Settlement Trust in accordance with the Ernst & Young Settlement as contemplated by paragraph 10 of this Order and upon receipt of a certificate from the trustee of the Settlement Trust confirming receipt of such Settlement Fund, the Monitor shall deliver to Ernst & Young the Monitor's Ernst & Young Settlement Certificate (as defined in the Plan) substantially in the form attached hereto as **Appendix**

**"B"**. The Monitor shall thereafter file the Monitor's Ernst & Young Settlement Certificate with the Court.

12. **THIS COURT ORDERS** that pursuant to the provisions of section 11.1(b) of the Plan,

    a. upon receipt by the Settlement Trust of the Settlement Fund, all Ernst & Young Claims, including but not limited to the claims of the Securities Claimants, shall be fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against Ernst & Young in accordance with section 11.1(b) of the Plan;

    b. on the Ernst & Young Settlement Date, section 7.3 of the Plan shall apply to Ernst & Young and the Ernst & Young Claims *mutatis mutandis*;

    c. upon receipt by the Settlement Trust of the Settlement Fund, none of the plaintiffs in the Class Actions or any other actions in which the Ernst & Young Claims could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of Ernst & Young, proven at trial or otherwise, that is the subject of the Ernst & Young Settlement ("Ernst & Young's Proportionate Liability");

    d. upon receipt by the Settlement Trust of the Settlement Fund, Ernst & Young shall have no obligation to participate in and shall not be compelled to participate in any disputes about the allocation of the Settlement Fund from the Settlement Trust and any and all Ernst & Young Claims shall be irrevocably channeled to the Settlement Fund held in the Settlement Trust in accordance with paragraphs 16 and 17 of this order and the Claims and Distribution Protocol defined below and forever discharged and released against Ernst & Young in accordance with paragraph 12(a) of this order, regardless of whether the Claims and Distribution Protocol is finalized as at the Ernst & Young Settlement Date;

  e. on the Ernst & Young Settlement Date, all Class Actions, as defined in the Plan, including the Ontario Class Action shall be permanently stayed as against Ernst & Young; and

  f. on the Ernst & Young Settlement Date, the Ontario Class Action shall be dismissed against Ernst & Young.

13. **THIS COURT ORDERS** that on the Ernst & Young Settlement Date, any and all claims which Ernst & Young may have had against any other current or former defendant, or any affiliate thereof, in the Ontario Class Action, or against any other current or former defendant, or any affiliate thereof, in any Class Actions in a jurisdiction in which this order has been recognized by a final order of a court of competent jurisdiction and not subject to further appeal, any other current or former defendant's insurers, or any affiliates thereof, or any other Persons who may claim over against the other current or former defendants, or any affiliate thereof, or the other current or former defendants' insurers, or any affiliate thereof, in respect of contribution, indemnity or other claims over which relate to the allegations made in the Class Actions, are hereby fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished.

14. **THIS COURT ORDERS** that nothing in this order shall fetter the discretion of any court to determine Ernst & Young's Proportionate Liability at the trial or other disposition of an action for the purposes of paragraph 12(c) above, whether or not Ernst & Young appears at the trial or other disposition (which, subject to further order of the Court, Ernst & Young has no obligation to do) and Ernst & Young's Proportionate Liability shall be determined as if Ernst & Young were a party to the action and any determination by the court in respect of Ernst & Young's Proportionate Liability shall only apply in that action to the proportionate liability of the remaining defendants in those proceedings and shall not be binding on Ernst & Young for any purpose whatsoever and shall not constitute a finding against Ernst & Young for any purpose in any other proceeding.

15. **THIS COURT ORDERS** that the Ontario Plaintiffs shall incur and pay notice and administration costs that are incurred in advance of the Ernst & Young Settlement Date, as a

result of an order of this Honourable Court, up to a maximum of the first $200,000 thereof (the "Initial Plaintiffs' Costs"), which costs are to be immediately reimbursed from the Settlement Fund after the Ernst & Young Settlement Date. Ernst & Young shall incur and pay such notice and administration costs which are incurred in advance of the Ernst & Young Settlement Date, as a result of an order of this Honourable Court, over and above the Initial Plaintiffs' Costs up to a maximum of a further $200,000 (the "Initial Ernst & Young Costs"). Should any costs in excess of the cumulative amount of the Initial Plaintiffs' Costs and the Initial Ernst & Young Costs, being a total of $400,000, in respect of notice and administration as ordered by this Honourable Court be incurred prior to the Ernst & Young Settlement Date, such amounts are to be borne equally between the Ontario Plaintiffs and Ernst & Young. All amounts paid by the Ontario Plaintiffs and Ernst & Young as provided herein are to be deducted from or reimbursed from the Settlement Fund after the Ernst & Young Settlement Date. Should the settlement not proceed, the Ontario Plaintiffs and Ernst & Young shall each bear their respective costs paid to that time.

