Hearing Date: TBD
Objection Deadline: TBD

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, New York  10020
(212) 262-6700  (Telephone)
(212) 262-7402  (Facsimile)
Michael S. Etkin
Tatiana Ingman

*United States Bankruptcy Counsel for the Class Action Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13- 10361 (MG) |
| Debtor in a Foreign Proceeding | |

**MOTION TO APPROVE MANNER OF SERVICE OF NOTICE OF MOTION SEEKING RECOGNITION AND ENFORCEMENT OF THE ORDER OF THE ONTARIO SUPERIOR COURT APPROVING HORSLEY SETTLEMENT**

Lead plaintiffs (the "**Canadian Class Action Plaintiffs**") in the class action proceedings pending in Canada (the "**Canadian Class Actions**") and lead plaintiffs (the "**U.S. Class Action Plaintiffs**" and together with the Canadian Class Action Plaintiffs, the "**Class Action Plaintiffs**") in the class action proceeding pending in the United States District Court for the Southern District of New York styled *David Leapard, et al. v. Allen T.Y. Chan, et al.,* Case No. 1:12-cv-01726 (AT) (the "**NY Class Action**" and together with the Canadian Class Actions, the "**Class Actions**") file this motion (the "**Motion**") seeking the entry of an order substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**") approving the manner of notice of the Class Action Plaintiffs' motion (the "**Settlement Recognition Motion**") seeking recognition and enforcement of the Order (the "**Settlement Order**"), when and if entered by the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Superior Court**"), approving the settlement (the "**Settlement**") between the Canadian Class Action Plaintiffs and

27721/2
06/16/2014 30218724.8

David Horsley in the proceeding (the "**CCAA Proceeding**") of Sino-Forest Corporation ("**SFC**") under *Canada's Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**"). In support of this Motion, the Class Action Plaintiffs respectfully state as follows:

## PRELIMINARY STATEMENT

By this Motion, the Class Action Plaintiffs seek the entry of an order approving the manner of service of the notice of the Settlement Recognition Motion upon affected parties in the United States, most prominently investors in SFC securities that are the subject of the NY Class Action. The Notice Program (defined and described below) is designed to give notice to all known affected parties in the United States in a comprehensive and cost-efficient manner. The Class Action Plaintiffs believe that notice in accordance with the Notice Program, which includes and supplements the notice approved by the Ontario Superior Court (*see* para. 11 below), constitutes adequate and sufficient notice of the hearing on and the relief requested in the Settlement Recognition Motion.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the "Amended Standing Order of Reference Re: Title 11" of the United States District Court for the Southern District of New York (Preska, C.J.) dated January 31, 2012 and section 1501 of title 11 of the United States Code (the "**Bankruptcy Code**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. §§ 1410(2) and (3).

2.    The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3.    On March 30, 2012, SFC commenced the CCAA Proceeding to obtain protection from its creditors under the CCAA.

4.    On December 10, 2012, the Ontario Superior Court entered an order (the "**Plan Sanction Order**") approving SFC's plan of compromise and reorganization dated December 3, 2012 (the "**Plan**").

5.    On February 4, 2013 (the "**Petition Date**"), the Monitor in the CCAA Proceeding, as foreign representative, filed the Verified Petition for Recognition of Foreign Proceeding and Related Relief [Docket No. 2] under chapter 15 of the Bankruptcy Code seeking recognition of the CCAA Proceeding in this Court.

6.    On April 15, 2013, this Court entered an order [Docket No. 18] recognizing the CCAA Proceeding as a foreign main proceeding and recognizing and enforcing the Plan Sanction Order in the United States.

**Settlements with Third-Party Defendants**

7.    As part of the Plan, the Ontario Superior Court approved a framework by which the Class Action Plaintiffs may enter into settlement agreements with any of the non-debtor defendants in the Class Actions. To date, the claims in the Class Actions against defendants Ernst & Young ("**E&Y**") and Pöyry (Beijing) Consulting Company Limited have been settled and dismissed in accordance with the provisions of the Plan. On November 26, 2013, this Court entered an order recognizing and enforcing the order of the Ontario Superior Court approving the settlement with E&Y (the "**E&Y Settlement**").

