**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13- 10361 (MG) |
| Debtor in a Foreign Proceeding | |

**ORDER GRANTING MOTION TO APPROVE MANNER OF SERVICE OF NOTICE OF MOTION SEEKING RECOGNITION AND ENFORCEMENT OF THE ORDER OF THE ONTARIO SUPERIOR COURT APPROVING HORSLEY SETTLEMENT**

Upon consideration of the *Motion to Approve Manner of Service of Notice of Motion Seeking Recognition and Enforcement of the Order of the Ontario Superior Court Approving the Horsley Settlement* (the "**Service Motion**") of lead plaintiffs (the "**Canadian Class Action Plaintiffs**") in the class action proceedings pending in Canada (the "**Canadian Class Actions**") and lead plaintiffs (the "**U.S. Class Action Plaintiffs**" and together with the Canadian Class Action Plaintiffs, the "**Class Action Plaintiffs**") in the class action proceeding pending in the United States District Court for the Southern District of New York styled *David Leapard, et al. v. Allen T.Y. Chan*, *et al.,* Case No. 1:12-cv-01726 (AT) (the "**NY Class Action**" and together with the Canadian Class Actions, the "**Class Actions**") approving the manner of service of the Class Action Plaintiffs' motion (the "**Settlement Recognition Motion**") seeking recognition and enforcement of the Order (the "**Settlement Order**"), when and if entered by the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Superior Court**"), approving the settlement (the "**Settlement**") between the Canadian Class Action Plaintiffs and David Horsley in the proceeding (the "**CCAA Proceeding**") of Sino-Forest Corporation ("**SFC**") under *Canada's Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, the "*Amended Standing Order of Reference Re: Title 11*" of the United States District Court for the Southern District of New York (Preska, C.J.) dated January 31, 2012 and section 1501 of title 11 of the United States Code; and it appearing

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1410(2) and (3); and it appearing that notice of the Service Motion is sufficient under the circumstances; and objections, if any, to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Service Motion is granted.

2. Service of the settlement notice (the "**Settlement Notice**") substantially in the form attached to the Service Motion as Exhibit C shall be effectuated on the following parties:

   (a) the Office of the United States Trustee for Region 2;

   (b) counsel to SFC, Bennett Jones LLP, 3400 One First Canadian Place, P.O. Box 130, Toronto, Ontario M5X 1A4, Attn: Robert W. Staley, Kevin Zych, Derek J. Bell, Raj S. Sahni, Jonathan Bell, and Sean Zweig;

   (c) counsel to BDO, Affleck Greene McMurty LLP, 365 Bay Street, Suite 200, Toronto, Ontario M5H 2V1, Attn: Peter Greene, Kenneth Dekker, and Michelle E. Booth;

   (d) counsel to the Monitor, Gowling LaFleur Henderson LLP, 1 First Canadian Place, 100 King Street West, Suite 1600, Toronto, Ontario M5X 1G5, Attn: Derrick Tay and Jennifer Stam, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Thomas J. Matz;

   (e) counsel to the Underwriters, Torys LLP, 79 Wellington Street West, Suite 3000, Box 270, Toronto-Dominion Centre, Toronto, Ontario M5K 1N2, Attn: John Fabello, David Bish, Andrew Gray and Adam Slavens;

   (f) counsel to the Ad Hoc Committee of Noteholders, Goodmans LLP, 333 Bay Street, Suite 3400, Toronto, Ontario M5H 2S7, Attn: Benjamin Zarnett, Robert Chadwick, Brendan O'Neill, and Caroline Descours;

   (g) counsel to certain Named Directors and Officers, Osler, Hoskin & Harcourt LLP, 1 First Canadian Place, 100 King Street West, Suite 6100, P.O. Box 50, Toronto, Ontario M5X 1B8, Attn: Edward Sellers, Larry Lowenstein, and Geoffrey Grove;

(h)     counsel to Allen Chan, Miller Thomson LLP, Scotia Plaza, 40 King Street West, Suite 5800, Toronto, Ontario M5H 3S1, Attn: Jay M. Hoffman, Joseph Marin, and Emily Cole;

(i)     counsel to Kai Kit Poon, Davis LLP, 1 First Canadian Place, Suite 6000, P.O. Box 367, 100 King Street West, Toronto, Ontario M5X 1E2, Attn: Susan E. Friedman, Bruce Darlington, and Brandon Barnes;

(j)     counsel to David Horsley, Wardle Daley Bernstein LLP, 2104-401 Bay Street, P.O. Box 21, Toronto, Ontario M5H 2Y4, Attn: Peter Wardle, Simon Bieber, and Erin Pleet and United States bankruptcy counsel to Mr. Horsley, Finn, Dixon & Herling, LLP, 177 Broad Street, Stamford, CT 06901, Attn: Henry P. Baer, Jr.;

(k)     certain other claimholders or parties in interest identified in the CCAA Proceeding; and

(l)     United States investors in SFC securities who purchased between March 19, 2007 and August 26, 2011, as follows:

- all persons that have submitted claims to participate in the E & Y Settlement, provided that such person or entity has furnished his, her, or its contact information in the claim form or otherwise;[1]

- all individuals or entities who have contacted Siskinds LLP ("**Siskinds**"), Siskinds Desmeules sencrl, Koskie Minsky LLP ("**Koskie Minsky**") or Cohen Milstein Sellers & Toll PLLC ("**Cohen Milstein**") regarding the Class Actions, and to any person or entity who requests a copy of the Settlement Notice, provided that such person or entity has furnished his, her or its contact information to such counsel;

- the current Service List in the CCAA Proceeding, including notice to ACE-INA Insurance Company, Chubb Insurance Company of Canada, Lloyd's of London, and Travelers Guarantee Company of Canada or their counsel;

- brokers and similar parties who purchased or otherwise acquired SFC securities for the benefit of beneficial owners between March 19, 2007 and August 26, 2011. Such brokers and similar parties will be directed to either (i) send the Settlement Notice to all such beneficial owners of SFC securities or (ii) return a list of the names and addresses of such beneficial holders, in which case the Settlement Notice shall be mailed to such holders directly. This notice is intended to be consistent with the notice to

---

[1] This category includes all beneficial holders identified in connection with the notice of the E&Y Settlement and all additional U.S. class members who were identified by the claims administrator during the subsequent E&Y Settlement claims process.

-3-

     known U.S. investors previously approved by this Court in connection with the E&Y Settlement.

  3. The Settlement Notice shall be sent electronically via email to any such person where an email address is reasonably available, including any such person that has provided his, her, or its email address in the E&Y claim form, and by first-class mail, if such email is unavailable and such person has provided his, her or its mailing address on the E&Y claim form or otherwise.

  4. In addition, copies of the Settlement Notice, as well as the Minutes of Settlement and pleadings relating to the approval, recognition and enforcement of the Settlement, will also be posted on the websites of Siskinds, Koskie Minsky (in English and French), and Cohen Milstein (in English) and on www.sinosettlement.com (which redirects to Siskinds' website). Notice of the Settlement will also be provided in a press release that will be released nationally to financial wire services in the United States.

  5. Service of the Settlement Notice as provided herein is adequate reasonably calculated to reach all of SFC's known creditors and sufficient under the circumstances.

Dated: June ___, 2014
   New York, New York

               _____
               HONORABLE MARTIN GLENN
               UNITED STATES BANKRUPTCY JUDGE