**Hearing Date:  July 24, 2014 at 9:00 A.M. (ET)**
**Objection Deadline:  July 17, 2014 at 5:00 P.M.  (ET)**

**LOWENSTEIN SANDLER LLP**

1251 Avenue of the Americas
New York, New York  10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
Michael S. Etkin
Tatiana Ingman

*United States Bankruptcy Counsel for Class Action Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13- 10361 (MG) |
| Debtor in a Foreign Proceeding | |

**MOTION TO RECOGNIZE AND ENFORCE ORDER OF ONTARIO SUPERIOR
COURT APPROVING SETTLEMENT WITH DAVID HORSLEY**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

JURISDICTION AND VENUE ....................................................................................................4

BACKGROUND .........................................................................................................................4

RELIEF SOUGHT........................................................................................................................8

BASIS FOR SUCH RELIEF .........................................................................................................8

ARGUMENT ...............................................................................................................................8

     A.     Recognition and enforcement of the Settlement Order is warranted as "additional
assistance" under Section 1507 of the Bankruptcy Code. ................................... 8

     B.     The Requested Relief Does Not Violate Section 1506 of the Bankruptcy Code............. 12

MEMORANDUM OF LAW .........................................................................................................13

CONCLUSION.............................................................................................................................13

NOTICE.......................................................................................................................................14

## TABLE OF AUTHORITIES

**Pages**

CASES

*Ad Hoc Group of Vitro Noteholders v. Vitro SAB De CV (In re Vitro SAB De CV),*
    701 F.3d 1031 (5th Cir. 2012) ................................................................9

*In re Atlas Shipping A/S,*
    404 B.R. 726 (Bankr. S.D.N.Y. 2009) ......................................................9

*In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd., Inc.,*
    238 B.R. 25 (Bankr. S.D.N.Y. 1999) ......................................................10

*Collins v. Oilsands Quest, Inc.,*
    484 B.R. 593 (S.D.N.Y. 2012) ...........................................................9, 10

*In re Cozumel Caribe, S.A. de C.V.,*
    482 B.R. 96 (Bankr. S.D.N.Y. 2012) ......................................................10

*In re DBSD N. Am., Inc.,*
    419 B.R. 179 (Bankr. S.D.N.Y. 2009) .....................................................11

*In re Ephedra Prods. Liab. Litig.,*
    349 B.R. 333 (S.D.N.Y. 2006) .......................................................9, 10, 12

*In re Fairfield Sentry Ltd.,*
    484 B.R. 615 (Bankr. S.D.N.Y. 2013) .....................................................9

*Finanz AG Zurich v. Banco Economico S.A.,*
    192 F.3d 240 (2d Cir. 1999) ...............................................................10

*Hilton v. Guyot,*
    159 U.S. 113 (1895) .......................................................................10

*J.P. Morgan Chase Bank v. Altos Hornos de Mexico, S.A.,*
    412 F.3d 418 (2d Cir. 2005) ...............................................................9

*In re Metcalfe & Mansfield Alternative Invs.,*
    421 B.R. 685 (Bankr. S.D.N.Y. 2010) .............................................3, 8, 10, 12

*In re Sino-Forest Corporation,*
    501 B.R. 655 (Bankr. S.D.N.Y. 2013) .............................................2, 8, 10, 12

*Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.,*
    825 F.2d 709 (2d Cir. 1987) ............................................................8, 9

## TABLE OF AUTHORITIES (cont'd)

**Pages**

STATUTES

11 U.S.C. § 105...........................................................................................................1, 4, 8

11 U.S.C § 1501.................................................................................................................13

11 U.S.C. § 1506...............................................................................................................12

11 U.S.C. § 1507....................................................................................................... *passim*

11 U.S.C. § 1521.................................................................................................................8

28 U.S.C. § 157...................................................................................................................4

28 U.S.C. § 1334.................................................................................................................4

28 U.S.C. § 1410.................................................................................................................4

RULES

Local Bankruptcy Rule 9013-1.........................................................................................13

