**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

SINO-FOREST CORPORATION,

           Debtor in a Foreign Proceeding

Chapter 15

Case No. 13- 10361 (MG)

### DECLARATION OF MICHAEL S. ETKIN IN SUPPORT OF MOTION TO RECOGNIZE AND ENFORCE ORDER OF ONTARIO SUPERIOR COURT APPROVING SETTLEMENT WITH DAVID HORSLEY

MICHAEL S. ETKIN, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.      I am a partner of the firm of Lowenstein Sandler LLP, counsel to the Class Action Plaintiffs.  I respectfully submit this declaration in support of the Class Action Plaintiffs' *Motion to Recognize and Enforce Order of Ontario Superior Court Approving Horsley Settlement* (the "**Motion**") filed contemporaneously herewith.[1]

2.      Attached is a true and correct copy of each of the following documents:

A.      Minutes of Settlement between the Class Action Plaintiffs, the Litigation Trust and Horsley.

B.      The June 5, 2014 Order of the Ontario Superior Court approving form and manner of notice of the motion to approve the Horsley Settlement.

C.      The June 20, 2014 Order of the United States Bankruptcy Court for the Southern District of New York approving the manner of service of the notice of the Motion.

---

[1]      Capitalized terms used but not defined herein  have the meaning ascribed to such terms in the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated**:** June 27, 2014
New York, New York

_____ /s/ Michael S. Etkin _____

Michael S. Etkin
United States Bankruptcy Counsel to the Class
Action Plaintiffs

# EXHIBIT A

IN THE MATTER OF
SINO-FOREST CORPORATION

B E T W E E N:

The Trustees of the Labourers' Pension Fund of Central and Eastern Canada, The Trustees of the International Union of Operating Engineers Local 793 Pension Plan for Operating Engineers in Ontario, Sjunde AP-Fonden, David Grant, Robert Wong, Guining Liu, David Leapard, IMF Finance SA, and any other proposed representative plaintiffs in Ontario Superior Court Action No. CV-11-431153-00CP ("Ontario Action"), Quebec Superior Court No. 200-06-000132-111, ("Quebec Action") and District Court of the Southern District of New York No: 1:12-cv-01726 (AT) ("US Action") (collectively, the "Class Actions")

In their personal and representative capacities (the "Class Action Plaintiffs")

-and-

COSIMO BORRELLI, in his capacity as the trustee for the SFC LITIGATION TRUST, and the SFC LITIGATION TRUST (collectively, the "Litigation Trust")

and

David J. Horsley

("Horsley", and together with the Litigation Trust and the Class Action Plaintiffs, the "Parties")

## MINUTES OF SETTLEMENT

### Part I – Settlement of Claims Against Horsley

1.      These Minutes of Settlement represent the agreement amongst the Parties reached on March 10, 2014 (the "Settlement"), to resolve in accordance with the terms more particularly set out herein any actions, causes of action, claims and/or demands, howsoever arising and in all jurisdictions, made against Horsley or which could have been made against Horsley based upon, arising out of, in relation to, in connection with or in any way related to Sino-Forest Corporation and its affiliates and subsidiaries (collectively "Sino-Forest"), whether or not captured by the "Class" or the "Class Period", as variously defined, including the actions (the "Actions") listed on Schedule "A" hereto (all, collectively, the "Claims").

2.      Subject to the conditions herein, the terms of the Settlement are binding on the Parties.

- 2 -

3.     These Minutes of Settlement are and shall remain confidential, and none of the Parties shall publicly disclose or include in any court filing, in any jurisdiction, the terms hereof without the prior written consent of the other Parties, except for the purpose of having the Settlement approved and/or to enforce the terms of these Minutes of Settlement if required.  Following the filing of these Minutes of Settlement with the Court, these Minutes of Settlement shall cease to be confidential.

4.     Horsley makes no admissions of liability and waives no defences available to him with respect to the Claims or otherwise.

**Part II - Approval of the Settlement and Notice Program**

5.     It is the intention of the Parties that this Settlement shall be approved by Order issued in the Ontario Superior Court of Justice (Toronto), Court File No. CV-12-9667-00CL (the "Court" and the "Sino-Forest CCAA Proceeding", respectively) and implemented through the Plan of Compromise and Reorganization of Sino-Forest dated December 3, 2012 under the *Companies' Creditors Arrangement Act* ("CCAA") (the "Plan").

6.     The Class Action Plaintiffs and the Litigation Trust hereby consent to this Settlement being a Named Third Party Defendant Settlement under the Plan.

7.     The Class Action Plaintiffs will bring a motion to the Court, supported by Horsley, for an order approving a notice program regarding the hearing to approve the Settlement (the "Notice Program") as follows:

(a)     Notice to the Service List in the Sino-Forest CCAA Proceeding, in the manner agreed upon to constitute notice for purposes of the Sino-Forest CCAA Proceeding, including notice to each of the Insurers defined in Schedule "B" herein (or to their counsel);

(b)     Direct mailing of a notice to all individuals and entities (i) that have provided their contact information to counsel to the Class Action Plaintiffs and (ii) that have submitted claim forms in connection with the Actions; and

(c)     Notice to all persons and entities potentially afforded coverage by or under the Policies (as defined in Schedule "B" to these Minutes of Settlement) in

- 3 -

accordance with a process agreed upon in writing by the Parties and the Insurers but subject (in the event of disagreement) to the Court's determination as to the scope of notice required to be provided.

8.  Regardless of their obligations under paragraph 7 above, the Parties shall abide by the Notice Program ordered by the Court and the failure to obtain an Order on the terms set out in paragraph 7 herein shall not be a basis to terminate the Settlement.

9.  The costs of the Notice Program will be paid by the Chubb Insurance Company of Canada ("Chubb") within fifteen (15) days of the costs being incurred irrespective of whether this Settlement is approved by the Court. If the Settlement is approved as described herein, the amounts paid by Chubb in relation to the Notice Program will be a credit to the contribution Chubb is required to make to the Class Settlement Fund (as set out in paragraph 15 herein) and Chubb's obligation to make the payments described in paragraph 15 will be reduced accordingly. If the settlement is not approved, these costs will be non-refundable to Chubb but nevertheless will constitute covered Loss as defined under the Chubb Policy (as defined in Schedule "B" herein) for all purposes.

10. Following the approval of the Notice Program, the Class Action Plaintiffs shall bring a motion to the Court seeking an order in the form attached hereto as Schedule "C" (the "Settlement Order"), which reflects the terms and agreement set out in these Minutes of Settlement. The Class Action Plaintiffs shall be free to file these Minutes of Settlement with the Court in support of such motion and any related motion for approval of the Minutes of Settlement before the United States Bankruptcy Court.

11. The Litigation Trust shall support the Class Action Plaintiffs' motion for approval of the Settlement and agrees to take whatever reasonable steps are necessary so that paragraph 5 herein is given effect.

12. The Parties shall use all reasonable efforts to obtain and/or satisfy any court approval, order, waiver, certificate, document or agreement, to provide necessary notice to affected individuals, and to fulfill any other condition reasonably necessary for the implementation of a full and final release under the Plan, including but not limited to:

- 4 -

 (a) Obtaining any requirements necessary to constitute this Settlement as a Named Third Party Defendant Settlement and to obtain a Named Third Party Defendant Release in favour of Horsley under the Plan;

 (b) Obtaining the consent of FTI Consulting Canada Inc., in its capacity as Court-appointed Monitor of Sino-Forest, to have this Settlement approved by the Court as a Named Third Party Defendant Settlement with a Named Third Party Defendant Release and a Named Third Party Defendant Settlement Order under the Plan; and

 (c) Obtaining all court approvals and/or orders necessary for the implementation of this Settlement in the Settlement Order, including notification as required by the Rules of Civil Procedure and/or by the Notice Program.

13. Forthwith following the date of the Settlement Order, Horsley will obtain a recognition order from the United States Bankruptcy Court granting recognition and enforcement of the Settlement Order in the United States (the "U.S. Recognition Order").

**Part III- Implementation of the Settlement**

14. The Settlement will become effective (the "Effective Date") when:

 (a) The Settlement Order has been obtained and either (i) all appeal rights have expired or (ii) the applicable final appellate court has upheld the Settlement Order; and

 (b) The U.S. Recognition Order has been obtained and either (i) all appeal rights have expired or (ii) the applicable final appellate court has upheld the U.S. Recognition Order.

15. A settlement amount of CDN $4,200,000 (the "Class Settlement Fund") shall be paid to the Class Action Plaintiffs by Chubb into an interest bearing trust account with a Canadian Schedule 1 bank in Ontario (the "Settlement Trust") within fifteen (15) days following the Effective Date.

- 5 -

16. A settlement amount of CDN $1,400,000 (the "Litigation Trust Settlement Fund") shall be paid to the Litigation Trust by Chubb and Horsley within fifteen (15) days following the Effective Date. Chubb's contribution to the Litigation Trust Settlement Fund shall be $800,000 and Horsley's contribution shall be $600,000.

17. Upon payment of the Litigation Trust Settlement Fund, the Litigation Trust (i) shall dismiss as against Horsley on consent and without costs the action commenced against Horsley by the Litigation Trust in the Ontario Superior Court of Justice, Court File No. CV-13-481761, and (ii) shall execute a covenant not to sue Horsley (in a form satisfactory to Horsley's counsel, acting reasonably) in connection with any Causes of Action (as defined by the Plan) that the Litigation Trust may have against Horsley.

