007

2370389.6

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-12-9667-00-CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
Proceeding commenced at Toronto

Proceeding under the *Class Proceedings Act, 1992*

**NOTICE OF MOTION**

**KOSKIE MINSKY LLP**
900-20 Queen Street West
Box 52
Toronto, ON M5H 3R3
**Kirk M. Baert (LSUC#: 30942O)**
Tel: 416.595.2117/Fax: 416.204.2889
**Jonathan Ptak (LSUC#: 45773F)**
Tel: 416.595.2149/Fax: 416.204.2903

**SISKINDS LLP**
680 Waterloo Street
P.O. Box 2520
London, ON N6A 3V8
**A. Dimitri Lascaris (LSUC#: 50074A)**
Tel: 519.660.7844/Fax: 519.660.7845
**Charles M. Wright (LSUC#: 36599Q)**
Tel: 519.660.7753/Fax: 519.660.7754

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
155 Wellington Street, 35th Floor
Toronto, ON M5V 3H1
**Ken Rosenberg (LSUC #21102H)**
**Massimo Starnino (LSUC #41048G)**
Tel: 416-646-4300/Fax: 416-646-4301

Lawyers for the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the Class Action Plaintiffs

SCHEDULE "A"

Court File No.: CV-12-9667-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | ●, THE ● DAY |
| JUSTICE ● | ) ) | OF ●, 201● |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

B E T W E E N :

**THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG**

Plaintiffs

- and -

**SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, PÖYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of America Securities LLC)**

Defendants

Proceeding under the *Class Proceedings Act, 1992*

## ORDER

**THIS MOTION**, made by the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation ("Sino-Forest" or the "Applicant") in the Ontario Superior Court of Justice, bearing (Toronto) Court File No. CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Ontario Class Action", respectively) in their own and proposed representative capacities, for an order giving effect to the Horsley Release and the Horsley Settlement, and as provided for in section 11.2 of the Plan of Compromise and Reorganization of the Applicant under the *Companies' Creditors Arrangement Act* ("CCAA") dated December 3, 2012 (the "Plan"), such Plan having been approved by this Honourable Court by Order dated December 10, 2012 (the "Sanction Order"), was heard on ●, 2014 at the Court House, ●, Toronto

**WHEREAS** the Ontario Plaintiffs, David J. Horsley ("Horsley") and the Litigation Trust entered into Minutes of Settlement dated ●,

**AND WHEREAS** this Honourable Court issued the Sanction Order approving the Plan containing the framework and providing for the implementation of a Named Third Party Defendant Settlement and a Named Third Party Defendant Release pursuant to Section 11.2 of the Plan;

**AND WHEREAS** the Ontario Plaintiffs and Horsley wish to effect a settlement pursuant to section 11.2 of the Plan;

**AND WHEREAS** Enforcement Staff of the Ontario Securities Commission ("OSC") has commenced proceedings against Horsley regarding his conduct and involvement with Sino-

Forest Corporation, including allegations made against Horsley in its Notice of Hearing and Statement of Allegations (the "OSC Proceedings");

**AND WHEREAS** any settlement agreement between the Ontario Plaintiffs and Horsley is conditional upon approval by the OSC of a settlement of the OSC Proceedings between Horsley and OSC Enforcement Staff, including, among other things, a permanent ban on Horsley from acting as a director or officer of a public issuer of securities;

**AND WHEREAS** this Honourable Court approved the form of notice to Securities Claimants and others of this Motion, and the plan for distribution of such notice to Securities Claimants and others potentially affected by the relief sought therein (the "Notice Program") by Order dated ● (the "Notice Order");

**AND ON READING** the materials filed and on hearing the submissions of counsel,

**Notice and Definitions**

1. **THIS COURT ORDERS** that capitalized terms not otherwise defined in this order shall have the meanings attributed to those terms in **Appendix "A"**.

2. **THIS COURT FINDS** that all applicable parties have adhered to and acted in accordance with the Notice Order and that the procedures provided in the Notice Order have provided good and sufficient notice of the hearing of this Motion, and that all Persons shall be and are hereby forever barred from objecting to the Horsley Settlement and the Horsley Release.

