This is Exhibit "H" mentioned and referred to in the Affidavit of Charles M. Wright, sworn before me at the City of London, in the County of Middlesex, this 4th day of July, 2014.


_____

A Commissioner, etc.

Court File No. CV-12-9667-00CL

### ONTARIO
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | MONDAY, THE 30th |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF JULY, 2012 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

## ORDER

THIS MOTION made by the Ad Hoc Committee of Purchasers of the Applicant's Securities (the "**Moving Party**"), for the production of certain documents in the possession, control and power of the Applicant, was heard this day, at the courthouse at 330 University Avenue, Toronto, Ontario,

ON READING the Motion Record and factum of the Moving Party, and on hearing the submissions of counsel for the Moving Party, Sino-Forest Corporation, the Monitor, an ad hoc Committee of Bondholders, Ernst & Young, BDO, and certain underwriters named as defendants in the Ontario Class Action,

AND ON BEING ADVISED that the Applicant consents to the relief contained herein and that the Monitor supports the granting of relief contained herein;

1.   **THIS COURT ORDERS** that further service of the Notice of Motion and Motion Record on any party not already served is hereby dispensed with, such that this motion is properly returnable today.

2.    **THIS COURT ORDERS** the Applicant to make the documents listed in Schedule "A" hereto (the "Documents") available to the Moving Party and the other Mediation Parties (as defined in the order of this court dated July 25, 2012 (the "Mediation Order")), subject to: (i) the provisions of the Mediation Order applicable to information made available through the electronic data room referenced in the Mediation Order (the "Data Room"), including without limitation the requirement for confidentiality agreements; and (ii) any claims of privilege; and provided, for greater certainty, that the Applicant need not produce any audit-related documents created after June 2, 2011.

3.    **THIS COURT ORDERS** that the Documents shall be added to the Data Room by the Applicant as and when they become available, but the Applicant shall make best efforts to add the Documents to the Data Room by August 16, 2012, and that, in any event, the Applicant shall add the Documents to the Data Room by no later than August 23, 2012.

4.    **THIS COURT ORDERS** that, promptly following the addition of any Documents to the Data Room, the Applicant shall notify or shall cause to be notified, by email, those persons who have executed the Confidentiality Agreement pursuant to this Court's Mediation Order that such Documents have been added to the Data Room, but in no event shall the Applicant be required to provide such notification more than one time per day.

5.    **THIS COURT ORDERS** that, to the extent that the Applicant withholds production of any Documents on the basis of a claim of privilege, the Applicant shall produce an itemized list describing each of the documents in the form of or substantially similar to a Schedule "B" of an affidavit of documents, with sufficient specificity to establish the Applicant's claim for privilege, including, without limitation, identifying information for each document, the nature of the privilege being asserted in respect of the document, and, if litigation privilege is being asserted, reasonable identifying

information regarding the litigation that gives rise to the privilege (the "Privilege Log"). The Applicant shall add the Privilege Log to the Data Room by August 27, 2012, unless the Court orders otherwise.

6.    **THIS COURT ORDERS** that the Documents specified in clauses 1, 2(s), 3 and 4 of Schedule "A" hereto shall be in the English language.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

JUL 3 0 2012

PER/PAR:

## Schedule "A"

1. the unconsolidated financial statements of Sino-Forest Corporation and its subsidiaries prepared prior to June 2, 2011;

2. the following documents relating to Sino-Forest audits, for each of the fiscal years 2006 through 2010, inclusive, for each audited entity:

   a) Information request list for each year's audit, detailing the documents to be provided by the company to the auditor;

   b) The Year End Communication or Report of the Auditor to the Audit Committee from BDO or E&Y, including:

      i)   Audit scope and findings report;

      ii)  Significant matters discussed with management;

      iii) Management's analysis and response;

      iv)  Significant judgments and estimates;

      v)   Audit risks encountered/identified and audit response; and

      vi)  Summary of corrected and uncorrected financial statement misstatements;

   c) Communications between the auditors and the company regarding any disagreements with management;

   d) The unadjusted (pre-audit) trial balance;

   e) Proposed Adjustments presented by the auditor following each year's audit (listing adjusting journal entries, analysis and explanations);

   f)  List of related parties provided to the auditor each year;

   g) Correspondence with the auditor concerning related parties and related party transactions;

   h) Accounting policy manuals or documented accounting policies of the company for each year;

i) Process and procedure manuals of the company for each year, particularly pertaining to the sales cycle and purchase/acquisition cycle;

j) Ledgers and subledgers for the following accounts;

    i) Cash;

    ii) Sales;

    iii) Timber Inventory; and

    iv) Cost of Goods Sold;

k) Sale transaction documents provided to (requested by) the auditors in respect of timber transactions:

    i) Sales order (or purchase order from customer) or Sales contract/agreement;

    ii) Invoice; and

    iii) Proof of collection;

l) Purchase transaction documents provided to (requested by) the auditors in respect of timber transactions:

    i) Purchase order (or contract/agreement);

    ii) Invoice; and

    iii) Proof of payment;

m) Transaction documents provided to auditor in respect of Sino's "set-off" agreements on timber transactions;

n) Correspondence with auditors regarding confirmation of transactions with authorized intermediaries and suppliers (or authorization provided to Auditors to confirm directly with the AIs and Suppliers);

o) Documentation concerning the auditors' procedures to independently examine timber assets, including on-site physical inspection, inventory counts, examination of transaction documentation, etc.;

p) Internal worksheets, analyses and calculations supporting the "related party transactions" disclosure in each year's financial statements (e.g., see Note 23 of the 2009 financial statements);

q) Any additional information provided to/requested by the auditor regarding related party transactions;

r) Drafts and correspondence regarding the preparation of the Cash Flow Statement;

s) A statement of the total fees paid to the Applicant's auditors in respect of each of the 2006-2010 fiscal years; in addition, the Applicant shall make best efforts to break down such fees by audit-related and non-audit-related work (if any), and if non-audit related work was performed by the Applicant's auditors in any such year, a reasonably detailed description of the non-audit-related work performed by the auditors in such year;

t) Minutes of all meetings in which the auditors and members of management participated; and

u) BDO and E&Y presentations to the board of directors and management.

3. a summary of the coverage positions of the insurers of the Applicant and its directors and officers, and an approximation of the remaining insurance coverage; and

4. the claims register as provided by the Monitor .

AND IN THE MATTER OF A PLAN OF COMPROMISE OR
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No. CV-12-9667-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**COMMERICIAL LIST**
Proceedings commenced at
**TORONTO**

**ORDER**

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
250 University Avenue, Suite 501
Toronto, ON M5H 3E5
**Ken Rosenberg / Massimo Starnino**
Tel:      416-646-4300   Fax:     416-646-4301

**KOSKIE MINSKY LLP**
20 Queen Street West, Suite 900
Toronto, ON M5H 3R3
**Kirk Baert / Jonathan Bida**
Tel:      416-977-8353   Fax:     416-977-3316

**SISKINDS LLP**
680 Waterloo Street
London, ON N6A 3V8
**A. Dimitri Lascaris / Charles M. Wright**
Tel:      519-672-2121   Fax:     519-672-6065

**Lawyers for the Ad Hoc Committee of Purchasers of
the Applicant's Securities, including the
Representative Plaintiffs in the Ontario Class Action**

447