This is Exhibit "I" mentioned and referred to in the Affidavit of Charles M. Wright, sworn before me at the City of London, in the County of Middlesex, this 4th day of July, 2014.

_____
A Commissioner, etc.



Clyde & Co Canada LLP

390 Bay Street
Suite 800
Toronto, Ontario
M5H 2Y2

Tel.: (416) 366-4555
Fax: (416) 366-6110

www.clydeco.ca

Direct Line: 647-789-4808
E-mail: MaryMargaret.Fox@clydeco.ca

July 3, 2014

**BY E-MAIL**

Mr. Garth Myers　　　　　　　　　　　　Mr. Serge Kalloghlian
Koskie & Minsky LLP　　　　　　　　　　Siskinds LLP
900 - 20 Queen Street West　　　　　　　302 - 100 Lombard Street
Toronto, ON  M5H 3R3　　　　　　　　　Toronto, ON  M5C 1M3

Dear Messrs. Myers and Kalloghlian:

**Re:**　　**Insured:**　　　　　　　　　　**Sino-Forest Corporation**
　　　　　**ACE Policy / Claim No.:**　　**DO024464 / C6010297023**
　　　　　**Chubb Policy / Claim No:**　　**8209-4449 / 259358**
　　　　　**Matter:**　　　　　　　　　　**Various**
　　　　　**Our File Name:**　　　　　　**Sino-Forest Corp. et al ats Smith et al**
　　　　　**Our File No.:**　　　　　　　**1123674**

You have asked for a letter from this firm on behalf of our clients, ACE-INA Insurance Company ("ACE") and Chubb Insurance Company of Canada ("Chubb") (collectively "Our Clients"), addressing the provisions of the Draft Settlement Order ("Draft Order"), Schedule C to the Minutes of Settlement entered into between the Class Action Plaintiffs[1], the Litigation Trust and Mr. Horsley (the "Settlement"), being sought in the Class Action Plaintiffs' motion for approval of the Settlement (the "Settlement Approval Motion"). In particular, you, and counsel for Mr. Horsley, have asked that we address paragraphs 18-30 of the Draft Order insofar as these paragraphs address the requirements of the Insurers[2].

Paragraph 18 of the Draft Order includes a declaration that any amounts paid by Chubb toward the Settlement are fair and reasonable in all circumstances and for all purposes. Chubb's decision to contribute the amounts indicated toward the settlement of the Class Actions and the

---

[1]　In this letter, unless separately defined herein, words in capital letters represent terms defined in the Settlement, in the ACE policy, or headings in the Declarations thereto and are used with that meaning.

[2]　Lloyd's Underwriters' and Travelers' policies covering Sino-Forest are excess to Our Clients' policies, and may be engaged by the Effective Date. Lloyd's Underwriters and Travelers have reviewed and approved this letter. All references to the Insurers (not otherwise specific to ACE or Chubb) include Lloyd's Underwriters and Travelers.

13-10361-mg    Doc 47-13    Filed 07/15/14    Entered 07/15/14 16:39:15    Exhibit I
Pg 3 of 7

July 03, 2014
Page 2

450

# CLYDE&CO

Litigation Trust Action (the "Chubb Settlement Contribution[3]"), supported by all of the Insurers, was based upon recommendations of counsel for Mr. Horsley which, Our Clients were advised, resulted from extensive arms-length negotiations with Koskie Minsky, Siskinds, and Bennett Jones, counsel for the Litigation Trustee. Chubb accepted the recommendations made by Mr. Horsley's counsel in this regard.

Paragraph 19 of the Draft Order includes a declaration that payment by Chubb of the Chubb Settlement Contribution does not violate the interests of any party to the Class Actions, of any other party who might have a claim against any person or entity potentially covered under the Insurance Policies or the interests of any party potentially covered under the Insurance Policies.[4] The purpose of this language is to protect the Insurers from claims in the future by third parties with unsatisfied claims against Insured Persons or claims by Insured Persons who are or may be subject to third party claims for which no Limits of Liability under the Chubb policy remain, by reason of the Chubb Settlement Contribution.

Paragraph 20 of the Draft Order includes a declaration that that portion of the Chubb Settlement Contribution referable to settlement of the Litigation Trust Action shall constitute covered Loss, without prejudice to the Insurers' coverage position in relation to the Litigation Trust Action or any other action instituted by the Litigation Trust.

Loss[5] is defined to mean damages, judgments, any award of pre-judgment and post-judgment interest, settlements and Defense Costs which an Insured becomes legally obligated to pay on account of any Claim first made against any Insured for Wrongful Acts to which the Insurance Policies apply.

