NPT RICEPOINT CLASS ACTION SERVICES INC
300-633 Colborne Street
London, Ontario, CANADA N6B 2V3
(519) 432-5534  (Telephone)
Kurt Elgie

*Notice Administrator for the Class Action*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13- 10361 (MG) |
| Debtor in a Foreign Proceeding. | |

## CERTIFICATION OF SERVICE

I, *Kurt J. Elgie,* pursuant to 28 U.S.C. § 1746, certify as follows:

1.   I am a senior project manager employed by NPT RicePoint Class Action Services Inc., Notice Administrator for the Class Actions.[1]

2.   In accordance with this Court's order dated June 20, 2014 (the "**Notice Order**"), attached hereto as **Exhibit A**, I caused the *Sino-Forest Securities Litigation Notice of Proposed Settlement With David J. Horsley* (the "**Settlement Notice**") and *Notice of Objection* (together with the Notice of Objection, the "**Notices**") to be served as set forth below.  A copy of each of the Settlement Notice and Notice of Objection is attached hereto as **Exhibit B**.

3.   On July 2, 2014, copies of the Notices were sent via mail to the parties identified in paragraph 2(b)[2] through (j) of the Notice Order.

---

[1] Capitalized terms used herein, but not defined herein shall have the meaning ascribed to such terms in the Notice Order (defined below).

[2] Upon information and belief, service upon the Office of the US Trustee for Region 2 was effectuated by US counsel to the class action plaintiffs and is evidenced by a separate certificate of service filed in this proceeding.

-1-

4. Service on United States investors in SFC securities who purchased between March 19, 2007 and August 26, 2011 (referenced in paragraph 2(l) of the Notice Order) was effectuated as follows:[3]

(i) On June 16, 2014, I caused the Notices to be served on all Securities Claimants (as defined in the Notice Order) for whom a claim was submitted in connection with the Ernst & Young settlement with an email address. Of the 13,799 email addresses provided on claim form submissions, 80 were removed as a result of syntax errors, 14 as a result of generic role based delivery (a different technical error), and 2,627 as a result of duplications. In total 11,078 emails were sent.

(ii) On June 19, 2014, I caused the Notices to be served via mail on all Securities Claimants for whom a claim was submitted in connection with the Ernst & Young settlement without an email address but with a mailing address. This mailing included 5,462 Canadian packages, 630 US packages and 109 international packages for a total of 6,201 packages.

(iii) On June 27, 2014, I caused the Notices to be served via mail to 433 US individuals who were identified in the previous broker outreach but did not file a claim in connection with the Ernst & Young Settlement.

(iv) On June 27, 2014, I caused the Notices to be sent via mail to a condensed broker list of 229 brokers who provided information in prior Sino-Forest broker outreach programs as well as an additional core list of major US brokers. Brokers who previously indicated that they had no information regarding holders of SFC securities were not served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 16, 2014

Kurt J. Elgie

---

[3] Upon information and belief service on the parties that had requested information from class counsel and provided addresses and on the service list in the foreign main proceeding (described in the Notice Order at paragraph 2.1.ii and iii) was effectuated by class counsel as evidenced by separate certificates of service filed on the docket in this proceeding.

Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SINO-FOREST CORPORATION,<br><br>Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 13- 10361 (MG) |

### ORDER GRANTING MOTION TO APPROVE MANNER OF SERVICE OF NOTICE OF MOTION SEEKING RECOGNITION AND ENFORCEMENT OF THE ORDER OF THE ONTARIO SUPERIOR COURT APPROVING HORSLEY SETTLEMENT

