# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13- 10361 (MG) |
| Debtor in a Foreign Proceeding | |

**ORDER RECOGNIZING AND ENFORCING ORDER OF ONTARIO SUPERIOR COURT APPROVING SETTLEMENT WITH DAVID HORSLEY**

This matter was brought before the Court upon the *Motion to Recognize and Enforce Order of Ontario Superior Court Approving Settlement with David Horsley* (the "**Motion**") of lead plaintiffs (the "**Canadian Class Action Plaintiffs**") in the class action proceedings pending in Canada (the "**Canadian Class Actions**") and lead plaintiffs (the "**U.S. Class Action Plaintiffs**" and, together with the Canadian Class Action Plaintiffs, the "**Class Action Plaintiffs**") in the class action proceeding pending in the United States District Court for the Southern District of New York styled *David Leapard, et al. v. Allen T.Y. Chan*, *et al.,* Case No. 1:12-cv-01726 (AT) (the "**NY Class Action**" and together with the Canadian Class Actions, the "**Class Actions**") seeking the entry of an order recognizing and enforcing the Order (the "**Settlement Order**") of the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Superior Court**") attached hereto as **Exhibit A** approving the settlement (the "**Horsley Settlement**") between the Class Action Plaintiffs and David Horsley in the proceeding (the "**CCAA Proceeding**") of Sino-Forest Corporation ("**SFC**") under *Canada's Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**").

At a hearing held on July 24, 2014, the Court considered and reviewed the Motion and the other pleadings and exhibits submitted in support thereof, including the *Declaration of Michael S. Etkin in Support of Motion to Enforce Order of Ontario Superior Court Approving*

*Settlement with David Horsley* dated June 27, 2014, and the exhibits attached thereto; and upon the record of the hearing on the Motion which was held jointly with the Ontario Superior Court in connection with the approval of the Horsley Settlement through the Settlement Order; and no objections to the Motion having been received by this Court.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Section 1501 of the Bankruptcy Code.

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

    C.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1410 (2) and (3).

    D.    The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to Sections 105(a) and 1507 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting that relief.

    E.    The relief granted herein is not manifestly contrary to the public policy of the United States, as prohibited by Section 1506 of the Bankruptcy Code.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

    1.    The Motion is hereby granted.

    2.    The Settlement Order is hereby recognized and enforced and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to Sections 105(a) and 1507 of the Bankruptcy Code, including, but not limited to, the following provisions of the Settlement Order:

> Paragraph 10. [T]he Horsley Settlement and the Horsley Release are fair and reasonable in all the circumstances and for the purposes of the proceedings under both the CCAA and the *Class Proceedings Act, 1992*.

Paragraph 11. [T]he Horsley Settlement and the Horsley Release be and hereby are approved for all purposes and as contemplated by Section 11.2 of the Plan and paragraph 41 of the Sanction Order and shall be implemented in accordance with their terms, this [Settlement Order], the Plan and the Sanction Order.

Paragraph 12. [The Settlement Order], the Horsley Settlement and the Horsley Release are binding upon each and every Person or entity having a Horsley Claim, including those Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedures*, RRO 1990, Reg. 194 are dispensed.

Paragraph 14. [P]ursuant to the provisions of section 11.2(c) of the Plan, on the Horsley Settlement Date,

      a.     any and all Horsley Claims shall be fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against Horsley in accordance with section 11.2(c) of the Plan;

      b.     the Horsley Release shall be binding according to its terms on any Person;

      c.     section 7.3 of the Plan shall apply to Horsley and the Horsley Claims *mutatis mutandis*;

      d.     none of the parties in the Class Actions (including the Ontario Class Action) or any other actions in which the Horsley Claims have been or could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of Horsley proven at trial or otherwise, as may be agreed, that is subject of the Horsley Settlement ("Horsley's Proportionate Liability");

      d.     all Class Actions, including the Ontario Class Action shall be permanently stayed as against Horsley; and

      e.     the Ontario Class Action shall be dismissed against Horsley.

Paragraph 15. [O]n the Horsley Settlement Date, any and all claims which Horsley may have had against: (i) any other current or former defendant, in the Ontario Class Action, (ii) any other current or former defendant, in any Class Actions in a jurisdiction in which [the Settlement Order] has been recognized by a final order of a court of competent jurisdiction and not subject to further

appeal, (iii) any other current or former defendants' insurers, or any affiliates thereof, or (iv) any other Persons who may claim over against the other current or former defendants, or any affiliate thereof, or the other current or former defendants' insurers, or any affiliate thereat, in respect of contribution, indemnity or other claims over which relate to the allegations made in the Class Actions, are hereby fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished.

Paragraph 16. [N]othing in [the Settlement Order] shall fetter the discretion of any court to determine Horsley's Proportionate Liability at the trial or other disposition of an action (including the Ontario Class Action) for the purposes of paragraph 15 [of the Settlement Order], whether or not Horsley appears at the trial or other disposition and Horsley's Proportionate Liability shall be determined as if Horsley were a party to the action and any determination by a court in respect of Horsley's Proportionate Liability shall only apply in that action or actions to the proportionate liability of the remaining defendants in those proceedings and shall not be binding on Horsley or the Insurers for any purpose whatsoever and shall not constitute a finding against Horsley for any purpose in any other proceeding.

3.   Notice of the Motion was served in accordance with this Court's order dated June 20, 2014. No other or further notice need be provided, and such service shall constitute adequate and sufficient service and notice of the Motion and this Order.

4.   The Motion and the Settlement Order shall be made available upon request at the offices of Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020 to the attention of Michael S. Etkin, (212) 262-6700, metkin@lowenstein.com.

-5-

      5.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**IT IS SO ORDERED.**

**Dated:**    July   , 2014
              New York, New York

                                                _____
                                                MARTIN GLENN
                                                United States Bankruptcy Judge

## **EXHIBIT A**

**Settlement Order**

-6-