**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13- 10361 (MG) |
| Debtor in a Foreign Proceeding | |

## ORDER RECOGNIZING AND ENFORCING ORDER OF ONTARIO SUPERIOR COURT APPROVING SETTLEMENT WITH DAVID HORSLEY

This matter was brought before the Court upon the *Motion to Recognize and Enforce Order of Ontario Superior Court Approving Settlement with David Horsley* (the "**Motion**") of lead plaintiffs (the "**Canadian Class Action Plaintiffs**") in the class action proceedings pending in Canada (the "**Canadian Class Actions**") and lead plaintiffs (the "**U.S. Class Action Plaintiffs**" and, together with the Canadian Class Action Plaintiffs, the "**Class Action Plaintiffs**") in the class action proceeding pending in the United States District Court for the Southern District of New York styled *David Leapard, et al. v. Allen T.Y. Chan*, *et al.,* Case No. 1:12-cv-01726 (AT) (the "**NY Class Action**" and together with the Canadian Class Actions, the "**Class Actions**") seeking the entry of an order recognizing and enforcing the Order (the "**Settlement Order**") of the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Superior Court**") attached hereto as **Exhibit A** approving the settlement (the "**Horsley Settlement**") between the Class Action Plaintiffs and David Horsley in the proceeding (the "**CCAA Proceeding**") of Sino-Forest Corporation ("**SFC**") under *Canada's Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**").

At a hearing held on July 24, 2014, the Court considered and reviewed the Motion and the other pleadings and exhibits submitted in support thereof, including the *Declaration of Michael S. Etkin in Support of Motion to Enforce Order of Ontario Superior Court Approving*

*Settlement with David Horsley* dated June 27, 2014, and the exhibits attached thereto; and upon

the record of the hearing on the Motion which was held jointly with the Ontario Superior Court

in connection with the approval of the Horsley Settlement through the Settlement Order; and no

objections to the Motion having been received by this Court.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND
CONCLUSIONS OF LAW:

        A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and Section 1501 of the Bankruptcy Code.

        B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

        C.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1410 (2) and (3).

        D.      The relief granted herein is necessary and appropriate, in the interests of

the public and international comity, consistent with the public policy of the United States,

warranted pursuant to Sections 105(a) and 1507 of the Bankruptcy Code, and will not cause any

hardship to any party in interest that is not outweighed by the benefits of granting that relief.

        E.      The relief granted herein is not manifestly contrary to the public policy of

the United States, as prohibited by Section 1506 of the Bankruptcy Code.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

        1.      The Motion is hereby granted to the extent provided herein.

        2.      The Settlement Order is hereby recognized and enforced and given full

force and effect in the United States and is binding on all persons subject to this Court's

jurisdiction pursuant to Sections 105(a) and 1507 of the Bankruptcy Code, including, but not

limited to, the following provisions of the Settlement Order:

> Paragraph 10. [T]he Horsley Settlement and the Horsley Release
> are fair and reasonable in all the circumstances and for the
> purposes of the proceedings under both the CCAA and the *Class
> Proceedings Act*, *1992*.

Paragraph 11. [T]he Horsley Settlement and the Horsley Release be and hereby are approved for all purposes and as contemplated by Section 11.2 of the Plan and paragraph 41 of the Sanction Order and shall be implemented in accordance with their terms, this [Settlement Order], the Plan and the Sanction Order.

Paragraph 12. [The Settlement Order], the Horsley Settlement and the Horsley Release are binding upon each and every Person or entity having a Horsley Claim, including those Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedures*, RRO 1990, Reg. 194 are dispensed.

Paragraph 14.  [P]ursuant to the provisions of section 11.2(c) of the Plan, on the Horsley Settlement Date,

    a.    any and all Horsley Claims shall be fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against Horsley in accordance with section 11.2(c) of the Plan;

    b.    the Horsley Release shall be binding according to its terms on any Person;

    c.    section 7.3 of the Plan shall apply to Horsley and the Horsley Claims *mutatis mutandis*;

    d.    none of the parties in the Class Actions (including the Ontario Class Action) or any other actions in which the Horsley Claims have been or could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of Horsley proven at trial or otherwise, as may be agreed, that is subject of the Horsley Settlement ("Horsley's Proportionate Liability");

    d.    all Class Actions, including the Ontario Class Action shall be permanently stayed as against Horsley; and

    e.    the Ontario Class Action shall be dismissed against Horsley.

