Hearing Date: March 11, 2015 at 3:00 p.m. (Eastern Time)
Objection Deadline: March 4, 2015 at 4:00 p.m. (Eastern Time)

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin
Andrew Behlmann
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

*United States Bankruptcy Counsel for the Class Action Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13-10361 (MG) |
| Debtor in a Foreign Proceeding. | |

**MOTION TO APPROVE MANNER OF SERVICE OF NOTICE OF MOTION SEEKING RECOGNITION AND ENFORCEMENT OF THE ORDER OF THE ONTARIO SUPERIOR COURT APPROVING DEALERS SETTLEMENT**

Lead plaintiffs (the "Canadian Class Action Plaintiffs") in the class action proceedings pending in the Ontario Superior Court of Justice (the "Ontario Superior Court") under Court File No. CV-11-431153-00CP (the "Canadian Class Action") and lead plaintiffs (the "U.S. Class Action Plaintiffs" and together with the Canadian Class Action Plaintiffs, the "Class Action Plaintiffs") in the class action proceeding pending in the United States District Court for the Southern District of New York styled as *David Leapard, et al. v. Allen T.Y. Chan, et al.,* Case No. 1:12-cv-01726 (AT) (the "U.S. Class Action" and together with the Canadian Class Action, the "Class Actions") hereby submit this motion (the "Motion") seeking the entry of an order substantially in the form annexed hereto as Exhibit A (the "Proposed Order") approving the manner of notice of the Class Action Plaintiffs' motion (the "Settlement Recognition Motion")[1]

---

[1] The Settlement Recognition Motion will be filed well in advance of the currently scheduled hearing on June 9, 2015, consistent with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court.

seeking recognition and enforcement of an order (the "Settlement Order"), when and if entered by the Ontario Superior Court, approving the settlement (the "Dealers Settlement") between the Class Action Plaintiffs and Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC) (collectively, the "Dealers") in the proceeding of Sino-Forest Corporation ("SFC") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending in the Ontario Superior Court under Court File No. CV-12-9667-00CL (the "CCAA Proceeding"). In support of this Motion, the Class Action Plaintiffs respectfully state as follows:

## PRELIMINARY STATEMENT

By this Motion, the Class Action Plaintiffs seek the entry of an order approving the manner of service of the notice of the Settlement Recognition Motion upon affected parties in the United States, primarily the investors who purchased directly from the Dealers and otherwise the SFC securities that are the subject of the U.S. Class Action. The Notice Program (as defined below) is designed to give notice of the Settlement Recognition Motion to all known affected parties in the United States in a comprehensive and cost-efficient manner. The Class Action Plaintiffs believe that notice in accordance with the Notice Program, which the Ontario Superior Court has approved (see ¶ 11 below), constitutes adequate and sufficient notice of the hearing on and the relief requested in the Settlement Recognition Motion.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the "Amended Standing Order of Reference Re: Title 11" of the United States District Court for the Southern District of New York (Preska, C.J.) dated January 31, 2012, and section 1501 of title 11 of the United States Code (the "Bankruptcy Code"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. §§ 1410(2) and (3).

2. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On March 30, 2012, SFC commenced the CCAA Proceeding to obtain protection from its creditors under the CCAA.

4. On December 10, 2012, the Ontario Superior Court entered an order (the "Plan Sanction Order") approving SFC's plan of compromise and reorganization dated December 3, 2012 (the "Plan").

5. On February 4, 2013 (the "Petition Date"), the Monitor in the CCAA Proceeding, as foreign representative, filed a *Verified Petition for Recognition of Foreign Proceeding and Related Relief* [D.I. 2] under chapter 15 of the Bankruptcy Code, seeking recognition of the CCAA Proceeding in this Court.

6. On April 15, 2013, this Court entered an order [D.I. 18] recognizing the CCAA Proceeding as a foreign main proceeding and recognizing and enforcing the Plan Sanction Order in the United States.

**Settlements with Third-Party Defendants**

7.      As part of the Plan, the Ontario Superior Court approved a framework by which the Class Action Plaintiffs may enter into settlement agreements with any of the non-debtor defendants in the Class Actions.  To date, the claims in the Class Actions against Ernst & Young ("E&Y"), Pöyry (Beijing) Consulting Company Limited, and SFC's former Chief Financial Officer, David Horsley ("Horsley"), have been settled and dismissed in accordance with the provisions of the Plan.

8.      On November 26, 2013, this Court entered an order recognizing and enforcing the order of the Ontario Superior Court approving the settlement with E&Y (the "E&Y Settlement").

9.      On July 25, 2014, this Court entered an order recognizing and enforcing the order of the Ontario Superior Court approving the settlement with Horsley (the "Horsley Settlement").

