**LOWENSTEIN SANDLER LLP**
Michael S. Etkin
Andrew Behlmann
1251 Avenue of the Americas
New York, New York  10020
(212) 262-6700  (Telephone)
(212) 262-7402  (Facsimile)

*United States Bankruptcy Counsel for the Class Action Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13-10361 (MG) |
| Debtor in a Foreign Proceeding | |

**CERTIFICATION OF NO OBJECTION TO MOTION TO APPROVE
MANNER OF SERVICE OF NOTICE OF MOTION SEEKING RECOGNITION
AND ENFORCEMENT OF THE ORDER OF THE ONTARIO SUPERIOR
COURT APPROVING DEALERS SETTLEMENT**

Pursuant to Local Bankruptcy Rule 9075-2, I, Michael S. Etkin, hereby certify that:

1.     I have received no answer, objection or other responsive pleading to the *Motion to Approve Manner of Service of Notice of motion Seeking Recognition and Enforcement of the Order of the Ontario Superior Court Approving Dealers Settlement* (the "Motion") [ECF Doc. No. 58] filed on February 25, 2015.  The proposed order submitted with the Motion is attached as **Exhibit A**.

2.     Pursuant to the Motion, objections to the Motion were to be filed and served by no later than March 4, 2015 at 4:00 p.m. (ET) (the "Objection Deadline").  I reviewed the Court's docket in this case and no answer, objection, or other responsive pleading was filed with respect to the Motion.  This certificate is filed no less than forty-eight hours after the Objection Deadline.

27721/2
03/09/2015 35186866.1

-2-

Dated:  March 9, 2015                                Respectfully submitted,

                                         **LOWENSTEIN SANDLER LLP**
By:  */s/ Michael S. Etkin*
Michael S. Etkin
Andrew Behlmann
1251 Avenue of the Americas
New York, New York 10022
metkin@lowenstein.com
abehlmann@lowenstein.com

*United States Bankruptcy Counsel for the
Class Action Plaintiffs*

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13-10361 (MG) |
| Debtor in a Foreign Proceeding. | |

**ORDER GRANTING MOTION TO APPROVE MANNER OF SERVICE OF NOTICE OF MOTION SEEKING RECOGNITION AND ENFORCEMENT OF THE ORDER OF THE ONTARIO SUPERIOR COURT APPROVING DEALERS SETTLEMENT**

Upon consideration of the *Motion to Approve Manner of Service of Notice of Motion Seeking Recognition and Enforcement of the Order of the Ontario Superior Court Approving Dealers Settlement* (the "Service Motion") of the lead plaintiffs (the "Canadian Class Action Plaintiffs") in the class action proceedings pending in the Ontario Superior Court of Justice (the "Ontario Superior Court") under Court File No. CV-11-431153-00CP (the "Canadian Class Action") and lead plaintiffs (the "U.S. Class Action Plaintiffs" and together with the Canadian Class Action Plaintiffs, the "Class Action Plaintiffs") in the class action proceeding pending in the United States District Court for the Southern District of New York styled as *David Leapard, et al. v. Allen T.Y. Chan, et al.,* Case No. 1:12-cv-01726 (AT) (the "U.S. Class Action" and together with the Canadian Class Action, the "Class Actions") approving the manner of service of the Class Action Plaintiffs' motion (the "Settlement Recognition Motion") seeking recognition and enforcement of the Order (the "Settlement Order"), when and if entered by the Ontario Superior Court, approving the settlement (the "Settlement") between the Class Action Plaintiffs and Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated

(successor by merger to Banc of America Securities LLC) (collectively, the "Dealers") in the proceeding of Sino-Forest Corporation ("SFC") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending in the Ontario Superior Court under Court File No. CV-12-9667-00CL (the "CCAA Proceeding"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, the "*Amended Standing Order of Reference Re: Title 11*" of the United States District Court for the Southern District of New York (Preska, C.J.) dated January 31, 2012 and section 1501 of title 11 of the United States Code; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1410(2) and (3); and it appearing that notice of the Service Motion is sufficient under the circumstances; and objections, if any, to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Service Motion is granted.

