# **EXHIBIT 1**
**PROPOSED SETTLEMENT RECOGNITION ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SINO-FOREST CORPORATION, | Case No. 13- 10361 (MG) |
| Debtor in a Foreign Proceeding | |

**ORDER RECOGNIZING AND ENFORCING ORDER OF ONTARIO SUPERIOR COURT APPROVING DEALERS SETTLEMENT**

This matter having been brought before the Court upon the *Motion to Recognize and Enforce Order of Ontario Superior Court Approving Dealers Settlement* (the "Motion"),[1] pursuant to which the lead plaintiffs (the "Canadian Class Action Plaintiffs") in the class action proceedings pending in the Ontario Superior Court of Justice (the "Ontario Superior Court") under Court File No. CV-11-431153-00CP (the "Canadian Class Action") and lead plaintiffs (together with the Canadian Class Action Plaintiffs, the "Class Action Plaintiffs") in the class action proceeding pending in the United States District Court for the Southern District of New York styled as *David Leapard, et al. v. Allen T.Y. Chan, et al.,* Case No. 1:12-cv-01726 (AT) (together with the Canadian Class Action, the "Class Actions") seek entry of an order recognizing and enforcing in the United States the Order (the "Settlement Approval Order") of the Ontario Superior Court, annexed hereto as **Exhibit A**, approving the following two related settlements in the proceeding of Sino-Forest Corporation ("SFC") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending in the Ontario Superior Court under Court File No. CV-12-9667-00CL (the "CCAA Proceeding"):

    (a)    the settlement (the "Dealers Settlement") between (i) the Class Action Plaintiffs and (ii) Credit Suisse Securities (Canada) Inc., TD Securities

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed thereto in the Motion.

                Inc., Dundee Securities Corporation (now known as DWM Securities Inc.), RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC) (collectively, the "Dealers"), and

    (b)    the settlement (the "Litigation Trust Settlement" and collectively with the Dealers Settlement, the "Settlement") between the Dealers, the Class Action Plaintiffs, and the litigation trust created pursuant to SFC's *Plan of Compromise and Reorganization* dated as of December 3, 2012 and approved by the Ontario Superior Court on December 10, 2012 (the "Plan").

At a hearing held on November 23, 2015, the Court considered and reviewed the Motion and the other pleadings and exhibits submitted in support thereof, including the *Declaration of Michael S. Etkin in Support of Motion to Enforce Order of Ontario Superior Court Approving Dealers Settlement* dated November 6, 2014, and the exhibits attached thereto; and upon the record of the hearing on the Motion; and no objections to the Motion having been received by this Court; and the Ontario Superior Court, in paragraph 20 of the Settlement Approval Order, having requested the aid and recognition of any court in the United States to give effect to the Settlement Approval Order and to assist the Class Action Plaintiffs, the Monitor in the CCAA Proceedings, the CCAA Representative Counsel, and the Dealers and their respective agents in carrying out the terms of the Settlement Approval Order,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Section 1501 of the Bankruptcy Code.

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

    C.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1410 (2) and (3).

    D.    The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to Sections 105(a) and 1507 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting that relief.

    E.    The relief granted herein is not manifestly contrary to the public policy of the United States, as prohibited by Section 1506 of the Bankruptcy Code.

    F.    Notice of the Motion pursuant to the U.S. Service Order, together with the Notice of Adjournment, the Supplemental Approval Notice, and the Supplemental Recognition Notice, was adequate, reasonably calculated to reach all of SFC's known creditors and other potentially affected parties in the United States, and sufficient under the circumstances. No other or further notice of the Motion or this Order need be provided.

**NOW THEREFORE, IT IS ORDERED AS FOLLOWS:**

    1.    The Motion is granted as set forth herein.

    2.    The Settlement Approval Order is hereby recognized and enforced and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to Sections 105(a) and 1507 of the Bankruptcy Code, including, but not limited to, the following provisions of the Settlement Approval Order:

> Paragraph 9. [T]he Dealers Settlement, the Dealers Release, and the Litigation Trust Settlement are fair and reasonable in all the

circumstances and for the purposes of the proceedings under both the CCAA and the *Class Proceedings Act*, *1992*.

Paragraph 10. [T]he Dealers Settlement and the Dealers Release be and hereby are approved for all purposes and as contemplated by section 11.2 of the Plan and paragraph 41 of the Sanction Order and shall be implemented in accordance with their terms, this [Settlement Approval] Order, the Plan and the Sanction Order.

Paragraph 11. [T]he Litigation Trust Settlement be and hereby is approved for all purposes.

Paragraph 12. [The Settlement Approval] Order, the Dealers Settlement and the Dealers Release are binding upon each and every Person or entity having a Dealers Claim against the Dealers, including those Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedures* are dispensed with.

Paragraph 14. [P]ursuant to the provisions of section 11.2(c) of the Plan, on the Dealers Settlement Date,

    a.    any and all Dealers Claims shall be, by virtue of th[e Settlement Approval O]rder, with no need or requirement for any further order, fully, finally, irrevocably, forever and for all purposes compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against the Dealers in accordance with section 11.2(c) of the Plan;

    b.    the Dealers Release shall be binding according to its terms on any Person;

    c.    section 7.3 of the Plan shall apply to the Dealers and the Dealers Claims *mutatis mutandis*;

    d.    none of the parties in the [Canadian Class] Action or other Class Actions or any other actions in which the Dealers Claims have been or could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of the Dealers proven at trial or otherwise as may be agreed, that is subject of the Dealers Settlement ("the Dealers Proportionate Liability"); and

    d.    the [Canadian Class] Action shall be dismissed against the Dealers.

>Paragraph 15. [N]othing in [the Settlement Approval O]rder shall fetter the discretion of any court to determine the Dealers Proportionate Liability at the trial or other disposition of an action (including the [Canadian Class] Action or the other Class Actions), whether or not the Dealers appear[] at the trial or other disposition and the Dealers Proportionate Liability shall be determined as if the Dealers were a party to the action and any determination by a court in respect of the Dealers Proportionate Liability shall only apply in that action or actions to the proportionate liability of the remaining defendants in those proceedings and shall not be binding on the Dealers for any purpose whatsoever and shall not constitute a finding against the Dealers for any purpose in any other proceeding.

3. The Motion and the Settlement Approval Order shall be made available to any party upon request to United States bankruptcy counsel for the Class Action Plaintiffs, Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, New York 10020, to the attention of Michael S. Etkin and Andrew Behlmann, metkin@lowenstein.com and abehlmann@lowenstein.com.

4. This Court shall retain jurisdiction with respect to the enforcement, interpretation, amendment, or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from any of the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**IT IS SO ORDERED.**

**Dated:** November ____, 2015
New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A
## Settlement Approval Order

[ *See Exhibit A to Etkin Declaration* ]