# **EXHIBIT A**

# **SETTLEMENT APPROVAL ORDER**

| IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR ARRANGEMENT OF SINO-FOREST CORPORATION | | Commercial Court File No.: CV-12-9667-00CL |
|---|---|---|
| The Trustees of the Labourer's Pension Fund of Central and Eastern Canada, et al.<br>Plaintiffs | and    Sino-Forest Corporation, et al.<br>Defendants | Superior Court File No: CV-10-414302 |

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
### Commercial List

Proceeding under the *Class Proceedings Act, 1992*
Proceeding commenced at Toronto

## MOTION RECORD OF THE PLAINTIFFS
### Settlement Approval
### (Returnable May 11, 2015)

**KOSKIE MINSKY LLP**
20 Queen Street West, Suite 900
Toronto, ON  M5H 3R3

Kirk Baert (LSUC# 30942O)
Jonathan Ptak (LSUC#: 45773F)
Tel: (416) 595-2117 / Fax: (416) 204-2889

**SISKINDS LLP**
680 Waterloo Street
London, ON  N6A 3V8

A. Dimitri Lascaris (LSUC#: 50074A)
Charles M. Wright
Tel: (519) 660-7844 / Fax: (519) 660-7845

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
250 University Avenue, Suite 501
Toronto, ON  M5H 3E5

Ken Rosenberg (LSUC#: 21101H)
Massimo Starnino (LSUC#: 41048G)
Tel: (416) 646-4300 / Fax: (416) 646-4301

Lawyers for the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the Representative Plaintiffs in the Ontario Class Action

---

[Handwritten endorsement:]

Orders granted today                    [initials] Oct 30, 2015

① Settl. Approval
② Claim + Distribute Protocol
③ Dont Products (Protocol)
④ Approval of Canadian Class Kat
     Counsel Fees
⑤ Approval of US Class Action
     Counsel Fees

Reasons will follow.

[signature]

Court File No.: CV-12-9667-00CL

## ONTARIO
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE | ) | _____, THE _____ DAY |
| REGIONAL SENIOR JUSTICE | ) | |
| MORAWETZ | ) | OF _____, 2015 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

## ONTARIO
### SUPERIOR COURT OF JUSTICE

BETWEEN:

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT, ROBERT WONG, DAVIS NEW YORK VENTURE FUND, INC. and DAVIS SELECTED ADVISERS L.P.

Plaintiffs

- and -

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, POYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of America Securities LLC)

Proceeding under the *Class Proceedings Act, 1992*

Defendants

# ORDER

**THIS MOTION**, made by the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation (the "Applicant" or "Sino-Forest", which term shall include all affiliate and subsidiary corporations or business organizations in whatever form and all their predecessor and successor corporations or business organizations in whatever form) in the Ontario Superior Court of Justice, bearing (Toronto) Court File No, CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Action", respectively) in their own and proposed representative capacities, for an order giving effect to the Dealers Release and the Dealers Settlement, and as provided for in section 11.2 of the Plan of Compromise and Reorganization of the Applicant under the Companies' Creditors Arrangement Act ("CCAA") dated December 3, 2012 (the "Plan"), such Plan having been approved by this Honourable Court by Order dated December 10, 2012 (the "Sanction Order") and approving the Litigation Trust Settlement, was heard on October 30, 2015, at the Court House, 393 University Avenue, Toronto, Ontario;

**WHEREAS** the Ontario Plaintiffs and Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation (now known as DWM Securities Inc.), RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd. (now known as Canaccord Genuity Corp.), Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated, successor by merger to Banc of America Securities LLC (the "Dealers", as more particularly defined in Appendix "A") entered into Minutes of Settlement dated December 22, 2014;

**AND WHEREAS** the Ontario Plaintiffs, the Dealers and the Litigation Trust entered into Minutes of Settlement dated October 26, 2015;

**AND WHEREAS** this Honourable Court issued the Sanction Order approving the Plan containing the framework and providing for the implementation of a Named Third Party

Defendant Settlement and a Named Third Party Defendant Release pursuant to Section 11.2 of the Plan;

**AND WHEREAS** the Dealers are Named Third Party Defendants pursuant to the Plan;

**AND WHEREAS** the Ontario Plaintiffs and the Dealers wish to effect a settlement pursuant to section 11.2 of the Plan;

**AND WHEREAS** this Honourable Court approved the form of notice to Securities Claimants and others of this Motion, and the plan for distribution of such notice to Securities Claimants and others potentially affected by the relief sought therein (the "Notice Program") by Order dated January 29, 2015 (the "Notice Order");

