# <u>EXHIBIT B</u>

## MINUTES OF SETTLEMENT – DEALERS

### IN THE MATTER OF
### SINO-FOREST CORPORATION

BETWEEN:

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN
CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO, SJUNDE AP-
FONDEN, DAVID GRANT, ROBERT WONG, AND ANY OTHER PROPOSED
REPRESENTATIVE PLAINTIFFS IN ONTARIO SUPERIOR COURT ACTION NO. CV-11-
431153-00CP (the "Ontario Action"), GUINING LIU, DAVID LEAPARD, IMF FINANCE SA (the
"US Action"),

In their personal and representative capacities (the "Class Action Plaintiffs")

- and -

CREDIT SUISSE SECURITIES (CANADA) INC., TD SECURITIES INC., DUNDEE SECURITIES
LTD., RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS
INC., MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD. (NOW KNOWN AS
CANACCORD GENUITY CORP.), MAISON PLACEMENTS CANADA INC., CREDIT SUISSE
SECURITIES (USA) LLC AND MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, SUCCESSOR BY MERGER TO BANC OF AMERICA SECURITIES LLC.

(the "Dealers", which term shall include all parent, affiliate and subsidiary corporations or
business organizations in whatever form and all their predecessor and successor corporations or
business organizations in whatever form)

### MINUTES OF SETTLEMENT

**A.    The Dealers Settlement**

1.    These Minutes of Settlement represent the agreement between the Class Action Plaintiffs
and the Dealers (the "Parties") reached on December 22, 2014 (the "Dealers
Settlement"), to resolve in accordance with the terms more particularly set out herein any
actions, causes of action, claims and/or demands, howsoever or whenever arising and in
all jurisdictions (including Canada and the United States), made against the Dealers or
which could have been made against the Dealers based upon, arising out of, in relation
to, in connection with or in any way related to Sino-Forest Corporation ("Sino-Forest",

- 2 -

which term includes all affiliate and subsidiary corporations or business organizations in whatever form and all of their predecessor and successor corporations or business organizations in whatever form), whether or not captured by the "Class" or the "Class Period", as variously defined in the Action or in the other Class Actions (as defined in the Plan of Compromise and Reorganization of Sino-Forest dated December 3, 2012 under the *Companies' Creditors Arrangement Act* ("CCAA") (the "Plan")) (all, collectively, the "Claims") and all Causes of Action (as defined in the Plan) relating to Sino-Forest.

2.  The Dealers make no admissions of liability and deny any liability in respect of the Claims and do not waive any defences available to them with respect to the Claims or otherwise.

3.  Subject to the conditions herein, the terms of the Dealers Settlement are binding on the Parties.

4.  These Minutes of Settlement are and shall remain confidential, and none of the Parties shall publicly disclose or include in any court filing, in any jurisdiction, the terms hereof without the prior written consent of the other Parties, except for the approval and implementation of the Notice Program and for the purpose of having the Dealers Settlement approved and/or to enforce the terms of these Minutes of Settlement if required. Following the filing of these Minutes of Settlement with the Court for the purposes of approving the Notice Program in accordance with paragraph 7 , these Minutes of Settlement shall cease to be confidential.

## B.  Approval of the Dealers Settlement and Notice Program

5.  It is the agreement of the Parties that the Dealers Settlement shall be approved by order issued in the Ontario Superior Court of Justice (Toronto), Court File No. CV-12-9667-00CL (the "Court" and the "Sino-Forest CCAA Proceeding", respectively) and implemented through the Plan.