**Establishment of the Settlement Trust**

16. **THIS COURT ORDERS** that a trust (the "Settlement Trust") shall be established under which a claims administrator, to be appointed by CCAA Representative Counsel with the consent of the Monitor or with approval of the court, shall be the trustee for the purpose of holding and distributing the Settlement Fund and administering the Settlement Trust.

17. **THIS COURT ORDERS** that after payment of class counsel fees, disbursements and taxes (including, without limitation, notice and administration costs and payments to Claims Funding International) and upon the approval of a Claims and Distribution Protocol, defined below, the entire balance of the Settlement Fund shall, subject to paragraph 18 below, be distributed to or for the benefit of the Securities Claimants for their claims against Ernst & Young, in accordance with a process for allocation and distribution among Securities Claimants, such process to be established by CCAA Representative Counsel and approved by further order of this court (the "Claims and Distribution Protocol").

18. **THIS COURT ORDERS** that notwithstanding paragraph 17 above, the following Securities Claimants shall not be entitled to any allocation or distribution of the Settlement

Fund: any Person or entity that is as at the date of this order a named defendant to any of the Class Actions (as defined in the Plan) and their past and present subsidiaries, affiliates, officers, directors, senior employees, partners, legal representatives, heirs, predecessors, successors and assigns, and any individual who is a member of the immediate family of the following Persons: Allen T.Y, Chan a.k.a. Tak Yuen Chan, W. Judson Martin, Kai Kit Poon, David J. Horsley, William E. Ardell, James P. Boland, James M.E. Hyde, Edmund Mak, Simon Murray, Peter Wang, Garry J. West, Albert Ip, Alfred C.T. Hung, George Ho and Simon Yeung. For greater certainty, the Ernst & Young Release shall apply to the Securities Claimants described above.

19. **THIS COURT ORDERS** that the fees and costs of the claims administrator and CCAA Representative Counsel shall be paid out of the Settlement Trust, and for such purpose, the claims administrator and the CCAA Representative Counsel may apply to the court to fix such fees and costs in accordance with the laws of Ontario governing the payment of counsel's fees and costs in class proceedings.

**Recognition, Enforcement and Further Assistance**

20. **THIS COURT ORDERS** that the Court in the CCAA proceedings shall retain an ongoing supervisory role for the purposes of implementing, administering and enforcing the Ernst & Young Settlement and the Ernst & Young Release and matters related to the Settlement Trust including any disputes about the allocation of the Settlement Fund from the Settlement Trust. Any disputes arising with respect to the performance or effect of, or any other aspect of, the Ernst & Young Settlement and the Ernst & Young Release shall be determined by the court, and that, except with leave of the court first obtained, no Person or party shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of the Ernst & Young Settlement and the Ernst & Young Release.

21. **THIS COURT ORDERS** that the Ontario Plaintiffs and Ernst & Young with the assistance of the Monitor, shall use all reasonable efforts to obtain all court approvals and orders necessary for the implementation of the Ernst & Young Settlement and the Ernst & Young Release and shall take such additional steps and execute such additional agreements and

documents as may be necessary or desirable for the completion of the transactions contemplated by the Ernst & Young Settlement, the Ernst & Young Release and this order.

22. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or the United States or elsewhere, to give effect to this order and to assist the Applicant, the Monitor, the CCAA Representative Counsel and Ernst & Young LLP and their respective agents in carrying out the terms of this order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicant, the Monitor as an officer of this Court, the CCAA Representative Counsel and Ernst &Young LLP, as may be necessary or desirable to give effect to this order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicant, the Monitor, the CCAA Representative Counsel and Ernst & Young LLP and their respective agents in carrying out the terms of this order.

23. **THIS COURT ORDERS** that each of the Applicant, the Monitor, CCAA Representative Counsel and Ernst & Young LLP be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this order, or any further order as may be required, and for assistance in carrying out the terms of such orders.

24. **THIS COURT ORDERS** that the running of time for the purposes of the Ernst & Young Claims asserted in the Ontario Class Action, including statutory claims for which the Ontario Plaintiffs have sought leave pursuant to Part XXIII.1 of the Ontario *Securities Act*, R.S.O. 1990, c. S-5 and the concordant provisions of the securities legislation in all other provinces and territories of Canada, shall be suspended as of the date of this order until further order of this CCAA Court.