8.  Since the approval of the E&Y Settlement, the Class Action Plaintiffs have negotiated and reached a Settlement with one of the defendants, David Horsley. The framework of the Settlement takes into account the provisions of the Plan under which Mr. Horsley can ultimately qualify as a Named Third-Party Defendant (as defined in the Plan) for purposes of the protections provided under the Plan.

9.  If the Settlement is approved and its conditions fulfilled, CAD$4,200,000 shall be paid into an interest bearing account for the benefit of the Securities Claimants until such time as it is distributed pursuant to further order of the Ontario Superior Court. In addition, Mr. Horsley will cooperate and provide information to the Class Action Plaintiffs to aid in the continued prosecution of the claims against the remaining defendants in the Class Actions. In return, the Class Actions will be dismissed against Mr. Horsley, and there will be an order forever barring all claims against him in relation to SFC, including any claims based upon allegations relating to the Class Actions.[1]

10.  The Settlement is subject to the approval of the Ontario Superior Court in the first instance and recognition and enforcement of such approval order in the United States by this Court in this chapter 15 proceeding. Accordingly, on June 5, 2014, the Canadian Class Action Plaintiffs presented Justice Morawetz of the Ontario Superior Court with an order approving the form and manner of notice of the Settlement in Canada and scheduling a hearing on approval of the Settlement on July 24, 2014. In anticipation of the appearance before Justice Morawetz scheduled for June 5, 2014, and the approvals ultimately required in both this Court and the Ontario Superior Court, on June 4, 2014, the Class Action Plaintiffs, through their United States bankruptcy counsel, filed a letter with this Court requesting a conference to discuss the

---

[1] The terms of the Settlement outlined herein are intended to be descriptive only. The Settlement Recognition Motion will include a copy of the Minutes of Settlement for a full recitation of the terms of the Settlement.

-4-

procedure for and coordination of obtaining recognition and enforcement in the United States of the Settlement Order, if and when it is entered.

11. On June 5, 2014, Justice Morawetz entered an order (the "**June 5 Order**"), a copy of which is attached hereto as **Exhibit B**, approving the Canadian Class Action Plaintiffs' proposed form of notice (the "**Settlement Notice**"), substantially in the form attached hereto as **Exhibit C**, and the manner of service in accordance with Canadian law. The Settlement Notice describes the background of the CCAA Proceeding, the terms of the proposed Settlement with Mr. Horsley, the requested approval of the Settlement in the Ontario Superior Court and the requested recognition and enforcement of such approval in this Court. In addition, the Settlement Notice apprises notice recipients of the right to object to the relief requested in each proceeding, the relevant deadline for objecting to such relief and the date of the joint-hearing on the relief requested in the Ontario Superior Court and this Court.

12. On June 9, 2014, the Class Action Plaintiffs, through United States and Canadian counsel, together with United States bankruptcy counsel to Mr. Horsley, participated in a teleconference with the Court. At the teleconference, the Court raised certain concerns with regard to the scope of service of the Settlement Notice upon Securities Claimants in the United States. After the conference, counsel to the Class Action Plaintiffs and counsel for Mr. Horsley considered the Court's concerns and agreed to supplement the then proposed notice program by the Notice Program as defined and set forth below.

### RELIEF REQUESTED AND BASIS THEREFOR

13. By this Motion, the Class Action Plaintiffs seek the entry of an order approving the manner of service of notice of the Settlement Recognition Motion. The Class Action Plaintiffs intend to serve notice of the Settlement Recognition Motion upon affected parties in the United States through service of the Settlement Notice pursuant to the Notice Program (defined below). The Notice Program subsumes the manner of service of the Settlement Notice as it relates to the Class Action Plaintiffs' request for substantive approval of the Settlement by the Ontario Superior Court approved by the Ontario Superior Court in Justice Morawetz's June 5 Order and supplements such service as described below.