Lead plaintiffs (the "**Canadian Class Action Plaintiffs**") in the class action proceedings pending in Canada (the "**Canadian Class Actions**") and lead plaintiffs (the "**U.S. Class Action Plaintiffs**" and, together with the Canadian Class Action Plaintiffs, the "**Class Action Plaintiffs**") in the class action proceeding pending in the United States District Court for the Southern District of New York styled *David Leapard, et al. v. Allen T.Y. Chan*, *et al.,* Case No. 1:12-cv-01726 (AT) (the "**NY Class Action**" and together with the Canadian Class Actions, the "**Class Actions**") file this motion (the "**Motion**")[1] seeking the entry of an order (the "**Proposed Order**") annexed hereto as **Exhibit 1** recognizing and enforcing the Order (the "**Settlement Order**"), when and if entered by the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Superior Court**"), approving the settlement between the Class Action Plaintiffs and Mr. Horsley (the "**Horsley Settlement**")   in the proceeding (the "**CCAA Proceeding**") of Sino-Forest Corporation ("**SFC**" or the "**Company**") under *Canada's Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**").   In support of the Motion, the Class Action Plaintiffs submit the *Declaration of Michael S. Etkin* (the "**Etkin Decl.**") sworn to on June 27, 2014 and filed contemporaneously herewith and respectfully state as follows:

## PRELIMINARY STATEMENT

1.      By this Motion, the Class Action Plaintiffs seek the recognition and enforcement of the Settlement Order in the United States pursuant Sections 105 and 1507 Title 11 of the United States Code (the "**Bankruptcy Code**").   The Horsley Settlement is the

---

[1]    David Horsley ("**Mr. Horsley**") has had the opportunity to review and provide comments to this Motion and related pleadings before filing, and supports the granting of the Motion and the entry of the Proposed Order.   The Litigation Trustee (defined below) and the Monitor have consented to the Horsley Settlement, and the filing of the Motion by the Class Action Plaintiffs, and support the entry of an order recognizing and enforcing an order approving such settlement in the United States.

third settlement approved in the context of SFC's Plan of Compromise and Reorganization dated as of December 3, 2012 (the "**Plan**").[2]  As this Court will undoubtedly recall, on March 20, 2013, the Ontario Superior Court approved a settlement between the Class Action Plaintiffs and Ernst & Young (the "**E&Y Settlement**") which order was recognized and enforced by order of this Court dated November 26, 2013 for the reasons set forth in this Court's opinion in *In re Sino-Forest Corporation*, 501 B.R. 655 (Bankr. S.D.N.Y. 2013).  The other settlement was not conditioned on United States recognition and such recognition was not sought.

2.    This is the first settlement between the Class Action Plaintiffs and a former SFC director or officer.  If the Horsley Settlement is approved by Justice Morawetz on July 24, 2014, and its conditions fulfilled, Mr. Horsley and/or certain insurers will pay CAD$4,200,000 into an interest bearing account for the benefit of the Securities Claimants and CAD$1.4 million to the Litigation Trust.[3]  In addition, Mr. Horsley will cooperate and provide information to the Class Action Plaintiffs to aid in the continued prosecution of the claims against the remaining defendants in the Class Actions.  In return, the Class Actions will be dismissed against Mr. Horsley, and there will be an order forever barring all claims against him in relation to SFC and its affiliates and subsidiaries, including, but not limited to, any claims based upon allegations relating to the Class Actions.

---

[2]    On April 15, 2013, this Court entered the *Order Granting Recognition of Foreign Proceeding, Enforcement of Canadian Orders, and Related Relief* [Docket No. 16] (the "**Recognition Order**").  A copy of the Plan and the Plan Sanction Order are attached as Exhibit B to the Recognition Order.

[3]    The terms of the Horsley Settlement herein are intended to be descriptive only.  The Minutes of Settlement between the Class Action Plaintiffs, the Litigation Trust and Horsley are attached to the Etkin Decl. as Exhibit A.  Capitalized terms used herein but not defined herein shall have the meanings ascribed to such terms in the Minutes of Settlement.  Upon the filing of a motion for approval of the Horsley Settlement in Canada, the Class Action Plaintiffs will file a notice attaching such Canadian pleading on ECF and provide a copy to this Court.

3.      The Horsley Settlement is subject to three primary conditions:   (i) the approval of the Ontario Superior Court in the first instance; (ii) recognition and enforcement of such approval order in the United States by this Court in this Chapter 15 proceeding; and (iii) the resolution of the Ontario Securities Commission ("**OSC**") proceeding against Mr. Horsley.   The process for receiving settlement approval from the OSC includes a confidential preapproval hearing which has occurred.   The final hearing on the terms of the settlement between Mr. Horsley and the OSC is scheduled on July 21, 2014.   The Ontario Superior Court is scheduled to hold a hearing in connection with the approval of the Horsley Settlement on July 24, 2014, and this Court is scheduled to hear this Motion concurrently therewith.   The parties anticipate that if Justice Morawetz approves the Horsley Settlement, the recognition and enforcement of the Settlement Order in the United States will be the principal remaining condition that must be satisfied before the Horsley Settlement can become effective and be implemented.