18. Upon payment of the Class Settlement Fund:

    (a) the Ontario Action and the Quebec Action shall be dismissed as against Horsley but without prejudice to the Class Action Plaintiffs' right to proceed with the Ontario Action and the Quebec Action against the other named Defendants in accordance with paragraph 20(b), below; and

    (b) David Leapard, Myong Hyon Yoo, and IMF Finance SA shall cause the US Action to be dismissed as against Horsley.

19. The Class Settlement Fund and the Litigation Trust Settlement Fund (collectively, the "Settlement Funds") represent the full monetary contribution or payment of any kind to be made by Horsley (and by Chubb in respect of the Claims against Horsley) in settlement of the Claims and all Causes of Action (as defined in the Plan) against Horsley, inclusive of damages, costs, interest, legal fees, taxes (inclusive of any GST, HST, or any other taxes which may be payable in respect of the Settlement), any payments to Claims Funding International, all costs associated with the distribution of the Class Settlement Fund, all costs of the Notice Program, all costs associated with the administration of the Settlement and any other monetary costs or amounts associated with the Settlement or otherwise.

20. Following the Effective Date:

- 6 -

(a)    no further proceedings shall be commenced or continued by the Class Action Plaintiffs, the Litigation Trust or by anyone else (or their respective counsel) against Horsley in respect of any Causes of Action (as defined in the Plan), other than as necessary to complete the Settlement;

(b)    the Class Action Plaintiffs and the Litigation Trust agree not to claim from the non-settling defendants in the Actions that portion of any damages that corresponds to the proportionate share of liability of Horsley, proven at trial or otherwise, such that Horsley is not further exposed to the Claims, by any person or entity; and

(c)    the Class Action Plaintiffs and the Litigation Trust and each of their respective counsel agree not to cooperate with any other party in the Actions or any other proceeding in advancing claims against Horsley. However, irrespective of this provision, (i) Class Action Plaintiffs reserve all rights with respect to the prosecution of the claims remaining against the non-settling defendants, and (ii) the Litigation Trust reserves all rights with respect to the prosecution of its claims against any other person or entity.

21.    Save and except for legal fees and disbursements which may be incurred by Horsley or on his behalf in the future in relation to any criminal charges which may be laid against him by the Royal Canadian Mounted Police in relation to Sino-Forest, Horsley will not seek reimbursement from any of the Insurers under any of the Policies (as defined in Schedule "B" to these Minutes of Settlement) for any legal fees and disbursements incurred by him, or on his behalf, after the Effective Date.

22.    Within thirty (30) days of the Effective Date, or at a time mutually agreed upon by Horsley and the Class Action Plaintiffs, Horsley shall attend for an interview by counsel to the Class Action Plaintiffs for a maximum of three (3) days each consisting of eight (8) hours of interview time (the "Interview"). The Interview will be conducted under oath and will be video-recorded and transcribed by a court reporter. Subject to paragraphs 25 and 26 below, Horsley shall answer any proper and relevant question put to him (to the best of his knowledge, information or belief) relating to the allegations in the Actions including, without limitation, Horsley's knowledge of: any audits of Sino-Forest's

- 7 -

financial statements conducted by BDO Limited or Ernst & Young LLP, the underwriting of any Sino-Forest securities by Credit Suisse Securities (Canada), Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated (Successor by merger to Bank of America Securities LLC) (collectively, the "Underwriters"), Sino-Forest's business model, actual or purported timber holdings, actual or purported assets, actual or purported revenues, taxes, anything related in any way to any matter discussed in any report of the Independent Committee of Sino-Forest, anything related in any way to any allegation made by the Ontario Securities Commission (the "OSC") relating to Sino-Forest, BDO Limited, the Underwriters, and other Defendants to the Actions.

23.    At least fourteen (14) days prior to the Interview, Horsley shall use his best efforts to collect all non-privileged documents in his possession or control (the "Documents") that are relevant to any matter in issue in the Class Actions and to provide copies of all such Documents to the Class Action Plaintiffs.

24.    Within ninety (90) days of the Effective Date, or at a time mutually agreed upon by Horsley and the Litigation Trust, Horsley shall attend for an interview by counsel to the Litigation Trust for a maximum of three (3) days each consisting of eight (8) hours of interview time (the "Litigation Trust Interview"). At the discretion of the Litigation Trust, the Litigation Trust Interview may be conducted under oath and may be video-recorded and transcribed by a court reporter. Subject to paragraphs 25 and 26 below, Horsley shall answer any proper and relevant question put to him (to the best of his knowledge, information or belief) relating to the causes of action that have been transferred to the Litigation Trust pursuant to the Plan.

25.    The Class Action Plaintiffs and the Litigation Trust acknowledge that Horsley has acquired certain information and documents relating to Sino-Forest and the other Defendants in the Actions solely as a result of the disclosure provided by the OSC (the "Restricted Information") in the regulatory proceeding that the OSC has commenced in relation to Sino-Forest and to which Horsley is a respondent (the "OSC Proceeding").

- 8 -

The Class Action Plaintiffs and the Litigation Trust acknowledge that Horsley cannot share or divulge this Restricted Information as a result of confidentiality provisions and restrictions in the *Securities Act*, unless and until the Restricted Information is publicly produced in the OSC Proceeding or such restrictions are waived by the OSC as described below. Accordingly, the Class Action Plaintiffs and the Litigation Trust acknowledge and agree that, unless and until the Restricted Information has been made public by OSC Staff in the OSC Proceeding or otherwise, or such restrictions have otherwise been waived as described below, Horsley shall not be required to answer questions seeking the Restricted Information at his Interview and/or his Litigation Trust Interview and he shall not be required to produce any Document that he received as part of the OSC's disclosure in the OSC Proceeding. Furthermore, the Class Action Plaintiffs and the Litigation Trust acknowledge and agree that (i) in participating in the Interview and/or the Litigation Trust Interview Horsley is not required to divulge any Restricted Information and (ii) his failure/refusal to produce, share or divulge Restricted Information shall not constitute a breach of these Minutes of Settlement. However, if at any time, whether before or after the Interview and/or the Litigation Trust Interview, the OSC confirms to Horsley in writing that he is free to disclose Restricted Information to the Class Action Plaintiffs and/or the Litigation Trust, then Horsley shall be required to provide to the Class Action Plaintiffs and/or the Litigation Trust, promptly after receiving such confirmation, answers to any questions that Horsley refused to answer on the basis that answering such questions would require Horsley to disclose Restricted Information. Furthermore, in the event that Horsley refuses to answer any questions on the basis that doing so would require him to disclose Restricted Information, the Class Action Plaintiffs and/or the Litigation Trust shall be free to request from the OSC its position as to whether the refused questions in fact call for the disclosure of Restricted Information, and if the OSC confirms in writing to Horsley that the refused questions do not in fact call for the disclosure of Restricted Information, then Horsley shall be obliged to answer such questions, promptly after the OSC gives to him such confirmation in writing. Any additional answers provided by Horsley pursuant to this paragraph shall be provided in writing. Horsley shall, upon request of the Class Action Plaintiffs or the Litigaiton Trust, swear to the truth of the answers provided.

- 9 -

26.    Notwithstanding paragraphs 22, 24 and 25 above, Horsley does not and shall not be required to waive any applicable privileges including, without limitation, litigation privilege, common interest privilege and/or solicitor client privilege, including privileges that may belong to Sino-Forest.

27.    Horsley shall appear as a witness at the trial(s) of the Ontario Class Action, if requested to do so by the Class Action Plaintiffs, and give complete and truthful answers to proper questions concerning any relevant matter, subject to the terms of paragraph 25 and 26 herein and any privileges that may apply.

28.    Horsley shall appear as a witness at the trial(s) of any actions commenced by the Litigation Trust, if requested to do so by the Litigation Trust, and give complete and truthful answers to proper questions concerning any relevant matter, subject to the terms of paragraph 25 and 26 herein and any privileges that may apply. If any such trial occurs outside of Ontario, the Litigation Trust shall be responsible for Horsley's reasonable travel expenses.

**Part IV – Conditions to Implementation of the Terms of Settlement**

29.    The implementation of this Settlement is conditional upon:

   (a)    Court approval of the Settlement with no right to opt-out as a "Named Third Party Defendant Settlement" under the Plan in the form set out in Schedule "C" herein;

   (b)    Court approval of a release, in a form reasonably satisfactory to counsel for Horsley and to the Insurers under the Policies, which bars and releases Horsley from all liability from any and all Causes of Action (as defined in the Plan), and which constitutes a "Named Third Party Defendant Release" under the Plan; and

   (c)    the OSC approving a settlement of the OSC Proceeding as against Horsley.

30.    These Minutes of Settlement may be executed by the Parties or their counsel in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures by facsimile or email shall be effective as original signatures.