**Representation**

3. **THIS COURT ORDERS** that the Ontario Plaintiffs are hereby recognized and appointed as representatives on behalf of the Securities Claimants in these insolvency proceedings in respect of the Applicant (the "CCAA Proceedings") and in the Ontario Class Action, for the

purposes of and as contemplated by section 11.2 of the Plan, and more particularly the Horsley Settlement and Horsley Release.

4. **THIS COURT ORDERS** that Koskie Minsky LLP, Siskinds LLP and Paliare Roland Rosenberg Rothstein LLP are hereby recognized and appointed as counsel for the Securities Claimants for all purposes in these proceedings and as contemplated by section 11.2 of the Plan, and more particularly the Horsley Settlement and Horsley Release ("CCAA Representative Counsel").

5. **THIS COURT ORDERS** that the steps taken by CCAA Representative Counsel pursuant to the Orders of this Court dated May 8, 2012 (the "Claims Procedure Order") and July 25, 2012 (the "Mediation Order") are hereby approved, authorized and validated as of the date thereof and that CCAA Representative Counsel is and was authorized to negotiate and support the Plan on behalf of the Securities Claimants, to negotiate the Horsley Settlement, to bring this motion before this Honourable Court to approve the Horsley Settlement and the Horsley Release and to take any other necessary steps to effectuate and implement the Horsley Settlement and the Horsley Release, including bringing this Motion and any other necessary motion before the court, and as contemplated by section 11.2 of the Plan.

**Compliance with Section 11.2 of the Plan**

6. **THIS COURT ORDERS** that Horsley is a Named Third Party Defendant pursuant to the Plan.

7. **THIS COURT ORDERS** that this Order (the "Horsley Settlement Order") is a Named Third Party Defendant Settlement Order for the purpose of and as contemplated by Section 11.2 of the Plan.

8. **THIS COURT ORDERS** that the Horsley Settlement is a Named Third Party Defendant Settlement for the purpose of and as contemplated by Section 11.2 of the Plan.

9. **THIS COURT ORDERS** that the Horsley Release is a Named Third Party Defendant Release for the purpose of and as contemplated by Section 11.2 of the Plan.

**Approval of the Settlement & Release**

10. **THIS COURT ORDERS** that the Horsley Settlement and the Horsley Release are fair and reasonable in all the circumstances and for the purposes of the proceedings under both the CCAA and the *Class Proceedings Act*, 1992.

11. **THIS COURT ORDERS** that the Horsley Settlement and the Horsley Release be and hereby are approved for all purposes and as contemplated by section 11.2 of the Plan and paragraph 41 of the Sanction Order and shall be implemented in accordance with their terms, this Order, the Plan and the Sanction Order.

12. **THIS COURT ORDERS** that this Order, the Horsley Settlement and the Horsley Release are binding upon each and every Person or entity having a Horsley Claim, including those Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedures*, RRO 1990, Reg. 194 are dispensed.

**Release and Discharge**

13. **THIS COURT ORDERS** that upon satisfaction of all the conditions specified in section 11.2(b) of the Plan, the Monitor shall deliver to Horsley the Monitor's Horsley Settlement Certificate substantially in the form attached hereto as **Appendix "B"**. The Monitor shall thereafter file the Monitor's Horsley Settlement Certificate with the Court.

14. **THIS COURT ORDERS** that pursuant to the provisions of section 11.2(c) of the Plan, on the Horsley Settlement Date,

   a. any and all Horsley Claims shall be fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against Horsley in accordance with section 11.2(c) of the Plan;

   b. the Horsley Release shall be binding according to its terms on any Person;

   c. section 7.3 of the Plan shall apply to Horsley and the Horsley Claims *mutatis mutandis*;

   d. none of the parties in the Class Actions or any other actions in which the Horsley Claims have been or could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of Horsley proven at trial or otherwise, that is subject of the Horsley Settlement ("Horsley's Proportionate Liability");

   e. all Class Actions, including the Ontario Class Action shall be permanently stayed as against Horsley; and

   f. the Ontario Class Action shall be dismissed against Horsley.