Mr. Horsley requested coverage for the allegations made against him by the Litigation Trustee in the Litigation Trust Action. The Insurers were concerned that the ACE policy exclusion IV E (the "Insured v. Insured exclusion") would exclude coverage for the Litigation Trust Action. In light of the risks and costs associated with potential coverage litigation, however, and the fact that the Insurers were advised that it would not be possible for Mr. Horsley to enter into a satisfactory settlement with the Class Action Plaintiffs absent a satisfactory settlement with the Litigation Trust, the Insurers agreed, on a wholly without prejudice basis, to make a contribution towards settlement of the Litigation Trust Action against Mr. Horsley. Because of the possibility, however, that other Insured Persons might later argue that Chubb's contribution to settlement of the Litigation Trust Action did not constitute covered Loss and therefore its Limits of Liability had not been exhausted, Chubb and the other Insurers require that, for purposes of the Settlement, Chubb's contribution to settlement of the Litigation Trust Action be declared to constitute covered Loss for all purposes. The Insurers agree that Chubb's contribution towards settlement of the Litigation Trust Action is reasonable in the circumstances.

Paragraphs 21 and 28 of the Draft Order include a declaration that Chubb's contribution towards the Settlement, together with amounts previously paid by Chubb and ACE as Defense Costs constitute Loss and thus reduce the Limits of Liability under the ACE Policy and the Chubb Policy

---

[3] In the event of exhaustion of the Chubb Policy prior to the Effective Date, we suggest that the Draft Order be amended where appropriate to reflect the possibility that Lloyd's Underwriters (or Travelers in the event of exhaustion of the Lloyd's Policy) may also be making a payment towards the Settlement.
[4] The Draft Order erroneously refers to Schedule "D" to the Minutes of Settlement
[5] As amended by Endorsement No. 13 to the Policy.

13-10361-mg    Doc 47-13    Filed 07/15/14    Entered 07/15/14 16:39:15    Exhibit I
Pg 4 of 7

July 03, 2014
Page 3

451

# CLYDE&CO

for all purposes, regardless of whether any subsequent finding is made that Mr. Horsley engaged in conduct that would trigger any exclusion disentitling him to coverage. At paragraph 21 of the Minutes of Settlement, Mr. Horsley acknowledges the possibility that criminal charges may yet be laid against him as a result of an investigation being conducted by the Royal Canadian Mounted Police in relation to Sino-Forest. For as long as there are any unresolved investigations, Claims or allegations against Mr. Horsley there is a possibility, however remote, that findings of dishonesty, criminal conduct or the receipt of illegal profit or financial advantage may be made against Mr. Horsley. If any such finding were made, section X. E. of the Policy provides that any advancement of Defense Costs to him, or on his behalf, shall be repaid. Section X. E refers only to Defense Costs but, because Mr. Horsley is also asking Chubb to pay settlement amounts, Chubb has required as a condition of its agreement, that Mr. Horsley sign an Interim Funding Agreement committing to repay not only Defense Costs but also the Chubb Settlement Contribution, in the event that he were ultimately found not entitled to coverage.

If such an obligation were triggered and Mr. Horsley were to fail to repay the sums advanced on his behalf, the declaration sought in paragraph 21 of the Draft Order operates to protect the Insurers from claims by other Insureds or third parties with interests in the Insurers' Limits of Liability from asserting that the amounts paid to Mr. Horsley did not constitute Loss and that the Limits of Liability under the Insurance Policies have not been exhausted. The Insurers receiving any such repayment would unquestionably be required make those funds available to other Insureds for covered Claims.

These issues also underscore the importance of paragraphs 22 and 27 of the Draft Order, so as to protect the Insurers (and the remaining Insureds' interests) from those who may attempt to assert that by payment of the Chubb Settlement Contribution, the Insurers have waived the coverage defences which they have asserted to date against all Insureds (paragraph 22) and/or that they were not provided with notice of the Settlement Approval Motion (paragraph 27).

Paragraphs 23 and 24 of the Draft Order reflect the fact that all Insurers support the Settlement.

Paragraph 25 of the Draft Order contains a declaration that ACE be released from any and all claims against it in relation to the ACE Policy[6]. The ACE Policy had a $15M Limit of Liability. On or about January 7, 2014, the ACE Limit of Liability was confirmed exhausted in its entirety, solely by payment of Defense Costs incurred in defence of the Class Actions and the OSC Proceeding. All defence counsel (and experts') accounts submitted for coverage were reviewed by our firm and payment obligations determined based upon the ACE Policy wording, our firm's previous coverage advice, compliance with ACE's litigation management guidelines, and by applying the hourly rates agreed by ACE. No payments were made by ACE without our firm's recommendation for reimbursement on the basis that the expenses incurred were reasonable and necessary in the circumstances.

Paragraph 26 of the Draft Order contains a similar declaration pertaining to Chubb, i.e, that Chubb be released from any and all claims for amounts paid to date in relation to the Chubb Policy[7].

---

[6]   Save and except for its obligations under Endorsement No. 16 to the ACE Policy, which affords a further $1,000,000 Limit of Liability to Independent Directors on terms specified in that Endorsement.