Upon consideration of the *Motion to Approve Manner of Service of Notice of Motion Seeking Recognition and Enforcement of the Order of the Ontario Superior Court Approving the Horsley Settlement* (the "**Service Motion**") of lead plaintiffs (the "**Canadian Class Action Plaintiffs**") in the class action proceedings pending in Canada (the "**Canadian Class Actions**") and lead plaintiffs (the "**U.S. Class Action Plaintiffs**" and together with the Canadian Class Action Plaintiffs, the "**Class Action Plaintiffs**") in the class action proceeding pending in the United States District Court for the Southern District of New York styled *David Leapard, et al. v. Allen T.Y. Chan, et al.*, Case No. 1:12-cv-01726 (AT) (the "**NY Class Action**" and together with the Canadian Class Actions, the "**Class Actions**") approving the manner of service of the Class Action Plaintiffs' motion (the "**Settlement Recognition Motion**") seeking recognition and enforcement of the Order (the "**Settlement Order**"), when and if entered by the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Superior Court**"), approving the settlement (the "**Settlement**") between the Canadian Class Action Plaintiffs and David Horsley in the proceeding (the "**CCAA Proceeding**") of Sino-Forest Corporation ("**SFC**") under *Canada's Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, the "*Amended Standing Order of Reference Re: Title 11*" of the United States District Court for the Southern District of New York (Preska, C.J.) dated January 31, 2012 and section 1501 of title 11 of the United States Code; and it appearing

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1410(2) and (3); and it appearing that notice of the Service Motion is sufficient under the circumstances; and objections, if any, to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.  The Service Motion is granted to the extent provided herein.

2.  Service of the settlement notice (the "**Settlement Notice**") substantially in the form attached to the Service Motion as Exhibit C shall be effectuated on the following parties:

    (a)  the Office of the United States Trustee for Region 2;

    (b)  counsel to SFC, Bennett Jones LLP, 3400 One First Canadian Place, P.O. Box 130, Toronto, Ontario M5X 1A4, Attn: Robert W. Staley, Kevin Zych, Derek J. Bell, Raj S. Sahni, Jonathan Bell, and Sean Zweig;

    (c)  counsel to BDO, Affleck Greene McMurty LLP, 365 Bay Street, Suite 200, Toronto, Ontario M5H 2V1, Attn: Peter Greene, Kenneth Dekker, and Michelle E. Booth;

    (d)  counsel to the Monitor, Gowling LaFleur Henderson LLP, 1 First Canadian Place, 100 King Street West, Suite 1600, Toronto, Ontario M5X 1G5, Attn: Derrick Tay and Jennifer Stam, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Thomas J. Matz;

    (e)  counsel to the Underwriters, Torys LLP, 79 Wellington Street West, Suite 3000, Box 270, Toronto-Dominion Centre, Toronto, Ontario M5K 1N2, Attn: John Fabello, David Bish, Andrew Gray and Adam Slavens;

    (f)  counsel to the Ad Hoc Committee of Noteholders, Goodmans LLP, 333 Bay Street, Suite 3400, Toronto, Ontario M5H 2S7, Attn: Benjamin Zarnett, Robert Chadwick, Brendan O'Neill, and Caroline Descours;

    (g)  counsel to certain Named Directors and Officers, Osler, Hoskin & Harcourt LLP, 1 First Canadian Place, 100 King Street West, Suite 6100, P.O. Box 50, Toronto, Ontario M5X 1B8, Attn: Edward Sellers, Larry Lowenstein, and Geoffrey Grove;

(h)  counsel to Allen Chan, Miller Thomson LLP, Scotia Plaza, 40 King Street West, Suite 5800, Toronto, Ontario M5H 3S1, Attn: Jay M. Hoffman, Joseph Marin, and Emily Cole;

(i)  counsel to Kai Kit Poon, Davis LLP, 1 First Canadian Place, Suite 6000, P.O. Box 367, 100 King Street West, Toronto, Ontario M5X 1E2, Attn: Susan E. Friedman, Bruce Darlington, and Brandon Barnes;

(j)  counsel to David Horsley, Wardle Daley Bernstein LLP, 2104-401 Bay Street, P.O. Box 21, Toronto, Ontario M5H 2Y4, Attn: Peter Wardle, Simon Bieber, and Erin Pleet and United States bankruptcy counsel to Mr. Horsley, Finn, Dixon & Herling, LLP, 177 Broad Street, Stamford, CT 06901, Attn: Henry P. Baer, Jr.;

(k)  certain other claimholders or parties in interest identified in the CCAA Proceeding; and