Paragraph 15. [O]n the Horsley Settlement Date, any and all claims which Horsley may have had against: (i) any other current or former defendant, in the Ontario Class Action, (ii) any other current or former defendant, in any Class Actions in a jurisdiction in which [the Settlement Order] has been recognized by a final order of a court of competent jurisdiction and not subject to further

appeal, (iii) any other current or former defendants' insurers, or any affiliates thereof, or (iv) any other Persons who may claim over against the other current or former defendants, or any affiliate thereof, or the other current or former defendants' insurers, or any affiliate thereat, in respect of contribution, indemnity or other claims over which relate to the allegations made in the Class Actions, are hereby fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished.

Paragraph 16. [N]othing in [the Settlement Order] shall fetter the discretion of any court to determine Horsley's Proportionate Liability at the trial or other disposition of an action (including the Ontario Class Action) for the purposes of paragraph 15 [of the Settlement Order], whether or not Horsley appears at the trial or other disposition and Horsley's Proportionate Liability shall be determined as if Horsley were a party to the action and any determination by a court in respect of Horsley's Proportionate Liability shall only apply in that action or actions to the proportionate liability of the remaining defendants in those proceedings and shall not be binding on Horsley or the Insurers for any purpose whatsoever and shall not constitute a finding against Horsley for any purpose in any other proceeding.

3.    Notice of the Motion was served in accordance with this Court's order dated June 20, 2014.  No other or further notice need be provided, and such service shall constitute adequate and sufficient service and notice of the Motion and this Order.

4.    The Motion and the Settlement Order shall be made available upon request at the offices of Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020 to the attention of Michael S. Etkin, (212) 262-6700, metkin@lowenstein.com.

5.      This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**IT IS SO ORDERED.**

Dated:      July 25, 2014
            New York, New York

                                        _____/s/Martin Glenn_____
                                        MARTIN GLENN
                                    United States Bankruptcy Judge

# EXHIBIT A

**Settlement Order**

Court File No.: CV-12-9667-00CL

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

THE HONOURABLE REGIONAL                    THURSDAY, THE 24th

SENIOR MR. JUSTICE MORAWETZ              DAY OF JULY, 2014

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985,
c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**

B E T W E E N :

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN
CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO,
SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG

Plaintiffs

- and -

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known
as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT
POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E.
HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, PÖYRY
(BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES
(CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC
DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC.,
MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON
PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL
LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of
America Securities LLC)

Defendants

Proceeding under the *Class Proceedings Act, 1992*

## ORDER

**THIS MOTION**, made by the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation ("Sino-Forest" or the "Applicant") in the Ontario Superior Court of Justice, bearing (Toronto) Court File No, CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Ontario Class Action", respectively) in their own and proposed representative capacities, for an order giving effect to the Horsley Release and the Horsley Settlement, and as provided for in section 11.2 of the Plan of Compromise and Reorganization of the Applicant under the Companies' Creditors Arrangement Act ("CCAA") dated December 3, 2012 (the "Plan"), such Plan having been approved by this Honourable Court by Order dated December 10, 2012 (the "Sanction Order"), was heard on July 24, 2014, at the Court House, 393 University Avenue, Toronto, Ontario;

**WHEREAS** the Ontario Plaintiffs, the US Class Action plaintiffs, David J. Horsley ("Horsley") and the Litigation Trust entered into Minutes of Settlement dated March 10, 2014;

**AND WHEREAS** this Honourable Court issued the Sanction Order approving the Plan containing the framework and providing for the implementation of a Named Third Party Defendant Settlement and a Named Third Party Defendant Release pursuant to Section 11.2 of the Plan;

**AND WHEREAS** the Ontario Plaintiffs and Horsley wish to effect a settlement pursuant to section 11.2 of the Plan;

**AND WHEREAS** Enforcement Staff of the Ontario Securities Commission ("OSC") has commenced proceedings against Horsley regarding his conduct and involvement with Sino-Forest Corporation, including allegations made against Horsley in its Notice of Hearing and Statement of Allegations (the "OSC Proceedings");

**AND WHEREAS** any settlement agreement between the Ontario Plaintiffs and Horsley is conditional upon approval by the OSC of a settlement of the OSC Proceedings between Horsley and OSC Enforcement Staff, including, among other things, a permanent ban on Horsley from acting as a director or officer of a public issuer of securities;

**AND WHEREAS** this Honourable Court approved the form of notice to Securities Claimants and others of this Motion, and the plan for distribution of such notice to Securities Claimants and others potentially affected by the relief sought therein (the "Notice Program") by Order dated June 5, 2014 (the "Notice Order");

**AND ON READING** the materials filed and on hearing the submissions of counsel;

**Notice and Definitions**

1.    **THIS COURT ORDERS** that capitalized terms not otherwise defined in this order shall have the meanings attributed to those terms in **Appendix "A"**.