10.     Since the approval and recognition of the E&Y Settlement and the Horsley Settlement, the Class Action Plaintiffs have negotiated and reached the Dealers Settlement with the Dealers.  If the Dealers Settlement is approved and its conditions fulfilled, CAD $32,500,000 shall be paid into an interest bearing account for the benefit of claimants in the Class Actions (the "Securities Claimants") until such time as it is distributed pursuant to further order of the Ontario Superior Court.  In return, the Class Actions will be dismissed against the Dealers, and there will be an order forever barring all claims against them in relation to SFC, including any claims based upon allegations relating to the Class Actions.[2]

11.     The Dealers Settlement is subject to the entry of an approval order by the Ontario Superior Court in the first instance and recognition and enforcement of such approval order in the United States by this Court in this chapter 15 proceeding.  Accordingly, the Canadian Class

---

[2]  The terms of the Dealers Settlement outlined herein are intended to be descriptive only.  The Settlement Recognition Motion will include a copy of the *Minutes of Settlement* for a full recitation of the terms of the Dealers Settlement.

-4-

Action Plaintiffs filed a motion in the Ontario Superior Court seeking entry of an order approving the form and manner of notice of the Dealers Settlement in Canada (the "<u>Canadian Notice Approval Motion</u>") and scheduling a hearing to consider approval of the Dealers Settlement. On January 29, 2015, the Ontario Superior Court entered an order granting the Canadian Notice Approval Motion (the "<u>Canadian Notice Approval Order</u>"), thereby approving the form and manner of notice in Canada and scheduling an approval hearing for <u>May 11, 2015 at 10:00 a.m. (ET)</u> in the Ontario Superior Court. The Class Action Plaintiffs anticipate filing the Settlement Recognition Motion in this Court, conditioned upon an order being entered in the Ontario Superior Court approving the Dealers Settlement.

12. By this Motion, the Class Action Plaintiffs seek approval of the manner of service in the United States of the notice substantially in the form annexed hereto as <u>Exhibit B</u> (the "<u>Settlement Notice</u>"). The Settlement Notice describes the background of the CCAA Proceeding, the terms of the proposed Dealers Settlement, the requested approval of the Dealers Settlement in the Ontario Superior Court, and the requested recognition and enforcement of such approval in this Court. In addition, the Settlement Notice apprises notice recipients of the right to object to the relief requested in each proceeding, the relevant deadline for objecting to such relief and the dates of the approval hearing before the Ontario Superior Court and the subsequent recognition hearing before this Court (assuming approval of the Ontario Superior Court).

## **RELIEF REQUESTED AND BASIS THEREFOR**

13. As set forth above, the Class Action Plaintiffs seek the entry of an order approving the manner of service of the Settlement Notice. The Class Action Plaintiffs intend to serve notice of the Settlement Recognition Motion upon affected parties in the United States and service of the Settlement Notice pursuant to the Notice Program (defined below). The Notice

-5-

Program subsumes and supplements the manner of service of the Settlement Notice approved by the Ontario Superior Court in the Canadian Notice Approval Order.

14. The Class Action Plaintiffs propose to serve the Settlement Notice on the following parties (the "**Notice Program**"):

(a) the Office of the United States Trustee for Region 2;

(b) counsel to SFC, Bennett Jones LLP, 3400 One First Canadian Place, P.O. Box 130, Toronto, Ontario M5X 1A4, Attn: Robert W. Staley, Kevin Zych, Derek J. Bell, Raj S. Sahni, Jonathan Bell, and Sean Zweig;

(c) counsel to BDO, Affleck Greene McMurty LLP, 365 Bay Street, Suite 200, Toronto, Ontario M5H 2V1, Attn: Peter Greene, Kenneth Dekker, and Michelle E. Booth;

(d) counsel to the Monitor, Gowling LaFleur Henderson LLP, 1 First Canadian Place, 100 King Street West, Suite 1600, Toronto, Ontario M5X 1G5, Attn: Derrick Tay and Jennifer Stam, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Thomas J. Matz;

(e) counsel to the Dealers, Torys LLP, 79 Wellington Street West, Suite 3000, Box 270, Toronto-Dominion Centre, Toronto, Ontario M5K 1N2, Attn: John Fabello, David Bish, Andrew Gray and Adam Slavens;

(f) United States bankruptcy counsel to the Dealers, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Jaculin Aaron;

(g) counsel to the Ad Hoc Committee of Noteholders, Goodmans LLP, 333 Bay Street, Suite 3400, Toronto, Ontario M5H 2S7, Attn: Benjamin Zarnett, Robert Chadwick, Brendan O'Neill, and Caroline Descours;

(h) counsel to certain Named Directors and Officers, Osler, Hoskin & Harcourt LLP, 1 First Canadian Place, 100 King Street West, Suite 6100, P.O. Box 50, Toronto, Ontario M5X 1B8, Attn: Edward Sellers, Larry Lowenstein, and Geoffrey Grove;

(i) counsel to Allen Chan, Miller Thomson LLP, Scotia Plaza, 40 King Street West, Suite 5800, Toronto, Ontario M5H 3S1, Attn: Jay M. Hoffman, Joseph Marin, and Emily Cole;