2. Service of the Settlement Notice (each as defined in the Service Motion), substantially in the form attached to the Service Motion as Exhibit B, shall be effectuated on the following parties:

(a)   the Office of the United States Trustee for Region 2;

(b)   counsel to SFC, Bennett Jones LLP, 3400 One First Canadian Place, P.O. Box 130, Toronto, Ontario M5X 1A4, Attn: Robert W. Staley, Kevin Zych, Derek J. Bell, Raj S. Sahni, Jonathan Bell, and Sean Zweig;

(c)   counsel to BDO, Affleck Greene McMurty LLP, 365 Bay Street, Suite 200, Toronto, Ontario M5H 2V1, Attn: Peter Greene, Kenneth Dekker, and Michelle E. Booth;

(d)   counsel to the Monitor, Gowling LaFleur Henderson LLP, 1 First Canadian Place, 100 King Street West, Suite 1600, Toronto, Ontario M5X 1G5, Attn: Derrick Tay and Jennifer Stam, Milbank, Tweed, Hadley &

   McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Thomas J. Matz;

(e)  counsel to the Dealers, Torys LLP, 79 Wellington Street West, Suite 3000, Box 270, Toronto-Dominion Centre, Toronto, Ontario M5K 1N2, Attn: John Fabello, David Bish, Andrew Gray and Adam Slavens;

(f)  United States bankruptcy counsel to the Dealers, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Jaculin Aaron;

(g)  counsel to the Ad Hoc Committee of Noteholders, Goodmans LLP, 333 Bay Street, Suite 3400, Toronto, Ontario M5H 2S7, Attn: Benjamin Zarnett, Robert Chadwick, Brendan O'Neill, and Caroline Descours;

(h)  counsel to certain Named Directors and Officers, Osler, Hoskin & Harcourt LLP, 1 First Canadian Place, 100 King Street West, Suite 6100, P.O. Box 50, Toronto, Ontario M5X 1B8, Attn: Edward Sellers, Larry Lowenstein, and Geoffrey Grove;

(i)  counsel to Allen Chan, Miller Thomson LLP, Scotia Plaza, 40 King Street West, Suite 5800, Toronto, Ontario M5H 3S1, Attn: Jay M. Hoffman, Joseph Marin, and Emily Cole;

(j)  counsel to Kai Kit Poon, Davis LLP, 1 First Canadian Place, Suite 6000, P.O. Box 367, 100 King Street West, Toronto, Ontario M5X 1E2, Attn: Susan E. Friedman, Bruce Darlington, and Brandon Barnes;

(k)  certain other claimholders or parties in interest identified in the CCAA Proceeding; and

(l)  investors and potential Securities Claimants, as follows:

- all individuals or entities who have contacted Siskinds LLP or Siskinds Desmeules sencrl (collectively, "Siskinds"), Koskie Minsky LLP ("Koskie Minsky"), or Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") regarding the Class Actions, and to any person or entity who requests a copy of the Settlement Notice, provided that such person or entity has furnished his, her or its contact information to such counsel;

- via e-mail (if e-mail addresses were provided), or otherwise by mail to all individuals and entities that have submitted claim forms in connection with the E&Y Settlement and who have indicated on their claim for that they are making a claim in respect of SFC securities purchased on the primary market, provided that such person or entity has furnished his, her, or its contact information on the claim form;

- via direct mail to all known individuals and entities who purchased SFC securities from the Dealers between March 19, 2007 and August 26, 2011, based on the information to be provided by the Dealers, as set out in paragraph 3 below; and

- brokers and similar parties who purchased or otherwise acquired SFC securities for the benefit of beneficial owners between March 19, 2007 and

August 26, 2011. Such brokers and similar parties will be directed to either (i) send the Settlement Notice to all such beneficial owners of SFC securities or (ii) return a list of the names and addresses of such beneficial owners, in which case the Settlement Notice shall be mailed to such holders directly. This notice is intended to be consistent with the notice to known U.S. investors previously approved by this Court in connection with the E&Y Settlement and the Horsley Settlement.

3. The Dealers are required to make best efforts to provide to Siskinds and Koskie Minsky, as soon as practicable, the names and addresses of all known individuals and entities who purchased SFC securities in the primary market from the Dealers during the class period.

4. The Settlement Notice shall be sent electronically via email to any such person where an email address is reasonably available, including any such person that has provided his, her, or its email address in the E&Y Settlement claim form, and by first-class mail, if such email is unavailable and such person has provided his, her or its mailing address on the E&Y Settlement claim form or otherwise.

5. In addition, a copy of the Settlement Notice, as well as the Minutes of Settlement and pleadings relating to the approval, recognition and enforcement of the Settlement, will also be posted on the websites of Siskinds, Koskie Minsky (in English and French), and Cohen Milstein (in English) and on www.sinosettlement.com (which redirects to Siskinds' website). Notice of the Settlement will also be provided in a press release that will be released nationally to financial wire services in the United States.

6. Service of the Settlement Notice as provided herein is adequate and reasonably calculated to reach all of SFC's known creditors and sufficient under the circumstances.

-5-

Dated: _____, 2015
      New York, New York      _____
                                                  HONORABLE MARTIN GLENN
                                                  UNITED STATES BANKRUPTCY JUDGE