**AND WHEREAS** notice of this hearing was provided to the individuals and entities who filed objections on this Motion and the Service List;

**ON READING** the Ontario Plaintiffs' Motion Record seeking settlement approval of a settlement between the Dealers and the Ontario Plaintiffs ("Dealers' Settlement") and between the Dealers, the Ontario Plaintiffs and the Litigation Trust (the "Litigation Trust Settlement"), including the affidavits of Charles Wright and the exhibits thereto, the affidavit Stephen Goudge, the affidavit of Garth Myers and the exhibits thereto, and the affidavit of Heather Palmer and the exhibits thereto; on the Court's granting its approval of the Dealers' Settlement and the Litigation Trust Settlement; and on hearing the submissions of counsel:

**Notice and Definitions**

1. **THIS COURT ORDERS** that capitalized terms not otherwise defined in this order shall have the meanings attributed to those terms in **Appendix "A"**.

2. **THIS COURT FINDS** that all applicable parties have adhered to and acted in accordance with the Notice Order and that the procedures provided in the Notice Order and otherwise have provided good and sufficient notice of the hearing of this Motion

- 4 -

and that all Persons shall be and are hereby forever barred from objecting to the Dealers Settlement and the Dealers Release and the Litigation Trust Settlement.

**Representation**

3.   **THIS COURT ORDERS** that the Ontario Plaintiffs are hereby recognized and appointed as representatives on behalf of the Securities Claimants in these insolvency proceedings in respect of the Applicant (the "CCAA Proceedings") and in the Action, including for the purposes of and as contemplated by section 11.2 of the Plan, and more particularly the Dealers Settlement, the Dealers Release and the Litigation Trust Settlement.

4.   **THIS COURT ORDERS** that Koskie Minsky LLP, Siskinds LLP and Paliare Roland Rosenberg Rothstein LLP are hereby recognized and appointed as counsel for the Securities Claimants for all purposes in these proceedings and as contemplated by section 11.2 of the Plan, and more particularly the Dealers Settlement, the Dealers Release and the Litigation Trust Settlement ("CCAA Representative Counsel").

5.   **THIS COURT ORDERS** that the steps taken by CCAA Representative Counsel pursuant to the Orders of this Court dated May 8, 2012 (the "Claims Procedure Order") and July 25, 2012 (the "Mediation Order") are hereby approved, authorized and validated as of the date thereof and that CCAA Representative Counsel is and was authorized to negotiate and support the Plan on behalf of the Securities Claimants, to negotiate the Dealers Settlement and the Litigation Trust Settlement, to bring this motion before this Honourable Court to approve the Dealers Settlement, the Dealers Release, and the Litigation Trust Settlement and to take any other necessary steps to effectuate and implement the Dealers Settlement, the Dealers Release, and the Litigation Trust Settlement including bringing this Motion and any other necessary motion before the court, and as contemplated by section 11.2 of the Plan.

## Compliance with Section 11.2 of the Plan

6. **THIS COURT ORDERS** that this Order (the "the Dealers Settlement Order") is a Named Third Party Defendant Settlement Order for the purpose of and as contemplated by Section 11.2 of the Plan.

7. **THIS COURT ORDERS** that the Dealers Settlement is a Named Third Party Defendant Settlement for the purpose of and as contemplated by Section 11.2 of the Plan.

8. **THIS COURT ORDERS** that the Dealers Release is a Named Third Party Defendant Release for the purpose of and as contemplated by Section 11.2 of the Plan.

## Approval of the Settlement & Release

9. **THIS COURT ORDERS** that the Dealers Settlement, the Dealers Release, and the Litigation Trust Settlement are fair and reasonable in all the circumstances and for the purposes of the proceedings under both the CCAA and the *Class Proceedings Act, 1992*.

10. **THIS COURT ORDERS** that the Dealers Settlement and the Dealers Release be and hereby are approved for all purposes and as contemplated by section 11.2 of the Plan and paragraph 41 of the Sanction Order and shall be implemented in accordance with their terms, this Order, the Plan and the Sanction Order.

11. **THIS COURT ORDERS** that the Litigation Trust Settlement be and hereby is approved for all purposes.

12. **THIS COURT ORDERS** that this Order, the Dealers Settlement and the Dealers Release are binding upon each and every Person or entity having a Dealers Claim against the Dealers, including those Persons who are under disability, and any requirements of rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedures* are dispensed with.