6.  Pursuant to the Plan, the Dealers Settlement is a Named Third Party Defendant Settlement under the Plan.

7.  The Class Action Plaintiffs will bring motions to the Court and the United States Bankruptcy Court, supported by the Dealers, for orders approving a notice program

- 3 -

regarding the hearing to approve the Dealers Settlement (the "Notice Program") as
follows:

(a)    notice to the Service List in the Sino-Forest CCAA Proceeding, in the manner
agreed upon to constitute notice for purposes of the Sino-Forest CCAA
Proceeding;

(b)    direct distribution of a notice by email (if email addresses were provided by
individuals or entities) or by mail to all individuals and entities (i) that have
provided their contact information to counsel to the Class Action Plaintiffs and
(ii) that have submitted claim forms in connection with the Actions or other Class
Actions (as that term is defined in the Plan) and who have indicated on their
claim from that they are making a claim in respect of Sino-Forest securities
purchased on the primary market;

(c)    the Office of the United States Trustee for Region 2; and

(d)    direct mailing of a notice to all individuals and entities who purchased Sino-
Forest securities in the primary market from the Dealers during the class period,
with distribution list to be provided by the Dealers to class counsel and the
administrator.

8.    Regardless of their obligations under paragraph 7 above, the Parties shall abide by the
Notice Program ordered by the Court and the failure to obtain an Order on the terms set
out in paragraph 7 herein shall not be a basis to terminate the Dealers Settlement.

9.    The costs of the Notice Program, to a maximum of $200,000, will be paid by the Dealers
from the Class Settlement Fund within fifteen (15) days of the costs being incurred
irrespective of whether the Dealers Settlement is approved by the Court. If the
settlement is not approved, these costs will be non-refundable to the Dealers.

10.    Following the approval of the Notice Program, the Class Action Plaintiffs shall bring a
motion to the Court seeking an order which in all material respects reflects the form
attached hereto as Schedule "A" (the "Dealers Settlement Order"), which reflects the
terms and agreement set out in these Minutes of Settlement. The releases and other
provisions of the Dealers Settlement Order that are for the benefit of the Dealers shall be
in a form satisfactory to counsel to the Dealers, acting reasonably. The Class Action
Plaintiffs shall be free to file these Minutes of Settlement with the Court in support of the

- 4 -

motion for the approval of the Notice Program in accordance with paragraph 7, and the motion for settlement approval, as well as the related motion for approval of the Minutes of Settlement before the United States Bankruptcy Court.

11.   The Dealers agree to take reasonable steps to ensure that the Litigation Trust supports the Class Action Plaintiffs' motion for approval of the Dealers Settlement, provided that the Dealers shall not pay anything more than CDN $32,500,000 in respect of the settlement of the Claims.

12.   The Parties shall use all reasonable efforts to obtain and/or satisfy any court approval, order, waiver, certificate, document or agreement, to provide necessary notice to affected individuals, and to fulfill any other condition reasonably necessary for the implementation of a full and final release under the Plan, including but not limited to:

   (a)   obtaining any requirements necessary to constitute the Dealers Settlement as a Named Third Party Defendant Settlement and to obtain a Named Third Party Defendant Release in favour of the Dealers under the Plan;

   (b)   obtaining the consent of FTI Consulting Canada Inc., in its capacity as Court-appointed Monitor of Sino-Forest, to have the Dealers Settlement approved by the Court as a Named Third Party Defendant Settlement with a Named Third Party Defendant Release and a Named Third Party Defendant Settlement Order under the Plan; and

   (c)   obtaining all court approvals and/or orders necessary for the implementation of the Dealers Settlement in the Dealers Settlement Order, including notification as required by the *Rules of Civil Procedure* and/or by the Notice Program.

13.   Concurrently with the motion seeking the Dealers Settlement Order, in a joint hearing with the United States Bankruptcy Court a recognition order will be sought from the United States Bankruptcy Court granting recognition and enforcement of the Settlement Order in the United States which in all material respects reflects the terms set out in the form set out in Schedule "B" (the "U.S. Recognition Order").

## C.   Implementation of the Dealers Settlement

14.   The Dealers Settlement will become effective (the "Effective Date") when:

- 5 -

(a)    the Dealers Settlement Order has been obtained and either (i) all appeal rights
have expired or (ii) the applicable final appellate court has upheld the Settlement
Order; and

(b)    the U.S. Recognition Order has been obtained and either (i) all appeal rights have
expired or (ii) the applicable final appellate court has upheld the U.S. Recognition
Order.