25. **THIS COURT ORDERS** that in the event that the Ernst & Young Settlement is not completed in accordance with its terms, the Ernst & Young Settlement and paragraphs 7-14 and 16-19 of this order shall become null and void and are without prejudice to the rights of the parties in the Ontario Class Action or in any proceedings and any agreement between the

parties incorporated into this order shall be deemed in the Ontario Class Action and in any proceedings to have been made without prejudice.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO

MAR 2 8 2013

_____
Morawetz, J.

## APPENDIX "A" TO SETTLEMENT APPROVAL ORDER
## DEFINITION OF SECURITIES CLAIMANTS

"Securities Claimants" are all Persons and entities, wherever they may reside, who acquired any securities of Sino-Forest Corporation including securities acquired in the primary, secondary and over-the-counter markets.

For the purpose of the foregoing,

"Securities" means common shares, notes or other securities defined in the *Securities Act*, R.S.O. 1990, c. S.5, as amended.

**APPENDIX "B" TO SETTLEMENT APPROVAL ORDER
MONITOR'S ERNST & YOUNG SETTLEMENT CERTIFICATE**

Court File No. CV-12-9667-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST**

IN THE MATTER OF THE *COMPANIES' CREDITORS
ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

**AND IN THE MATTER OF A PLAN OF COMPROMISE AND
ARRANGEMENT OF SINO-FOREST CORPORATION**

Court File No.:  CV-11-431153-00CP

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

B E T W E E N :

**THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND
EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING
ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT
WONG**

Plaintiffs

- and –

**SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly
known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON
MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES
P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER
WANG, GARRY J. WEST, PÖYRY (BEIJING) CONSULTING COMPANY
LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC.,
DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC.,
SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH
CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS
CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH,
PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of
America Securities LLC)**

Defendants

All capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Order of the Court dated March 20, 2013 (the "Ernst & Young Settlement Approval Order") which, *inter alia,* approved the Ernst & Young Settlement and the Ernst & Young Release and established the Settlement Trust (as those terms are defined in the plan of compromise and reorganization dated December 3, 2012 (as the same may be amended, revised or supplemented in accordance with its terms, the "Plan") of Sino-Forest Corporation ("SFC"), as approved by the Court pursuant to an Order dated December 10, 2012).

Pursuant to section 11.1 of the Plan and paragraph 11 of the Ernst & Young Settlement Approval Order, FTI Consulting Canada Inc. (the "Monitor") in its capacity as Court-appointed Monitor of SFC delivers to Ernst & Young LLP this certificate and hereby certifies that:

1.      Ernst & Young has confirmed that the settlement amount has been paid to the Settlement Trust in accordance with the Ernst & Young Settlement;

2.      ■, being the trustee of the Settlement Trust has confirmed that such settlement amount has been received by the Settlement Trust; and

3.      The Ernst & Young Release is in full force and effect in accordance with the Plan.

DATED at Toronto this ___ day of _____, 2013.

> **FTI CONSULTING CANADA INC.** solely in its capacity as Monitor of Sino-Forest Corporation and not in its personal capacity
>
> _____
> Name:
> Title:

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED
AND IN THE MATTER OF A PLAN OF COMPROMISE AND  ARRANGEMENT OF SINO-FOREST
CORPORATION

Court File No: CV-12-9667-00CL

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF         SINO-FOREST CORPORATION, et al.
CENTRAL AND EASTERN CANADA. et al.

Plaintiffs                                                                        Defendants

Court File No. CV-11-431153-00CP

| | |
|---|---|
| | **ONTARIO**<br>**SUPERIOR COURT OF JUSTICE**<br>**COMMERCIAL LIST**<br><br>Proceeding commenced at Toronto |
| | **ORDER** |
| | **PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**<br>250 UNIVERSITY AVENUE, SUITE 501<br>TORONTO, ON  M5H 3E5<br>**KEN ROSENBERG** (LSUC NO. 21102H)<br>**MASSIMO STARNINO** (LSUC NO. 41048G)<br>TEL: 416-646-4300 / FAX: 416-646-4301<br><br>**KOSKIE MINSKY LLP**<br>900-20 QUEEN STREET WEST, BOX 52<br>TORONTO ON  M5H 3R3<br>**KIRK M. BAERT** (LSUC NO. 30942O)<br>TEL: 416-595-2117 / FAX: 416-204-2889<br>**JONATHAN PTAK** (LSUC NO. 45773F)<br>TEL: 416-595-2149 / FAX: 416-204-2903<br><br>**SISKINDS LLP**<br>680 WATERLOO STREET, P.O. BOX 2520<br>LONDON ON  N6A 3V8<br>**CHARLES M. WRIGHT** (LSUC NO. 36599Q)<br>TEL: 519-660-7753 / FAX: 519-660-7754<br>**A. DIMITRI LASCARIS** (LSUC NO. 50074A)<br>TEL: 519-660-7844 / FAX: 519-660-7845<br><br>**LAWYERS FOR AN AD HOC COMMITTEE OF**<br>**PURCHASERS OF THE APPLICANT'S SECURITIES** |