14. Commencing on June 12, 2014, the Settlement Notice was served in the manner approved by Justice Morawetz's June 5 Order. The Class Action Plaintiffs propose to serve the Settlement Notice, consistent with and supplementing the service that began on June 12, 2014, on the following parties (the "**Notice Program**"):

(a) the Office of the United States Trustee for Region 2;

(b) counsel to SFC, Bennett Jones LLP, 3400 One First Canadian Place, P.O. Box 130, Toronto, Ontario M5X 1A4, Attn: Robert W. Staley, Kevin Zych, Derek J. Bell, Raj S. Sahni, Jonathan Bell, and Sean Zweig;

(c) counsel to BDO, Affleck Greene McMurty LLP, 365 Bay Street, Suite 200, Toronto, Ontario M5H 2V1, Attn: Peter Greene, Kenneth Dekker, and Michelle E. Booth;

(d) counsel to the Monitor, Gowling LaFleur Henderson LLP, 1 First Canadian Place, 100 King Street West, Suite 1600, Toronto, Ontario M5X 1G5, Attn: Derrick Tay and Jennifer Stam, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Thomas J. Matz;

(e) counsel to the Underwriters, Torys LLP, 79 Wellington Street West, Suite 3000, Box 270, Toronto-Dominion Centre, Toronto, Ontario M5K 1N2, Attn: John Fabello, David Bish, Andrew Gray and Adam Slavens;

(f) counsel to the Ad Hoc Committee of Noteholders, Goodmans LLP, 333 Bay Street, Suite 3400, Toronto, Ontario M5H 2S7, Attn: Benjamin Zarnett, Robert Chadwick, Brendan O'Neill, and Caroline Descours;

(g) counsel to certain Named Directors and Officers, Osler, Hoskin & Harcourt LLP, 1 First Canadian Place, 100 King Street West, Suite 6100, P.O. Box 50, Toronto, Ontario M5X 1B8, Attn: Edward Sellers, Larry Lowenstein, and Geoffrey Grove;

(h) counsel to Allen Chan, Miller Thomson LLP, Scotia Plaza, 40 King Street West, Suite 5800, Toronto, Ontario M5H 3S1, Attn: Jay M. Hoffman, Joseph Marin, and Emily Cole;

(i) counsel to Kai Kit Poon, Davis LLP, 1 First Canadian Place, Suite 6000, P.O. Box 367, 100 King Street West, Toronto, Ontario M5X 1E2, Attn: Susan E. Friedman, Bruce Darlington, and Brandon Barnes;

(j) counsel to David Horsley, Wardle Daley Bernstein LLP, 2104-401 Bay Street, P.O. Box 21, Toronto, Ontario M5H 2Y4, Attn: Peter Wardle, Simon Bieber, and Erin Pleet and United States bankruptcy counsel to Mr. Horsley, Finn, Dixon & Herling, LLP, 177 Broad Street, Stamford, CT 06901, Attn: Henry P. Baer, Jr.;

(k) certain other claimholders or parties in interest identified in the CCAA Proceeding; and

(l) United States investors in SFC securities who purchased between March 19, 2007 and August 26, 2011, as follows:

- all persons that have submitted claims to participate in the E & Y Settlement, provided that such person or entity has furnished his, her, or its contact information in the claim form or otherwise;[2]

- all individuals or entities who have contacted Siskinds LLP ("**Siskinds**"), Siskinds Desmeules sencrl, Koskie Minsky LLP ("**Koskie Minsky**") or Cohen Milstein Sellers & Toll PLLC ("**Cohen Milstein**") regarding the Class Actions, and to any person or entity who requests a copy of the Settlement Notice, provided that such person or entity has furnished his, her or its contact information to such counsel;

- the current Service List in the CCAA Proceeding, including notice to ACE-INA Insurance Company, Chubb Insurance Company of Canada, Lloyd's of London, and Travelers Guarantee Company of Canada or their counsel;

---

[2] This category includes all beneficial holders identified in connection with the notice of the E&Y Settlement and all additional U.S. class members who were identified by the claims administrator during the subsequent E&Y Settlement claims process.