4.      To the extent that the Ontario Superior Court approves the Settlement Order based upon the record that the Class Action Plaintiffs anticipate will be put before that court, the Class Action Plaintiffs respectfully submit that this Court should recognize and enforce the Settlement Order in the United States.   The inclusion of a framework for the resolution of claims such as those asserted in the Class Actions in the context of the Plan was an essential component of the compromises embodied in the Plan, and the Horsley Settlement was structured to fit within that framework.   Moreover, the relief requested herein is virtually identical to the relief granted in connection with the E&Y Settlement.   The Class Action Plaintiffs respectfully submit that recognition and enforcement of the Settlement Order is entirely appropriate for the reasons set forth in this Court's recent opinion and order recognizing and enforcing the E&Y Settlement in the United States as well as this Court's prior opinion in *In re Metcalfe &*

*Mansfield Alternative Invs.*, 421 B.R. 685 (Bankr. S.D.N.Y. 2010).  Therefore, based upon this precedent, and for the reasons set forth more fully below, the Class Action Plaintiffs respectfully request the entry of the Proposed Order.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the "Amended Standing Order of Reference Re:  Title 11" of the United States District Court for the Southern District of New York (Preska, C.J.) dated January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1410(2) and (3).

7.      The statutory predicates for the relief requested herein are Sections 105(a) and 1507 of the Bankruptcy Code.

8.      The Horsley Settlement expressly authorizes and empowers the Class Action Plaintiffs to apply for the relief requested herein, and on that basis the Class Action Plaintiffs filed this Motion with the support of the Monitor, the Trustee (the "**Litigation Trustee**") of the SFC Litigation Trust (the "**Litigation Trust**") and Mr. Horsley.[4]

**BACKGROUND**

*CCAA Proceeding and Plan*

9.      Prior to the commencement of its CCAA Proceeding, SFC was a publicly held company that was the ultimate parent of numerous subsidiaries with forestry operations in the People's Republic of China.  SFC's common shares were traded on the Toronto Stock Exchange and on the over-the-counter market in the United States, among others.  In addition, SFC issued four series of notes that were outstanding at the commencement of the CCAA Proceeding and traded in the secondary market.

---

[4] To the extent necessary, the Settlement Order will ratify such authority.

10.    On June 2, 2011, SFC was the subject of an investor report by Muddy Waters LLC, a short-seller, purporting to reveal fraud at the Company.  In the wake of the report, SFC's share price plummeted, and the Class Actions were commenced against SFC and the Third Party Defendants (as defined in the Plan), including Mr. Horsley.   The allegations in those actions asserted that Mr. Horsley, who was SFC's Chief Financial Officer from October 2005 until his resignation in April 2012, falsely certified SFC's annual and quarterly Management Discussion & Analysis and financial statements and breached his statutory obligation to ensure the accuracy of SFC's disclosure documents.  Mr. Horsley denies such allegations.

11.    On March 30, 2012, SFC commenced the CCAA Proceeding to obtain protection from its creditors, including the Class Action Plaintiffs, under the CCAA.[5]  During the course of the proceedings, the parties engaged in extensive negotiations, including a multi-day mediation.  While the mediation did not immediately yield the terms of a global settlement, the E&Y Settlement and the framework supporting incremental settlements with Third Party Defendants[6] was established and included in the Plan that was submitted and overwhelmingly approved by creditors, including defendants in the Class Actions.

12.    Section 11.2 of the Plan sets forth the procedure for Third Party Defendants to obtain releases under the Plan in the event that the relevant parties settle the claims against them.  Specifically, Section 11.2 of the Plan provides a process whereby Directors and Officers who are Eligible Third Party Defendants can elect to become Named Third Party Defendants and get the benefit of the releases and other benefits of Section 11.2 of the Plan.  An

---

[5]    The Court is respectfully referred to the *Verified Petition for Recognition of Foreign Proceeding and Related Relief* [Docket No. 2] commencing this Chapter 15 proceeding for a full description of SFC, the CCAA Proceeding and the circumstances leading to the entry of the Plan Sanction Order.

[6]    Capitalized terms used but not defined in paragraphs 12 through 15 herein have the meaning ascribed to such terms in the Plan.