- 10 -

Date: May 15, 2014

_Siskinds LLP_
Lawyers for the Plaintiffs

Date: May 15, 2014

_Koskie Minsky LLP_
Lawyers for the Plaintiffs

Date: May 15, 2014

_Paliare Roland Rosenberg Rothstein LLP_
Lawyers for the Plaintiffs

Date: May 15, 2014

_Siskinds Desmeules sencrl_
Lawyers for the Plaintiffs

Date: May 15, 2014

_Cohen Milstein Sellers & Toll LLP_
Lawyers for the Plaintiffs

Date: May 13, 2013

_Wardle Daley Berstein Bieber LLP_
Lawyers for David Horsley

Date:

_Bennett Jones LLP_
Lawyers for the Litigation Trust

- 10 -

Date: _____

_____
Siskinds LLP
Lawyers for the Plaintiffs


Date: _____

_____
Koskie Minsky LLP
Lawyers for the Plaintiffs


Date: _____

_____
Paliare Roland Rosenberg Rothstein LLP
Lawyers for the Plaintiffs


Date: _____

_____
Siskinds Desmeules sencrl
Lawyers for the Plaintiffs


Date: _____

_____
Cohen Milstein Sellers & Toll LLP
Lawyers for the Plaintiffs


Date: *May 13, 2014*

_____
Wardle Daley Berstein Bieber LLP
Lawyers for David Horsley


Date: _____

_____
Bennett Jones LLP
Lawyers for the Litigation Trust

- 11 -

Date: _____    _____
                         Siskinds LLP
                         Lawyers for the Plaintiffs


Date: _____    _____
                         Koskie Minsky LLP
                         Lawyers for the Plaintiffs


Date: _____    _____
                         Paliare Roland Rosenberg Rothstein LLP
                         Lawyers for the Plaintiffs


Date: _____    _____
                         Siskinds Desmeules sencrl
                         Lawyers for the Plaintiffs


Date: _____    _____
                         Cohen Milstein Sellers & Toll LLP
                         Lawyers for the Plaintiffs


Date: _____    _____
                         Wardle Daley Berstein Bieber LLP
                         Lawyers for David Horsley


Date: May 23, 2014       _____
                         Bennett Jones LLP
                         Lawyers for the Litigation Trust

Schedule "A"

1. The Trustees of the Labourers' Pension Fund of Central and Eastern Canada, et al. v. Sino-Forest Corporation, et al, Ontario Superior Court of Justice, Court File No. CV-11-431153-00CP

2. Guining Liu v Sino-Forest Corporation, et al, Province of Quebec Superior Court, File No. 200-06-000132-11

3. David Leapard, et al v. Allen TY Chan, et al., United States New York Southern District Court, Case Number 1:12-cv-01726 (AT)

4. Haigh v. Sino-Forest Corporation et al, the Court of Queen's Bench in Regina, Saskatchewan, Q.B. No. 2288 of 2011

5. Cosimo Borrelli, in his capacity as the trustee for the SFC Litigation Trust v. George Ho et al, Ontario Superior Court of Justice, Court File CV-13-481761

Schedule "B"

<u>Insurers</u>

ACE-INA Insurance Company ("ACE")

Chubb Insurance Company of Canada ("Chubb")

Lloyd's of London ("Lloyd's Underwriters")

Travelers Guarantee Company of Canada ("Travelers")


<u>Policies</u>

ACE Policy No. DO024464 (the "ACE Policy")

Chubb Policy No. 8209-449 (the "Chubb Policy")

Lloyd's Underwriters Policy No. XTFF0373 (the "Lloyd's Underwriters Policy")

Travelers Policy No. 101811008 (the "Travelers Policy")

Schedule "C"

Draft Settlement Order

Court File No.: CV-12-9667-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

| THE HONOURABLE MR. | ) | ●, THE ● DAY |
|---|---|---|
| | ) | |
| JUSTICE ● | ) | OF ●, 201● |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C.
1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

B E T W E E N:

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND
EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING
ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT
WONG

Plaintiffs

- and -

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly
known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN,
KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND,
JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J.
WEST, PÖYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE
SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES
CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC
WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD
FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE
SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED (successor by merger to Banc of America Securities LLC)

Defendants

Proceeding under the *Class Proceedings Act, 1992*

- 2 -

## ORDER

THIS MOTION, made by the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation ("Sino-Forest" or the "Applicant") in the Ontario Superior Court of Justice, bearing (Toronto) Court File No. CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Ontario Class Action", respectively) in their own and proposed representative capacities, for an order giving effect to the Horsley Release and the Horsley Settlement, and as provided for in section 11.2 of the Plan of Compromise and Reorganization of the Applicant under the *Companies' Creditors Arrangement Act* ("CCAA") dated December 3, 2012 (the "Plan"), such Plan having been approved by this Honourable Court by Order dated December 10, 2012 (the "Sanction Order"), was heard on ●, 2014 at the Court House, ●, Toronto

WHEREAS the Ontario Plaintiffs, David J. Horsley ("Horsley") and the Litigation Trust entered into Minutes of Settlement dated ●,

AND WHEREAS this Honourable Court issued the Sanction Order approving the Plan containing the framework and providing for the implementation of a Named Third Party Defendant Settlement and a Named Third Party Defendant Release pursuant to Section 11.2 of the Plan;

AND WHEREAS the Ontario Plaintiffs and Horsley wish to effect a settlement pursuant to section 11.2 of the Plan;

AND WHEREAS Enforcement Staff of the Ontario Securities Commission ("OSC") has commenced proceedings against Horsley regarding his conduct and involvement with Sino-

- 3 -

Forest Corporation, including allegations made against Horsley in its Notice of Hearing and Statement of Allegations (the "OSC Proceedings");

**AND WHEREAS** any settlement agreement between the Ontario Plaintiffs and Horsley is conditional upon approval by the OSC of a settlement of the OSC Proceedings between Horsley and OSC Enforcement Staff, including, among other things, a permanent ban on Horsley from acting as a director or officer of a public issuer of securities;

**AND WHEREAS** this Honourable Court approved the form of notice to Securities Claimants and others of this Motion, and the plan for distribution of such notice to Securities Claimants and others potentially affected by the relief sought therein (the "Notice Program") by Order dated ● (the "Notice Order");

**AND ON READING** the materials filed and on hearing the submissions of counsel,

**Notice and Definitions**

1. **THIS COURT ORDERS** that capitalized terms not otherwise defined in this order shall have the meanings attributed to those terms in **Appendix "A"**.

2. **THIS COURT FINDS** that all applicable parties have adhered to and acted in accordance with the Notice Order and that the procedures provided in the Notice Order have provided good and sufficient notice of the hearing of this Motion, and that all Persons shall be and are hereby forever barred from objecting to the Horsley Settlement and the Horsley Release.

**Representation**

3. **THIS COURT ORDERS** that the Ontario Plaintiffs are hereby recognized and appointed as representatives on behalf of the Securities Claimants in these insolvency proceedings in respect of the Applicant (the "CCAA Proceedings") and in the Ontario Class Action, for the

- 4 -

purposes of and as contemplated by section 11.2 of the Plan, and more particularly the Horsley Settlement and Horsley Release.

4. **THIS COURT ORDERS** that Koskie Minsky LLP, Siskinds LLP and Paliare Roland Rosenberg Rothstein LLP are hereby recognized and appointed as counsel for the Securities Claimants for all purposes in these proceedings and as contemplated by section 11.2 of the Plan, and more particularly the Horsley Settlement and Horsley Release ("CCAA Representative Counsel").

5. **THIS COURT ORDERS** that the steps taken by CCAA Representative Counsel pursuant to the Orders of this Court dated May 8, 2012 (the "Claims Procedure Order") and July 25, 2012 (the "Mediation Order") are hereby approved, authorized and validated as of the date thereof and that CCAA Representative Counsel is and was authorized to negotiate and support the Plan on behalf of the Securities Claimants, to negotiate the Horsley Settlement, to bring this motion before this Honourable Court to approve the Horsley Settlement and the Horsley Release and to take any other necessary steps to effectuate and implement the Horsley Settlement and the Horsley Release, including bringing this Motion and any other necessary motion before the court, and as contemplated by section 11.2 of the Plan.

**Compliance with Section 11.2 of the Plan**

6. **THIS COURT ORDERS** that Horsley is a Named Third Party Defendant pursuant to the Plan.

7. **THIS COURT ORDERS** that this Order (the "Horsley Settlement Order") is a Named Third Party Defendant Settlement Order for the purpose of and as contemplated by Section 11.2 of the Plan.

- 5 -

8. **THIS COURT ORDERS** that the Horsley Settlement is a Named Third Party Defendant

Settlement for the purpose of and as contemplated by Section 11.2 of the Plan.

9. **THIS COURT ORDERS** that the Horsley Release is a Named Third Party Defendant

Release for the purpose of and as contemplated by Section 11.2 of the Plan.

**Approval of the Settlement & Release**

10. **THIS COURT ORDERS** that the Horsley Settlement and the Horsley Release are fair and

reasonable in all the circumstances and for the purposes of the proceedings under both the

CCAA and the *Class Proceedings Act*, 1992.

11. **THIS COURT ORDERS** that the Horsley Settlement and the Horsley Release be and

hereby are approved for all purposes and as contemplated by section 11.2 of the Plan and

paragraph 41 of the Sanction Order and shall be implemented in accordance with their terms,

this Order, the Plan and the Sanction Order.

12. **THIS COURT ORDERS** that this Order, the Horsley Settlement and the Horsley Release

are binding upon each and every Person or entity having a Horsley Claim, including those

Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the

*Rules of Civil Procedures*, RRO 1990, Reg. 194 are dispensed.