15. **THIS COURT ORDERS** that on the Horsley Settlement Date, any and all claims which Horsley may have had against: (i) any other current or former defendant, in the Ontario Class Action, (ii) any other current or former defendant, in any Class Actions in a jurisdiction in which this order has been recognized by a final order of a court of competent jurisdiction and

not subject to further appeal, (iii) any other current or former defendants' insurers, or any affiliates thereof, or (iv) any other Persons who may claim over against the other current or former defendants, or any affiliate thereof, or the other current or former defendants' insurers, or any affiliate thereof, in respect of contribution, indemnity or other claims over which relate to the allegations made in the Class Actions, are hereby fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished.

16. **THIS COURT ORDERS** that nothing in this order shall fetter the discretion of any court to determine Horsley's Proportionate Liability at the trial or other disposition of an action for the purposes of paragraph ● above, whether or not Horsley appears at the trial or other disposition and Horsley's Proportionate Liability shall be determined as if Horsley were a party to the action and any determination by the court in respect of Horsley's Proportionate Liability shall only apply in that action to the proportionate liability of the remaining defendants in those proceedings and shall not be binding on Horsley or the Insurers for any purpose whatsoever and shall not constitute a finding against Horsley for any purpose in any other proceeding.

17. **THIS COURT ORDERS** that Horsley shall appear as a witness for the plaintiffs (if requested to do so) and give evidence at the trial if any, of the Ontario Class Action. Horsley shall not seek reimbursement from the Insurers for any fees or expenses associated with this testimony.

**Effect of Settlement on Insurers**

18. **THIS COURT ORDERS AND DECLARES** that any amounts paid by Chubb Insurance Company of Canada ("Chubb") towards the Horsley Settlement are fair and reasonable in all the circumstances and for all purposes.

19. **THIS COURT ORDERS AND DECLARES** that the payment by Chubb pursuant to the Horsley Settlement does not violate the interests of any party to the Class Actions, any other party who might have a claim against any person or entity potentially covered under the Insurance Policies or the interests of any party listed in Schedule "D" to the Minutes of Settlement;

20. **THIS COURT ORDERS AND DECLARES** that, without prejudice to the Insurers' coverage position(s) in relation to the Litigation Trust Action and their obligations, if any, to any other defendant to the Litigation Trust Action (or to any other action which has been or may be instituted by the Litigation Trust) who is potentially covered under the Sino-Forest Policies, which rights are and shall remain fully reserved, all amounts paid by Chubb towards the Horsley Settlement shall constitute covered Loss (as defined in the Insurance Policies);

21. **THIS COURT ORDERS AND DECLARES** that Chubb's contribution to the Horsley Settlement shall, to the extent of the amount paid, and any other amounts paid by Chubb and, before it, by ACE INA Insurance ("ACE"), on Horsley's behalf for defence of all Claims (as defined in the Insurance Policies) against him, reduce the Limits of Liability under the Chubb Policy and the ACE Policy for all purposes, regardless of any subsequent finding by any court, tribunal, administrative body or arbitrator, in any proceeding or action, that Horsley engaged in conduct that may have triggered any exclusion, term or condition of the Chubb

Policy or the ACE Policy so as to disentitle Horsley to coverage under the Chubb Policy or the ACE Policy.

22. **THIS COURT ORDERS AND DECLARES** that Chubb's contribution to the Horsley Settlement is without prejudice to the coverage positions taken by it, or any of the Insurers, in relation to the Class Actions and to any other matter or Claim (as defined in the Insurance Policies) as previously advised to Sino-Forest and its directors and officers by each of the Insurers and to all rights previously reserved by the Insurers.

23. **THIS COURT ORDERS AND DECLARES** that the Insurers whose policies afford coverage excess to that afforded by the ACE Policy and the Chubb Policy may assert any defence to any claim for coverage, by any Insured, that is not:

(i) inconsistent with the findings of the Court or with the Horsley Settlement Order, or

(ii) based upon the ground that ACE and Chubb have not exhausted their respective Limits of Liability under the ACE Policy and the Chubb Policy.

24. **THIS COURT ORDERS AND DECLARES** that ACE and Chubb, in respect of the coverage afforded under Endorsements No. 16 and 2 to the ACE Policy and the Chubb Policy, respectively, may assert any defence to any claim for coverage, by any Insured, that is not inconsistent with the findings of the Court or with the Horsley Settlement Order.