[7]   Save and except for remaining Limits of Liability and its obligations under Endorsement No. 2 to the Chubb Policy. Endorsement No. 2 affords a similar further $1,000,000 Limit of Liability to Independent Directors on terms specified in that Endorsement.

13-10361-mg    Doc 47-13    Filed 07/15/14    Entered 07/15/14 16:39:15    Exhibit I
Pg 5 of 7

July 03, 2014
Page 4

CLYDE&CO

452

The difference between paragraphs 25 and paragraph 26 are that (i) Chubb's Policy has not yet been exhausted and (ii) that Chubb is paying settlement amounts in addition to Defense Costs. The Chubb policy has a $15M Limit of Liability. As of the date of this letter, $7,002,379.82 remains payable. (The Chubb Settlement Contribution will reduce that amount by $5,000,000.00.) The amounts paid to date relate solely to payment of Defense Costs incurred in defence of the Class Actions and the OSC Proceeding. All defence counsel accounts submitted to Chubb for coverage have been reviewed by Chubb's Litigation Cost Management Group, and payment obligations determined based upon the ACE policy wording, our firm's previous coverage advice, compliance with Chubb's litigation management guidelines, and by applying the hourly rates agreed initially by ACE and/or subsequently by Chubb. No payments have been made by Chubb without confirmation of coverage for same by Chubb's professionals.

The Insurers were consulted with respect to certain provisions in the Plan addressing the Insurance Policies. Paragraphs 29 and 30 of the Draft Order confirm that, subject to those Plan provisions, the Settlement does not affect the plaintiffs' remaining claims against other Insureds or the Insurers' defences with respect thereto.

We will be in attendance on the hearing of the Settlement Approval Motion in the event that Justice Morawetz has any questions of the Insurers that have not been satisfied by this letter.

Yours very truly,

CLYDE & CO

per: Mary Margaret Fox

MMF/es

cc:   Maria Di Pietro, CIP
      Director, Claims
      ACE INA Insurance

      Paula Kargas
      Senior Technical Specialist, Specialty Claims
      Chubb Insurance Company of Canada

      David Cherepacha
      Davies Howe Partners LLP

      Gary Luftspring / Sam Sasso
      Ricketts, Harris LLP

      Peter Wardle / Simon Bieber
      Wardle Daley Bernstein Bieber LLP

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION**

Court File No.: CV-12-9667-00-CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
Proceeding commenced at Toronto

Proceeding under the *Class Proceedings Act, 1992*

**AFFIDAVIT OF CHARLES M. WRIGHT**

**KOSKIE MINSKY LLP**
900-20 Queen Street West
Box 52
Toronto, ON M5H 3R3
**Kirk M. Baert (LSUC#: 309420)**
Tel: 416.595.2117/Fax: 416.204.2889
**Jonathan Ptak (LSUC#: 45773F)**
Tel: 416.595.2149/Fax: 416.204.2903

**SISKINDS LLP**
680 Waterloo Street
P.O. Box 2520
London, ON N6A 3V8
**A. Dimitri Lascaris (LSUC#: 50074A)**
Tel: 519.660.7844/Fax: 519.660.7845
**Charles M. Wright (LSUC#: 36599Q)**
Tel: 519.660.7753/Fax: 519.660.7754

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
155 Wellington Street, 35th Floor
Toronto, ON M5V 3H1
**Ken Rosenberg (LSUC #21102H)**
**Massimo Starnino (LSUC #41048G)**
Tel: 416-646-4300/Fax: 416-646-4301

Lawyers for the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the Class Action Plaintiffs

2392138.3

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-12-9667-00-CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
Proceeding commenced at Toronto

Proceeding under the *Class Proceedings Act, 1992*

**MOTION RECORD OF THE PLAINTIFFS**
**(Settlement Approval – Horsley Settlement)**

**KOSKIE Minsky LLP**
900-20 Queen Street West
Box 52
Toronto, ON M5H 3R3
**Kirk M. Baert (LSUC#: 30942O)**
Tel: 416.595.2117/Fax: 416.204.2889
**Jonathan Ptak (LSUC#: 45773F)**
Tel:  416.595.2149/Fax:  416.204.2903

**SISKINDS LLP**
680 Waterloo Street
P.O. Box 2520
London, ON N6A 3V8
**A. Dimitri Lascaris (LSUC#: 50074A)**
Tel: 519.660.7844/Fax: 519.660.7845
**Charles M. Wright (LSUC#: 36599Q)**
Tel: 519.660.7753/Fax: 519.660.7754

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
155 Wellington Street, 35th Floor
Toronto, ON M5V 3H1
**Ken Rosenberg (LSUC #21102H)**
**Massimo Starnino (LSUC #41048G)**
Tel: 416-646-4300/Fax: 416-646-4301

Lawyers for the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the Class Action Plaintiffs