(l)  United States investors in SFC securities who purchased between March 19, 2007 and August 26, 2011, as follows:

- all persons that have submitted claims to participate in the E & Y Settlement, provided that such person or entity has furnished his, her, or its contact information in the claim form or otherwise;[1]

- all individuals or entities who have contacted Siskinds LLP ("**Siskinds**"), Siskinds Desmeules sencrl, Koskie Minsky LLP ("**Koskie Minsky**") or Cohen Milstein Sellers & Toll PLLC ("**Cohen Milstein**") regarding the Class Actions, and to any person or entity who requests a copy of the Settlement Notice, provided that such person or entity has furnished his, her or its contact information to such counsel;

- the current Service List in the CCAA Proceeding, including notice to ACE-INA Insurance Company, Chubb Insurance Company of Canada, Lloyd's of London, and Travelers Guarantee Company of Canada or their counsel;

- brokers and similar parties who purchased or otherwise acquired SFC securities for the benefit of beneficial owners between March 19, 2007 and August 26, 2011. Such brokers and similar parties will be directed to either (i) send the Settlement Notice to all such beneficial owners of SFC securities or (ii) return a list of the names and addresses of such beneficial holders, in which case the Settlement Notice shall be mailed to such holders directly. This notice is intended to be consistent with the notice to

---

[1] This category includes all beneficial holders identified in connection with the notice of the E&Y Settlement and all additional U.S. class members who were identified by the claims administrator during the subsequent E&Y Settlement claims process.

known U.S. investors previously approved by this Court in connection with the E&Y Settlement.

3. The Settlement Notice shall be sent electronically via email to any such person where an email address is reasonably available, including any such person that has provided his, her, or its email address in the E&Y claim form, and by first-class mail, if such email is unavailable and such person has provided his, her or its mailing address on the E&Y claim form or otherwise.

4. In addition, copies of the Settlement Notice, as well as the Minutes of Settlement and pleadings relating to the approval, recognition and enforcement of the Settlement, will also be posted on the websites of Siskinds, Koskie Minsky (in English and French), and Cohen Milstein (in English) and on www.sinosettlement.com (which redirects to Siskinds' website). Notice of the Settlement will also be provided in a press release that will be released nationally to financial wire services in the United States.

5. Service of the Settlement Notice as provided herein is adequate reasonably calculated to reach all of SFC's known creditors and sufficient under the circumstances.

**SO ORDERED.**

Dated: June 20, 2014
   New York, New York

                **/s/Martin Glenn**
                MARTIN GLENN
                United States Bankruptcy Judge

Exhibit B

# SINO-FOREST SECURITIES LITIGATION

# NOTICE OF PROPOSED SETTLEMENT WITH DAVID J. HORSLEY

**TO:** All persons and entities, wherever they may reside, who acquired any securities of Sino-Forest Corporation including securities acquired in the primary, secondary, and over-the-counter markets (the "Securities Claimants").

**READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR LEGAL RIGHTS.
YOU MAY NEED TO TAKE PROMPT ACTION**

**IMPORTANT DEADLINE**

**Objection Deadline** (for those who wish to object or make submissions regarding the proposed settlements with David J. Horsley or recognition and enforcement of any order approving such proposed settlements in the United States. See pages 3 & 4 for more details) **July 17, 2014**

## Background of Sino-Forest Class Action and CCAA Proceeding

In June and July of 2011, class actions were commenced in the Ontario Superior Court of Justice (the "Ontario Proceeding") and the Quebec Superior Court (the "Quebec Proceeding") by certain plaintiffs (the "Canadian Plaintiffs") against Sino-Forest Corporation ("Sino-Forest"), its auditors, its underwriters, a consulting company, and its senior officers and directors, including David J. Horsley ("Horsley"). In January 2012, a proposed class action was commenced by certain plaintiffs (together with Canadian Plaintiffs, the "Plaintiffs") against Sino-Forest and other defendants in the Supreme Court of the State of New York which was removed to and is now pending in the United States District Court for the Southern District of New York (the "U.S. Action") (together with the Ontario Proceeding and the Quebec Proceeding, the "Proceedings"). The Proceedings alleged, *inter alia*, that the public filings of Sino-Forest contained false and misleading statements about Sino-Forest's financial results, assets, business, and transactions.