2.    **THIS COURT FINDS** that all applicable parties have adhered to and acted in accordance with the Notice Order and that the procedures provided in the Notice Order have provided good and sufficient notice of the hearing of this Motion, and that all Persons shall be and are hereby forever barred from objecting to the Horsley Settlement and the Horsley Release.

**Representation**

3.    **THIS COURT ORDERS** that the Ontario Plaintiffs are hereby recognized and appointed as representatives on behalf of the Securities Claimants in these insolvency proceedings in respect of the Applicant (the "CCAA Proceedings") and in the Ontario Class Action, including for the purposes of and as contemplated by section 11.2 of the Plan, and more particularly the Horsley Settlement and Horsley Release.

4.    **THIS COURT ORDERS** that Koskie Minsky LLP, Siskinds LLP and Paliare Roland Rosenberg Rothstein LLP are hereby recognized and appointed as counsel for the Securities Claimants for all purposes in these proceedings and as contemplated by section 11.2 of the Plan, and more particularly the Horsley Settlement and Horsley Release ("CCAA Representative Counsel").

5.    **THIS COURT ORDERS** that the steps taken by CCAA Representative Counsel pursuant to the Orders of this Court dated May 8, 2012 (the "Claims Procedure Order") and July 25, 2012 (the "Mediation Order") are hereby approved, authorized and validated as of the date thereof and that CCAA Representative Counsel is and was authorized to negotiate and support

the Plan on behalf of the Securities Claimants, to negotiate the Horsley Settlement, to bring this motion before this Honourable Court to approve the Horsley Settlement and the Horsley Release and to take any other necessary steps to effectuate and implement the Horsley Settlement and the Horsley Release, including bringing this Motion and any other necessary motion before the court, and as contemplated by section 11.2 of the Plan.

**Compliance with Section 11.2 of the Plan**

6.      **THIS COURT ORDERS** that Horsley is a Named Third Party Defendant pursuant to the Plan.

7.      **THIS COURT ORDERS** that this Order (the "Horsley Settlement Order") is a Named Third Party Defendant Settlement Order for the purpose of and as contemplated by Section 11.2 of the Plan.

8.      **THIS COURT ORDERS** that the Horsley Settlement is a Named Third Party Defendant Settlement for the purpose of and as contemplated by Section 11.2 of the Plan.

9.      **THIS COURT ORDERS** that the Horsley Release is a Named Third Party Defendant Release for the purpose of and as contemplated by Section 11.2 of the Plan.

**Approval of the Settlement & Release**

10.      **THIS COURT ORDERS** that the Horsley Settlement and the Horsley Release are fair and reasonable in all the circumstances and for the purposes of the proceedings under both the CCAA and the *Class Proceedings Act, 1992*.

11.      **THIS COURT ORDERS** that the Horsley Settlement and the Horsley Release be and hereby are approved for all purposes and as contemplated by section 11.2 of the Plan and paragraph 41 of the Sanction Order and shall be implemented in accordance with their terms, this Order, the Plan and the Sanction Order.

12.      **THIS COURT ORDERS** that this Order, the Horsley Settlement and the Horsley Release are binding upon each and every Person or entity having a Horsley Claim, including those Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedures,* RRO 1990, Reg. 194 are dispensed.

**Release and Discharge**

13.    **THIS COURT ORDERS** that upon satisfaction of all the conditions specified in section 11.2(b) of the Plan, the Monitor shall deliver to Horsley the Monitor's Horsley Settlement Certificate substantially in the form attached hereto as **Appendix "B"**. The Monitor shall thereafter file the Monitor's Horsley Settlement Certificate with the Court.

14.    **THIS COURT ORDERS** that pursuant to the provisions of section 11.2(c) of the Plan, on the Horsley Settlement Date.

(a)    any and all Horsley Claims shall be fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against Horsley in accordance with section 11.2(c) of the Plan;

(b)    the Horsley Release shall be binding according to its terms on any Person;

(c)    section 7.3 of the Plan shall apply to Horsley and the Horsley Claims *mutatis mutandis;*

(d)    none of the parties in the Class Actions (including the Ontario Class Action) or any other actions in which the Horsley Claims have been or could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of Horsley proven at trial or otherwise as may be agreed, that is subject of the Horsley Settlement ("Horsley's Proportionate Liability");

(e)    all Class Actions, including the Ontario Class Action shall be permanently stayed as against Horsley; and

(f)    the Ontario Class Action shall be dismissed against Horsley.