(j) counsel to Kai Kit Poon, Davis LLP, 1 First Canadian Place, Suite 6000, P.O. Box 367, 100 King Street West, Toronto, Ontario M5X 1E2, Attn: Susan E. Friedman, Bruce Darlington, and Brandon Barnes;

(k) certain other claimholders or parties in interest identified in the CCAA Proceeding; and

(l) investors and potential Securities Claimants, as follows:

- all individuals or entities who have contacted Siskinds LLP or Siskinds Desmeules sencrl (collectively, "Siskinds"), Koskie Minsky LLP ("Koskie Minsky"), or Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") regarding the Class Actions, and to any person or entity who requests a copy of the Settlement Notice, provided that such person or entity has furnished his, her or its contact information to such counsel;

- via e-mail (if e-mail addresses were provided), or otherwise by mail to all individuals and entities that have submitted claim forms in connection with the E&Y Settlement and who have indicated on their claim for mthat they are making a claim in respect of SFC securities purchased on the primary market, provided that such person or entity has furnished his, her, or its contact information on the claim form;

- via direct mail to all known individuals and entities who purchased SFC securities from the Dealers between March 19, 2007 and August 26, 2011, based on the information to be provided by the Dealers, as set out in paragraph 3 of the Proposed Order; and

- brokers and similar parties who purchased or otherwise acquired SFC securities for the benefit of beneficial owners between March 19, 2007 and August 26, 2011. Such brokers and similar parties will be directed to either (i) send the Settlement Notice to all such beneficial owners of SFC securities or (ii) return a list of the names and addresses of such beneficial owners, in which case the Settlement Notice and shall be mailed to such holders directly. This notice is intended to be consistent with the notice to known U.S. investors previously approved by this Court in connection with the E&Y Settlement and the Horsley Settlement.

15. The Settlement Notice shall be sent electronically via email to any such person where an email address is reasonably available, including any such person that has provided his, her, or its email address in the E&Y Settlement claim form, and by first-class mail, if such email is unavailable and such person has provided his, her or its mailing address on the E&Y claim form or otherwise.

16. In addition, copies of the Settlement Notice, as well as the Minutes of Settlement and pleadings relating to the approval, recognition and enforcement of the Settlement, will be

posted on the websites of Siskinds, Koskie Minsky (in English and French), and Cohen Milstein (in English) and on www.sinosettlement.com (which redirects to Siskinds' website). Notice of the Settlement will also be provided in a press release that will be released nationally to financial wire services in the United States.

17. The Notice Program contemplates that the Settlement Notice will be provided to all the same parties that were provided notice of the motion for entry of an order in this chapter 15 proceeding recognizing and enforcing the orders of the Ontario Superior Court approving the E&Y Settlement and the Horsley Settlement.

18. Pursuant to the Notice Program, parties in interest that may be affected directly by the Settlement Recognition Motion will receive notice of such filing or pleading in accordance with due process under *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Class Action Plaintiffs believe that providing notice as described in this Motion is proper and sufficient under the existing circumstances and is designed to reach, to the extent practicable, all known affected parties in the United States. Indeed, service of the Settlement Notice as described above is consistent with the notice provided in connection with the Horsley Settlement and even more encompassing than the notice provided in connection with the E&Y Settlement because the Class Action Plaintiffs now have the benefit of the Securities Claimant information contained in the approximately 47,000 claim forms submitted by Securities Claimants with respect to the distribution of the E&Y Settlement. In addition, the Dealers will provide the Class Action Plaintiffs' counsel with a list of all parties who purchased SFC Securities from the Dealers during the class period, to whom the Notice Program provides for direct notice. For the foregoing reasons, the Class Action Plaintiffs believe the Notice Program is appropriate and should be approved and implemented.

19. Accordingly, the Class Action Plaintiffs respectfully request that this Court approve the Notice Program pursuant to Bankruptcy Rules 2002(m) and 9007 and section 105(a) of the Bankruptcy Code.

## NOTICE

20. The Class Action Plaintiffs have provided notice of this Motion to (a) counsel to the Dealers, (b) all parties that have appeared and requested notice in this chapter 15 proceeding, (c) counsel to the Foreign Representative, and (d) the Office of the United States Trustee. The Class Action Plaintiffs submit that no other or further notice in connection with the relief requested herein need be provided.

[ *signature page follows* ]

**WHEREFORE**, the Class Action Plaintiffs respectfully request entry of the Proposed Order, substantially in the form submitted herewith, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: February 25, 2015
      New York, New York

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

By:   */s/ Michael S. Etkin*
Michael S. Etkin
Andrew Behlmann
1251 Avenue of the Americas
New York, New York 10022
metkin@lowenstein.com
abehlmann@lowenstein.com

*United States Bankruptcy Counsel for the Class Action Plaintiffs*