## Release and Discharge

13. **THIS COURT ORDERS** that upon satisfaction of all the conditions specified in section 11.2(b) of the Plan, the Monitor shall deliver to the Dealers the Monitor's Dealers

Settlement Certificate substantially in the form attached hereto as Appendix "B". The Monitor shall thereafter file the Monitor's Dealers Settlement Certificate with the Court.

14. **THIS COURT ORDERS** that pursuant to the provisions of section 11.2(c) of the Plan, on the Dealers Settlement Date:

   (a)   any and all of the Dealers Claims shall be, by virtue of this order, with no need or requirement for any further order, fully, finally, irrevocably, forever and for all purposes compromised, released, discharged, cancelled, barred and deemed satisfied and extinguished as against the Dealers in accordance with section 11.2(c) of the Plan;

   (b)   the Dealers Release shall be binding according to its terms on any Person;

   (c)   section 7.3 of the Plan shall apply to the Dealers and the Dealers Claims *mutatis mutandis*;

   (d)   none of the parties in the Action or other Class Actions or any other actions in which the Dealers Claims have been or could have been asserted shall be permitted to claim from any of the other defendants that portion of any damages, restitutionary award or disgorgement of profits that corresponds with the liability of the Dealers proven at trial or otherwise as may be agreed, that is subject of the Dealers Settlement ("the Dealers Proportionate Liability"); and

   (e)   the Action shall be dismissed against the Dealers.

15. **THIS COURT ORDERS** that nothing in this order shall fetter the discretion of any court to determine the Dealers Proportionate Liability at the trial or other disposition of an action (including the Action or the other Class Actions), whether or not the Dealers appears at the trial or other disposition and the Dealers Proportionate Liability shall be determined as if the Dealers were a party to the action and any determination by a court in respect of the Dealers Proportionate Liability shall only apply in that action or actions to the proportionate liability of the remaining defendants in those proceedings and shall not be binding on the Dealers for any purpose whatsoever and

shall not constitute a finding against the Dealers for any purpose in any other proceeding.

**Use of the Settlement Fund**

16. **THIS COURT ORDERS** that, save and except for the payment of legal fees, payment to the Litigation Trust, disbursements, administrative expenses and taxes approved by this Court, the Class Settlement Fund shall be held by the Ontario Plaintiffs in the Settlement Trust until such later date that the Ontario Plaintiffs have a Plan of Allocation approved by this Court whereby those funds will be distributed to Securities Claimants. Any process for allocation and distribution will be established by CCAA Representative Counsel and approved by further order of this Court (the "Claims and Distribution Protocol").

17. **THIS COURT ORDERS** that notwithstanding paragraph 16 above, the following Securities Claimants shall not be entitled to any allocation or distribution of the Class Settlement Fund: any Person or entity that is a named defendant to any of the Class Actions, their past and present subsidiaries, affiliates, officers, directors, senior employees, partners, legal representatives, heirs, predecessors, successors and assigns, and any individual who is a member of the immediate family of the following Persons: Allen T.Y. Chan a.k.a. Talc Yuen Chan, W. Judson Martin, Kai Kit Poon, David J. Horsley, William E. Ardell, James P. Boland, James M.E. Hyde, Edmund Mak, Simon Murray, Peter Wang, Garry J. West, Albert Ip, Alfred C.T. Hung, George Ho and Simon Yeung. For greater certainty, the Dealers Release shall apply to the Securities Claimants described above.

**Recognition, Enforcement and Further Assistance**

18. **THIS COURT ORDERS** that this Court shall retain an ongoing supervisory role for the purposes of implementing, administering and enforcing the Dealers Settlement and the Dealers Release and matters related to the Settlement Trust including any disputes about the allocation of the Class Settlement Fund from the Settlement Trust. Any disputes arising with respect to the performance or effect of, or any other aspect of, the Dealers

- 8 -

Settlement and the Dealers Release shall be determined by this Court, and that, except with leave of this Court first obtained, no Person or party shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of the Dealers Settlement and the Dealers Release.

19. **THIS COURT ORDERS** that each of the Applicant, the Monitor, CCAA Representative Counsel and the Dealers shall be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this order, or any further order as may be contemplated by Section 11.2 of the Plan or be otherwise required, and or assistance in carrying out the terms of such orders. Any actions previously taken in accordance with this paragraph 18 are hereby ratified by this Court.

20. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or the United States or elsewhere, to give effect to this order and to assist the Applicant, the Monitor, the CCAA Representative Counsel and the Dealers and their respective agents in carrying out the terms of this order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicant, the Monitor, the CCAA Representative Counsel and the Dealers as may be necessary or desirable to give effect to this order, to grant representative status to the Applicant, the Monitor, the CCAA Representative Counsel and the Dealers in any foreign proceeding, or to assist the Applicant, the Monitor, the CCAA Representative Counsel and the Dealers and their respective agents in carrying out the terms of this Order.