15.    The settlement amount of CDN $32,500,000 shall be paid by the Dealers into an interest
bearing trust account with a Canadian Schedule 1 bank in Ontario by no later than 21
days after the date of this agreement.  In the event that the Dealers Settlement is not
implemented for any reason (for example, because the conditions for implementation are
not satisfied), then CDN $32,500,000, together with accrued interest (the "Class
Settlement Fund") shall be returned to the Dealers (inclusive of accrued interest).

16.    The Class Settlement Fund shall be paid to the Class Action Plaintiffs by the Dealers as
directed by counsel for the Class Action Plaintiffs into an interest bearing trust account
with a Canadian Schedule 1 bank in Ontario (the "Settlement Trust") within fifteen (15)
days following the Effective Date.

17.    Upon payment of the Class Settlement Fund to the Class Action Plaintiffs, the Action
shall be dismissed as against the Dealers but without prejudice to the Class Action
Plaintiffs' right to proceed with the Action or the other Class Actions (as defined in the
Plan) against the non-settling Defendants in accordance with paragraph 19, below.

18.    The Class Settlement Fund represents the full consideration, including monetary
contribution or payment of any kind, to be paid by the Dealers in full, final and
complete settlement of the Claims and all Causes of Action (as defined in the Plan)
against the Dealers, inclusive of damages, costs, interest, legal fees, taxes (inclusive of
any GST, HST, or any other taxes which may be payable in respect of the Settlement),
any payments to Claims Funding International, all costs associated with the
distribution of the Class Settlement Fund, all costs of the Notice Program, all costs
associated with the administration of the Dealers Settlement and any other monetary
costs or amounts associated with the Dealers Settlement or otherwise.

- 6 -

19.    No further proceedings shall be commenced or continued by the Class Action Plaintiffs or
by their legal counsel on behalf of any other parties or the plaintiffs in the other Class
Actions (as defined in the Plan) or by anyone else (or their respective legal counsel)
against the Dealers in respect of any Claims or Causes of Action (as defined in the Plan),
other than as necessary to complete the Dealers Settlement.

20.    The Class Settlement Fund shall be allocated to the Class in accordance with a Plan of
Allocation to be proposed by the Class Action Plaintiffs and approved by the Court.  No
allocation from the Class Settlement Fund is to be made to the Litigation Trust.

21.    No person shall claim from the non-settling Defendants in the Action or the other Class
Actions (as defined in the Plan) that portion of any damages that corresponds to the
proportionate share of liability of the Dealers, proven at trial, such that the Dealers are
not further exposed to the Claims or Causes of Action (as defined in the Plan), by any
person or entity.

22.    The Class Action Plaintiffs and the plaintiffs in the other Class Actions (as defined in the
Plan) and their counsel agree not to cooperate with any other party in the Action or in the
other Class Actions Action against the Dealers.  However, irrespective of this provision,
the Class Action Plaintiffs and the plaintiffs in the other Class Actions (as defined in the
Plan) reserve all rights with respect to the prosecution of the claims remaining against
the non-settling Defendants.

23.    After the close of pleadings in the Action, but prior to the commencement of
examinations for discovery, Credit Suisse Securities (Canada) Inc., TD Securities Inc.,
Dundee Securities Ltd. and  Merrill Lynch Canada Inc. agree to provide the Class Action
plaintiffs with non-privileged documents and information relevant to certified common
issues relating to BDO Limited and agree to preserve relevant non-privileged documents
relating to BDO Limited until the conclusion of the Action.

**D.    Conditions to Implementation of the Terms of the Dealers Settlement**

24.    The implementation of the Dealers Settlement is conditional upon:

        (a)    Court approval of the Dealers Settlement as a Named Third Party Defendant
               Settlement under the Plan, with no right to opt-out;

- 7 -

    (b)    Court approval of a release, in a form reasonably satisfactory to counsel for the Dealers, which bars and releases the Dealers from all liability from any and all Causes of Action (as defined in the Plan) with respect to the Dealers involvement with Sino-Forest, and which constitutes a Named Third Party Defendant Release under the Plan.