> - brokers and similar parties who purchased or otherwise acquired SFC securities for the benefit of beneficial owners between March 19, 2007 and August 26, 2011. Such brokers and similar parties will be directed to either (i) send the Settlement Notice to all such beneficial owners of SFC securities or (ii) return a list of the names and addresses of such beneficial holders, in which case the Settlement Notice shall be mailed to such holders directly. This notice is intended to be consistent with the notice to known U.S. investors previously approved by this Court in connection with the E&Y Settlement.

15. The Settlement Notice shall be sent electronically via email to any such person where an email address is reasonably available, including any such person that has provided his, her, or its email address in the E&Y claim form, and by first-class mail, if such email is unavailable and such person has provided his, her or its mailing address on the E&Y claim form or otherwise.

16. In addition, copies of the Settlement Notice, as well as the Minutes of Settlement and pleadings relating to the approval, recognition and enforcement of the Settlement, will also be posted on the websites of Siskinds, Koskie Minsky (in English and French), and Cohen Milstein (in English) and on www.sinosettlement.com (which redirects to Siskinds' website). Notice of the Settlement will also be provided in a press release that will be released nationally to financial wire services in the United States.

17. Together with the notice provided through the service of the Settlement Notice consistent with Justice Morawetz's June 5 Order, the Notice Program contemplates that the Settlement Notice will be provided to all the same parties that were provided notice of the motion for entry of an order in this chapter 15 proceeding recognizing and enforcing the order of the Ontario Superior Court approving the E&Y Settlement. However, attempts will be made to limit the duplication of information already received from U.S. brokers and already available through the notice program for the E&Y Settlement.

18. Pursuant to the Notice Program, parties in interest that may be affected directly by the Settlement Recognition Motion will receive notice of such filing or pleading in accordance with due process under *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Class Action Plaintiffs believe that providing notice as described in this Motion is proper and sufficient under the existing circumstances and is designed to reach, to the extent practicable, all known affected parties in the United States. Indeed, service of the Settlement Notice as described above is even more encompassing than the notice provided in connection with the E&Y Settlement which this Court recently approved because the Class Action Plaintiffs now have the benefit of the Securities Claimant information contained in the approximately 47,000 claim forms submitted by Securities Claimants with respect to the distribution of the E&Y Settlement. For the foregoing reasons, the Class Action Plaintiffs believe the Notice Program is appropriate and should be approved and implemented.

19. Accordingly, the Class Action Plaintiffs respectfully request that this Court approve the Notice Program pursuant to Bankruptcy Rules 2002(m) and 9007 and section 105(a) of the Bankruptcy Code.

**<u>NOTICE</u>**

20. The Class Action Plaintiffs have provided notice of this Motion to (a) counsel to Mr. Horsley and (b) all parties that have appeared and requested notice in this chapter 15 proceeding; (c) counsel to the Foreign Representative; and (d) the Office of the United States Trustee. The Class Action Plaintiffs submit that no other or further notice in connection with the relief requested herein need be provided.

**WHEREFORE**, the Class Action Plaintiffs respectfully request entry of the Proposed Order, substantially in the form submitted herewith, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: June 16, 2014
New York, New York

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

By: /s/ *Michael S. Etkin*
Michael S. Etkin
Tatiana Ingman
1251 Avenue of the Americas
New York, New York 10022
metkin@lowenstein.com
tingman@lowenstein.com

*United States Bankruptcy Counsel for the Class Action Plaintiffs*