Eligible Third Party Defendant can become a Named Third Party Defendant upon the written

consent of the Monitor, the Initial Consenting Noteholders, the affected Third Party Defendant,

and counsel to the Ontario Class Action Plaintiffs (and SFC, if prior to the Plan Implementation

Date).  *See* Plan § 11.2(a).

13.    Once an Eligible Third Party Defendant agrees to become a Named Third

Party Defendant, Section 11.2(b) of the Plan provides that a settlement between the Named Third

Party Defendant and the Class Action Plaintiffs and/or the Litigation Trust will be given effect in

accordance with its terms, subject to (i) the entry of the Plan Sanction Order; (ii) the entry of a

court order approving such settlement; and (iii) the satisfaction of any conditions precedent set

forth in the settlement agreement.  *See* Plan § 11.2(b).  The settlement must also be in a form

acceptable to the Monitor and the Litigation Trustee (and, if prior to the Plan Implementation

Date, SFC and the ICN).  *See* Plan, Definition of "Named Third Party Defendant Settlement."

14.    Pursuant to Section 11.2(b) of the Plan, if the Named Third Party

Defendant Settlement contains a release, such "Named Third Party Defendant Release" shall

become effective in accordance with the Plan upon the delivery of the Monitor's Named Third

Party Settlement Certificate to the Named Third Party Defendant.  The Monitor will deliver the

Named Third Party Settlement Certificate to the Named Third Party Defendant upon receipt of a

certificate from each of the parties to the Named Third Party Defendant Settlement stating that

all conditions precedent to the settlement have been satisfied or waived and that any funds have

been paid as required by the particular settlement.

15.    Finally, pursuant to Section 11.2(c) of the Plan, upon delivery of the

Named Third Party Settlement Certificate to the Named Third Party Defendant, the Causes of

Action against the applicable Named Third Party Defendant shall be fully, finally, irrevocably

and forever compromised, released, discharged, cancelled, barred and deemed satisfied and

extinguished as against such Named Third Party Defendant, to the extent provided by the terms of the applicable Named Third Party Defendant Release (contained in the Named Third Party Settlement with each particular Named Third Party Defendant) and the Plan.

*The Horsley Settlement*

16.    On March 10, 2014, the Class Action Plaintiffs and the Litigation Trustee agreed to the terms of the Settlement with Mr. Horsley.  The Settlement principally provides that Mr. Horsley (and/or certain insurers) will pay CAD$4.2 million into a settlement fund (the "**Settlement Fund**") and provide other consideration described below in settlement of all claims asserted against him in connection with SFC and its subsidiaries and affiliates, including but not limited to in connection with the Class Actions, upon satisfaction of certain conditions precedent. The Horsley Settlement also provides for a separate payment of CAD$1.4 million to the Litigation Trust, CAD$600 thousand of which will be funded from Mr. Horsley's personal assets. Once such payments are made, Mr. Horsley will benefit from the release and injunction provisions of the Horsley Settlement and the Plan as against all parties.  The Settlement Fund will ultimately be distributed to or for the benefit of eligible Securities Claimants pursuant to a plan of allocation to be submitted to the Ontario Superior Court for approval.

17.    In addition to the monetary payments, including a direct payment from Mr. Horsley, Mr. Horsley has made substantial non-monetary concessions and contributions that further warrant recognition and enforcement of the Horsley Settlement in the United States.  In particular, Mr. Horsley also:  (i) released all claims, including indemnification claims, asserted against SFC and SFC's subsidiaries, officers, and directors; (ii) relinquished all rights to distributions under the Plan; and (iii) agreed to cooperate and provide information to the Class Action Plaintiffs to aid in the continued prosecution of the claims against the remaining defendants in the Class Actions.

**RELIEF SOUGHT**

18.     By this Motion, the Class Action Plaintiffs seek the entry of an order recognizing and enforcing the Settlement Order, if entered by the Ontario Superior Court, in the United States.  Such relief is a condition precedent to the effectiveness of the Horsley Settlement, Mr. Horsley's payment into the Settlement Fund and the effectiveness of a release for Mr. Horsley under the Horsley Settlement and Section 11.2 of the Plan.

**BASIS FOR SUCH RELIEF**

19.     The requested recognition and enforcement of the Settlement Order in the United States under Sections 105(a) and 1507 of the Bankruptcy Code[7] is consistent with relief granted in other Chapter 15 cases (and in plenary cases under the Bankruptcy Code) and is necessary to give effect to the comprehensive protocol for such settlements established under the Plan.  The Horsley Settlement was heavily-negotiated and has the support of substantially all interested parties.