**Release and Discharge**

13. **THIS COURT ORDERS** that upon satisfaction of all the conditions specified in section

11.2(b) of the Plan, the Monitor shall deliver to Horsley the Monitor's Horsley Settlement

Certificate substantially in the form attached hereto as **Appendix "B"**. The Monitor shall

thereafter file the Monitor's Horsley Settlement Certificate with the Court.

- 6 -

14. **THIS COURT ORDERS** that pursuant to the provisions of section 11.2(c) of the Plan, on
the Horsley Settlement Date,

    a. any and all Horsley Claims shall be fully, finally, irrevocably and forever
compromised, released, discharged, cancelled, barred and deemed satisfied and
extinguished as against Horsley in accordance with section 11.2(c) of the Plan;

    b. the Horsley Release shall be binding according to its terms on any Person;

    c. section 7.3 of the Plan shall apply to Horsley and the Horsley Claims *mutatis
mutandis*;

    d. none of the parties in the Class Actions or any other actions in which the Horsley
Claims have been or could have been asserted shall be permitted to claim from any of
the other defendants that portion of any damages, restitutionary award or
disgorgement of profits that corresponds with the liability of Horsley proven at trial
or otherwise, that is subject of the Horsley Settlement ("Horsley's Proportionate
Liability");

    e. all Class Actions, including the Ontario Class Action shall be permanently stayed as
against Horsley; and

    f. the Ontario Class Action shall be dismissed against Horsley.

15. **THIS COURT ORDERS** that on the Horsley Settlement Date, any and all claims which
Horsley may have had against: (i) any other current or former defendant, in the Ontario Class
Action, (ii) any other current or former defendant, in any Class Actions in a jurisdiction in
which this order has been recognized by a final order of a court of competent jurisdiction and

- 7 -

not subject to further appeal, (iii) any other current or former defendants' insurers, or any
affiliates thereof, or (iv) any other Persons who may claim over against the other current or
former defendants, or any affiliate thereof, or the other current or former defendants'
insurers, or any affiliate thereof, in respect of contribution, indemnity or other claims over
which relate to the allegations made in the Class Actions, are hereby fully, finally,
irrevocably and forever compromised, released, discharged, cancelled, barred and deemed
satisfied and extinguished.

16. **THIS COURT ORDERS** that nothing in this order shall fetter the discretion of any court to
determine Horsley's Proportionate Liability at the trial or other disposition of an action for
the purposes of paragraph ● above, whether or not Horsley appears at the trial or other
disposition and Horsley's Proportionate Liability shall be determined as if Horsley were a
party to the action and any determination by the court in respect of Horsley's Proportionate
Liability shall only apply in that action to the proportionate liability of the remaining
defendants in those proceedings and shall not be binding on Horsley or the Insurers for any
purpose whatsoever and shall not constitute a finding against Horsley for any purpose in any
other proceeding.

17. **THIS COURT ORDERS** that Horsley shall appear as a witness for the plaintiffs (if
requested to do so) and give evidence at the trial if any, of the Ontario Class Action. Horsley
shall not seek reimbursement from the Insurers for any fees or expenses associated with this
testimony.

- 8 -

**Effect of Settlement on Insurers**

18. **THIS COURT ORDERS AND DECLARES** that any amounts paid by Chubb Insurance Company of Canada ("Chubb") towards the Horsley Settlement are fair and reasonable in all the circumstances and for all purposes.

19. **THIS COURT ORDERS AND DECLARES** that the payment by Chubb pursuant to the Horsley Settlement does not violate the interests of any party to the Class Actions, any other party who might have a claim against any person or entity potentially covered under the Insurance Policies or the interests of any party listed in Schedule "D" to the Minutes of Settlement;

20. **THIS COURT ORDERS AND DECLARES** that, without prejudice to the Insurers' coverage position(s) in relation to the Litigation Trust Action and their obligations, if any, to any other defendant to the Litigation Trust Action (or to any other action which has been or may be instituted by the Litigation Trust) who is potentially covered under the Sino-Forest Policies, which rights are and shall remain fully reserved, all amounts paid by Chubb towards the Horsley Settlement shall constitute covered Loss (as defined in the Insurance Policies);

21. **THIS COURT ORDERS AND DECLARES** that Chubb's contribution to the Horsley Settlement shall, to the extent of the amount paid, and any other amounts paid by Chubb and, before it, by ACE INA Insurance ("ACE"), on Horsley's behalf for defence of all Claims (as defined in the Insurance Policies) against him, reduce the Limits of Liability under the Chubb Policy and the ACE Policy for all purposes, regardless of any subsequent finding by any court, tribunal, administrative body or arbitrator, in any proceeding or action, that Horsley engaged in conduct that may have triggered any exclusion, term or condition of the Chubb

- 9 -

Policy or the ACE Policy so as to disentitle Horsley to coverage under the Chubb Policy or
the ACE Policy.

22. **THIS COURT ORDERS AND DECLARES** that Chubb's contribution to the Horsley
Settlement is without prejudice to the coverage positions taken by it, or any of the Insurers, in
relation to the Class Actions and to any other matter or Claim (as defined in the Insurance
Policies) as previously advised to Sino-Forest and its directors and officers by each of the
Insurers and to all rights previously reserved by the Insurers.

23. **THIS COURT ORDERS AND DECLARES** that the Insurers whose policies afford
coverage excess to that afforded by the ACE Policy and the Chubb Policy may assert any
defence to any claim for coverage, by any Insured, that is not:

(i) inconsistent with the findings of the Court or with the Horsley Settlement Order, or

(ii) based upon the ground that ACE and Chubb have not exhausted their respective Limits of
Liability under the ACE Policy and the Chubb Policy.

24. **THIS COURT ORDERS AND DECLARES** that ACE and Chubb, in respect of the
coverage afforded under Endorsements No. 16 and 2 to the ACE Policy and the Chubb
Policy, respectively, may assert any defence to any claim for coverage, by any Insured, that
is not inconsistent with the findings of the Court or with the Horsley Settlement Order.

25. **THIS COURT ORDERS AND DECLARES** that save and except for ACE's obligations
under Endorsement No. 16 to the ACE Policy, ACE shall be released from any and all claims
against it under or in relation to the ACE Policy, including claims relating to or arising from
the Class Actions, all commitments in relation to and/or payments made under the ACE

- 10 -

Policy and for reimbursement of defence costs incurred by any person or entity potentially covered by or under the ACE Policy.

26. **THIS COURT ORDERS AND DECLARES** that save and except for Chubb's obligations under Endorsement No. 2 to the Chubb Policy, to the extent of any payment made by Chubb to the date of this Order, including any and all payments in relation to the Horsley Settlement, Chubb shall be released from any and all claims against it under or in relation to the Chubb Policy, including claims relating to or arising from the Class Actions, all commitments in relation to and/or payments made under the Chubb Policy and for reimbursement of defence costs incurred by any person or entity potentially covered by or under the Chubb Policy.

27. **THIS COURT ORDERS AND DECLARES** that all persons and entities provided with notice of this Motion shall be bound by the declarations made in, and the terms of, this Horsley Settlement Order.

28. **THIS COURT ORDERS AND DECLARES** that payment by Chubb pursuant to the Horsley Settlement constitutes "Loss" under the Insurance Policies, which has depleted the insurance limits for all purposes, regardless of whether (in the event that criminal charges are laid against Horsley in the future) any finding is made that Horsley acted dishonestly.

29. **THIS COURT ORDERS** that, subject to paragraph 2.4 of the Plan, nothing in the Horsley Settlement shall prejudice the continued claims by the plaintiffs in the Ontario Class Action, Quebec Class Action, and the US Class Action against the Insurance Policies with respect to the conduct of Sino-Forest or other persons or entities insured by the Insurers.

- 11 -

30. **THIS COURT ORDERS** that the cooperation of Horsley with the plaintiffs in the Ontario
Class Action, Quebec Class Action, and the US Class Action pursuant to the Horsley
Settlement shall not prejudice or otherwise affect the coverage that would otherwise be
provided under the Insurance Policies with respect to the conduct of Sino-Forest or other
persons or entities insured by the Insurers.

**Use of the Settlement Fund**

31. **THIS COURT ORDERS** that the Class Settlement Fund shall be held by the Ontario
Plaintiffs in the Settlement Trust until such later date that the Ontario Plaintiffs have a Plan
of Allocation approved by this Court whereby those funds will be distributed to Securities
Claimants. Any process for allocation and distribution will be established by CCAA
Representative Counsel together with U.S. Class Action plaintiffs' counsel and approved by
further order of this Court (the "Claims and Distribution Protocol").

32. **THIS COURT ORDERS** that notwithstanding paragraph ● above, the following Securities
Claimants shall not be entitled to any allocation or distribution of the Class Settlement Fund:
any Person or entity that is a named defendant to any of the Class Actions, their past and
present subsidiaries, affiliates, officers, directors, senior employees, partners, legal
representatives, heirs, predecessors, successors and assigns, and any individual who is a
member of the immediate family of the following Persons: Allen T.Y. Chan a.k.a Tak Yuen
Chan, W. Judson Martin, Kai Kit Poon, David J. Horsley, William E. Ardell, James P.
Boland, James M.E. Hyde, Edmund Mak, Simon Murray, Peter Wang, Garry J. West, Albert
Ip, Alfred C.T. Hung, George Ho and Simon Yeung. For greater certainty, the Horsley
Release shall apply to the Securities Claimants described above, other than Horsley.