25. **THIS COURT ORDERS AND DECLARES** that save and except for ACE's obligations under Endorsement No. 16 to the ACE Policy, ACE shall be released from any and all claims against it under or in relation to the ACE Policy, including claims relating to or arising from the Class Actions, all commitments in relation to and/or payments made under the ACE

Policy and for reimbursement of defence costs incurred by any person or entity potentially covered by or under the ACE Policy.

26. **THIS COURT ORDERS AND DECLARES** that save and except for Chubb's obligations under Endorsement No. 2 to the Chubb Policy, to the extent of any payment made by Chubb to the date of this Order, including any and all payments in relation to the Horsley Settlement, Chubb shall be released from any and all claims against it under or in relation to the Chubb Policy, including claims relating to or arising from the Class Actions, all commitments in relation to and/or payments made under the Chubb Policy and for reimbursement of defence costs incurred by any person or entity potentially covered by or under the Chubb Policy.

27. **THIS COURT ORDERS AND DECLARES** that all persons and entities provided with notice of this Motion shall be bound by the declarations made in, and the terms of, this Horsley Settlement Order.

28. **THIS COURT ORDERS AND DECLARES** that payment by Chubb pursuant to the Horsley Settlement constitutes "Loss" under the Insurance Policies, which has depleted the insurance limits for all purposes, regardless of whether (in the event that criminal charges are laid against Horsley in the future) any finding is made that Horsley acted dishonestly.

29. **THIS COURT ORDERS** that, subject to paragraph 2.4 of the Plan, nothing in the Horsley Settlement shall prejudice the continued claims by the plaintiffs in the Ontario Class Action, Quebec Class Action, and the US Class Action against the Insurance Policies with respect to the conduct of Sino-Forest or other persons or entities insured by the Insurers.

30. **THIS COURT ORDERS** that the cooperation of Horsley with the plaintiffs in the Ontario Class Action, Quebec Class Action, and the US Class Action pursuant to the Horsley Settlement shall not prejudice or otherwise affect the coverage that would otherwise be provided under the Insurance Policies with respect to the conduct of Sino-Forest or other persons or entities insured by the Insurers.

**Use of the Settlement Fund**

31. **THIS COURT ORDERS** that the Class Settlement Fund shall be held by the Ontario Plaintiffs in the Settlement Trust until such later date that the Ontario Plaintiffs have a Plan of Allocation approved by this Court whereby those funds will be distributed to Securities Claimants. Any process for allocation and distribution will be established by CCAA Representative Counsel together with U.S. Class Action plaintiffs' counsel and approved by further order of this Court (the "Claims and Distribution Protocol").

32. **THIS COURT ORDERS** that notwithstanding paragraph ● above, the following Securities Claimants shall not be entitled to any allocation or distribution of the Class Settlement Fund: any Person or entity that is a named defendant to any of the Class Actions, their past and present subsidiaries, affiliates, officers, directors, senior employees, partners, legal representatives, heirs, predecessors, successors and assigns, and any individual who is a member of the immediate family of the following Persons: Allen T.Y. Chan a.k.a Tak Yuen Chan, W. Judson Martin, Kai Kit Poon, David J. Horsley, William E. Ardell, James P. Boland, James M.E. Hyde, Edmund Mak, Simon Murray, Peter Wang, Garry J. West, Albert Ip, Alfred C.T. Hung, George Ho and Simon Yeung. For greater certainty, the Horsley Release shall apply to the Securities Claimants described above, other than Horsley.

**Recognition, Enforcement and Further Assistance**

33. **THIS COURT ORDERS** that this Court shall retain an ongoing supervisory role for the purposes of implementing, administering and enforcing the Horsley Settlement and the Horsley Release and matters related to the Settlement Trust including any disputes about the allocation of the Class Settlement Fund from the Settlement Trust. Any disputes arising with respect to the performance or effect of, or any other aspect of, the Horsley Settlement and the Horsley Release shall be determined by this Court, and that, except with leave of this Court first obtained, no Person or party shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of the Horsley Settlement and Horsley Release.