Since that time, the litigation has been vigorously contested. On March 30, 2012, Sino-Forest obtained creditor protection under the *Companies' Creditors Arrangement Act* (the "CCAA"), and the Ontario Superior Court ordered a stay of proceedings against the company and other parties (the "CCAA Proceeding"). Orders and other materials relevant to the CCAA Proceeding can be found at the CCAA Monitor's website at http://cfcanada.fticonsulting.com/sfc/ (the "Monitor's Website").

On December 10, 2012, the Ontario Superior Court entered an order (the "Plan Sanction Order") approving a Plan of Arrangement in the CCAA Proceeding. As part of the Plan of Arrangement, the court approved a framework by which the Plaintiffs may enter into settlement agreements with any of the third-party defendants to the Proceedings.

On February 4, 2013, a proceeding was commenced in the United States Bankruptcy Court for the Southern District of New York (the "United States Bankruptcy Court") captioned In re Sino Forest Corporation, Case No. 13-10361 (MG) (the "Chapter 15 Proceeding") seeking recognition of the CCAA Proceeding, and the enforcement of the Plan Sanction Order, in the United States. On April 15, 2013, the Bankruptcy Court entered an order granting the requested relief recognizing the CCAA Proceeding and recognizing and enforcing the Plan Sanction Order in the United States.

To date, the claims in the Proceedings against the defendants Ernst & Young and Pöyry (Beijing) Consulting Company Limited have been settled and dismissed.

- 2 -

## Who Acts for the Securities Claimants

Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules, sencrl, and Cohen Milstein Sellers & Toll PLLC (collectively, "Class Counsel") represent the Securities Claimants in the Proceedings. If you want to be represented by another lawyer, you may hire one to appear in court for you at your own expense.

You will not have to directly pay any fees or expenses to Class Counsel. However, Class Counsel will seek to have their fees and expenses paid from any money obtained for the class or paid separately by the defendants.

## Proposed Settlement with David J. Horsley

The Plaintiffs have entered into a proposed settlement with Horsley (the "Settlement Agreement"). The Settlement Agreement would settle, extinguish and bar all claims, globally, against Horsley in relation to Sino-Forest including the allegations in the Proceedings. Horsley does not admit to any wrongdoing or liability. The terms of the proposed settlements do not involve the resolution of any claims against Sino-Forest or any of the other remaining defendants. For an update on CCAA orders affecting Sino-Forest, please see the Monitor's Website. A complete copy of the proposed Settlement Agreement and other information about these Proceedings is available on the website of Koskie Minsky LLP, at www.kmlaw.ca/sinoforestclassaction, on the website of Cohen Milstein Sellers & Toll PLLC at http://www.cohenmilstein.com/cases/274/sino-forest ("Cohen Milstein Website") and on www.sinosettlement.com (collectively, the "Class Action Websites").

The Settlement Agreement, if approved and its conditions fulfilled, provides that CAD$4,200,000 (the "Settlement Amount") shall be paid into an interest bearing account for the benefit of the Securities Claimants until such time that it is distributed pursuant to orders of the Ontario Superior Court. The proposed settlement also provides that Horsley will cooperate and provide information to the Plaintiffs in the Proceedings to aid in the continued prosecution of the claims against the remaining defendants in the Proceedings.

In return, the Proceedings will be dismissed against Horsley, and there will be an order forever barring all claims against him in relation to Sino-Forest, including any allegations relating to the Proceedings. Such order will be final and binding and there will be no ability to pursue a claim against Horsley through an opt-out process under class proceedings or similar legislation.

The proposed settlement with Horsley is subject to court approval, as discussed below.

## Hearing to Approve the Settlement Agreement and Class Counsel Fees on July 24, 2014 in Toronto, Ontario

On July 24, 2014 at 9:00 a.m. (ET), there will be a hearing before the Ontario Superior Court of Justice (the "Ontario Approval Motion") at which Class Counsel will seek that Court's approval of i) the Settlement Agreement; and ii) the fees and expense reimbursement requests of Class Counsel. The hearing will be held at the Canada Life Building, 330 University Avenue, 8th Floor, Toronto, Ontario. The exact courtroom number will be available on a notice board on the 8th Floor.