15.    **THIS COURT ORDERS** that on the Horsley Settlement Date, any and all claims which Horsley may have had against: (i) any other current or former defendant, in the Ontario Class Action, (ii) any other current or former defendant, in any Class Actions in a jurisdiction in which this order has been recognized by a final order of a court of competent jurisdiction and not subject to further appeal, (iii) any other current or former defendants' insurers, or any affiliates thereof, or (iv) any other Persons who may claim over against the other current or former

defendants, or any affiliate thereof, or the other current or former defendants' insurers, or any affiliate thereat in respect of contribution, indemnity or other claims over which relate to the allegations made in the Class Actions, are hereby fully, finally, irrevocably and forever compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished.

16.    **THIS COURT ORDERS** that nothing in this order shall fetter the discretion of any court to determine Horsley's Proportionate Liability at the trial or other disposition of an action (including the Ontario Class Action) for the purposes of paragraph 15 above, whether or not Horsley appears at the trial or other disposition and Horsley's Proportionate Liability shall be determined as if Horsley were a party to the action and any determination by a court in respect of Horsley's Proportionate Liability shall only apply in that action or actions to the proportionate liability of the remaining defendants in those proceedings and shall not be binding on Horsley or the Insurers for any purpose whatsoever and shall not constitute a finding against Horsley for any purpose in any other proceeding.

17.    **THIS COURT ORDERS** that, notwithstanding the first sentence of paragraph 22 of the Horsley Settlement, within thirty (30) days of the Effective Date, or at a time mutually agreed upon by Horsley and the Class Action Plaintiffs, Horsley shall attend for an interview by counsel to the Class Action Plaintiffs for a maximum of two (2) days each consisting of eight (8) hours of interview time. The remaining sentences of paragraph 22 of the Horsley Settlement remain in full force and effect.

18.    **THIS COURT ORDERS** that, after all appeals or times to appeal from this Order have been exhausted, the remaining defendants to the Ontario Class Action (the "Remaining Defendants") are entitled to the following:

(a)    Production of the Documents that Horsley has agreed to preserve and produce to the Class Action Plaintiffs and the Litigation Trust pursuant to the terms of the Horsley Settlement, which production shall occur either at the same time that production is made to the Class Action Plaintiffs and the Litigation Trust or such other date as may be agreed upon by the parties or ordered by the Court in the Ontario Class Action;

(b)     A total of two (2), eight hour days of oral discovery of Horsley within the Ontario Class Action in accordance with the *Rules of Civil Procedure*, and such other and further days of oral discovery as may be agreed to by Horsley or ordered by the judge presiding over the Ontario Class Action. Any days of oral discovery in addition to two days shall be on such terms as may be agreed or that the Court considers to be just, including terms requiring one or more of the Remaining Defendants to pay some or all of Horsley's costs of attending on such further days of oral discovery;

(c)     The right to access and use the discovery evidence from any documentary or oral discovery of Horsley that is obtained pursuant to paragraphs 18(a) and (b) hereof in any other proceedings in which the Horsley Claims have been or could have been asserted or in which a Remaining Defendant may assert that Horsley's conduct or the evidence obtained from Horsley pursuant to paragraphs 18(a) and (b) hereof diminishes or eliminates the liability of that Remaining Defendant, notwithstanding the Deemed Undertaking Rule (Rule 30.1 of the *Rules of Civil Procedure*) or any other statutory or common law impediments to the use of such evidence;

(d)     The right, subject to the applicable *Rules of Civil Procedure* and the discretion of the presiding trial judge or other adjudicator in any such proceedings, to read into evidence at trial the transcripts from Horsley's examination for discovery as part of the Remaining Defendants' respective cases against the Plaintiffs, including relating to any proportionate share of the liability that Horsley is argued or alleged to have for any damages or other relief claimed by the Plaintiffs or other claimants;

(e)     Leave to serve a request to admit on Horsley in respect of documents and/or any factual matters in accordance with the *Rules of Civil Procedure*;

(f)     The right to secure Horsley's attendance at trial as a witness in accordance with the *Rules of Civil Procedure*, to be subject to cross-examination by counsel for one or more of the Remaining Defendants; and

(g)     Leave to serve *Evidence Act* notices on Horsley.

19.    **THIS COURT ORDERS THAT** service on Horsley of any notices of examination, requests to inspect or admit, *Evidence Act* notices and summons referred to in paragraph 18 of this Order may be served on Peter Wardle or Simon Bieber of Wardle Daley Bernstein Bieber LLP, counsel for Horsley in respect of the Class Actions, or such other counsel Horsley may notify counsel for the Remaining Defendants in advance, and that such service shall be deemed to be sufficient service under the *Rules of Civil Procedure*.