_____

## APPENDIX "A"
## DEFINED TERMS

"**Action**" means the Ontario Superior Court of Justice action bearing Toronto court file number CV-11-431153-00CP.

"**Causes of Action**" has the meaning ascribed to it in the Plan.

"**CCAA**" means the *Companies' Creditors Arrangement Act,* RSC, 1985, c. C-36.

"**Claims**" has the meaning ascribed to it in the Minutes of Settlement.

"**Class Actions**" has the meaning ascribed to it in the Plan.

"**Class Settlement Fund**" has the meaning ascribed to it in the Dealers Settlement.

"**Dealers**" means Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation (now known as DWM Securities Inc.), RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd. (now known as Canaccord Genuity Corp.), Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated, successor by merger to Banc of America Securities LLC. "Dealers" includes all parent, affiliate and subsidiary corporations or business organizations in whatever form and all their predecessor and successor corporations or business organizations in whatever form.

"**Dealers Claims**" means any and all demands, Claims, actions, Causes of Action (as defined in the Plan), counterclaims, cross claims, suits, debts, sums of money, accounts, covenants, damages, judgments, orders, including injunctive relief or specific performance and compliance orders, expenses, executions, Encumbrances (as defined in the Plan), and other amounts sought to be recovered on account of any claim, indebtedness, liability, obligation, demand or cause of action of whatever nature that any Person (as defined in the Plan), including any Person (as defined in the Plan) who may have a claim for contribution and/or indemnity against or from them, and including without limitation, all present and former officers or Directors of Sino-Forest, Newco (as defined in the Plan), Newco II (as defined in the Plan), Ernst & Young (as defined in the Plan), BDO Ltd., Poyry (Beijing) Consulting Company Limited (and its affiliates), the Noteholders (as defined in the Plan), any past, present or future holder of any direct or indirect equity interest in the SFC Companies (as defined in the Plan), any past, present or future direct or indirect security holder of the SFC Companies (as defined in the Plan), any indirect or direct security holder of Newco (as defined in the Plan) or Newco II (as defined in the Plan), the Trustees (as defined in the Plan), the Transfer Agent (as defined in the Plan), the Monitor (as defined in the Plan), and each and every present and former affiliate, partner, director, officer, associate, employee, servant, agent, contractor, insurer, heir and/or assign of each of the foregoing who may or could (at any time, past, present or future) be entitled to assert against the Dealers,

and each and every present and former partner, director, officer, associate, employee, servant, agent, advisor, consultant contractor, insurer, heir and/or assign of each of Dealers, whether known or unknown, matured or unmatured, direct or derivative, foreseen or unforeseen, suspected or unsuspected, contingent, existing or hereafter arising, based on whole or in part on any act or omission, transaction, conduct, dealing or other occurrence existing or taking place on, prior to or after the date of this Release, relating to or arising out of or in connection with the SFC Companies (as defined by the Plan), the SFC Business (as defined by the Plan) and any and all other acts and omissions of the Dealers relating to the SFC Companies (as defined by the Plan) or the SFC Business (as defined by the Plan). Dealers Claims include, without limitation:

1. All Claims or Causes of Action (as defined in the Plan) arising from any acts or omissions of the Dealers, including in respect of, but not limited to any statutory or common law duties they may have owed, in connection with any share offering, debt offering or other offering, or any secondary market or other sale or trading of Securities and any statement in any of Sino-Forest's disclosure, including without limitation any document released to the public or filed on SEDAR;

2. All Claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in any or all of the Class Actions (as defined by the Plan), including any and all claims of fraud;

3. All Claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced in any or all actions commenced in all jurisdictions as of the date of this Release;

4. All Noteholder Claims (as defined by the Plan), Litigation Trust Claims (as defined by the Plan), or any Claim by or on behalf of Sino-Forest or the SFC Companies (as defined in the Plan) or present, former or future holders of Securities of Sino-Forest regardless of who asserts such claims; and

5. All Claims or Causes of Action (as defined by the Plan) advanced or which could have been advanced by all present and former directors, officers or employees of Sino-Forest, and any and all agents, representatives, consultants, advisors, auditors or counsel to Sino-Forest, including for contribution, indemnity, damages, equitable relief or other monetary recovery.

**"Dealers Release"** means the Named Third Party Defendant Release described at section 11.2(c) of the Plan as applied to the Dealers Claims.