25.    These Minutes of Settlement may be executed by the Parties or their counsel in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures by facsimile or email shall be effective as original signatures.

[INTENTIONALLY LEFT BLANK]

- 8 -

Date: 30 | 12 | 14

_____
Siskinds LLP
Lawyers for the Class Action Plaintiffs

Date: 29 | 12 | 14

_____
Koskie Minsky LLP
Lawyers for the Class Action Plaintiffs

Date: _____

_____
Cohen Milstein Sellers & Toll PLLC
Lawyers for the Class Action Plaintiffs

Date: 22/12/14

_____
Torys LLP
Lawyers for the Dealers

- 9 -

## SCHEDULE "A"

Court File No.: CV-12-9667-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

THE HONOURABLE                    )    ■, THE ■ DAY OF
MR. JUSTICE MORAWETZ              )    ■ 2015
                                  )

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.
C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

BETWEEN:

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN
CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO,
SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG

Plaintiffs

- and -

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known
as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT
POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E.
HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, POYRY
(BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES
(CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC
DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC.,
MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON
PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL
LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of
America Securities LLC)

Proceeding under the *Class Proceedings Act, 1992*

Defendants

36184-2001 18455049.6

- 10 -

## ORDER

**THIS MOTION,** made by the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation (the "Applicant" or "Sino-Forest", which term shall include all affiliate and subsidiary corporations or business organizations in whatever form and all their predecessor and successor corporations or business organizations in whatever form) in the Ontario Superior Court of Justice, bearing (Toronto) Court File No, CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Action", respectively) in their own and proposed representative capacities, for an order giving effect to the Dealers Release and the Dealers Settlement, and as provided for in section 11.2 of the Plan of Compromise and Reorganization of the Applicant under the Companies' Creditors Arrangement Act ("CCAA") dated December 3, 2012 (the "Plan"), such Plan having been approved by this Honourable Court by Order dated December 10, 2012 (the "Sanction Order"), was heard on ■, 2015, at the Court House, 393 University Avenue, Toronto, Ontario;

**WHEREAS** the Ontario Plaintiffs and Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Ltd., RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd. (now known as Canaccord Genuity Corp.), Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated, successor by merger to Banc of America Securities LLC (the "Dealers", as more particularly defined in Appendix "A") entered into Minutes of Settlement dated December 22, 2014;

**AND WHEREAS** this Honourable Court issued the Sanction Order approving the Plan containing the framework and providing for the implementation of a Named Third Party Defendant Settlement and a Named Third Party Defendant Release pursuant to Section 11.2 of the Plan;

**AND WHEREAS** the Dealers are Named Third Party Defendants pursuant to the Plan;

**AND WHEREAS** the Ontario Plaintiffs and the Dealers wish to effect a settlement pursuant to section 11.2 of the Plan;

- 11 -

**AND WHEREAS** this Honourable Court approved the form of notice to Securities Claimants and others of this Motion, and the plan for distribution of such notice to Securities Claimants and others potentially affected by the relief sought therein (the "Notice Program") by Order dated ▪, 2015 (the "Notice Order");

**AND ON READING** the materials filed and on hearing the submissions of counsel;

**Notice and Definitions**

1.    **THIS COURT ORDERS** that capitalized terms not otherwise defined in this order shall have the meanings attributed to those terms in Appendix "A".

2.    **THIS COURT FINDS** that all applicable parties have adhered to and acted in accordance with the Notice Order and that the procedures provided in the Notice Order have provided good and sufficient notice of the hearing of this Motion and that all Persons shall be and are hereby forever barred from objecting to the Dealers Settlement and the Dealers Release.

**Representation**

3.    **THIS COURT ORDERS** that the Ontario Plaintiffs are hereby recognized and appointed as representatives on behalf of the Securities Claimants in these insolvency proceedings in respect of the Applicant (the "CCAA Proceedings") and in the Action, including for the purposes of and as contemplated by section 11.2 of the Plan, and more particularly the Dealers Settlement and the Dealers Release.