**ARGUMENT**

**A.     Recognition and enforcement of the Settlement Order is warranted as "additional assistance" under Section 1507 of the Bankruptcy Code.**

20.     As this Court previously held, in seeking enforcement of release and injunction provisions approved by a Canadian court in a Chapter 15 proceeding, the correct inquiry is whether recognition of the foreign order is an appropriate exercise of comity in a case under Chapter 15.  *In re Sino-Forest*, 501 B.R. at 662 (citing *Metcalfe*, 421 B.R. at 696).

---

[7]     In *In re Sino Forest*, 501 B.R. 663, Fn. 3, this Court addressed the applicability of Section 1521 of the Bankruptcy Code to virtually identical circumstances and determined that because the requested relief was available under Section 1507, a discussion of Section 1521, and the relief available in this Court in plenary cases, was unnecessary.  Based upon this Court's prior decision and its fundamental similarity to the facts underlying the Motion, the Class Action Plaintiffs believe that the relief requested herein is likewise available under Section 1507 and have not discussed Section 1521 herein.  However, the Class Action Plaintiffs are prepared to supplement their pleadings should the Court require further briefing on that point.

21.     Chapter 15 embodies longstanding principles of international comity and cooperation that weigh heavily in favor of the recognition and enforcement of the Settlement Order in the United States. *See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.,* 825 F.2d 709, 713 (2d Cir. 1987) ("American courts have long recognized the need to extend comity to foreign bankruptcy proceedings."); *In re Atlas Shipping A/S*, 404 B.R. 726, 738 (Bankr. S.D.N.Y. 2009) (Chapter 15 "specifically contemplates that the court should be guided by principles of comity and cooperation with foreign courts in deciding whether to grant the foreign representative additional post-recognition relief."); *Ad Hoc Group of Vitro Noteholders v. Vitro SAB De CV (In re Vitro SAB De CV),* 701 F.3d 1031, 1044 (5th Cir. 2012) ("Central to Chapter 15 is comity."), *cert. dismissed* 133 S.Ct 1862 (2013); *In re Fairfield Sentry Ltd.*, 484 B.R. 615, 626 (Bankr. S.D.N.Y. 2013) ("Chapter 15 emanates from and was designed around this central concept of comity, as evidenced by its primary purpose and deferential framework for international judicial cooperation.").  As courts have recognized, while comity does not demand categorical deference to a foreign proceeding, under these principles "a foreign judgment should generally be accorded comity if its proceedings are 'fair and impartial.'"  *Collins v. Oilsands Quest Inc.,* 484 B.R. 593 (S.D.N.Y. 2012) (citing *In re Ephedra Prods. Liab. Litig.*, 349 B.R. 333, 336 (S.D.N.Y. 2006)).

22.     As this Court recently held,

"Federal courts generally extend comity whenever the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy."  *In re Atlas Shipping A/S*, 404 B.R. 726, 733 (Bankr. S.D.N.Y. 2009) (quoting *Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713 (2d Cir. 1987)).  As the court stated in *J.P. Morgan Chase Bank v. Altos Hornos de Mexico, S.A.*, 412 F.3d 418, 424 (2d Cir. 2005), "deference to the foreign court is appropriate so long as the foreign proceedings are procedurally fair and . . . do not contravene the laws or public policy of the United

States."  In analyzing procedural fairness, courts have looked to the following nonexclusive factors:

> (1)    Whether creditors of the same class are treated equally in the distribution of assets; (2) whether the liquidators are considered fiduciaries and are held accountable to the court; (3) whether creditors have the rights to submit claims which, if denied, can be submitted to a bankruptcy court for adjudication; (4) whether the liquidators are required to give notice to potential claimants; (5) whether there are provisions for creditors meetings; (6) whether a foreign country's insolvency laws favor its own citizens; (7) whether all assets are marshalled before one body for centralized distribution and (8) whether there are provisions for an automatic stay and for the lifting of such stays to facilitate the centralization of claims.

> *Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 249 (2d Cir. 1999); *see also In re Cozumel Caribe, S.A. de C.V.*, 482 B.R. 96, 114-15 (Bankr. S.D.N.Y. 2012).

*In re Sino-Forest*, 501 B.R. at 662-63.