- 12 -

**Recognition, Enforcement and Further Assistance**

33. **THIS COURT ORDERS** that this Court shall retain an ongoing supervisory role for the purposes of implementing, administering and enforcing the Horsley Settlement and the Horsley Release and matters related to the Settlement Trust including any disputes about the allocation of the Class Settlement Fund from the Settlement Trust. Any disputes arising with respect to the performance or effect of, or any other aspect of, the Horsley Settlement and the Horsley Release shall be determined by this Court, and that, except with leave of this Court first obtained, no Person or party shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of the Horsley Settlement and Horsley Release.

34. **THIS COURT ORDERS** that each of the Applicant, the Monitor, CCAA Representative Counsel and Horsley shall be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this order, or any further order as may be required, and for assistance in carrying out the terms of such orders.


_____

Morawetz J.

APPENDIX "A"

<u>Definitions of capitalized terms used in this Order</u>

**"Ace Policy"** means the insurance policy issued by ACE INA Insurance – Policy Number DO024464;

**"Causes of Action"** has the meaning ascribed to it in the Plan

**"CCAA"** means the *Companies' Creditors Arrangement Act*, RSC, 1985, c. C-36

**"Chubb Policy"** means the insurance policy issued by Chubb Insurance Company of Canada – Policy Number 8209-4449;

**"Class Actions"** has the meaning ascribed to it in the Plan

**"Eligible Third Party Defendant"** has the meaning ascribed to it in the Plan

**"Horsley"** means David Horsley

**"Horsley Claims"** means any and all demands, claims, actions, Causes of Action (as defined in the Plan), counterclaims, cross claims, suits, debts, sums of money, accounts, covenants, damages, judgments, orders, including injunctive relief or specific performance and compliance orders, expenses, executions, Encumbrances (as defined in the Plan), and other amounts sought to be recovered on account of any claim, indebtedness, liability, obligation, demand or cause of action of whatever nature that any Person (as defined in the Plan), including any Person (as defined in the Plan) who may have a claim for contribution and/or indemnity against or from them, and including without limitation, all present and former officers or Directors of Sino-Forest, Newco (as defined in the Plan), Newco II (as defined in the Plan), Ernst & Young (as defined in the Plan), BDO Ltd., the Underwriters (as defined in the Plan), Poyry (Beijing) Consulting Company Limited (and its affiliates), the Noteholders (as defined in the Plan), any past, present or future holder of any direct or indirect equity interest in the SFC Companies (as defined in the Plan), any past, present or future direct or indirect security holder of the SFC Companies (as defined in the Plan), any indirect or direct security holder of Newco (as defined in the Plan) or Newco II (as defined in the Plan), the Trustees (as defined in the Plan), the Transfer Agent (as defined in the Plan), the Monitor (as defined in the Plan), and each and every present and former affiliate, partner, director, officer, associate, employee, servant, agent, contractor, insurer, heir and/or assign of each of the foregoing who may or could (at any time, past, present or future) be entitled to assert against Horsley, his family, heirs or assigns, whether known or unknown, matured or unmatured, direct or derivative, foreseen or unforeseen, suspected or unsuspected, contingent, existing or hereafter arising, based on whole or in part on any act or omission, transaction, conduct, dealing or other occurrence existing or taking place on, prior to or after the date of this Release, relating to or arising out of or in connection with the SFC Companies (as defined by the Plan), the SFC Business (as defined by the Plan), Horsley's conduct or performance as a director or officer of Sino-Forest, Horsley's trading of shares in relation to Sino-Forest, Horsley's compensation from Sino-Forest, and any and all other acts and omissions of Horsley relating to the SFC Companies (as defined by the Plan) or the SFC Business (as defined by the Plan), including without limitation any claim arising out of:

- 2 -

1.    Horsley's conduct as a director or officer of Sino-Forest, including but not limited to his conduct as the Chief Financial Officer of Sino-Forest, any statutory or common law duties he may have owed as a director or officer of Sino-Forest, any share offering, debt offering or other offering of securities, any statement in any of Sino-Forest's public disclosure or other oral statement relating to Sino-Forest, including without limitation any document released to the public or filed on SEDAR;

2.    All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in any or all of the Class Actions (as defined by the Plan), including any and all claims of fraud;

3.    All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in any or all actions commenced in all jurisdictions as of the date of this Release;

4.    All Noteholder Claims (as defined by the Plan), Litigation Trust Claims (as defined by the Plan), or any claim by or on behalf of the SFC Companies (as defined by the Plan);

5.    All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced by BDO Ltd.(and its affiliates), Ernst & Young (as defined by the Plan), the Underwriters (as defined by the Plan), Poyry (Beijing) Consulting Company Limited (and its affiliates), all present and former directors, officers or employees of Sino-Forest, Aird & Berlis LLP, and any and all consultants or counsel to Sino-Forest or its Independent Committee for contribution, indemnity, damages, equitable relief or other monetary recovery;

6.    All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in Court File No. CV-13-481761.

For greater certainty, Horsley Claims do not include any proceeding commenced or remedy sought by the Ontario Securities Commission or the Attorney General.

**"Class Settlement Fund"** has the meaning ascribed to it in the Horsley Settlement

**"Horsley Release"** means the Named Third Party Defendant Release described at section 11.2(c) of the Plan as applied to the Horsley Claims

**"Horsley Settlement"** means the settlement as reflected in the Minutes of Settlement executed on ●, between Horsley and the plaintiffs in Ontario Superior Court Action No. CV-11-431153-00CP, Quebec Superior Court No. 200-06-000132-111, and United States New York Southern District Court, Case Number 1:12-cv-01726 (AT) and the Litigation Trust

**"Horsley Settlement Date"** means the date that the Monitor's Horsley Settlement Certificate is delivered to Horsley.

**"Insurance Policies"** has the meaning ascribed to it in the Plan

**"Insurers"** means each of the entities who issued the Insurance Policies

- 3 -

"**Litigation Trust**" means Cosimo Borrelli, in his capacity as the trustee for the SFC Litigation Trust, and the SFC Litigation Trust

"**The Litigation Trust Action**" means the action bearing Court File No. CV-13-481761

"**Monitor's Horsley Settlement Certificate**" is the Monitor's Named Third Party Certificate contemplated at section 11.2(b) of the Plan, applicable and with respect to the Horsley Settlement

"**Monitor's Named Third Party Settlement Certificate**" has the meaning ascribed to it in the Plan

"**Named Third Party Defendant**" has the meaning ascribed to it in the Plan

"**Named Third Party Defendant Settlement**" has the meaning ascribed to it in the Plan

"**Named Third Party Defendant Settlement Order**" has the meaning ascribed to it in the Plan

"**Named Third Party Defendant Release**" has the meaning ascribed to it in the Plan

"**Person**" has the meaning ascribed to it in the Plan

"**Quebec Class Action**" means the action styled Guining Liu v Sino-Forest Corporation, et al, Province of Quebec Superior Court, File No. 200-06-000132-11

"**Securities**" means common shares, notes or other securities defined in the *Securities Act*, RSO 1990, c. S.5, as amended

"**Securities Claimants**" means all Person and entities, wherever they may reside, who acquired any Securities of Sino-Forest Corporation including Securities acquired in the primary, secondary, and over-the-counter markets.

"**Settlement Trust**" has the meaning ascribed to it in the Horsley Settlement

"**US Class Action**" means the action styled David Leapard, et al v. Allen TY Chan, et al., United States New York Southern District Court, Case Number 1:12-cv-01726 (AT)

APPENDIX "B"
MONITOR'S HORSLEY SETTLEMENT CERTIFICATE

Court File No.: CV-12-9667-00CL

*ONTARIO*
SUPERIOR COURT OF JUSTICE

COMMERCIAL LIST

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C.
1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

*ONTARIO*
SUPERIOR COURT OF JUSTICE

B E T W E E N :

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND
EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING
ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT
WONG

Plaintiffs

- and -

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly
known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN,
KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND,
JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J.
WEST, PÖYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE
SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES
CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC
WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD
FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE
SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED (successor by merger to Banc of America Securities LLC)

Defendants

- 2 -

All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Order of the Court dated ● (the "Horsley Settlement Approval Order") which, among other things, approved the Horsley Settlement and Horsley Release.

Pursuant to section 11.2 of the Plan and paragraph ● of the Horsley Settlement Approval Order, FTI Consulting Canada Inc. (the "Monitor") in its capacity as Court-appointed Monitor of SFC delivers to Horsley this certificate and hereby certifies that:

1. Each of the parties to the Horsley Settlement has confirmed that all conditions precedent thereto have been satisfied or waived;

2. All settlement funds have been paid and received; and

3. Immediately upon the delivery of this Monitor's Horsley Settlement Certificate, the Horsley Release will be in full force and effect in accordance with the Plan.