34. **THIS COURT ORDERS** that each of the Applicant, the Monitor, CCAA Representative Counsel and Horsley shall be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this order, or any further order as may be required, and for assistance in carrying out the terms of such orders.

_____

Morawetz J.

APPENDIX "A"

Definitions of capitalized terms used in this Order

"**Ace Policy**" means the insurance policy issued by ACE INA Insurance – Policy Number DO024464;

"**Causes of Action**" has the meaning ascribed to it in the Plan

"**CCAA**" means the *Companies' Creditors Arrangement Act*, RSC, 1985, c. C-36

"**Chubb Policy**" means the insurance policy issued by Chubb Insurance Company of Canada – Policy Number 8209-4449;

"**Class Actions**" has the meaning ascribed to it in the Plan

"**Eligible Third Party Defendant**" has the meaning ascribed to it in the Plan

"**Horsley**" means David Horsley

"**Horsley Claims**" means any and all demands, claims, actions, Causes of Action (as defined in the Plan), counterclaims, cross claims, suits, debts, sums of money, accounts, covenants, damages, judgments, orders, including injunctive relief or specific performance and compliance orders, expenses, executions, Encumbrances (as defined in the Plan), and other amounts sought to be recovered on account of any claim, indebtedness, liability, obligation, demand or cause of action of whatever nature that any Person (as defined in the Plan), including any Person (as defined in the Plan) who may have a claim for contribution and/or indemnity against or from them, and including without limitation, all present and former officers or Directors of Sino-Forest, Newco (as defined in the Plan), Newco II (as defined in the Plan), Ernst & Young (as defined in the Plan), BDO Ltd., the Underwriters (as defined in the Plan), Poyry (Beijing) Consulting Company Limited (and its affiliates), the Noteholders (as defined in the Plan), any past, present or future holder of any direct or indirect equity interest in the SFC Companies (as defined in the Plan), any past, present or future direct or indirect security holder of the SFC Companies (as defined in the Plan), any indirect or direct security holder of Newco (as defined in the Plan) or Newco II (as defined in the Plan), the Trustees (as defined in the Plan), the Transfer Agent (as defined in the Plan), the Monitor (as defined in the Plan), and each and every present and former affiliate, partner, director, officer, associate, employee, servant, agent, contractor, insurer, heir and/or assign of each of the foregoing who may or could (at any time, past, present or future) be entitled to assert against Horsley, his family, heirs or assigns, whether known or unknown, matured or unmatured, direct or derivative, foreseen or unforeseen, suspected or unsuspected, contingent, existing or hereafter arising, based on whole or in part on any act or omission, transaction, conduct, dealing or other occurrence existing or taking place on, prior to or after the date of this Release, relating to or arising out of or in connection with the SFC Companies (as defined by the Plan), the SFC Business (as defined by the Plan), Horsley's conduct or performance as a director or officer of Sino-Forest, Horsley's trading of shares in relation to Sino-Forest, Horsley's compensation from Sino-Forest, and any and all other acts and omissions of Horsley relating to the SFC Companies (as defined by the Plan) or the SFC Business (as defined by the Plan), including without limitation any claim arising out of:

13-10361-mg    Doc 47-3    Filed 07/15/14    Entered 07/15/14 16:39:15    Proposed Order
                                  Pg 15 of 18
                                                                                            021

- 2 -

1. Horsley's conduct as a director or officer of Sino-Forest, including but not limited to his conduct as the Chief Financial Officer of Sino-Forest, any statutory or common law duties he may have owed as a director or officer of Sino-Forest, any share offering, debt offering or other offering of securities, any statement in any of Sino-Forest's public disclosure or other oral statement relating to Sino-Forest, including without limitation any document released to the public or filed on SEDAR;

2. All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in any or all of the Class Actions (as defined by the Plan), including any and all claims of fraud;

3. All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in any or all actions commenced in all jurisdictions as of the date of this Release;

4. All Noteholder Claims (as defined by the Plan), Litigation Trust Claims (as defined by the Plan), or any claim by or on behalf of the SFC Companies (as defined by the Plan);

5. All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced by BDO Ltd.(and its affiliates), Ernst & Young (as defined by the Plan), the Underwriters (as defined by the Plan), Poyry (Beijing) Consulting Company Limited (and its affiliates), all present and former directors, officers or employees of Sino-Forest, Aird & Berlis LLP, and any and all consultants or counsel to Sino-Forest or its Independent Committee for contribution, indemnity, damages, equitable relief or other monetary recovery;

6. All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in Court File No. CV-13-481761.

For greater certainty, Horsley Claims do not include any proceeding commenced or remedy sought by the Ontario Securities Commission or the Attorney General.