At the Ontario Approval Motion, the court will determine whether the Settlement Agreement is fair, reasonable, and in the best interests of Securities Claimants. At that hearing, Class Counsel will also seek court approval of its request for fees and expense reimbursements ("Class Counsel Fees"). As is customary in class actions, Class Counsel is prosecuting and will continue to prosecute this class action on a contingent fee basis. Class Counsel is not paid as the matter proceeds, and Class Counsel funds the out-of-pocket expenses of conducting the litigation. Class Counsel will be requesting the following fees and disbursements to be deducted from the Settlement Amount before it is distributed to Securities Claimants:

Siskinds LLP, Koskie Minsky LLP, Siskinds Desmeules, sencrl

    Amount requested: up to $567,000, plus disbursements (expenses), plus taxes

- 3 -

Cohen Milstein Sellers & Toll PLLC

    Amount requested: $84,000, plus disbursements (expenses), plus taxes

If the Ontario Approval Motion is granted, a further notice will be provided to Securities Claimants regarding the time when Class Counsel intends to distribute the net settlement amount (after Class Counsel Fees and other expenses). Any plan for allocating such funds must be approved by the Court after notice to Securities Claimants.

All Securities Claimants may attend the hearing of the Ontario Approval Motion and ask to make submissions regarding the proposed settlement with Horsley.

**Persons intending to object to the approval of the Settlement Agreement or fee and expense application are required to deliver a Notice of Objection, substantially in the form that can be found on the Class Action Websites, and, if this Notice is received by mail or email, enclosed with this Notice (the "Notice of Objection"), to Siskinds LLP by regular mail, courier, or email transmission, to the contact information indicated on the Notice of Objection, so that it is received by <u>no later than 5:00 p.m. on July 17, 2014</u>. Copies of the Notices of Objection sent to Siskinds LLP will be filed with the Ontario Superior Court.**

Concurrent with the hearing of the Ontario Approval Motion, there will be a hearing in the United States Bankruptcy Court for recognition and enforcement of the order, if entered, granting the Ontario Approval Motion and the Settlement Agreement, as discussed below.

<u>**Concurrent Hearing for Recognition and Enforcement on July 24, 2014 in New York, New York**</u>

Among other things, the Settlement Agreement is conditioned on the recognition and enforcement of the order granting the Ontario Approval Motion in the United States. Accordingly, on or before June 27, 2014, United States bankruptcy counsel for the Plaintiffs, Lowenstein Sandler LLP will file a motion (the "Horsley Settlement Recognition Motion") with the United States Bankruptcy Court seeking such relief. Copies of the Horsley Settlement Recognition Motion will be available on the Class Action Websites.

On July 24, 2014, at 9 a.m. (ET), concurrently with the hearing on the Ontario Approval Motion, there will be a hearing on the Horsley Settlement Recognition Motion before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 of the Bankruptcy Court, One Bowling Green, New York, New York. If the Ontario Approval Motion is granted, the Bankruptcy Court will consider whether to recognize and enforce the order granting the Ontario Approval Motion.

**Any objections or responses to the Horsley Settlement Recognition Motion, which will be considered separately by the United States Bankruptcy Court, from any objections made with respect to the Ontario Approval Motion, must be made in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the Bankruptcy Court. In addition, such objection or response must be made in writing describing the basis therefore and filed with the United States Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the United States Bankruptcy Court's electronic case filing system, and by all other parties in interest, on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the Honorable Martin Glenn, United States Bankruptcy Judge, and served upon United States bankruptcy counsel for Horsley at Finn Dixon & Herling LLP, 177 Broad Street Stamford, CT 06901, Attention: Henry P. Baer, Jr. and United States bankruptcy counsel for the Plaintiffs, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, N.Y. 10020, Attention: Michael S. Etkin and Tatiana Ingman, so as to be <u>received</u> by them no later than July 17, 2014 at 5:00 p.m. (ET).**

- 4 -

**Further Information**

If you would like additional information, please contact Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules sencrl, or Cohen Milstein Sellers & Toll PLLC using the information below:

Garth Myers, Jonathan Ptak
Koskie Minsky LLP
20 Queen St. West, Suite 900, Box 52, Toronto, ON, M5H 3R3
Re: Sino-Forest Class Action
Tel: 1.866.474.1739 (within North America)
Tel: 416.595.2158 (outside North America)
Email: sinoforestclassaction@kmlaw.ca

Dimitri Lascaris, Charles Wright
Siskinds LLP
680 Waterloo Street, P.O. Box 2520 London, ON N6A 3V8
Re: Sino-Forest Class Action
Tel: 1.800.461.6166 x 2380 (within North America)
Tel: 519.672.2251 x 2380 (outside North America)
Email: sinoforest@siskinds.com

Simon Hebert
Siskinds Desmeules, sencrl
43 Rue Buade, Bureau 320, Québec City, Québec, G1R 4A2
Re: Sino-Forest Class Action
Tel: 418.694.2009
Email: simon.hebert@siskindsdesmeules.com

Richard Speirs, Genevieve Fontan
Cohen Milstein Sellers & Toll, PLLC
88 Pine Street
New York, NY 10005
Tel. 212.838.7797
Email: lawinfo@cohenmilstein.com

**Interpretation**

If there is a conflict between the provisions of this notice and the Settlement Agreement, the terms of the Settlement Agreement will prevail.

Please do not direct inquiries about this notice to the court. All inquiries should be directed to Class Counsel.

DISTRIBUTION OF THIS NOTICE HAS BEEN AUTHORIZED BY THE ONTARIO SUPERIOR COURT OF JUSTICE

## NOTICE OF OBJECTION

# ONLY USE THIS FORM IF YOU **DO NOT** LIKE THE HORSLEY SETTLEMENT

**TO:** **SISKINDS LLP**
680 Waterloo Street
PO Box 2520
London, ON N6A 3V8

Attention: Nicole Young

Email: sinoforest@siskinds.com

**RE:** **SINO-FOREST CORPORATION — HORSLEY SETTLEMENT**

I, _____ (please check all boxes that apply):
　　　　(insert name)

☐　am a current shareholder of Sino –Forest Corporation
☐　am a former shareholder of Sino –Forest Corporation
☐　am a current noteholder of Sino –Forest Corporation
☐　am a former noteholder of Sino –Forest Corporation
☐　other (please explain)

_____

_____

I acknowledge that pursuant to the order of Mr. Justice Morawetz dated June 6, 2014 (the "Order"), persons wishing to object to the Horsley Settlement are required to complete and deliver this Notice of Objection to Siskinds LLP by mail, courier or email to be received by no later than 5:00 p.m. (Eastern Time) on July 17, 2014.

I hereby give notice that I object to the Horsley Settlement for the following reasons (please attach extra pages if you require more space):

**ONLY SUBMIT AN OBJECTION IF YOU DO NOT LIKE THE HORSLEY SETTLEMENT**

_____

_____

_____

- 2 -

_____
_____
_____
_____
_____
_____
_____
_____
_____

☐    I DO NOT intend to appear at the hearing of the motion to approve the Horsley Settlement, and I understand that my objection will be filed with the court prior to the hearing of the motion at 10:00 a.m. on July 24, 2014, at 330 University Ave., 8th Floor Toronto, Ontario.

☐    I DO intend to appear, in person or by counsel, and to make submissions at the hearing of the motion to approve the Horsley Settlement at 10:00 a.m. on July 24, 2014, at 330 University Ave., 8th Floor Toronto, Ontario.

| **MY ADDRESS FOR SERVICE IS:** | **MY LAWYER'S ADDRESS FOR SERVICE IS (if applicable):** |
|---|---|
| Name: | Name: |
| Address: | Address: |
| Tel.: | Tel.: |
| Fax: | Fax: |
| Email: | Email: |

**Date:** _____    Signature:_____