20.    **THIS COURT ORDERS** that Horsley shall appear as a witness for the plaintiffs (if requested to do so) and give evidence at the trial if any, of the Ontario Class Action. Horsley shall not seek reimbursement from the Insurers for any fees or expenses associated with this testimony.

**Effect of Settlement on Insurers**

21.    **THIS COURT ORDERS AND DECLARES** that any amounts paid by Chubb Insurance Company of Canada ("Chubb") and/or Lloyd's Underwriters towards the Horsley Settlement are fair and reasonable in all the circumstances and for all purposes.

22.    **THIS COURT ORDERS AND DECLARES** that the payment by Chubb and/or Lloyd's Underwriters pursuant to the Horsley Settlement does not violate the interests of any party to the Class Actions, or any other party who might have a claim against any person or entity potentially covered under the Insurance Policies.

23.    **THIS COURT ORDERS AND DECLARES** that, without prejudice to the Insurers' coverage position(s) in relation to the Litigation Trust Action and their obligations, if any, to any other defendant to the Litigation Trust Action (or to any other action which has been or may be instituted by the Litigation Trust) who is potentially covered under the Sino-Forest Policies, which rights are and shall remain fully reserved, all amounts paid by Chubb and/or Lloyd's Underwriters towards the Horsley Settlement shall constitute covered Loss (as defined in the Insurance Policies).

24.    **THIS COURT ORDERS AND DECLARES** that Chubb's (and / or Lloyd's Underwriters') contribution to the Horsley Settlement shall, to the extent of the amount paid, and any other amounts paid by Chubb and, before it, by ACE INA Insurance ("ACE"), on Horsley's

behalf for defence of all Claims (as defined in the Insurance Policies) against him, reduce the Limits of Liability under the Chubb Policy and the ACE Policy for all purposes, regardless of any subsequent finding by any court, tribunal, administrative body or arbitrator, in any proceeding or action, that Horsley engaged in conduct that may have triggered any exclusion, term or condition of the Chubb Policy or the ACE Policy so as to disentitle Horsley to coverage under the Chubb Policy or the ACE Policy.

25.    **THIS COURT ORDERS AND DECLARES** that Chubb's contribution to the Horsley Settlement is without prejudice to the coverage positions taken by it, or any of the Insurers, in relation to the Class Actions and to any other matter or Claim (as defined in the Insurance Policies) as previously advised to Sino-Forest and its directors and officers by each of the Insurers and to all rights previously reserved by the Insurers.

26.    **THIS COURT ORDERS AND DECLARES** that the Insurers whose policies afford coverage excess to that afforded by the ACE Policy and the Chubb Policy may assert any defence to any claim for coverage, by any Insured, that is not:

   (i)  inconsistent with the findings of the Court or with the Horsley Settlement Order, or

   (ii)  based upon the ground that ACE and Chubb have not exhausted their respective Limits of Liability under the ACE Policy and the Chubb Policy.

27.    **THIS COURT ORDERS AND DECLARES** that ACE and Chubb, in respect of the coverage afforded under Endorsements No. 16 and 2 to the ACE Policy and the Chubb Policy, respectively, may assert any defence to any claim for coverage, by any Insured, that is not inconsistent with the findings of the Court or with the Horsley Settlement Order.

28.    **THIS COURT ORDERS AND DECLARES** that save and except for ACE's obligations under Endorsement No. 16 to the ACE Policy, ACE shall be released from any and all claims against it under or in relation to the ACE Policy, including claims relating to or arising from the Class Actions, all commitments in relation to and/or payments made under the ACE Policy and for reimbursement of defence costs incurred by any person or entity potentially covered by or under the ACE Policy.

29.    **THIS COURT ORDERS AND DECLARES** that save and except for Chubb's obligations under Endorsement No. 2 to the Chubb Policy, to the extent of any payment made by Chubb to the date of this Order, including any and all payments in relation to the Horsley Settlement, Chubb shall be released from any and all claims against it under or in relation to the Chubb Policy, including claims relating to or arising from the Class Actions, all commitments in relation to and/or payments made under the Chubb Policy and for reimbursement of defence costs incurred by any person or entity potentially covered by or under the Chubb Policy.

30.    **THIS COURT ORDERS AND DECLARES** that all persons and entities provided with notice of this Motion shall be bound by the declarations made in, and the terms of, this Horsley Settlement Order.

31.    **THIS COURT ORDERS AND DECLARES** that payment by Chubb and/or Lloyd's Underwriters pursuant to the Horsley Settlement constitutes "Loss" under the Insurance Policies, which has depleted the insurance limits for all purposes, regardless of whether (in the event that criminal charges are laid against Horsley in the future) any finding is made that Horsley acted dishonestly.

32.    **THIS COURT ORDERS** that, subject to paragraph 2.4 of the Plan and paragraphs 28 and 29, nothing in the Horsley Settlement shall prejudice the continued claims by the plaintiffs in the Ontario Class Action, Quebec Class Action, and the US Class Action against the Insurance Policies with respect to the conduct of Sino-Forest or other persons or entities insured by the Insurers.

33.    **THIS COURT ORDERS** that the cooperation of Horsley with the plaintiffs in the Ontario Class Action, Quebec Class Action, and the US Class Action pursuant to the Horsley Settlement shall not prejudice or otherwise affect the coverage that would otherwise be provided under the Insurance Policies with respect to the conduct of Sino-Forest or other persons or entities insured by the Insurers.

- 11 -

**Use of the Settlement Fund**

34.    **THIS COURT ORDERS** that, save and except for the payment of legal fees, disbursements, administrative expenses and taxes approved by this Court, the Class Settlement Fund shall be held by the Ontario Plaintiffs in the Settlement Trust until such later date that the Ontario Plaintiffs have a Plan of Allocation approved by this Court whereby those funds will be distributed to Securities Claimants. Any process for allocation and distribution will be established by CCAA Representative Counsel together with U.S. Class Action plaintiffs' counsel and approved by further order of this Court (the "Claims and Distribution Protocol").

35.    **THIS COURT ORDERS** that notwithstanding paragraph 34 above, the following Securities Claimants shall not be entitled to any allocation or distribution of the Class Settlement Fund: any Person or entity that is a named defendant to any of the Class Actions, their past and present subsidiaries, affiliates, officers, directors, senior employees, partners, legal representatives, heirs, predecessors, successors and assigns, and any individual who is a member of the immediate family of the following Persons: Allen T.Y. Chan a.k.a. Talc Yuen Chan, W. Judson Martin, Kai Kit Poon, David J. Horsley, William E. Ardell, James P. Boland, James M.E. Hyde, Edmund Mak, Simon Murray, Peter Wang, Garry J. West, Albert Ip, Alfred C.T. Hung, George Ho and Simon Yeung. For greater certainty, the Horsley Release shall apply to the Securities Claimants described above, other than Horsley.

**Recognition, Enforcement and Further Assistance**

36.    **THIS COURT ORDERS** that this Court shall retain an ongoing supervisory role for the purposes of implementing, administering and enforcing the Horsley Settlement and the Horsley Release and matters related to the Settlement Trust including any disputes about the allocation of the Class Settlement Fund from the Settlement Trust. Any disputes arising with respect to the performance or effect of, or any other aspect of, the Horsley Settlement and the Horsley Release shall be determined by this Court, and that, except with leave of this Court first obtained, no Person or party shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of the Horsley Settlement and Horsley Release.

- 12 -

37.     **THIS COURT ORDERS** that each of the Applicant, the Monitor, CCAA Representative Counsel and Horsley shall be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this order, or any further order as may be contemplated by Section 11.2 of the Plan or be otherwise required, and for assistance in carrying out the terms of such orders. Any actions previously taken in accordance with this paragraph 37 are hereby ratified by this Court.

38.     **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or the United States or elsewhere, to give effect to this order and to assist the Applicant, the Monitor, the CCAA Representative Counsel and Horsley and their respective agents in carrying out the terms of this order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicant, the Monitor, the CCAA Representative Counsel and Horsley as may be necessary or desirable to give effect to this order, to grant representative status to the Applicant, the Monitor, the CCAA Representative Counsel and Horsley in any foreign proceeding, or to assist the Applicant, the Monitor, the CCAA Representative Counsel and Horsley and their respective agents in carrying out the terms of this order.

_____
Morawetz

APPENDIX "A"

<u>Definitions of capitalized terms used in this Order</u>

**"Ace Policy"** means the insurance policy issued by ACE INA Insurance — Policy Number D0024464;

**"Causes of Action"** has the meaning ascribed to it in the Plan

**"CCAA"** means the *Companies' Creditors Arrangement Act,* RSC, 1985, c. C-36

**"Chubb Policy"** means the insurance policy issued by Chubb Insurance Company of Canada — Policy Number 8209-4449;

**"Class Actions"** has the meaning ascribed to it in the Plan

**"Eligible Third Party Defendant"** has the meaning ascribed to it in the Plan

**"Horsley"** means David Horsley

**"Horsley Claims"** means any and all demands, claims, actions, Causes of Action (as defined in the Plan), counterclaims, cross claims, suits, debts, sums of money, accounts, covenants, damages, judgments, orders, including injunctive relief or specific performance and compliance orders, expenses, executions, Encumbrances (as defined in the Plan), and other amounts sought to be recovered on account of any claim, indebtedness, liability, obligation, demand or cause of action of whatever nature that any Person (as defined in the Plan), including any Person (as defined in the Plan) who may have a claim for contribution and/or indemnity against or from them, and including without limitation, all present and former officers or Directors of Sino-Forest, Newco (as defined in the Plan), Newco II (as defined in the Plan), Ernst & Young (as defined in the Plan), BDO Ltd., the Underwriters (as defined in the Plan), Poyry (Beijing) Consulting Company Limited (and its affiliates), the Noteholders (as defined in the Plan), any past, present or future holder of any direct or indirect equity interest in the SFC Companies (as defined in the Plan), any past, present or future direct or indirect security holder of the SFC Companies (as defined in the Plan), any indirect or direct security holder of Newco (as defined in the Plan) or Newco II (as defined in the Plan), the Trustees (as defined in the Plan), the Transfer Agent (as defined in the Plan), the Monitor (as defined in the Plan), and each and every present and former affiliate, partner, director, officer, associate, employee, servant, agent, contractor, insurer, heir and/or assign of each of the foregoing who may or could (at any time, past, present or future) be entitled to assert against Horsley, his family, heirs or assigns, whether known or unknown, matured or unmatured, direct or derivative, foreseen or unforeseen, suspected or unsuspected, contingent, existing or hereafter arising, based on whole or in 'part on any act or omission, transaction, conduct, dealing or other occurrence existing or taking place on, prior to or after the date of this Release, relating to or arising out of or in connection with the SFC Companies (as defined by the Plan), the SFC Business (as defined by the Plan), Horsley's conduct or performance as a director or officer of Sino-Forest, Horsley's trading of shares in relation to Sino-Forest, Horsley's compensation from Sino-Forest, and any and all other acts and omissions of Horsley relating to the SFC Companies (as defined by the Plan) or the SFC Business (as defined by the Plan), including without limitation any claim arising out of:

1.   Horsley's conduct as a director or officer of Sino-Forest, including but not limited to his conduct as the Chief Financial Officer of Sino-Forest, any statutory or common law duties he may have owed as a director or officer of Sino-Forest, any share offering, debt offering or other offering of securities, any statement in any of Sino-Forest's public disclosure or other oral statement relating to Sino-Forest, including without limitation any document released to the public or filed on SEDAR;

2.   All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in any or all of the Class Actions (as defined by the Plan), including any and all claims of fraud;

3.   All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in any or all actions commenced in all jurisdictions as of the date of this Release;

4.   All Noteholder Claims (as defined by the Plan), Litigation Trust Claims (as defined by the Plan), or any claim by or on behalf of the SFC Companies (as defined by the Plan);

5.   All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced by BDO Ltd,(and its affiliates), Ernst & Young (as defined by the Plan), the Underwriters (as defined by the Plan), Poyry (Beijing) Consulting Company Limited (and its affiliates), all present and former directors, officers or employees of Sino-Forest, Aird & Berlis LLP, and any and all consultants or counsel to Sino-Forest or its Independent Committee for contribution, indemnity, damages, equitable relief or other monetary recovery;

6.   All claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in Court File No, CV-13-481761,

For greater certainty, Horsley Claims do not include any proceeding commenced or remedy sought by the Ontario Securities Commission or the Attorney General,

**"Class Settlement Fund"** has the meaning ascribed to it in the Horsley Settlement

**"Horsley Release"** means the Named Third Party Defendant Release described at section 11.2(c) of the Plan as applied to the Horsley Claims

**"Horsley Settlement"** means the settlement as reflected in the Minutes of Settlement executed on •, between Horsley and the plaintiffs in Ontario Superior Court Action No, CV-11-431153-00CP, Quebec Superior Court No. 200-06-000132-111, and United States New York Southern District Court, Case Number 1:12-cv-01726 (AT) and the Litigation Trust

**"Horsley Settlement Date"** means the date that the Monitor's Horsley Settlement Certificate is delivered to Horsley.

**"Insurance Policies"** has the meaning ascribed to it in the Plan

**"Insurers"** means each of the entities who issued the Insurance Policies

**"Litigation Trust"** means Cosimo Borrelli, in his capacity as the trustee for the SFC Litigation Trust, and the SFC Litigation Trust

**"The Litigation Trust Action"** means the action bearing Court File No. CV-13-481761

**"Monitor's Horsley Settlement Certificate"** is the Monitor's Named Third Party Certificate contemplated at section 11.2(b) of the Plan, applicable and with respect to the Horsley Settlement

**"Monitor's Named Third Party Settlement Certificate"** has the meaning ascribed to it in the Plan

**"Named Third Party Defendant"** has the meaning ascribed to it in the Plan

**"Named Third Party Defendant Settlement"** has the meaning ascribed to it in the Plan

**"Named Third Party Defendant Settlement Order"** has the meaning ascribed to it in the Plan

**"Named Third Party Defendant Release"** has the meaning ascribed to it in the Plan

**"Person"** has the meaning ascribed to it in the Plan

**"Quebec Class Action"** means the action styled *Guining Liu v Sino-Forest Corporation, et al*, Province of Quebec Superior Court, File No. 200-06-000132-11

**"Securities"** means common shares, notes or other securities defined in the Securities Act, RSO 1990, c. S.5, as amended

**"Securities Claimants"** means all Person and entities, wherever they may reside, who acquired any Securities of Sino-Forest Corporation including Securities acquired in the primary, secondary, and over-the-counter markets.

**"Settlement Trust"** has the meaning ascribed to it in the Horsley Settlement

**"US Class Action"** means the action styled *David Leapard, et al v. Allen TY Chan, et al.*, United States New York Southern District Court, Case Number 1:12-cv-01726 (AT)

- 16 -

APPENDIX "B"
MONITOR'S HORSLEY SETTLEMENT CERTIFICATE

Court File No.: CV-12-9667-00CL

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985,
c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**

B E T W E E N:

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN
CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO,
SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG

Plaintiffs

- and -

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known
as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT
POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E.
HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, PÖYRY
(BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES
(CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC
DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC.,
MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON
PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL
LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of
America Securities LLC)

Defendants

- 17 -

All capitalized, terms not otherwise defined herein shall have the meanings ascribed to them in the Order of the Court dated ■ (the "Horsley Settlement Approval Order") which, among other things, approved the Horsley Settlement and Horsley Release.

Pursuant to section 11.2 of the Plan and paragraph ■ of the Horsley Settlement Approval Order, FTI Consulting Canada Inc. (the "Monitor") in its capacity as Court-appointed Monitor of SFC delivers to Horsley this certificate and hereby certifies that:

1. Each of the parties to the Horsley Settlement has confirmed that all conditions precedent thereto have been satisfied or waived;

2. All settlement funds have been paid and received; and

3. Immediately upon the delivery of this Monitor's Horsley Settlement Certificate, the Horsley Release will be in full force and effect in accordance with the Plan.

DATED at Toronto this   day of _____, 2014

**FTI CONSULTING CANADA INC.**, solely in its capacity as Monitor of Sino-Forest Corporation and not in its personal capacity

_____
Name: Title:

Court File No: CV-12-9667-00CL

Court File No. CV-11-431153-00CP

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED
AND IN THE MATTER OF A PLAN OF COMPROMISE AND ARRANGEMENT OF SINO-FOREST
CORPORATION

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF    SINO-FOREST CORPORATION, et al.
CENTRAL AND EASTERN CANADA. et al.

Plaintiffs                                          Defendants

*ONTARIO*
SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST

Proceeding commenced at Toronto

Proceeding under the *Class Proceedings Act, 1992*

ORDER

**KOSKIE MINSKY LLP**
900-20 Queen Street West, Box 52
Toronto ON  M5H 3R3

Kirk M. Baert (LSUC No. 30942O)
Jonathan Ptak (LSUC No. 45773F)
Tel: 416-595-2117 / Fax: 416-204-2889

**SISKINDS LLP**
680 Waterloo Street, P.O. Box 2520
London ON  N6A 3V8

A. Dimitri Lascaris (LSUC No. 50074A)
Tel: 519-660-7844 / Fax: 519-660-7845

**PALIARE ROLAND ROSENBERG
ROTHSTEIN LLP**
250 University Avenue, Suite 501
Toronto, ON  M5H 3E5

Ken Rosenberg (LSUC No. 21102H)
Massimo Starnino (LSUC No. 41048G)
Tel: 416-646-4300 / Fax: 416-646-4301

Lawyers for the plaintiffs and CCAA
Representative Counsel