**"Dealers Settlement"** means the settlement as reflected in the Minutes of Settlement executed on December 22, 2014 between the Dealers and the Ontario Plaintiffs.

**"Dealers Settlement Date"** means the date that the Monitor's Dealers Settlement Certificate is delivered to the Dealers.

- 11 -

**"Eligible Third Party Defendant"** has the meaning ascribed to it in the Plan.

**"Litigation Trust"** has the meaning ascribed to it in the Plan.

**"Litigation Trust Settlement"** means the settlement as reflected in the Minutes of Settlement executed on October 26, 2015 between the Dealers, the Ontario Plaintiffs and the Litigation Trust.

**"Monitor's Dealers Settlement Certificate"** is the Monitor's Named Third Party Certificate contemplated at section 11.2(b) of the Plan, applicable and with respect to the Dealers Settlement.

**"Monitor's Named Third Party Settlement Certificate"** has the meaning ascribed to it in the Plan.

**"Named Third Party Defendant"** has the meaning ascribed to it in the Plan.

**"Named Third Party Defendant Settlement"** has the meaning ascribed to it in the Plan.

**"Named Third Party Defendant Settlement Order"** has the meaning ascribed to it in the Plan.

**"Named Third Party Defendant Release"** has the meaning ascribed to it in the Plan.

**"Person"** has the meaning ascribed to it in the Plan.

**"Securities"** means common shares, notes or other securities defined in the *Securities Act*, RSO 1990, c. S.5, as amended, or that are securities at law.

**"Securities Claimants"** means all Person and entities, wherever they may reside, who acquired any Securities of Sino-Forest including Securities acquired in the primary, secondary, and over-the-counter markets.

**"Settlement Trust"** has the meaning ascribed to it in the Dealers Settlement.

# APPENDIX "B"
## MONITOR'S DEALERS SETTLEMENT CERTIFICATE

Court File No. CV-12-9667-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

BETWEEN:

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG

Plaintiffs

- and -

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT POON, DAVID J. THE DEALERS, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, POYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of America Securities LLC)

Proceeding under the *Class Proceedings Act, 1992*

Defendants

- 13 -

All capitalized, terms not otherwise defined herein shall have the meanings ascribed to them in the Order of the Court dated ■ (the "Dealers Settlement Order") which, among other things, approved the Dealers Settlement and the Dealers Release.

Pursuant to section 11.2 of the Plan and paragraph ■ of the Dealers Settlement Order, FTI Consulting Canada Inc. (the "Monitor") in its capacity as Court-appointed Monitor of SFC delivers to the Dealers this certificate and hereby certifies that:

(a)   each of the parties to the Dealers Settlement has confirmed that all conditions precedent thereto have been satisfied or waived;

(b)   all settlement funds have been paid and received; and

(c)   immediately upon the delivery of this Monitor's Dealers Settlement Certificate, the Dealers Release will be in full force and effect in accordance with the Plan.


DATED at Toronto this ■ day of ■ 2015


FTI CONSULTING CANADA INC., solely in its capacity as Monitor of Sino-Forest Corporation and not in its personal capacity


_____
Name:
Title:

Court File No. CV-12-9667-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE AND ARRANGEMENTS OF SINO-FOREST CORPORATION

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA et al.

Plaintiffs

-and- SINO-FOREST CORPORATION, et. al.

Defendants

Court File No. CV-11-431153-00CP

## ONTARIO
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

Proceeding Commenced at Toronto

### ORDER

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
250 University Avenue, Suite 501
Toronto, ON M5H 3E5
Ken Rosenberg (LSUC No. 21102H)
Massimo Starnino (LSUC No.41048G) Tel: (416) 646-4300 / Fax: (416) 646-4301

**KOSKIE MINSKY LLP**
900-20 Queen Street West, Box 52 Toronto, ON M5H 3R3
Kirk M. Baert (LSUC No. 309420)
Tel: (416) 595-2117 / Fax: (416) 204-2889
Jonathan Ptak (LSUC No.45773F)
Tel: (416) 595-2149 / Fax: (416) 204-2903

**SISKINDS LLP**
680 Waterloo Street, P.O. Box 2520 London, ON N6A 3V8
Charles M. Wright (LSUC No. 36599Q)
Tel: (519) 660-7753 / Fax: (519) 660-7754
A. Dimitri Lascaris (LSUC No.50074A)
Tel: (519) 660-7844 / Fax: (519) 660-7845

Lawyers for the Ad Hoc Committee of Purchasers of the Applicant's Securities