4.    **THIS COURT ORDERS** that Koskie Minsky LLP, Siskinds LLP and Paliare Roland Rosenberg Rothstein LLP are hereby recognized and appointed as counsel for the Securities Claimants for all purposes in these proceedings and as contemplated by section 11.2 of the Plan, and more particularly the Dealers Settlement and the Dealers Release ("CCAA Representative Counsel").

5.    **THIS COURT ORDERS** that the steps taken by CCAA Representative Counsel pursuant to the Orders of this Court dated May 8, 2012 (the "Claims Procedure Order") and July 25, 2012 (the "Mediation Order") are hereby approved, authorized and validated as of the date thereof and that CCAA Representative Counsel is and was

- 12 -

authorized to negotiate and support the Plan on behalf of the Securities Claimants, to
negotiate the Dealers Settlement, to bring this motion before this Honourable Court to
approve the Dealers Settlement and the Dealers Release and to take any other necessary
steps to effectuate and implement the Dealers Settlement and the Dealers Release,
including bringing this Motion and any other necessary motion before the court, and as
contemplated by section 11.2 of the Plan.

**Compliance with Section 11.2 of the Plan**

6.    **THIS COURT ORDERS** that this Order (the "the Dealers Settlement Order") is a
Named Third Party Defendant Settlement Order for the purpose of and as
contemplated by Section 11.2 of the Plan.

7.    **THIS COURT ORDERS** that the Dealers Settlement is a Named Third Party Defendant
Settlement for the purpose of and as contemplated by Section 11.2 of the Plan.

8.    **THIS COURT ORDERS** that the Dealers Release is a Named Third Party Defendant
Release for the purpose of and as contemplated by Section 11.2 of the Plan.

**Approval of the Settlement & Release**

9.    **THIS COURT ORDERS** that the Dealers Settlement and the Dealers Release are fair
and reasonable in all the circumstances and for the purposes of the proceedings under
both the CCAA and the *Class Proceedings Act, 1992*.

10.    **THIS COURT ORDERS** that the Dealers Settlement and the Dealers Release be and
hereby are approved for all purposes and as contemplated by section 11.2 of the Plan and
paragraph 41 of the Sanction Order and shall be implemented in accordance with their
terms, this Order, the Plan and the Sanction Order.

11.    **THIS COURT ORDERS** that this Order, the Dealers Settlement and the Dealers
Release are binding upon each and every Person or entity having a Dealers Claim against
the Dealers, including those Persons who are under disability, and any requirements of
rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedures* are dispensed with.

- 13 -

**Release and Discharge**

12.   **THIS COURT ORDERS** that upon satisfaction of all the conditions specified in section
11.2(b) of the Plan, the Monitor shall deliver to the Dealers the Monitor's Dealers
Settlement Certificate substantially in the form attached hereto as Appendix "B".  The
Monitor shall thereafter file the Monitor's Dealers Settlement Certificate with the Court.

13.   **THIS COURT ORDERS** that pursuant to the provisions of section 11.2(c) of the Plan,
on the Dealers Settlement Date:

(a)   any and all of the Dealers Claims shall be fully, finally, irrevocably and forever
compromised, released, discharged, cancelled, barred and deemed satisfied and
extinguished as against the Dealers in accordance with section 11.2(c) of the Plan;

(b)   the Dealers Release shall be binding according to its terms on any Person;

(c)   section 7.3 of the Plan shall apply to the Dealers and the Dealers Claims *mutatis
mutandis*;

(d)   none of the parties in the Action or other Class Actions or any other actions in
which the Dealers Claims have been or could have been asserted shall be
permitted to claim from any of the other defendants that portion of any damages,
restitutionary award or disgorgement of profits that corresponds with the liability
of the Dealers proven at trial or otherwise as may be agreed, that is subject of the
Dealers Settlement ("the Dealers Proportionate Liability"); and

(e)   the Action shall be dismissed against the Dealers.

14.   **THIS COURT ORDERS** that nothing in this order shall fetter the discretion of any
court to determine the Dealers Proportionate Liability at the trial or other disposition
of an action (including the Action or the other Class Actions), whether or not the
Dealers appears at the trial or other disposition and the Dealers Proportionate
Liability shall be determined as if the Dealers were a party to the action and any
determination by a court in respect of the Dealers Proportionate Liability shall only
apply in that action or actions to the proportionate liability of the remaining
defendants in those proceedings and shall not be binding on the Dealers for any
purpose whatsoever and shall not constitute a finding against the Dealers for any
purpose in any other proceeding.

- 14 -

**Use of the Settlement Fund**

15.     **THIS COURT ORDERS** that, save and except for the payment of legal fees,
disbursements, administrative expenses and taxes approved by this Court, the Class
Settlement Fund shall be held by the Ontario Plaintiffs in the Settlement Trust until such
later date that the Ontario Plaintiffs have a Plan of Allocation approved by this Court
whereby those funds will be distributed to Securities Claimants. Any process for
allocation and distribution will be established by CCAA Representative Counsel and
approved by further order of this Court (the "Claims and Distribution Protocol"). The
Plan of Allocation shall allocate CDN $22,500,000 of the Class Settlement Fund to share
purchasers and CDN $10,000,000 to note purchasers, with accrued interest divided
among share and note purchasers on a pro rata basis.

16.     **THIS COURT ORDERS** that notwithstanding paragraph 15 above, the following
Securities Claimants shall not be entitled to any allocation or distribution of the Class
Settlement Fund: the Litigation Trust, any Person or entity that is a named defendant to
any of the Class Actions, their past and present subsidiaries, affiliates, officers, directors,
senior employees, partners, legal representatives, heirs, predecessors, successors and
assigns, and any individual who is a member of the immediate family of the following
Persons: Allen T.Y. Chan a.k.a. Talc Yuen Chan, W. Judson Martin, Kai Kit Poon, David
J. Horsley, William E. Ardell, James P. Boland, James M.E. Hyde, Edmund Mak, Simon
Murray, Peter Wang, Garry J. West, Albert Ip, Alfred C.T. Hung, George Ho and Simon
Yeung. For greater certainty, the Dealers Release shall apply to the Securities Claimants
described above.

**Recognition, Enforcement and Further Assistance**

17.     **THIS COURT ORDERS** that this Court shall retain an ongoing supervisory role for the
purposes of implementing, administering and enforcing the Dealers Settlement and the
Dealers Release and matters related to the Settlement Trust including any disputes about
the allocation of the Class Settlement Fund from the Settlement Trust. Any disputes
arising with respect to the performance or effect of, or any other aspect of, the Dealers
Settlement and the Dealers Release shall be determined by this Court, and that, except
with leave of this Court first obtained, no Person or party shall commence or continue
any proceeding or enforcement process in any other court or tribunal, with respect to the

- 15 -

performance or effect of, or any other aspect of the Dealers Settlement and the Dealers
Release.

18.    **THIS COURT ORDERS** that each of the Applicant, the Monitor, CCAA Representative
Counsel and the Dealers shall be at liberty and is hereby authorized and empowered to
apply to any court, tribunal, regulatory or administrative body, wherever located, for the
recognition of this order, or any further order as may be contemplated by Section 11.2 of
the Plan or be otherwise required, and or assistance in carrying out the terms of such
orders. Any actions previously taken in accordance with this paragraph 18 are hereby
ratified by this Court.

19.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court,
tribunal, regulatory or administrative body having jurisdiction in Canada or the
United States or elsewhere, to give effect to this order and to assist the Applicant, the
Monitor, the CCAA Representative Counsel and the Dealers and their respective
agents in carrying out the terms of this order. All courts, tribunals, regulatory and
administrative bodies are hereby respectfully requested to make such orders and to
provide such assistance to the Applicant, the Monitor, the CCAA Representative
Counsel and the Dealers as may be necessary or desirable to give effect to this order,
to grant representative status to the Applicant, the Monitor, the CCAA Representative
Counsel and the Dealers in any foreign proceeding, or to assist the Applicant, the
Monitor, the CCAA Representative Counsel and the Dealers and their respective
agents in carrying out the terms of this Order.

_____

- 16 -

## APPENDIX "A"
## DEFINED TERMS

"**Action**" means the Ontario Superior Court of Justice action bearing Toronto court file number CV-11-431153-00CP.

"**Causes of Action**" has the meaning ascribed to it in the Plan.

"**CCAA**" means the *Companies' Creditors Arrangement Act*, RSC, 1985, c. C-36.

"**Claims**" has the meaning ascribed to it in the Minutes of Settlement.

"**Class Actions**" has the meaning ascribed to it in the Plan.

"**Class Settlement Fund**" has the meaning ascribed to it in the Dealers Settlement.

"**Dealers**" means Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Ltd., RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd. (now known as Canaccord Genuity Corp.), Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated, successor by merger to Banc of America Securities LLC. "Dealers" includes all parent, affiliate and subsidiary corporations or business organizations in whatever form and all their predecessor and successor corporations or business organizations in whatever form.

"**Dealers Claims**" means any and all demands, Claims, actions, Causes of Action (as defined in the Plan), counterclaims, cross claims, suits, debts, sums of money, accounts, covenants, damages, judgments, orders, including injunctive relief or specific performance and compliance orders, expenses, executions, Encumbrances (as defined in the Plan), and other amounts sought to be recovered on account of any claim, indebtedness, liability, obligation, demand or cause of action of whatever nature that any Person (as defined in the Plan), including any Person (as defined in the Plan) who may have a claim for contribution and/or indemnity against or from them, and including without limitation, all present and former officers or Directors of Sino-Forest, Newco (as defined in the Plan), Newco II (as defined in the Plan), Ernst & Young (as defined in the Plan), BDO Ltd., Poyry (Beijing) Consulting Company Limited (and its affiliates), the Noteholders (as defined in the Plan), any past, present or future holder of any direct or indirect equity interest in the SFC Companies (as defined in the Plan), any past, present or future direct or indirect security holder of the SFC Companies (as defined in the Plan), any indirect or direct security holder of Newco (as defined in the Plan) or Newco II (as defined in the Plan), the Trustees (as defined in the Plan), the Transfer Agent (as defined in the Plan), the Monitor (as defined in the Plan), and each and every present and former affiliate, partner, director, officer, associate, employee, servant, agent, contractor, insurer, heir and/or assign of each of the foregoing who may or could (at any time, past, present or future) be entitled to assert against the Dealers, and each and every present and former partner, director, officer, associate, employee, servant, agent, advisor, consultant contractor, insurer, heir and/or assign of each of Dealers, whether known or unknown, matured or unmatured, direct or derivative, foreseen or unforeseen, suspected or unsuspected, contingent, existing or hereafter arising, based on whole or in part on any act or omission, transaction, conduct, dealing or other occurrence existing or taking place on,

- 17 -

prior to or after the date of this Release, relating to or arising out of or in connection with the SFC
Companies (as defined by the Plan), the SFC Business (as defined by the Plan) and any and all
other acts and omissions of the Dealers relating to the SFC Companies (as defined by the Plan) or
the SFC Business (as defined by the Plan). Dealers Claims include, without limitation:

1.    All Claims or Causes of Action (as defined in the Plan) arising from any acts or
omissions of the Dealers, including in respect of, but not limited to any statutory or
common law duties they may have owed, in connection with any share offering, debt
offering or other offering, or any secondary market or other sale or trading of
Securities and any statement in any of Sino-Forest's disclosure, including without
limitation any document released to the public or filed on SEDAR;

2.    All Claims or Causes of Action (as defined by the Plan) advanced or which could
have been advanced in any or all of the Class Actions (as defined by the Plan), including
any and all claims of fraud;

3.    All Claims or Causes of Action (as defined by the Plan) advanced or which could
have been advanced in any or all actions commenced in all jurisdictions as of the date of
this Release;

4.    All Noteholder Claims (as defined by the Plan), Litigation Trust Claims (as
defined by the Plan), or any Claim by or on behalf of Sino-Forest or the SFC
Companies (as defined in the Plan) or present, former or future holders of Securities
of Sino-Forest regardless of who asserts such claims; and

5.    All Claims or Causes of Action (as defined by the Plan) advanced or which could
have been advanced by all present and former directors, officers or employees of Sino-
Forest, and any and all agents, representatives, consultants, advisors, auditors or
counsel to Sino-Forest, including for contribution, indemnity, damages, equitable relief
or other monetary recovery.

**"Dealers Release"** means the Named Third Party Defendant Release described at section
11.2(c) of the Plan as applied to the Dealers Claims.

**"Dealers Settlement"** means the settlement as reflected in the Minutes of Settlement
executed on December 22, 2014 between the Dealers and the Ontario Plaintiffs.

**"Dealers Settlement Date"** means the date that the Monitor's Dealers Settlement Certificate
is delivered to the Dealers.

**"Eligible Third Party Defendant"** has the meaning ascribed to it in the Plan.

**"Monitor's Dealers Settlement Certificate"** is the Monitor's Named Third Party
Certificate contemplated at section 11.2(b) of the Plan, applicable and with respect to the
Dealers Settlement.

- 18 -

**"Monitor's Named Third Party Settlement Certificate"** has the meaning ascribed to it in the Plan.

**"Named Third Party Defendant"** has the meaning ascribed to it in the Plan.

**"Named Third Party Defendant Settlement"** has the meaning ascribed to it in the Plan.

**"Named Third Party Defendant Settlement Order"** has the meaning ascribed to it in the Plan.

**"Named Third Party Defendant Release"** has the meaning ascribed to it in the Plan.

**"Person"** has the meaning ascribed to it in the Plan.

**"Securities"** means common shares, notes or other securities defined in the *Securities Act*, RSO 1990, c. S.5, as amended, or that are securities at law.

**"Securities Claimants"** means all Person and entities, wherever they may reside, who acquired any Securities of Sino-Forest including Securities acquired in the primary, secondary, and over-the-counter markets.

**"Settlement Trust"** has the meaning ascribed to it in the Dealers Settlement.

- 19 -

## APPENDIX "B"
## MONITOR'S DEALERS SETTLEMENT CERTIFICATE

Court File No. CV-12-9667-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985, c.
C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

BETWEEN:

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN
CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO,
SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG

Plaintiffs

- and -

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known
as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT
POON, DAVID J. THE DEALERS, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E.
HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, POYRY
(BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES
(CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC
DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC.,
MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON
PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL
LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of
America Securities LLC)

Proceeding under the *Class Proceedings Act, 1992*

Defendants

36184-2001 18455049.6

- 20 -

All capitalized, terms not otherwise defined herein shall have the meanings ascribed to them in the Order of the Court dated ■ (the "Dealers Settlement Order") which, among other things, approved the Dealers Settlement and the Dealers Release.

Pursuant to section 11.2 of the Plan and paragraph ■ of the Dealers Settlement Order, FTI Consulting Canada Inc. (the "Monitor") in its capacity as Court-appointed Monitor of SFC delivers to the Dealers this certificate and hereby certifies that:

(a)    each of the parties to the Dealers Settlement has confirmed that all conditions precedent thereto have been satisfied or waived;

(b)    all settlement funds have been paid and received; and

(c)    immediately upon the delivery of this Monitor's Dealers Settlement Certificate, the Dealers Release will be in full force and effect in accordance with the Plan.

DATED at Toronto this ■ day of ■ 2015

FTI CONSULTING CANADA INC., solely in its capacity as Monitor of Sino-Forest Corporation and not in its personal capacity

_____
Name:
Title:

36184-2001 18455049.6

- 21 -

**SCHEDULE "B"**
[form of U.S. Recognition Order]