23.    Further, "when the foreign proceeding is in a sister common law jurisdiction with procedures akin to our own, comity should be extended with less hesitation, there being fewer concerns over the procedural safeguards employed in those foreign proceedings."  *In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 238 B.R. 25, 67 (Bankr. S.D.N.Y. 1999) (internal quotations and citations omitted), *aff'd*, 238 B.R. 699 (S.D.N.Y. 2002). Bankruptcy courts hearing Chapter 15 cases have repeatedly granted comity to orders issued in CCAA proceedings.  *See, e.g.*, *Oilsands Quest Inc.*, 484 B.R. 593;  *Metcalfe* 421 B.R. 685; *In re Ephedra*, 349 B.R. at 336 (citing *Hilton v. Guyot*, 159 U.S. 113 (1895)).

24.    In both *Metcalfe* and *Sino-Forest*, this Court enforced third-party releases in connection with a CCAA proceeding on the basis of comity under Section 1507 of the Bankruptcy Code.  *Sino-Forest*, 501 B.R. at 657; *Metcalfe*, 421 B.R. at 698.

25.    Section 1507 empowers a court to provide "additional assistance" to a foreign representative provided that,  "consistent with the principles of comity," such assistance

will reasonably assure: (1) just treatment of all holders of claims against or interests in the debtor's property; (2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding; (3) prevention of preferential or fraudulent dispositions of property of the debtor; (4) distribution of proceeds of the debtor's property substantially in accordance with the order prescribed by this title; and (5) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns. 11 U.S.C. § 1507.

26.     The Horsley Settlement satisfies (and does not offend) all of the factors that must be considered when granting relief under Section 1507.

a.     The Horsley Settlement is the product of extensive negotiations between Mr. Horsley and the Class Actions Plaintiffs, including lead plaintiffs in the NY Class Action. Further, upon approval of the Settlement Order and the satisfaction of the conditions precedent to the Horsley Settlement, Mr. Horsley and/or certain insurers will pay CAD$4.2 million into a settlement fund for distribution to Securities Claimants, including U.S. purchasers, and CAD$1.4 million to the Litigation Trust -- and there is no suggestion that any preferential or fraudulent disposition of property has been made. In addition to the aggregate CAD$5.6 million payment, Mr. Horsley has agreed to take certain specified steps to cooperate with the Class Action Plaintiffs in prosecuting their claims against the remaining defendants, which is anticipated to enhance the recovery from those defendants while also hastening a resolution of those claims and preserving insurance proceeds.

b.     The Horsley Settlement is the subject of near unanimous support by non-insider parties. *Cf. In re DBSD N. Am., Inc.*, 419 B.R. 179, 217-218 (Bankr. S.D.N.Y. 2009) ("[T]he Second Circuit has held that nondebtor releases are permissible if the affected creditors consent."), *rev'd on other grounds,* 634 F.3d 79 (2d Cir. 2011) . The Plan --

including Article 11.2 thereof, which explicitly contemplates that directors and officers may receive a release in the context of a settlement -- received overwhelming approval from creditors voting in person or by proxy, with 99.96% in value and 98.81% in number of such creditors voting in favor of the Plan.

c. Finally, notice of the Horsley Settlement and the settlement hearing to be held as part of the CCAA Proceeding was provided in accordance with the June 5 Order of the Ontario Superior Court. All objections filed will be heard by the Ontario Superior Court in the case of the Settlement Order and this Court in the case of this Motion, at the currently contemplated joint hearing on July 24, 2014. Notice of this Motion was also served pursuant to a notice program approved by this Court by order dated June 20, 2014, which order deemed such notice adequate, reasonably calculated to reach all of the SFC's known creditors in the United States and sufficient under the circumstances.

27. Like in *Metcalfe* and *Sino-Forest,* the Horsley Settlement is expected to be approved by the Ontario Superior Court after extensive notice to potentially affected parties. Moreover, given the joint-hearing contemplated in the CCAA proceeding and this Chapter 15 proceeding on the relief requested, this Court will have the opportunity to consider the presentation made to the Ontario Superior Court first-hand.

28. Accordingly, the Class Action Plaintiffs respectfully submit that recognition and enforcement of the Settlement Order in the United States pursuant to Section 1507 of the Bankruptcy Code is appropriate.

**B.      The Requested Relief Does Not Violate Section 1506 of the Bankruptcy Code.**

29. Finally, the recognition and enforcement of the Settlement Order does not violate Section 1506 of the Bankruptcy Code, which provides that a court may refuse to take an action governed by Chapter 15 if such "action would be manifestly contrary to the public policy

of the United States." 11 U.S.C. § 1506. The legislative history of Section 1506 makes clear that this exception should be "narrowly interpreted" and is restricted to "the most fundamental policies of the United States." *In re Ephedra*, 349 B.R. at 336 (citing H.R. REP. NO. 109-31(I), at 109 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 172).

30. The relief requested by the Motion is consistent or substantially in accordance with applicable standards in plenary cases under the Bankruptcy Code, and thus it cannot be contended that the recognition and enforcement of the Settlement Order violates a fundamental policy of the United States. Further, there is no question that due process principles would be upheld in approving the Horsley Settlement, as interested parties in the United States and Canada were given notice and the opportunity to raise any objections to the substantive relief requested in the Ontario Superior Court and to the Motion in this Court pursuant to orders approving the form and manner of notice in both jurisdictions.

31. Finally, granting the requested relief and recognizing and enforcing the Settlement Order in the United States is consistent with United States public policy respecting foreign proceedings as articulated in Section 1501 of the Bankruptcy Code. *See* 11 U.S.C. § 1501.

## MEMORANDUM OF LAW

32. Because this Motion specifies the rules and statutory provisions upon which this Motion is predicated and the legal authorities that support the requested relief, the Class Action Plaintiffs respectfully request that Local Bankruptcy Rule 9013-1 be deemed satisfied.

## CONCLUSION

33. For the foregoing reasons, the Class Action Plaintiffs respectfully request that this Court grant the relief requested in the Motion.

**NOTICE**

34.    Notice of the Motion was provided in accordance with this Court's order entered June 20, 2014.  A true and correct copy of each of the June 5 Order of the Ontario Superior Court and the June 20 Order of this Court is attached to the Etkin Decl. as Exhibit B and C, respectively.[8]

WHEREFORE, the Class Action Plaintiffs respectfully request that this Court grant this Motion and enter an order in the form of the Proposed Order annexed hereto recognizing and enforcing the Settlement Order in the United States, and granting such other relief as is appropriate under the circumstances.

Dated: New York, New York
　　　June 27, 2014

                                    Respectfully submitted,

                                    **LOWENSTEIN SANDLER LLP**

                                    By: /s/  Michael S. Etkin
                                    Michael S. Etkin
                                    Tatiana Ingman
                                    1251 Avenue of the Americas
                                    New York, New York 10022
                                    metkin@lowenstein.com
                                    tingman@lowenstein.com

                                    *United States Bankruptcy Counsel for the*
                                    *Class Action Plaintiffs*

---

[8]    Upon completion of the notice program approved in the June 20, 2014 Order of this Court, appropriate certificates of service will be filed.

**EXHIBIT 1**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13- 10361 (MG) |
| Debtor in a Foreign Proceeding | |

## ORDER RECOGNIZING AND ENFORCING ORDER OF ONTARIO SUPERIOR COURT APPROVING SETTLEMENT WITH DAVID HORSLEY

This matter was brought before the Court upon the *Motion to Recognize and Enforce Order of Ontario Superior Court Approving Settlement with David Horsley* (the "**Motion**") of lead plaintiffs (the "**Canadian Class Action Plaintiffs**") in the class action proceedings pending in Canada (the "**Canadian Class Actions**") and lead plaintiffs (the "**U.S. Class Action Plaintiffs**" and, together with the Canadian Class Action Plaintiffs, the "**Class Action Plaintiffs**") in the class action proceeding pending in the United States District Court for the Southern District of New York styled *David Leapard, et al. v. Allen T.Y. Chan*, *et al.,* Case No. 1:12-cv-01726 (AT) (the "**NY Class Action**" and together with the Canadian Class Actions, the "**Class Actions**") seeking the entry of an order recognizing and enforcing the Order (the "**Settlement Order**") of the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Superior Court**") attached hereto as **Exhibit A** approving the settlement (the "**Horsley Settlement**") between the Class Action Plaintiffs and David Horsley in the proceeding (the "**CCAA Proceeding**") of Sino-Forest Corporation ("**SFC**") under *Canada's Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**").

At a hearing held on July 24, 2014, the Court considered and reviewed the Motion and the other pleadings and exhibits submitted in support thereof, including the *Declaration of Michael S. Etkin in Support of Motion to Enforce Order of Ontario Superior Court Approving*

*Settlement with David Horsley* dated June 27, 2014, and the exhibits attached thereto; and upon

the record of the hearing on the Motion which was held jointly with the Ontario Superior Court

in connection with the approval of the Horsley Settlement through the Settlement Order; and no

objections to the Motion having been received by this Court.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND
CONCLUSIONS OF LAW:

      A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and Section 1501 of the Bankruptcy Code.

      B.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

      C.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1410 (2) and (3).

      D.     The relief granted herein is necessary and appropriate, in the interests of

the public and international comity, consistent with the public policy of the United States,

warranted pursuant to Sections 105(a) and 1507 of the Bankruptcy Code, and will not cause any

hardship to any party in interest that is not outweighed by the benefits of granting that relief.

      E.     The relief granted herein is not manifestly contrary to the public policy of

the United States, as prohibited by Section 1506 of the Bankruptcy Code.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

      1.     The Motion is hereby granted.

      2.     The Settlement Order is hereby recognized and enforced and given full

force and effect in the United States and is binding on all persons subject to this Court's

jurisdiction pursuant to Sections 105(a) and 1507 of the Bankruptcy Code, including, but not

limited to, the following provisions of the Settlement Order:

> Paragraph 9.  [T]he Horsley Settlement and the Horsley Release
> are fair and reasonable in all the circumstances and for the
> purposes of the proceedings under both the CCAA and the *Class
> Proceedings Act, 1992*.

Paragraph 10. [T]he Horsley Settlement and the Horsley Release be and hereby are approved for all purposes and as contemplated by Section 11.2 of the Plan and paragraph 41 of the Sanction Order and shall be implemented in accordance with their terms, this [Settlement Order], the Plan and the Sanction Order.

Paragraph 11. [T]his Order, the Horsley Settlement and the Horsley Release are binding upon each and every Person or entity having a Horsley Claim, including those Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedures*, RRO 1990, Reg. 194 are dispensed with in respect of the Ontario Class Action.

Paragraph 13. [P]ursuant to the provisions of Section 11.2(c) of the Plan, on the Horsley Settlement Date,

a.    any and all Horsley Claims shall be fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against Horsley in accordance with Section 11.2(c) of the Plan;

b.    Section 7.3 of the Plan shall apply to Horsley and the Horsley Claims *mutatis mutandis*;

c.    none of the plaintiffs in the Class Actions or any other actions in which the Horsley Claims could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of Horsley proven at trial or otherwise, that is subject of the Horsley Settlement ("Horsley's Proportionate Liability");

d.    all Class Actions, including the Ontario Class Action shall be permanently stayed as against Horsley; and

e.    the Ontario Class Action shall be dismissed against Horsley.

Paragraph 14. [O]n the Horsley Settlement Date, any and all claims which Horsley may have had against any other current or former defendant, or any affiliate thereof, in the Ontario Class Action, or against any other current or former defendant, or any affiliate thereof, in any Class Actions in a jurisdiction in which [the Settlement Order] has been recognized by a final order of a court of competent jurisdiction and not subject to further appeal, any other current or former defendants' insurers, or any affiliates thereof, or any other Persons who may claim over against the other current or former defendants, or any affiliate thereof, or the other

current or former defendants' insurers, or any affiliate thereof, in respect of contribution, indemnity or other claims over which relate to the allegations made in the Class Actions, are hereby fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished.

Paragraph 15. [N]othing in [the Settlement Order] shall fetter the discretion of any court to determine Horsley's Proportionate Liability at the trial or other disposition of an action for the purposes of paragraph 14 [of the Settlement Order], whether or not Horsley appears at the trial or other disposition and Horsley's Proportionate Liability shall be determined as if Horsley were a party to the action and any determination by the court in respect of Horsley's Proportionate Liability shall only apply in that action to the proportionate liability of the remaining defendants in those proceedings and shall not be binding on Horsley for any purpose whatsoever and shall not constitute a finding against Horsley for any purpose in any other proceeding.

3.    Notice of the Motion was served in accordance with this Court's order dated June 20, 2014.  No other or further notice need be provided, and such service shall constitute adequate and sufficient service and notice of the Motion and this Order.

4.    The Motion and the Settlement Order shall be made available upon request at the offices of Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020 to the attention of Michael S. Etkin, (212) 262-6700, metkin@lowenstein.com.

5.      This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**IT IS SO ORDERED.**

**Dated:**      July      , 2014
            New York, New York

_____
MARTIN GLENN
United States Bankruptcy Judge

**<u>EXHIBIT A</u>**

**Settlement Order**