DATED at Toronto this ___ day of _____ , 2014

                                        **FTI CONSULTING CANADA INC.** solely
                                        in its capacity as Monitor of Sino-Forest
                                        Corporation and not in its personal capacity

                                        _____
                                        Name:
                                        Title:

# EXHIBIT B

Court File No.: CV-12-9667-00CL

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | *THURSDAY*, THE 5 DAY |
| | ) | |
| JUSTICE MORAWETZ | ) | OF JUNE, 2014 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE

B E T W E E N :

**THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG**

Plaintiffs

- and -

**SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY,  PETER WANG, GARRY J. WEST, PÖYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of America Securities LLC)**

Defendants

2288926.2

Proceeding under the *Class Proceedings Act, 1992*

# ORDER
## (Notice Approval – Horsley Settlement)

**THIS MOTION**, made by the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation ("Sino-Forest") in the Ontario Superior Court of Justice, bearing (Toronto) Court File No. CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Ontario Class Action", respectively) for an order approving the form of notice to Securities Claimants (the "Notice") of the hearing to approve the settlement agreement with David J. Horsley (the "Horsley Settlement") and the plan of distribution of the Notice ("Notice Plan"), and matters ancillary thereto, was heard on June 5, 2014, in Toronto, Ontario.

**WHEREAS** the Ontario Plaintiffs and Horsley have entered into the Horsley Settlement;

**AND WHEREAS** notice has previously been provided to Securities Claimants of the Ernst & Young Settlement;

**AND ON BEING ADVISED** that in excess of 47,000 claims have been submitted by Securities Claimants wishing to participate in the proceeds of the Ernst & Young Settlement;

**AND ON BEING ADVISED** that a proceeding (the "Chapter 15 Proceeding") was commenced in the United States Bankruptcy Court for the Southern District of New York (the "United States Bankruptcy Court") captioned In re Sino Forest Corporation, Case No. 13-10361 (MG) and that this notice will be disseminated pursuant to the Federal Rules of Bankruptcy Procedure and any applicable local rules in connection with the motion filed in the Chapter 15 Proceeding for recognition and enforcement order granting approval of the Horsley Settlement;

2288926.2

AND ON READING the materials filed, and on hearing submissions of counsel to the Ontario Plaintiffs and Horsley, and upon hearing from counsel for the Litigation Trust;

1.   **THIS COURT ORDERS** that the time for service and filing of this notice of motion and motion record is validated and abridged and any further service thereof is dispensed with.

2.   **THIS COURT ORDERS** that unless otherwise defined herein, or unless the context requires otherwise, capitalized terms in this Order have the meanings attributed to them at **Schedule "A"** of this Order.

3.   **THIS COURT ORDERS** that the notice substantially in the form attached as **Schedule "B"** (the "Notice") be and hereby is approved, subject to the right of the parties to make minor non-material amendments to such form as may be necessary or desirable.

4.   **THIS COURT ORDERS** that the Notice shall be disseminated as follows:

   (a)   Siskinds LLP and Koskie Minsky LLP (together, "Class Counsel") shall provide or cause to be provided a copy of the Notice directly, either electronically or by mail, to all individuals or entities who have contacted Class Counsel, Siskinds Desmeules sencrl ("Desmeules"), or Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") regarding this action, and to any person or entity who requests a copy of the Notice, provided that such person or entity has furnished his, her or its contact information to Class Counsel, Desmeules, or Cohen Milstein;

   (b)   Within 10 business days of this Order, Class Counsel will send or will cause to be sent copies of the Notice to all persons and entities that have submitted claims to participate in the Ernst & Young Settlement, provided that such person or entity has furnished his, her, or its contact information in the claim form. The Notice

2288926.2

shall be sent electronically via email to any such person that has provided his, her, or its email address in the claim form;

(c)    Within 10 business days of this Order, Class counsel will send or will cause to be sent copies of the Notice to the current Service List in Court File No. CV-12-9667-00CL (the "CCAA Proceeding"), including notice to ACE-INA Insurance Company ("ACE"), Chubb Insurance Company of Canada ("Chubb"), Lloyd's of London ("Lloyd's Underwriters"), and Travelers Guarantee Company of Canada ("Travelers") (together, the "Insurers") or their counsel;

(d)    Within 10 business days of this Order, copies of the Notice will be posted on the websites of Class Counsel (in English and French) and Cohen Milstein (in English);

(e)    Notice shall be sent to all persons entities potentially afforded coverage by or under the Policies in accordance with a process agreed upon in writing by the Parties and the Insurers but subject (in the event of disagreement) to the Court's determination as to the scope of notice required to be provided;

5.    **THIS COURT ORDERS** that any persons wishing to object to the Horsley Settlement shall deliver a notice of objection substantially in the form attached hereto as **Schedule "C"** (the "Notice of Objection") to be received by no later than ● (the "Objection Deadline") by mail, courier, or email transmission, to the contact information indicated on the Notice of Objection, and that any Notice of Objection received later than the Objection Deadline shall not be filed with the Court or considered at the hearing to approve the Horsley Settlement; and

6.    **THIS COURT REQUESTS**, pursuant to the *Companies' Creditors Arrangement Act* (Canada), together with such other statutes, regulations and protocols as may apply, and as a matter of comity, that all courts, regulatory and administrative bodies, and other tribunals, in all provinces and territories of Canada, in the United States of America, and in all other nations or states, recognize this order and act in aid of and in a manner complementary to this order and this court in carrying out the terms of this order.

Date:                                              _____

                                                            Morawetz J.

JUN 0 9 2014

# SCHEDULE "A"

<u>Definitions of capitalized terms used in this Order</u>

**"CCAA"** means the *Companies' Creditors Arrangement Act*, RSC, 1985, c. C-36

**"Ernst & Young Settlement"** has the meaning attributed to it in the Plan

**"Horsley"** means the defendant in the Ontario Class Action, David J. Horsley

**"Horsley Settlement"** means the settlement as reflected in the Minutes of Settlement between Horsley and the plaintiffs in Ontario Superior Court Action No. CV-11-431153-00CP, Quebec Superior Court No. 200-06-000132-111, and United States New York Southern District Court, Case Number 1:12-cv-01726 (AT) and the Litigation Trustee

**"Plan"** means the Plan of Compromise and Reorganization of Sino-Forest Corporation under the CCAA, dated December 3, 2012

**"Securities Claimants"** means all Person and entities, wherever they may reside, who acquired any Securities of Sino-Forest Corporation including Securities acquired in the primary, secondary, and over-the-counter markets.

SCHEDULE "B"

# SINO-FOREST SECURITIES LITIGATION

# NOTICE OF PROPOSED SETTLEMENT WITH DAVID J. HORSLEY

**TO:**  All persons and entities, wherever they may reside, who acquired any securities of Sino-Forest Corporation including securities acquired in the primary, secondary, and over-the-counter markets (the "Securities Claimants").

**READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR LEGAL RIGHTS. YOU MAY NEED TO TAKE PROMPT ACTION**

**IMPORTANT DEADLINE**

**Objection Deadline** (for those who wish to object or make submissions regarding the proposed settlements with David J. Horsley or recognition and enforcement of any order approving such proposed settlements in the United States. See pages 3 & ● for more details)                                                                          ●, 2014

## Background of Sino-Forest Class Action and CCAA Proceeding

In June and July of 2011, class actions were commenced in the Ontario Superior Court of Justice (the "Ontario Proceeding") and the Quebec Superior Court (the "Quebec Proceeding") by certain plaintiffs (the "Plaintiffs") against Sino-Forest Corporation ("Sino-Forest"), its auditors, its underwriters, a consulting company, and its senior officers and directors, including David J. Horsley ("Horsley"). In January 2012, a proposed class action was commenced against Sino-Forest and other defendants in the Supreme Court of the State of New York which was removed to and is now pending in the United States District Court for the Southern District of New York (the "U.S. Action") (together with the Ontario Proceeding and the Quebec Proceeding, the "Proceedings"). The Proceedings alleged that the public filings of Sino-Forest contained false and misleading statements about Sino-Forest's assets, business, and transactions.

Since that time, the litigation has been vigorously contested. On March 30, 2012, Sino-Forest obtained creditor protection under the *Companies' Creditors Arrangement Act* (the "CCAA"), and the Ontario Superior Court ordered a stay of proceedings against the company and other parties (the "CCAA Proceeding"). Orders and other materials relevant to the CCAA Proceeding can be found at the CCAA Monitor's website at http://cfcanada.fticonsulting.com/sfc/ (the "Monitor's Website").

On December 10, 2012, the Ontario Superior Court entered an order (the "Plan Sanction Order") approving a Plan of Arrangement in the CCAA Proceeding. As part of the Plan of Arrangement, the court approved a framework by which the Plaintiffs may enter into settlement agreements with any of the third-party defendants to the Proceedings.

On February 4, 2013, a proceeding was commenced in the United States Bankruptcy Court for the Southern District of New York (the United States Bankruptcy Court") captioned In re Sino Forest Corporation, Case No. 13-10361(MG) (the "Chapter 15 Proceeding") seeking recognition of the CCAA Proceeding, and the enforcement of the Plan Sanction Order, in the United States. On April 15, 2013, the Bankruptcy Court entered an order granting the requested relief recognizing the CCAA Proceeding and recognizing and enforcing the Plan Sanction Order in the United States.

To date, the claims in the Proceedings against the defendants Ernst & Young and Pöyry (Beijing) Consulting Company Limited have been settled and dismissed.

### Who Acts for the Securities Claimants

Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules, sencrl, and Cohen Milstein Sellers & Toll PLLC (collectively, "Class Counsel") represent the Securities Claimants in the Proceedings. If you want to be represented by another lawyer, you may hire one to appear in court for you at your own expense.

You will not have to directly pay any fees or expenses to Class Counsel. However, Class Counsel will seek to have their fees and expenses paid from any money obtained for the class or paid separately by the defendants.

### Proposed Settlement with David J. Horsley

The Plaintiffs have entered into a proposed settlement with Horsley (the "Settlement Agreement"). The Settlement Agreement would settle, extinguish and bar all claims, globally, against Horsley in relation to Sino-Forest including the allegations in the Proceedings. Horsley does not admit to any wrongdoing or liability. The terms of the proposed settlements do not involve the resolution of any claims against Sino-Forest or any of the other remaining defendants. For an update on CCAA orders affecting Sino-Forest, please see the Monitor's Website. A complete copy of the proposed Settlement Agreement and other information about these Proceedings is available at: www.kmlaw.ca/sinoforestclassaction, on the website of Cohen Milstein Sellers & Toll PLLC at ● ("Cohen Milstein Website") and www.[newwebsite].com (collectively, the "Class Action Websites").

The Settlement Agreement, if approved and its conditions fulfilled, provide that CAD$4,200,000 (the "Settlement Amount") shall be paid into an interest bearing account for the benefit of the Securities Claimants until such time that it is distributed pursuant to orders of the Ontario Superior Court. The proposed settlement also provides that Horsley will cooperate and provide information to the plaintiffs in the Proceedings to aid in the continued prosecution of the claims against the remaining defendants in the Proceedings.

In return, the Proceedings will be dismissed against Horsley, and there will be an order forever barring all claims against him in relation to Sino-Forest, including any allegations relating to the Proceedings. Such order will be final and binding and there will be no ability to pursue a claim against Horsley through an opt-out process under class proceedings or similar legislation.

The proposed settlement with Horsley is subject to court approval, as discussed below.

**Hearing to Approve the Settlement Agreement and Class Counsel Fees on ●, 2014 in Toronto, Ontario**

On ●, 2014 at 10:00 a.m., there will be a hearing before the Ontario Superior Court of Justice (the "Ontario Approval Motion") at which Class Counsel will seek that Court's approval of i) the Settlement Agreement; and ii) the fees and expense reimbursement requests of Class Counsel. The hearing will be held at the Canada Life Building, 330 University Avenue, 8th Floor, Toronto, Ontario. The exact courtroom number will be available on a notice board on the 8th Floor.

At the Ontario Approval Motion, the court will determine whether the Settlement Agreement is fair, reasonable, and in the best interests of Securities Claimants. At that hearing, Class Counsel will also seek court approval of its request for fees and expense reimbursements ("Class Counsel Fees"). As is customary in class actions, Class Counsel is prosecuting and will continue to prosecute this class action on a contingent fee basis. Class Counsel is not paid as the matter proceeds, and Class Counsel funds the out-of-pocket expenses of conducting the litigation. Class Counsel will be requesting the following fees and disbursements to be deducted from the Settlement Amount before it is distributed to Securities Claimants:

Siskinds LLP, Koskie Minsky LLP, Siskinds Desmeules, sencrl

      Amount requested: $●, plus disbursements (expenses), plus taxes

Cohen Milstein Sellers & Toll PLLC

      Amount requested: $●, plus disbursements (expenses), plus taxes

If the Ontario Approval Motion is granted, a further notice will be provided to Securities Claimants regarding the time when Class Counsel intends to distribute the net settlement amount (after Class Counsel Fees and other expenses). Any plan for allocating such funds must be approved by the Court.

All Securities Claimants may attend at the hearing of the Ontario Approval Motion and ask to make submissions regarding the proposed settlement with Horsley.

**Persons intending to object to the Settlement Agreement are required to deliver a Notice of Objection, substantially in the form that can be found on the Class Action Websites, and, if this Notice is received by mail or email, enclosed with this Notice (the "Notice of Objection"), to Siskinds LLP by regular mail, courier, or email transmission, to the contact information indicated on the Notice of Objection, so that it is received by <u>no later than 5:00 p.m. on ●, 2014</u>. Copies of the Notices of Objection sent to Siskinds LLP will be filed with the Ontario Superior Court.**

Concurrent with the hearing of the Ontario Approval Motion, there will be a hearing in the United States Bankruptcy Court for recognition and enforcement of the order, if entered, granting the Ontario Approval Motion and the Settlement Agreement, as discussed below.

**Concurrent Hearing for Recognition on and Enforcement ●, 2014  in New York, New York**

Among other things, the Settlement Agreement is conditioned on the recognition and enforcement of the order granting the Ontario Approval Motion.  Accordingly, on ●, ● filed a motion (the "Horsley Settlement Recognition Motion") with the United States Bankruptcy Court seeking such relief.  Copies of the Horsley Settlement Recognition Motion are available on the Class Action Websites.

On ●, 2014, at ● a.m. (ET) there will be a hearing on the Horsley Settlement Recognition Motion before the Honorable Martin Glenn in Courtroom 501 of the Bankruptcy Court, One Bowling Green, New York, New York.  If the Ontario Approval Motion is granted, the Bankruptcy Court will consider whether to recognize and enforce the order granting the Ontario Approval Motion.

**Any objections or responses to the Horsley Settlement Recognition Motion must be made in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the Bankruptcy Court.  In addition, such objection or response must be made in writing describing the basis therefore and filed with the United States Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the United States Bankruptcy Court's electronic case filing system, and by all other parties in interest, on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the Honorable Martin Glenn, United States Bankruptcy Judge, and served upon US counsel for Horsley at ●, Attention: ● and Bankruptcy Counsel for the plaintiffs in the Class Actions, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, N.Y. 10020, Attention:  Michael S. Etkin and Tatiana Ingman, so as to be received by them no later than _____ ___, 2014 at __:__ _.m. (ET).**

**Further Information**

If you would like additional information, please contact Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules sencrl, or Cohen Milstein Sellers & Toll PLLC using the information below:

Garth Myers, Jonathan Ptak
Koskie Minsky LLP
20 Queen St. West, Suite 900, Box 52, Toronto, ON, M5H 3R3
Re: Sino-Forest Class Action
Tel: 1.866.474.1739 (within North America)
Tel: 416.595.2158 (outside North America)
Email: sinoforestclassaction@kmlaw.ca

Dimitri Lascaris, Charles Wright
Siskinds LLP
680 Waterloo Street, P.O. Box 2520 London, ON N6A 3V8
Re: Sino-Forest Class Action
Tel: 1.800.461.6166 x 2380 (within North America)
Tel: 519.672.2251 x 2380 (outside North America)
Email: sinoforest@siskinds.com

Simon Hebert
Siskinds Desmeules, sencrl
43 Rue Buade, Bureau 320, Québec City, Québec, G1R 4A2
Re: Sino-Forest Class Action
Tel: 418.694.2009
Email: simon.hebert@siskindsdesmeules.com

Richard Speirs
Cohen Milstein Sellers & Toll, PLLC
88 Pine Street
New York, NY 10005
Tel. 212.838.7797
Email: lawinfo@cohenmilstein.com

## Interpretation

If there is a conflict between the provisions of this notice and the Settlement Agreement, the terms of the Settlement Agreement will prevail.

Please do not direct inquiries about this notice to the court. All inquiries should be directed to Class Counsel.

DISTRIBUTION OF THIS NOTICE HAS BEEN AUTHORIZED BY THE ONTARIO
SUPERIOR COURT OF JUSTICE

## SCHEDULE "C"

### NOTICE OF OBJECTION

# ONLY USE THIS FORM IF YOU **DO NOT** LIKE THE HORSLEY SETTLEMENT

**TO:    SISKINDS LLP**
680 Waterloo Street
PO Box 2520
London, ON N6A 3V8

Attention: Nicole Young

Email: sinoforest@siskinds.com

**RE:    SINO-FOREST CORPORATION — HORSLEY SETTLEMENT**

**I ,** _____ **(please check all boxes that apply):**
            (insert name)

☐    am a current shareholder of Sino –Forest Corporation

☐    am a former shareholder of Sino –Forest Corporation

☐    am a current noteholder of Sino –Forest Corporation

☐    am a former noteholder of Sino –Forest Corporation

☐    other (please explain)

_____

_____

I acknowledge that pursuant to the order of Mr. Justice Morawetz dated ●, 2014 (the "Order"), persons wishing to object to the Horsley Settlement are required to complete and deliver this Notice of Objection to Siskinds LLP by mail, courier or email to be received by no later than 5:00 p.m. (Eastern Time) on ●, 2014

I hereby give notice that I object to the Horsley Settlement for the following reasons (please attach extra pages if you require more space):

**ONLY SUBMIT AN OBJECTION IF YOU DO NOT LIKE THE HORSLEY SETTLEMENT**

_____

_____

_____

- 2 -

_____

_____

_____

_____

_____

_____

_____

_____

_____

☐    I DO NOT intend to appear at the hearing of the motion to approve the Horsley Settlement, and I understand that my objection will be filed with the court prior to the hearing of the motion at 10:00 a.m. on ●, 2014, at 330 University Ave., 8th Floor Toronto, Ontario.

☐    I DO intend to appear, in person or by counsel, and to make submissions at the hearing of the motion to approve the Horsley Settlement at 10:00 a.m. on ●, 2014, at 330 University Ave., 8th Floor Toronto, Ontario.

**MY ADDRESS FOR SERVICE IS:**    **MY LAWYER'S ADDRESS FOR SERVICE IS (if applicable):**

Name:    Name:

Address:    Address:

Tel.:    Tel.:

Fax:    Fax:

Email:    Email:

**Date:** _____    **Signature:** _____

Court File No.: CV-12-9667-00-CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C.* 1985, c.C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

## ONTARIO
## SUPERIOR COURT OF JUSTICE

Proceeding commenced at Toronto

Proceeding under the *Class Proceedings Act, 1992*

## ORDER

**KOSKIE MINSKY LLP**
900-20 Queen Street West
Box 52
Toronto, ON M5H 3R3
**Kirk M. Baert (LSUC#: 30942O)**
Tel: 416.595.2117/Fax: 416.204.2889
**Jonathan Ptak (LSUC#: 45773F)**
Tel: 416.595.2149/Fax: 416.204.2903

**SISKINDS LLP**
680 Waterloo Street
P.O. Box 2520
London, ON N6A 3V8
**A. Dimitri Lascaris (LSUC#: 50074A)**
Tel: 519.660.7844/Fax: 519.660.7845
**Charles M. Wright (LSUC#: 36599Q)**
Tel: 519.660.7753/Fax: 519.660.7754

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
155 Wellington Street, 35th Floor
Toronto, ON M5V 3H1
**Ken Rosenberg (LSUC #21102H)**
**Massimo Starnino (LSUC #41048G)**
Tel: 416-646-4300/Fax: 416-646-4301

Lawyers for the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the Class Action Plaintiffs

2287370.2

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

SINO-FOREST CORPORATION,

       Debtor in a Foreign Proceeding

Chapter 15

Case No. 13- 10361 (MG)

## ORDER GRANTING MOTION TO APPROVE MANNER OF SERVICE OF NOTICE OF MOTION SEEKING RECOGNITION AND ENFORCEMENT OF THE ORDER OF THE ONTARIO SUPERIOR COURT APPROVING HORSLEY SETTLEMENT

Upon consideration of the *Motion to Approve Manner of Service of Notice of Motion Seeking Recognition and Enforcement of the Order of the Ontario Superior Court Approving the Horsley Settlement* (the "**Service Motion**") of lead plaintiffs (the "**Canadian Class Action Plaintiffs**") in the class action proceedings pending in Canada (the "**Canadian Class Actions**") and lead plaintiffs (the "**U.S. Class Action Plaintiffs**" and together with the Canadian Class Action Plaintiffs, the "**Class Action Plaintiffs**") in the class action proceeding pending in the United States District Court for the Southern District of New York styled *David Leapard, et al. v. Allen T.Y. Chan*, *et al., Case No. 1:12-cv-01726 (AT)* (the "**NY Class Action**" and together with the Canadian Class Actions, the "**Class Actions**") approving the manner of service of the Class Action Plaintiffs' motion (the "**Settlement Recognition Motion**") seeking recognition and enforcement of the Order (the "**Settlement Order**"), when and if entered by the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Superior Court**"), approving the settlement (the "**Settlement**") between the Canadian Class Action Plaintiffs and David Horsley in the proceeding (the "**CCAA Proceeding**") of Sino-Forest Corporation ("**SFC**") under *Canada's Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, the "*Amended Standing Order of Reference Re: Title 11*" of the United States District Court for the Southern District of New York (Preska, C.J.) dated January 31, 2012 and section 1501 of title 11 of the United States Code; and it appearing

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and it appearing that venue is

proper in this district pursuant to 28 U.S.C. §§ 1410(2) and (3); and it appearing that notice of

the Service Motion is sufficient under the circumstances; and objections, if any, to the requested

relief having been withdrawn or overruled; and after due deliberation and sufficient cause

appearing therefor;

<b>IT IS HEREBY ORDERED THAT</b>:

1.      The Service Motion is granted to the extent provided herein.

2.      Service of the settlement notice (the "**Settlement Notice**") substantially in

the form attached to the Service Motion as Exhibit C shall be effectuated on the following

parties:

(a)      the Office of the United States Trustee for Region 2;

(b)      counsel to SFC, Bennett Jones LLP, 3400 One First Canadian Place, P.O. Box 130, Toronto, Ontario M5X 1A4, Attn: Robert W. Staley, Kevin Zych, Derek J. Bell, Raj S. Sahni, Jonathan Bell, and Sean Zweig;

(c)      counsel to BDO, Affleck Greene McMurty LLP, 365 Bay Street, Suite 200, Toronto, Ontario M5H 2V1, Attn: Peter Greene, Kenneth Dekker, and Michelle E. Booth;

(d)      counsel to the Monitor, Gowling LaFleur Henderson LLP, 1 First Canadian Place, 100 King Street West, Suite 1600, Toronto, Ontario M5X 1G5, Attn: Derrick Tay and Jennifer Stam, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Thomas J. Matz;

(e)      counsel to the Underwriters, Torys LLP, 79 Wellington Street West, Suite 3000, Box 270, Toronto-Dominion Centre, Toronto, Ontario M5K 1N2, Attn: John Fabello, David Bish, Andrew Gray and Adam Slavens;

(f)      counsel to the Ad Hoc Committee of Noteholders, Goodmans LLP, 333 Bay Street, Suite 3400, Toronto, Ontario M5H 2S7, Attn: Benjamin Zarnett, Robert Chadwick, Brendan O'Neill, and Caroline Descours;

(g)      counsel to certain Named Directors and Officers, Osler, Hoskin & Harcourt LLP, 1 First Canadian Place, 100 King Street West, Suite 6100, P.O. Box 50, Toronto, Ontario M5X 1B8, Attn: Edward Sellers, Larry Lowenstein, and Geoffrey Grove;

(h)     counsel to Allen Chan, Miller Thomson LLP, Scotia Plaza, 40 King Street
West, Suite 5800, Toronto, Ontario M5H 3S1, Attn: Jay M. Hoffman,
Joseph Marin, and Emily Cole;

(i)     counsel to Kai Kit Poon, Davis LLP, 1 First Canadian Place, Suite 6000,
P.O. Box 367, 100 King Street West, Toronto, Ontario M5X 1E2, Attn:
Susan E. Friedman, Bruce Darlington, and Brandon Barnes;

(j)     counsel to David Horsley, Wardle Daley Bernstein LLP, 2104-401 Bay
Street, P.O. Box 21, Toronto, Ontario M5H 2Y4, Attn: Peter Wardle,
Simon Bieber, and Erin Pleet and United States bankruptcy counsel to Mr.
Horsley, Finn, Dixon & Herling, LLP, 177 Broad Street, Stamford, CT
06901, Attn: Henry P. Baer, Jr.;

(k)     certain other claimholders or parties in interest identified in the CCAA
Proceeding; and

(l)     United States investors in SFC securities who purchased between March
19, 2007 and August 26, 2011, as follows:

- all persons that have submitted claims to participate in the E & Y
Settlement, provided that such person or entity has furnished his, her, or
its contact information in the claim form or otherwise;[1]

- all individuals or entities who have contacted Siskinds LLP
("**Siskinds**"), Siskinds Desmeules sencrl, Koskie Minsky LLP ("**Koskie
Minsky**") or Cohen Milstein Sellers & Toll PLLC ("**Cohen Milstein**")
regarding the Class Actions, and to any person or entity who requests a
copy of the Settlement Notice, provided that such person or entity has
furnished his, her or its contact information to such counsel;

- the current Service List in the CCAA Proceeding, including notice to
ACE-INA Insurance Company, Chubb Insurance Company of Canada,
Lloyd's of London, and Travelers Guarantee Company of Canada or their
counsel;

- brokers and similar parties who purchased or otherwise acquired SFC
securities for the benefit of beneficial owners between March 19, 2007 and
August 26, 2011. Such brokers and similar parties will be directed to
either (i) send the Settlement Notice to all such beneficial owners of SFC
securities or (ii) return a list of the names and addresses of such beneficial
holders, in which case the Settlement Notice shall be mailed to such
holders directly.  This notice is intended to be consistent with the notice to

---

[1] This category includes all beneficial holders identified in connection with the notice of the E&Y Settlement and all
additional U.S. class members who were identified by the claims administrator during the subsequent E&Y
Settlement claims process.

known U.S. investors previously approved by this Court in connection with the E&Y Settlement.

3.      The Settlement Notice shall be sent electronically via email to any such person where an email address is reasonably available, including any such person that has provided his, her, or its email address in the E&Y claim form, and by first-class mail, if such email is unavailable and such person has provided his, her or its mailing address on the E&Y claim form or otherwise.

4.      In addition, copies of the Settlement Notice, as well as the Minutes of Settlement and pleadings relating to the approval, recognition and enforcement of the Settlement, will also be posted on the websites of Siskinds, Koskie Minsky (in English and French), and Cohen Milstein (in English) and on www.sinosettlement.com (which redirects to Siskinds' website).  Notice of the Settlement will also be provided in a press release that will be released nationally to financial wire services in the United States.

5.      Service of the Settlement Notice as provided herein is adequate reasonably calculated to reach all of SFC's known creditors and sufficient under the circumstances.

**SO ORDERED.**

Dated:  June 20, 2014
          New York, New York

_____/s/Martin Glenn_____
          MARTIN GLENN
United States Bankruptcy Judge