"Class Settlement Fund" has the meaning ascribed to it in the Horsley Settlement

"Horsley Release" means the Named Third Party Defendant Release described at section 11.2(c) of the Plan as applied to the Horsley Claims

"Horsley Settlement" means the settlement as reflected in the Minutes of Settlement executed on ●, between Horsley and the plaintiffs in Ontario Superior Court Action No. CV-11-431153-00CP, Quebec Superior Court No. 200-06-000132-111, and United States New York Southern District Court, Case Number 1:12-cv-01726 (AT) and the Litigation Trust

"Horsley Settlement Date" means the date that the Monitor's Horsley Settlement Certificate is delivered to Horsley

"Insurance Policies" has the meaning ascribed to it in the Plan

"Insurers" means each of the entities who issued the Insurance Policies

"Litigation Trust" means Cosimo Borrelli, in his capacity as the trustee for the SFC Litigation Trust, and the SFC Litigation Trust

"The Litigation Trust Action" means the action bearing Court File No. CV-13-481761

"Monitor's Horsley Settlement Certificate" is the Monitor's Named Third Party Certificate contemplated at section 11.2(b) of the Plan, applicable and with respect to the Horsley Settlement

"Monitor's Named Third Party Settlement Certificate" has the meaning ascribed to it in the Plan

"Named Third Party Defendant" has the meaning ascribed to it in the Plan

"Named Third Party Defendant Settlement" has the meaning ascribed to it in the Plan

"Named Third Party Defendant Settlement Order" has the meaning ascribed to it in the Plan

"Named Third Party Defendant Release" has the meaning ascribed to it in the Plan

"Person" has the meaning ascribed to it in the Plan

"Quebec Class Action" means the action styled Guining Liu v Sino-Forest Corporation, et al, Province of Quebec Superior Court, File No. 200-06-000132-11

"Securities" means common shares, notes or other securities defined in the *Securities Act*, RSO 1990, c. S.5, as amended

"Securities Claimants" means all Person and entities, wherever they may reside, who acquired any Securities of Sino-Forest Corporation including Securities acquired in the primary, secondary, and over-the-counter markets.

"Settlement Trust" has the meaning ascribed to it in the Horsley Settlement

"US Class Action" means the action styled David Leapard, et al v. Allen TY Chan, et al., United States New York Southern District Court, Case Number 1:12-cv-01726 (AT)

APPENDIX "B"
<u>MONITOR'S HORSLEY SETTLEMENT CERTIFICATE</u>

Court File No.: CV-12-9667-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

B E T W E E N:

**THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG**

Plaintiffs

- and -

**SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, PÖYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of America Securities LLC)**

Defendants

All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Order of the Court dated ● (the "Horsley Settlement Approval Order") which, among other things, approved the Horsley Settlement and Horsley Release.

Pursuant to section 11.2 of the Plan and paragraph ● of the Horsley Settlement Approval Order, FTI Consulting Canada Inc. (the "Monitor") in its capacity as Court-appointed Monitor of SFC delivers to Horsley this certificate and hereby certifies that:

1. Each of the parties to the Horsley Settlement has confirmed that all conditions precedent thereto have been satisfied or waived;

2. All settlement funds have been paid and received; and

3. Immediately upon the delivery of this Monitor's Horsley Settlement Certificate, the Horsley Release will be in full force and effect in accordance with the Plan.

DATED at Toronto this ___ day of _____, 2014

**FTI CONSULTING CANADA INC.** solely in its capacity as Monitor of Sino-Forest Corporation and not in its personal capacity

_____

Name:
Title: