## **EXHIBIT D**

**AFFIDAVIT OF GARTH MYERS DATED APRIL 8, 2015**

262

Court File No.: CV-12-9667-00CL

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE

### COMMERCIAL LIST

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION**

Court File No.: CV-11-431153-00CP

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE

BETWEEN:

**THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT and ROBERT WONG**

Plaintiffs

- and -

**SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY,  PETER WANG, GARRY J. WEST, PÖYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of America Securities LLC)**

Defendants

Proceeding under the *Class Proceedings Act, 1992*

## AFFIDAVIT OF GARTH MYERS

1551083v1

- 2 -

**(Filed in respect of compliance with notice)**
**(Sworn April 8, 2015)**

**I, GARTH MYERS**, of the City of Toronto, in the Province of Ontario AFFIRM:

1.      I am an associate at Koskie Minsky LLP, who, along with Siskinds LLP (together, "Class Counsel"), are counsel to the plaintiffs in the above-captioned class proceeding (the "Class Plaintiffs"). I have knowledge of the matters deposed to below. Where I make statements in this affidavit that are not within my personal knowledge, I have indicated the source of my information and believe such information to be true.

2.      Unless otherwise defined or the context requires otherwise, all capitalized terms in this affidavit have the meanings attributed to them in the Plan of Compromise and Reorganization of Sino-Forest under the *Companies' Creditors Arrangement Act* ("CCAA") dated December 3, 2012 (the "Plan").

3.      For the purposes of the above-captioned proceeding under the CCAA (the "CCAA Proceedings"), Paliare Roland Rosenberg Rothstein LLP ("Paliare Roland") acts together with Class Counsel to represent the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the Class Plaintiffs (together, the "Ontario Plaintiffs").

4.      Pursuant to the Order of the Honourable Mr. Justice Morawetz, dated January 29, 2015 (the "Notice Order"), attached hereto as **Exhibit "A"**, Class Counsel was required to provide notice of the hearing to approve:

(a)      the proposed settlement between the Ontario Plaintiffs and Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce,

1551083v1

- 3 -

264

Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC) (the "Underwriters");

(b)    approval of Class Counsel fees and disbursements; and

(c)    approval of a Proposed Claims and Distribution Protocol.

5.    Attached hereto as **Exhibit "B"** is a copy of the Notice and the Notice of Objection.

6.    The Notice Order provided that the Notice be distributed in the following manner:

(a)    Class Counsel shall provide or cause to be provided a copy of the Notice and the Notice of Objection directly, either electronically or by mail, to all individuals or entities who have contacted Class Counsel, Siskinds Desmeules sencrl ("Desmeules") or Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") regarding this action, and to any person or entity who requests a copy of the Notice and the Notice of Objection, provided that such person or entity has furnished his, her or its contact information to Class Counsel, Desmeules, or Cohen Milstein;

(b)    Class Counsel will send or cause to be sent by direct mailing copies of the Notice and the Notice of Objection to all known individuals and entities who purchased Sino-Forest securities in the primary market from the Dealers during the class period, based on the information to be provided on a best efforts basis by the Dealers;

(c)    Class Counsel will send or will distribute the Notice and the Notice of Objection by email to all individuals and entities that have submitted claim forms in connection with the Ernst & Young Settlement (as defined in the Plan of Compromise and Reorganization of Sino-Forest Corporation under the *Companies' Creditors Arrangement Act* (the "CCAA") dated December 3, 2012 (the "Plan")) and who have indicated on their claim from that they are making a claim in respect of Sino-Forest securities purchased on the primary market, provided that such person or entity has furnished his, her, or its contact information in the claim form. The notice shall be sent electronically via email if email addresses have been provided; otherwise the notice shall be sent by mail;

(d)    Class Counsel will send or will cause to be sent copies of the Notice and the Notice of Objection to the current Service List in the above-captioned proceeding under the CCAA (the "CCAA Proceeding"); and

(e)    Copies of the Notice and the Notice of Objection will be posted on the websites of Class Counsel (in English and French) and Cohen Milstein (in English).

7.    The Notice Order further provided that the Notice and Notice of Objection be distributed no later than 30 days of the Notice Order, and the deadline for delivering a notice of objection is

- 4 -

30 days after the distribution of the Notice is complete (the "Objection Deadline"). Thirty days

following the Notice Order was February 28, 2015, a Saturday. The first weekday after February

28, 2015 was March 2, 2015. As a result, the Objection Deadline was set for April 1, 2015, 30

days after March 2, 2015.

8.      I am advised by Natercia McLellan of Koskie Minsky LLP, Genevieve Fontan of Cohen

Milstein, and Nicole Young of Siskinds LLP that, in accordance with paragraph 5(a), 5(d), and

5(e), above, by February 28, 2015 the Notice and Notice of Objection was sent to all individuals

that had provided their contact information to Class Counsel, Desmeules, and Cohen Milstein in

connection with these proceedings, the Notice and Notice of Objection was posted on the

websites of Class Counsel (in English and French) and Cohen Milstein (in English), and the

Notice and Notice of Objection were sent out to the CCAA service list. Attached here as **Exhibit**

**"C"** is a copy of the French translation of the Notice and Notice of Objection.

9.      I am advised by Rebecca Wise, an associate with Torys LLP, counsel to the

Underwriters, that in accordance with paragraph 5 of the Notice Order, best efforts were made to

provide Class Counsel with a list of all known individuals and entities who purchased Sino-

Forest securities in the primary market from the Underwriters during the class period.

10.     Such list was provided to Class Counsel by February 27, 2015, and the Notice and Notice

of Objection were sent to those individuals and entities by March 1, 2015. I am further advised

by Ms. Wise that she made arrangements for Credit Suisse Securities (Europe) Limited to

forward the Notice and Notice of Objection to its clients who purchased Sino-Forest securities in

the primary market from the Underwriters during the class period. The Notice and Notice of

Objection were sent to those clients by March 2, 2015.

266

11.     I am advised by Kurt Elgie of NPT RicePoint that in accordance with paragraph 5(b) and 5(c) above, copies of the Notice and Notice of Objection were sent to all persons and entities that have submitted claims to participate in the Ernst & Young settlement and who have indicated on their claim from that they are making a claim in respect of Sino-Forest securities purchased on the primary market, and copies of the Notice were provided to the list of all known individuals and entities who purchased Sino-Forest securities in the primary market from the Underwriters during the class period as provided by Torys LLP. I am advised my Mr. Elgie that the final mailing in respect of paragraph 5(b) was made on March 2, 2015. I am further advised by Mr. Elgie that 1,407 emailed notices were undeliverable and bounced back, and on March 4 and 5, 2015, hard copies of the Notice and Notice of Objection were mailed to these individuals and entities.

12.     In addition, Class Counsel provided notice of the hearing to approve the increase in NPT's fee for the administration of the settlement with Ernst & Young and approval of an order seeking to permit the filing of late claims in the Ernst & Young settlement. This notice, attached hereto as **Exhibit "D"**, was included with the Notice pursuant to paragraphs 6(a), 6(c), 6(d), and 6(e).

13.     In total, over 22,305 Notices were sent to class members. I am advised by Kurt Elgie that this includes Notices sent to brokers and third party filers who have made claims on behalf of 31,548 class members.

267

- 6 -

14.     I make this affidavit in respect of notice issues and in support of the motion for settlement

and fee approval and for no other or improper purpose.


**SWORN** before me at the City of   )
Toronto, in the Province of Ontario,   )
this 8 day of April, 2015.   )
                                    )
                                    )
                                    )
                                    )
_____   )   _____
A Commissioner, etc.   )   GARTH MYERS

Robert Gain

1551083v1



*This is Exhibit... A... referred to in the*
affidavit of *Garth Myers*
sworn before me, this *8th*
day of *April* 20 *15*

*A COMMISSIONER FOR TAKING AFFIDAVITS*

268

Court File No.: CV-12-9667-00CL

**ONTARIO**
## SUPERIOR COURT OF JUSTICE
## COMMERCIAL LIST

THE HONOURABLE MR. REGIONAL SENIOR    )    *THURSDAY*, THE **29ᵗʰ** DAY

JUSTICE MORAWETZ    )    OF *JANUARY*, 2015

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C.
1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.:  CV-11-431153-00CP

**ONTARIO**
## SUPERIOR COURT OF JUSTICE

B E T W E E N :

**THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND
EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING
ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT
and ROBERT WONG**

Plaintiffs

- and -

**SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly
known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN,
KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND,
JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J.
WEST, PÖYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE
SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES
CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC
WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD
FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE
SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED (successor by merger to Banc of America Securities LLC)**

Defendants

269

- 2 -

Proceeding under the *Class Proceedings Act, 1992*

## ORDER
## (Notice Approval – Dealers Settlement)

**THIS MOTION**, made by the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation ("Sino-Forest") in the Ontario Superior Court of Justice, bearing (Toronto) Court File No. CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Ontario Class Action", respectively) for an order approving the form of notice to Securities Claimants (the "Notice") of the hearing to approve the settlement agreement with Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC) (the "Dealers" and the "Dealers Settlement"), and matters ancillary thereto, was heard on January 29, 2015, in Toronto, Ontario.

**WHEREAS** the Ontario Plaintiffs and the Dealers have entered into the Dealers Settlement;

**AND WHEREAS** notice has previously been provided to Securities Claimants of the Ernst & Young Settlement and the settlement with David J. Horsley;

**AND ON BEING ADVISED** that in excess of 47,000 claims have been submitted by Securities Claimants wishing to participate in the proceeds of the Ernst & Young Settlement;

270

- 3 -

AND ON BEING ADVISED that a proceeding (the "Chapter 15 Proceeding") was commenced in the United States Bankruptcy Court for the Southern District of New York (the "United States Bankruptcy Court") captioned In re Sino Forest Corporation, Case No. 13-10361 (MG) and that this notice will be disseminated pursuant to the Federal Rules of Bankruptcy Procedure and any applicable local rules in connection with the motion filed in the Chapter 15 Proceeding for an order recognizing and enforcing the order granting approval of the Dealers Settlement in the United States;

AND ON READING the materials filed, and on hearing submissions of counsel to the Ontario Plaintiffs and the Dealers;

1.   **THIS COURT ORDERS** that the time for service and filing of this notice of motion and motion record is validated and abridged and any further service thereof is dispensed with.

2.   **THIS COURT ORDERS** that unless otherwise defined herein, or unless the context requires otherwise, capitalized terms in this Order have the meanings attributed to them at **Schedule "A"** of this Order.

3.   **THIS COURT ORDERS** that the notice substantially in the form attached as **Schedule "B"** (the "Notice") be and hereby is approved, subject to the right of the parties to make non-material amendments to such form as may be necessary or desirable.

4.   **THIS COURT ORDERS** that the Notice shall be disseminated as follows by no later than 30 days after this Order:

(a)   Siskinds LLP and Koskie Minsky LLP (together, "Class Counsel") shall provide or cause to be provided a copy of the Notice and the Notice of Objection directly, either electronically or by mail, to all individuals or entities who have contacted Class Counsel, Siskinds Desmeules sencrl ("Desmeules") or Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") regarding this

action, and to any person or entity who requests a copy of the Notice and the Notice of Objection, provided that such person or entity has furnished his, her or its contact information to Class Counsel, Desmeules, or Cohen Milstein;

(b)    Class Counsel will send or cause to be sent by direct mailing copies of the Notice and the Notice of Objection to all known individuals and entities who purchased Sino-Forest securities in the primary market from the Dealers during the class period, based on the information to be provided by the Dealers, as set out in paragraph 5 below;

(c)    Class Counsel will send or will distribute the Notice and the Notice of Objection by email to all individuals and entities that have submitted claim forms in connection with the Ernst & Young Settlement (as defined in the Plan of Compromise and Reorganization of Sino-Forest Corporation under the *Companies' Creditors Arrangement Act* (the "CCAA") dated December 3, 2012 (the "Plan")) and who have indicated on their claim from that they are making a claim in respect of Sino-Forest securities purchased on the primary market, provided that such person or entity has furnished his, her, or its contact information in the claim form. The notice shall be sent electronically via email if email addresses have been provided; otherwise the notice shall be sent my mail;

(d)    Class Counsel will send or will cause to be sent copies of the Notice and the Notice of Objection to the current Service List in the above-captioned proceeding under the CCAA (the "CCAA Proceeding"); and

(e)    Copies of the Notice and the Notice of Objection will be posted on the websites of Class Counsel (in English and French) and Cohen Milstein (in English).

5.    **THIS COURT ORDERS** that the Dealers are required to make best efforts to provide to Class Counsel, within 30 days of this Order, the names and addresses of all known individuals and entities who purchased Sino-Forest securities in the primary market from the Dealers during the class period.

6.    **THIS COURT ORDERS** that any persons wishing to object to the Dealers Settlement shall deliver a notice of objection substantially in the form attached hereto as **Schedule "C"** (the "Notice of Objection") to be received by no later than 30 days after the distribution of the notice is complete (the "Objection Deadline") by mail, courier, or email transmission, to the contact information indicated on the Notice of Objection, and that any Notice of Objection received later than the Objection Deadline shall not be filed with the Court or considered at the hearing to approve the Dealers Settlement; and

272

- 5 -

7.  **THIS COURT REQUESTS,** pursuant to the *Companies' Creditors Arrangement Act* together with such other statutes, regulations and protocols as may apply, and as a matter of comity, that all courts, regulatory and administrative bodies, and other tribunals, in all provinces and territories of Canada, in the United States of America, and in all other nations or states, recognize this order and act in aid of and in a manner complementary to this order and this court in carrying out the terms of this order.

Date:                                                    _____
                                                              Morawetz J.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO.
LE / DANS LE REGISTRE NO.

JAN 3 0 2015

# SCHEDULE "A"

<u>Definitions of capitalized terms used in this Order</u>

**"CCAA"** means the *Companies' Creditors Arrangement Act*, RSC, 1985, c. C-36.

**"Dealers"** means Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC).

**"Ernst & Young Settlement"** has the meaning attributed to it in the Plan.

**"Dealers Settlement"** means the settlement as reflected in the Minutes of Settlement between the Dealers and the plaintiffs in Ontario Superior Court Action No. CV-11-431153-00CP, Quebec Superior Court No. 200-06-000132-111, and United States New York Southern District Court, Case Number 1:12-cv-01726 (AT).

**"Plan"** means the Plan of Compromise and Reorganization of Sino-Forest Corporation under the CCAA, dated December 3, 2012 .

**"Securities Claimants"** means all Person and entities, wherever they may reside, who acquired any Securities of Sino-Forest Corporation including Securities acquired in the primary, secondary, and over-the-counter markets.

274

Schedule "B"

# SINO-FOREST SECURITIES LITIGATION

# NOTICE OF PROPOSED SETTLEMENT WITH:

**Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC)**

**TO:** All persons and entities, wherever they may reside, who acquired any securities of Sino-Forest Corporation including securities acquired in the primary, secondary, and over-the-counter markets (the "Securities Claimants").

**READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR LEGAL RIGHTS. YOU MAY NEED TO TAKE PROMPT ACTION**

**IMPORTANT DEADLINE**

**Objection Deadline** (for those who wish to object or make submissions regarding the proposed settlements with the Dealers or recognition and enforcement of any order approving such proposed settlements in the United States. See pages 3 & 4 for more details)    ●

### Background of Sino-Forest Class Action and CCAA Proceeding

In June and July of 2011, class actions were commenced in the Ontario Superior Court of Justice (the "Ontario Proceeding") and the Quebec Superior Court (the "Quebec Proceeding") by certain plaintiffs (the "Canadian Plaintiffs") against Sino-Forest Corporation ("Sino-Forest"), its auditors, a consulting company, its senior officers and directors, Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC) (the "Dealers"). In January 2012, a proposed class action was commenced by certain plaintiffs (together with Canadian Plaintiffs, the "Plaintiffs") against Sino-Forest and other defendants in the Supreme Court of the State of New York which was removed to and is now pending in the United States District Court for the Southern District of New York (the "U.S.

Action") (together with the Ontario Proceeding and the Québec Proceeding, the "Proceedings").
The Proceedings alleged, *inter alia*, that the public filings of Sino-Forest contained false and
misleading statements about Sino-Forest's financial results, assets, business, and transactions.

Since that time, the litigation has been vigorously contested. On March 30, 2012, Sino-Forest
obtained creditor protection under the *Companies' Creditors Arrangement Act* (the "CCAA"),
and the Ontario Superior Court ordered a stay of proceedings against the company and other
parties (the "CCAA Proceeding"). Orders and other materials relevant to the CCAA Proceeding
can be found at the CCAA Monitor's website at http://cfcanada.fticonsulting.com/sfc/ (the
"Monitor's Website").

On December 10, 2012, the Ontario Superior Court entered an order (the "Plan Sanction Order")
approving a Plan of Arrangement in the CCAA Proceeding. As part of the Plan of Arrangement,
the court approved a framework by which the Plaintiffs may enter into settlement agreements
with any of the third-party defendants to the Proceedings.

On February 4, 2013, a proceeding was commenced in the United States Bankruptcy Court for
the Southern District of New York (the "United States Bankruptcy Court") captioned In re Sino
Forest Corporation, Case No. 13-10361 (MG) (the "Chapter 15 Proceeding") seeking recognition
of the CCAA Proceeding and an order recognizing and enforcing the Plan Sanction Order in the
United States. On April 15, 2013, the Bankruptcy Court entered an order recognizing and
enforcing the Plan Sanction Order in the United States.

Shortly prior to the commencement of the CCAA Proceeding, the Plaintiffs entered into a
settlement agreement with Pöyry (Beijing) Consulting Company Limited (the "Pöyry
Settlement"). The Pöyry Settlement was approved by courts in Ontario and Québec, and January
15, 2013 was fixed as the date by which members of the class could opt of the Proceedings. The
opt out period has now expired. No person may now opt out of the Proceedings.

To date, the claims in the Proceedings against the defendants Ernst & Young and David J.
Horsley have also been settled and approved by the Ontario Superior Court.

On January 12, 2015, the Ontario Superior Court certified the Ontario Proceeding and granted
leave to the Plaintiffs to pursue claims made pursuant to Part XXIII.1 of the Ontario *Securities
Act* (and equivalent legislation in other Provinces) as against Sino-Forest, BDO Limited, Allen
T.Y. Chan, W. Judson Martin, Kai Kit Poon, William E. Ardell, James P. Bowland, James M.E.
Hyde, Edmund Mak, Simon Murray, Peter Wang, and Garry J. West.

**Who Acts for the Securities Claimants**

Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules, sencrl, and Cohen Milstein Sellers &
Toll PLLC (collectively, "Class Counsel") represent the Securities Claimants in the Proceedings.
If you want to be represented by another lawyer, you may hire one to appear in court for you at
your own expense.

You will not have to directly pay any fees or expenses to Class Counsel. However, Class
Counsel will seek to have their fees and expenses paid from any money obtained for the class or
paid separately by the defendants.

- 3 -

## Proposed Settlement with the Dealers

The Plaintiffs have entered into a proposed settlement with the Dealers (the "Settlement Agreement"). The Settlement Agreement would settle, extinguish and bar all claims, globally, against the Dealers in relation to Sino-Forest including the allegations in the Proceedings. The Dealers do not admit to any wrongdoing or liability. The terms of the proposed settlements do not involve the resolution of any claims against Sino-Forest or any of the other remaining defendants. For an update on CCAA orders affecting Sino-Forest, please see the Monitor's Website. A complete copy of the proposed Settlement Agreement and other information about these Proceedings is available on the website of Koskie Minsky LLP, at www.kmlaw.ca/sinoforestclassaction, on the website of Cohen Milstein Sellers & Toll PLLC at http://www.cohenmilstein.com/cases/274/sino-forest ("Cohen Milstein Website") and on www.sinosettlement.com (collectively, the "Class Action Websites").

The Settlement Agreement, if approved and its conditions fulfilled, provides that CAD$32,500,000 (the "Settlement Amount") shall be paid into an interest bearing account for the benefit of the Securities Claimants until such time that it is distributed pursuant to orders of the Ontario Superior Court and to pay legal fees and disbursements.

In return, the Proceedings will be dismissed against the Dealers, and there will be an order forever barring all claims against them in relation to Sino-Forest, including any allegations relating to the Proceedings. Such order will be final and binding and there will be no ability to pursue a claim against the Dealers through an opt-out process under class proceedings or similar legislation.

The proposed settlement with the Dealers is subject to court approval, as discussed below.

## Hearing to Approve the Settlement Agreement, Class Counsel Fees, and the Claims and Distribution Protocol on ● in Toronto, Ontario

On ● at ●. (ET), there will be a hearing before the Ontario Superior Court of Justice at which Class Counsel will seek that Court's approval of i) the Settlement Agreement; ii) the fees and expense reimbursement requests of Class Counsel; and iii) a plan of allocation and distribution of the Settlement Amount (the "Claims and Distribution Protocol") (together, the "Ontario Approval Motion"). The hearing will be held at the Canada Life Building, 330 University Avenue, 8th Floor, Toronto, Ontario. The exact courtroom number will be available on a notice board on the 8th Floor.

The proposed Claims and Distribution Protocol sets out, among other things, i) the method by which the Administrator (defined below) will review and process claims forms; and ii) the method by which the Administrator will calculate the amount of compensation to be distributed to each Securities Claimant, including the Allocation System, which assigns different risk adjustment factors to different Sino-Forest securities depending on factors such as the type of security acquired and the time that security was acquired. Persons that suffered the same loss on their Sino-Forest securities may receive different levels of compensation, depending on the risk adjustment factors assigned to their securities.

277

- 4 -

The detailed proposed Claims and Distribution Protocol can be found at the Class Action Websites, or by contacting Class Counsel at the contact information set out at the end of this notice.

At the Ontario Approval Motion, the court will determine whether the Settlement Agreement and the Claims and Distribution Protocol are fair, reasonable, and in the best interests of Securities Claimants. At that hearing, Class Counsel will also seek court approval of its request for fees and expense reimbursements ("Class Counsel Fees"). As is customary in class actions, Class Counsel is prosecuting and will continue to prosecute this class action on a contingent fee basis. Class Counsel is paid only where there is a recovery for the class, and the Class Counsel funds the out-of-pocket expenses of conducting the litigation in the interim. Class Counsel will be requesting the following fees and disbursements to be deducted from the Settlement Amount before it is distributed to Securities Claimants:

Siskinds LLP, Koskie Minsky LLP, Siskinds Desmeules, sencrl

    Amount requested: $● plus disbursements (expenses), plus taxes

Cohen Milstein Sellers & Toll PLLC

    Amount requested: $● plus disbursements (expenses), plus taxes

The court materials in support of these fee and disbursement requests will be posted on the Class Action Websites prior to the Distribution Protocol and Fee Hearing.

Expenses incurred or payable relating to notification, implementation, and administration of the settlement ("Administration Expenses") will also be paid from the Settlement Amount.

All Securities Claimants may attend the hearing of the Ontario Approval Motion and ask to make submissions regarding the proposed settlement with the Dealers.

**Persons intending to object to the approval of the Settlement Agreement, the Allocation and Distribution protocol or fee and expense application are required to deliver a Notice of Objection, substantially in the form that can be found on the Class Action Websites, and, if this Notice is received by mail or email, enclosed with this Notice (the "Notice of Objection"), to Siskinds LLP by regular mail, courier, or email transmission, to the contact information indicated on the Notice of Objection, so that it is received by no later than 5:00 p.m. on●, 2015. Copies of the Notices of Objection sent to Siskinds LLP will be filed with the Ontario Superior Court.**

Concurrent with the hearing of the Ontario Approval Motion, there will be a hearing in the United States Bankruptcy Court for an order recognizing and enforcing the order granting approval of the Dealers Settlement in the United States.

<u>Concurrent Hearing for Recognition and Enforcement on ●in New York, New York</u>

Among other things, the Settlement Agreement is conditioned on and order recognizing and enforcing the order granting approval of the Dealers Settlement in the United States. Accordingly, on or before●, United States bankruptcy counsel for the Plaintiffs, Lowenstein

278

- 5 -

Sandler LLP will file a motion (the "Dealers Settlement Recognition Motion") with the United States Bankruptcy Court seeking such relief. Copies of the Dealers Settlement Recognition Motion will be available on the Class Action Websites.

On ●, at ● (ET), concurrently with the hearing on the Ontario Approval Motion, there will be a hearing on the Dealers Settlement Recognition Motion before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 of the Bankruptcy Court, One Bowling Green, New York, New York. If the Ontario Approval Motion is granted, the Bankruptcy Court will consider whether to grant an order recognizing and enforcing the order granting approval of the Dealers Settlement in the United States.

**Any objections or responses to the Dealers Settlement Recognition Motion, which will be considered separately by the United States Bankruptcy Court from any objections made with respect to the Ontario Approval Motion, must be made in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the Bankruptcy Court. In addition, such objection or response must be made in writing describing the basis therefore and filed with the United States Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the United States Bankruptcy Court's electronic case filing system, and by all other parties in interest, on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the Honorable Martin Glenn, United States Bankruptcy Judge, Southern District of New York, One Bowling Green, New York, NY 10004-1408 and served upon United States bankruptcy counsel for the Dealers at ● Attention: ●, and United States bankruptcy counsel for the Plaintiffs, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, N.Y. 10020, Attention: Michael S. Etkin and Andrew D. Behlmann, so as to be <u>received</u> by them no later than ● at ●. (ET).**

**THE COURT MAY APPROVE A CLAIMS AND DISTRIBUTION PROTOCOL THAT IS DIFFERENT THAN THE CLAIMS AND DISTRIBUTION PROTOCOL THAT IS PROPOSED BY CLASS COUNSEL. WHETHER OR NOT THEY SUBMIT A VALID CLAIM FORM, ALL PERSONS OR ENTITIES THAT ARE ENTITLED TO PARTICIPATE IN THE DEALERS SETTLEMENT WILL BE BOUND BY THE CLAIMS AND DISTRIBUTION PROTOCOL, WHATEVER IT MAY BE, THAT IS APPROVED BY THE COURT.**

<u>**The Administrator**</u>

The Ontario Superior Court has appointed NPT RicePoint as the Administrator of the settlement. The Administrator will, among other things: (i) receive and process the claim forms; (ii) make determinations of Class Members' eligibility for compensation pursuant to the Claims and Distribution Protocol; (iii) communicate with Class Members regarding their eligibility for compensation; and (iv) manage and distribute the net settlement amount. The Administrator can be contacted at:

Mailing Address:        NPT RicePoint Class Action Services
                        Sino-Forest Class Action
                        P.O. Box 3355

279

- 6 -

|  |  |
|---|---|
|  | London, ON N6A 4K3 |
| Telephone: | 1-866-432-5534 |
| Email Address: | sino@nptricepoint.com |
| Website: | www.nptricepoint.com |

### Further Information

If you would like additional information, please contact Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules sencrl, or Cohen Milstein Sellers & Toll PLLC using the information below:

Garth Myers, Jonathan Ptak
Koskie Minsky LLP
20 Queen St. West, Suite 900, Box 52, Toronto, ON, M5H 3R3
Re: Sino-Forest Class Action
Tel: 1.866.474.1739 (within North America)
Tel: 416.595.2158 (outside North America)
Email: sinoforestclassaction@kmlaw.ca

Dimitri Lascaris, Charles Wright
Siskinds LLP
680 Waterloo Street, P.O. Box 2520 London, ON N6A 3V8
Re: Sino-Forest Class Action
Tel: 1.800.461.6166 x 2380 (within North America)
Tel: 519.672.2251 x 2380 (outside North America)
Email: sinoforest@siskinds.com

Simon Hebert
Siskinds Desmeules, sencrl
43 Rue Buade, Bureau 320, Québec City, Québec, G1R 4A2
Re: Sino-Forest Class Action
Tel: 418.694.2009
Email: simon.hebert@siskindsdesmeules.com

Richard Speirs, Genevieve Fontan
Cohen Milstein Sellers & Toll, PLLC
88 Pine Street
New York, NY 10005
Tel. 212.838.7797
Email: lawinfo@cohenmilstein.com

### Interpretation

If there is a conflict between the provisions of this notice and the Settlement Agreement, the terms of the Settlement Agreement will prevail.

280

- 7 -

Please do not direct inquiries about this notice to the Ontario Superior Court or the United States
Bankruptcy Court. All inquiries should be directed to Class Counsel.


DISTRIBUTION OF THIS NOTICE HAS BEEN AUTHORIZED BY THE ONTARIO
SUPERIOR COURT OF JUSTICE

281

# Schedule "C"

## NOTICE OF OBJECTION

# ONLY USE THIS FORM IF YOU **DO NOT** LIKE THE DEALERS SETTLEMENT OR THE CLAIMS AND DISTRIBUTION PROTOCOL OR THE COUNSEL FEE APPLICATION AND WISH TO OBJECT

**TO:  SISKINDS LLP**
680 Waterloo Street
PO Box 2520
London, ON N6A 3V8

Attention:  Nicole Young

Email:  sinoforest@siskinds.com

**RE:    SINO-FOREST CORPORATION — DEALERS SETTLEMENT**

I , _____ **(please check all boxes that apply):**
        (insert name)

☐    am a current shareholder of Sino–Forest Corporation

☐    am a former shareholder of Sino–Forest Corporation

☐    am a current noteholder of Sino–Forest Corporation

☐    am a former noteholder of Sino–Forest Corporation

☐    other (please explain)

_____

_____

I acknowledge that pursuant to the order of Mr. Justice Morawetz dated ● (the "Order"), persons wishing to object to the Dealers Settlement, the claims and distribution protocol, or the counsel fee application are required to complete and deliver this Notice of Objection to Siskinds LLP by mail, courier or email to be received by no later than ● (Eastern Time) on ●.

I hereby give notice that I object to the Dealers Settlement, the claims and distribution protocol, or the counsel application for the following reasons (please attach extra pages if you require more space):

**ONLY SUBMIT AN OBJECTION IF YOU DO NOT LIKE THE DEALERS SETTLEMENT, THE CLAIMS AND DISTRIBUTION PROTOCOL, OR THE COUNSEL FEE APPLICATION AND WISH TO OBJECT**

282

- 2 -

_____

_____

_____

_____

_____

_____

_____

_____

☐   I DO NOT intend to appear at the hearing of the motion to approve the Dealers
     Settlement, the Claims and Distribution Protocol, or the Counsel Fee Application, and I
     understand that my objection will be filed with the court prior to the hearing of the
     motion at ● on ●, at 330 University Ave., 8th Floor Toronto, Ontario.

☐   I DO intend to appear, in person or by counsel, and to make submissions at the hearing of
     the motion to approve the Dealers Settlement, the Claims and Distribution Protocol, or
     the Counsel Fee Application,   at ● on ●, at 330 University Ave., 8th Floor Toronto,
     Ontario.


**MY ADDRESS FOR SERVICE IS:**            **MY   LAWYER'S   ADDRESS   FOR
                                          SERVICE IS (if applicable):**

Name:                                     Name:

Address:                                  Address:




Tel.:                                     Tel.:

Fax:                                      Fax:

Email:                                    Email:


**Date:** _____   **Signature:**_____

Court File No: CV-11-431153-00CP

Court File No: CV-12-9667-00CL

The Trustees of the Labourer's Pension Fund of Central and Eastern Canada, et al.

**Plaintiffs**

and    Sino-Forest Corporation, et al.

**Defendants**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPRISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
Proceedings Under the *Class Proceedings Act, 1992*
Proceeding commenced at Toronto

**ORDER**

KOSKIE MINSKY LLP
20 Queen Street West, Suite 900, Box 52
Toronto ON M5H 3R3

Kirk M. Baert (LSUC#: 30942O)
Tel: (416) 595-2117
Fax: (416) 204-2889
Jonathan Ptak (LSUC#: 45773F)
Tel: (416) 595-2149
Fax: (416) 204-2903

SISKINDS LLP
680 Waterloo Street, P.O. Box 2520
London ON N6A 3V8

Charles M. Wright (LSUC#: 36599Q )
Tel: (519) 660-7753
Fax: (519) 660-7754
A. Dimitri Lascaris (LSUC#: 50074A)
Tel: (519) 660-7844
Fax: (519) 660-7845

**Lawyers for the Plaintiffs**

284

# SINO-FOREST SECURITIES LITIGATION

# NOTICE OF PROPOSED SETTLEMENT WITH:

### Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC)

**TO:**     All persons and entities, wherever they may reside, who acquired any securities of Sino-Forest Corporation including securities acquired in the primary, secondary, and over-the-counter markets (the "Securities Claimants").

**READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR LEGAL RIGHTS.**
**YOU MAY NEED TO TAKE PROMPT ACTION**

**IMPORTANT DEADLINE**

**Objection Deadline** (for those who wish to object or make submissions regarding the proposed settlements with the Dealers or recognition and enforcement of any order approving such proposed settlements in the United States. See pages 3 & 4 for more details)

*This is Exhibit......B...... referred to in the affidavit of...Garth Myers...... sworn before me, this......8th...... day of......April...... 20..15*

*A COMMISSIONER FOR TAKING AFFIDAVITS*

**Background of Sino-Forest Class Action and CCAA Proceeding**

In June and July of 2011, class actions were commenced in the Ontario Superior Court of Justice (the "Ontario Proceeding") and the Quebec Superior Court (the "Quebec Proceeding") by certain plaintiffs (the "Canadian Plaintiffs") against Sino-Forest Corporation ("Sino-Forest"), its auditors, a consulting company, its senior officers and directors, Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC) (the "Dealers"). In January 2012, a proposed class action was commenced by certain plaintiffs (together with Canadian Plaintiffs, the "Plaintiffs") against Sino-Forest and other defendants in the Supreme Court of the State of New York which was removed to and is now pending in the United States District Court for the Southern District of New York (the "U.S.

- 2 -

Action") (together with the Ontario Proceeding and the Québec Proceeding, the "Proceedings"). The Proceedings alleged, *inter alia*, that the public filings of Sino-Forest contained false and misleading statements about Sino-Forest's financial results, assets, business, and transactions.

Since that time, the litigation has been vigorously contested. On March 30, 2012, Sino-Forest obtained creditor protection under the *Companies' Creditors Arrangement Act* (the "CCAA"), and the Ontario Superior Court ordered a stay of proceedings against the company and other parties (the "CCAA Proceeding"). Orders and other materials relevant to the CCAA Proceeding can be found at the CCAA Monitor's website at http://cfcanada.fticonsulting.com/sfc/ (the "Monitor's Website").

On December 10, 2012, the Ontario Superior Court entered an order (the "Plan Sanction Order") approving a Plan of Arrangement in the CCAA Proceeding. As part of the Plan of Arrangement, the court approved a framework by which the Plaintiffs may enter into settlement agreements with any of the third-party defendants to the Proceedings.

On February 4, 2013, a proceeding was commenced in the United States Bankruptcy Court for the Southern District of New York (the "United States Bankruptcy Court") captioned In re Sino Forest Corporation, Case No. 13-10361 (MG) (the "Chapter 15 Proceeding") seeking recognition of the CCAA Proceeding and an order recognizing and enforcing the Plan Sanction Order in the United States. On April 15, 2013, the Bankruptcy Court entered an order recognizing and enforcing the Plan Sanction Order in the United States.

Shortly prior to the commencement of the CCAA Proceeding, the Plaintiffs entered into a settlement agreement with Pöyry (Beijing) Consulting Company Limited (the "Pöyry Settlement"). The Pöyry Settlement was approved by courts in Ontario and Québec, and January 15, 2013 was fixed as the date by which members of the class could opt of the Proceedings. The opt out period has now expired. No person may now opt out of the Proceedings.

To date, the claims in the Proceedings against the defendants Ernst & Young and David J. Horsley have also been settled and approved by the Ontario Superior Court.

On January 12, 2015, the Ontario Superior Court certified the Ontario Proceeding and granted leave to the Plaintiffs to pursue claims made pursuant to Part XXIII.1 of the Ontario *Securities Act* (and equivalent legislation in other Provinces) as against Sino-Forest, BDO Limited, Allen T.Y. Chan, W. Judson Martin, Kai Kit Poon, William E. Ardell, James P. Bowland, James M.E. Hyde, Edmund Mak, Simon Murray, Peter Wang, and Garry J. West.

## Who Acts for the Securities Claimants

Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules, sencrl, and Cohen Milstein Sellers & Toll PLLC (collectively, "Class Counsel") represent the Securities Claimants in the Proceedings. If you want to be represented by another lawyer, you may hire one to appear in court for you at your own expense.

You will not have to directly pay any fees or expenses to Class Counsel. However, Class Counsel will seek to have their fees and expenses paid from any money obtained for the class or paid separately by the defendants.

285

- 3 -

**Proposed Settlement with the Dealers**

The Plaintiffs have entered into a proposed settlement with the Dealers (the "Settlement Agreement"). The Settlement Agreement would settle, extinguish and bar all claims, globally, against the Dealers in relation to Sino-Forest including the allegations in the Proceedings. The Dealers do not admit to any wrongdoing or liability. The terms of the proposed settlements do not involve the resolution of any claims against Sino-Forest or any of the other remaining defendants. For an update on CCAA orders affecting Sino-Forest, please see the Monitor's Website. A complete copy of the proposed Settlement Agreement and other information about these Proceedings is available on the website of Koskie Minsky LLP, at www.kmlaw.ca/sinoforestclassaction, on the website of Cohen Milstein Sellers & Toll PLLC at http://www.cohenmilstein.com/cases/274/sino-forest ("Cohen Milstein Website") and on www.sinosettlement.com (collectively, the "Class Action Websites").

The Settlement Agreement, if approved and its conditions fulfilled, provides that CAD$32,500,000 (the "Settlement Amount") shall be paid into an interest bearing account for the benefit of the Securities Claimants until such time that it is distributed pursuant to orders of the Ontario Superior Court and to pay legal fees and disbursements.

In return, the Proceedings will be dismissed against the Dealers, and there will be an order forever barring all claims against them in relation to Sino-Forest, including any allegations relating to the Proceedings. Such order will be final and binding and there will be no ability to pursue a claim against the Dealers through an opt-out process under class proceedings or similar legislation.

The proposed settlement with the Dealers is subject to court approval, as discussed below.

**Hearing to Approve the Settlement Agreement, Class Counsel Fees, and the Claims and Distribution Protocol on ● in Toronto, Ontario**

On ● at ●. (ET), there will be a hearing before the Ontario Superior Court of Justice at which Class Counsel will seek that Court's approval of i) the Settlement Agreement; ii) the fees and expense reimbursement requests of Class Counsel; and iii) a plan of allocation and distribution of the Settlement Amount (the "Claims and Distribution Protocol") (together, the "Ontario Approval Motion"). The hearing will be held at the Canada Life Building, 330 University Avenue, 8th Floor, Toronto, Ontario. The exact courtroom number will be available on a notice board on the 8th Floor.

The proposed Claims and Distribution Protocol sets out, among other things, i) the method by which the Administrator (defined below) will review and process claims forms; and ii) the method by which the Administrator will calculate the amount of compensation to be distributed to each Securities Claimant, including the Allocation System, which assigns different risk adjustment factors to different Sino-Forest securities depending on factors such as the type of security acquired and the time that security was acquired. Persons that suffered the same loss on their Sino-Forest securities may receive different levels of compensation, depending on the risk adjustment factors assigned to their securities.

267

- 4 -

The detailed proposed Claims and Distribution Protocol can be found at the Class Action Websites, or by contacting Class Counsel at the contact information set out at the end of this notice.

At the Ontario Approval Motion, the court will determine whether the Settlement Agreement and the Claims and Distribution Protocol are fair, reasonable, and in the best interests of Securities Claimants. At that hearing, Class Counsel will also seek court approval of its request for fees and expense reimbursements ("Class Counsel Fees"). As is customary in class actions, Class Counsel is prosecuting and will continue to prosecute this class action on a contingent fee basis. Class Counsel is paid only where there is recovery for the class, and Class Counsel funds the out-of-pocket expenses of conducting the litigation in the interim. Class Counsel will be requesting the following fees and disbursements to be deducted from the Settlement Amount before it is distributed to Securities Claimants:

Siskinds LLP, Koskie Minsky LLP, Siskinds Desmeules, sencrl

    Amount requested: $● plus disbursements (expenses), plus taxes

Cohen Milstein Sellers & Toll PLLC

    Amount requested: $● plus disbursements (expenses), plus taxes

The court materials in support of these fee and disbursement requests will be posted on the Class Action Websites prior to the Distribution Protocol and Fee Hearing.

Expenses incurred or payable relating to notification, implementation, and administration of the settlement ("Administration Expenses") will also be paid from the Settlement Amount.

All Securities Claimants may attend the hearing of the Ontario Approval Motion and ask to make submissions regarding the proposed settlement with the Dealers.

**Persons intending to object to the approval of the Settlement Agreement, the Allocation and Distribution protocol or fee and expense application are required to deliver a Notice of Objection, substantially in the form that can be found on the Class Action Websites, and, if this Notice is received by mail or email, enclosed with this Notice (the "Notice of Objection"), to Siskinds LLP by regular mail, courier, or email transmission, to the contact information indicated on the Notice of Objection, so that it is received by no later than 5:00 p.m. on ●, 2015. Copies of the Notices of Objection sent to Siskinds LLP will be filed with the Ontario Superior Court.**

Concurrent with the hearing of the Ontario Approval Motion, there will be a hearing in the United States Bankruptcy Court for an order recognizing and enforcing the order granting approval of the Dealers Settlement in the United States.

<u>Concurrent Hearing for Recognition and Enforcement on ●in New York, New York</u>

Among other things, the Settlement Agreement is conditioned on and order recognizing and enforcing the order granting approval of the Dealers Settlement in the United States. Accordingly, on or before●, United States bankruptcy counsel for the Plaintiffs, Lowenstein

288

- 5 -

Sandler LLP will file a motion (the "Dealers Settlement Recognition Motion") with the United States Bankruptcy Court seeking such relief. Copies of the Dealers Settlement Recognition Motion will be available on the Class Action Websites.

On ●, at ● (ET), concurrently with the hearing on the Ontario Approval Motion, there will be a hearing on the Dealers Settlement Recognition Motion before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 of the Bankruptcy Court, One Bowling Green, New York, New York. If the Ontario Approval Motion is granted, the Bankruptcy Court will consider whether to grant an order recognizing and enforcing the order granting approval of the Dealers Settlement in the United States.

**Any objections or responses to the Dealers Settlement Recognition Motion, which will be considered separately by the United States Bankruptcy Court from any objections made with respect to the Ontario Approval Motion, must be made in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the Bankruptcy Court. In addition, such objection or response must be made in writing describing the basis therefore and filed with the United States Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the United States Bankruptcy Court's electronic case filing system, and by all other parties in interest, on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the Honorable Martin Glenn, United States Bankruptcy Judge, Southern District of New York, One Bowling Green, New York, NY 10004-1408 and served upon United States bankruptcy counsel for the Dealers at ● Attention: ●, and United States bankruptcy counsel for the Plaintiffs, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, N.Y. 10020, Attention: Michael S. Etkin and Andrew D. Behlmann, so as to be received by them no later than ● at ●. (ET).**

**THE COURT MAY APPROVE A CLAIMS AND DISTRIBUTION PROTOCOL THAT IS DIFFERENT THAN THE CLAIMS AND DISTRIBUTION PROTOCOL THAT IS PROPOSED BY CLASS COUNSEL. WHETHER OR NOT THEY SUBMIT A VALID CLAIM FORM, ALL PERSONS OR ENTITIES THAT ARE ENTITLED TO PARTICIPATE IN THE DEALERS SETTLEMENT WILL BE BOUND BY THE CLAIMS AND DISTRIBUTION PROTOCOL, WHATEVER IT MAY BE, THAT IS APPROVED BY THE COURT.**

<u>The Administrator</u>

The Ontario Superior Court has appointed NPT RicePoint as the Administrator of the settlement. The Administrator will, among other things: (i) receive and process the claim forms; (ii) make determinations of Class Members' eligibility for compensation pursuant to the Claims and Distribution Protocol; (iii) communicate with Class Members regarding their eligibility for compensation; and (iv) manage and distribute the net settlement amount. The Administrator can be contacted at:

Mailing Address:          NPT RicePoint Class Action Services
                          Sino-Forest Class Action
                          P.O. Box 3355

289

- 6 -

|                |                        |
|----------------|------------------------|
|                | London, ON  N6A 4K3    |
| Telephone:     | 1-866-432-5534         |
| Email Address: | sino@nptricepoint.com  |
| Website:       | www.nptricepoint.com   |

**Further Information**

If you would like additional information, please contact Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules sencrl, or Cohen Milstein Sellers & Toll PLLC using the information below:

Garth Myers, Jonathan Ptak
Koskie Minsky LLP
20 Queen St. West, Suite 900, Box 52, Toronto, ON, M5H 3R3
Re: Sino-Forest Class Action
Tel: 1.866.474.1739 (within North America)
Tel: 416.595.2158 (outside North America)
Email: sinoforestclassaction@kmlaw.ca

Dimitri Lascaris, Charles Wright
Siskinds LLP
680 Waterloo Street, P.O. Box 2520 London, ON N6A 3V8
Re: Sino-Forest Class Action
Tel: 1.800.461.6166 x 2380 (within North America)
Tel: 519.672.2251 x 2380 (outside North America)
Email: sinoforest@siskinds.com

Simon Hebert
Siskinds Desmeules, sencrl
43 Rue Buade, Bureau 320, Québec City, Québec, G1R 4A2
Re: Sino-Forest Class Action
Tel: 418.694.2009
Email: simon.hebert@siskindsdesmeules.com

Richard Speirs, Genevieve Fontan
Cohen Milstein Sellers & Toll, PLLC
88 Pine Street
New York, NY 10005
Tel. 212.838.7797
Email: lawinfo@cohenmilstein.com

**Interpretation**

If there is a conflict between the provisions of this notice and the Settlement Agreement, the terms of the Settlement Agreement will prevail.

290

- 7 -

Please do not direct inquiries about this notice to the Ontario Superior Court or the United States Bankruptcy Court. All inquiries should be directed to Class Counsel.

DISTRIBUTION OF THIS NOTICE HAS BEEN AUTHORIZED BY THE ONTARIO
SUPERIOR COURT OF JUSTICE

291

## NOTICE OF OBJECTION

# ONLY USE THIS FORM IF YOU **DO NOT** LIKE THE DEALERS SETTLEMENT OR THE CLAIMS AND DISTRIBUTION PROTOCOL OR THE COUNSEL FEE APPLICATION AND WISH TO OBJECT

**TO:** **SISKINDS LLP**
680 Waterloo Street
PO Box 2520
London, ON N6A 3V8

Attention: Nicole Young

Email: sinoforest@siskinds.com

**RE:** **SINO-FOREST CORPORATION — DEALERS SETTLEMENT**

I, _____ **(please check all boxes that apply):**

(insert name)

☐    am a current shareholder of Sino–Forest Corporation

☐    am a former shareholder of Sino–Forest Corporation

☐    am a current noteholder of Sino–Forest Corporation

☐    am a former noteholder of Sino–Forest Corporation

☐    other (please explain)

_____

_____

I acknowledge that pursuant to the order of Mr. Justice Morawetz dated ● (the "Order"), persons wishing to object to the Dealers Settlement, the claims and distribution protocol, or the counsel fee application are required to complete and deliver this Notice of Objection to Siskinds LLP by mail, courier or email to be received by no later than ● (Eastern Time) on ●.

I hereby give notice that I object to the Dealers Settlement, the claims and distribution protocol, or the counsel application for the following reasons (please attach extra pages if you require more space):

**ONLY SUBMIT AN OBJECTION IF YOU DO NOT LIKE THE DEALERS SETTLEMENT, THE CLAIMS AND DISTRIBUTION PROTOCOL, OR THE COUNSEL FEE APPLICATION AND WISH TO OBJECT**

292

- 2 -

_____

_____

_____

_____

_____

_____

_____

_____

_____

☐     I DO NOT intend to appear at the hearing of the motion to approve the Dealers Settlement, the Claims and Distribution Protocol, or the Counsel Fee Application, and I understand that my objection will be filed with the court prior to the hearing of the motion at ● on ●, at 330 University Ave., 8th Floor Toronto, Ontario.

☐     I DO intend to appear, in person or by counsel, and to make submissions at the hearing of the motion to approve the Dealers Settlement, the Claims and Distribution Protocol, or the Counsel Fee Application,  at ● on ●, at 330 University Ave., 8th Floor Toronto, Ontario.

**MY ADDRESS FOR SERVICE IS:**     **MY LAWYER'S ADDRESS FOR SERVICE IS (if applicable):**

Name:                     Name:

Address:              Address:

Tel.:                       Tel.:

Fax:                      Fax:

Email:                   Email:

**Date:** _____    **Signature:** _____

# LITIGE SUR TITRES – SINO-FOREST

## AVIS DE RÈGLEMENT PROPOSÉ AVEC :

293

**Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (É.-U.) LLC et Merrill Lynch, Pierce, Fenner & Smith Incorporated (le successeur par fusion à la Bank of America Securities LLC)**

À : Toutes les personnes et entités, quel que soit leur lieu de domiciliation, qui ont acquis des titres de Sino-Forest Corporation, y compris des titres négociés sur les marchés primaire, secondaire et hors bourse (les « Titres des demandeurs »).

**VEUILLEZ LIRE ATTENTIVEMENT CET AVIS, CAR IL PEUT TOUCHER VOS DROITS JURIDIQUES. VOUS POURRIEZ DEVOIR AGIR IMMÉDIATEMENT**

**DATE LIMITE IMPORTANTE**

| | |
|---|---|
| **Date limite de l'opposition** (pour les personnes qui souhaitent s'opposer ou faire des soumissions concernant les projets de règlement négociés avec les Courtiers ou qui souhaitent que soit reconnue et appliquée toute ordonnance approuvant de tels règlements proposés aux États-Unis). Veuillez vous reporter aux pages 2 et 3 pour obtenir plus de détails à ce sujet). | Le 1er avril 2015 (Cour supérieure de l'Ontario) et <br><br> Le 29 mai 2015 (Tribunal des faillites aux États-Unis) |

### Contexte du recours collectif de Sino-Forest et procédure CCAA

En juin et juillet 2011, des recours collectifs ont été intentés devant la Cour supérieure de justice de l'Ontario (la « Procédure de l'Ontario ») et à la Cour supérieure du Québec (la « Procédure du Québec ») par certains demandeurs (les « Demandeurs canadiens ») contre Sino-Forest Corporation (« Sino-Forest »), ses vérificateurs, un cabinet de conseil, ses dirigeants et cadres supérieurs, Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation, RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (É.-U.) LLC et Merrill Lynch, Pierce, Fenner & Smith Incorporated (le successeur par fusion à la Bank of America Securities LLC) (les « Courtiers »). En janvier 2012, un recours collectif proposé a été intenté par certains demandeurs (de pair avec les Demandeurs canadiens, les « Demandeurs ») contre Sino-Forest et d'autres défendeurs à la Cour suprême de l'État de New York. Ce recours a été transféré à la Cour de District des États-Unis ayant compétence dans le District-Sud de New York où ledit recours est désormais en instance (le « Recours aux États-Unis ») (de pair avec la Procédure de l'Ontario et la Procédure du Québec, les « Procédures »). Dans le cadre de ces Procédures, il a été allégué, *entre autres*, que les documents publics de Sino-Forest contenaient des déclarations fausses et trompeuses concernant le bilan financier de Sino-Forest, ainsi que les actifs, activités et opérations de cette dernière.

Le litige a été contesté vigoureusement depuis cette époque. Le 30 mars 2012, Sino-Forest a obtenu une protection contre ses créanciers en vertu de la loi américaine intitulée *Companies' Creditors Arrangement Act* (la loi « CCAA »). La Cour supérieure de l'Ontario a, par conséquent, ordonné un arrêt des procédures contre la société et les autres parties (la « Procédure CCAA »). Vous pouvez visualiser les ordonnances et autres documents liés à la Procédure CCAA sur le site Internet du contrôleur de CCAA à l'adresse http://cfcanada.fticonsulting.com/sfc/ (le « Site Web du contrôleur »).

Le 10 décembre 2012, la Cour supérieure de l'Ontario a émis une ordonnance (l'« Ordonnance de l'homologation du plan ») pour approuver un Plan d'arrangement dans le cadre de la Procédure CCAA. Dans le cadre de ce Plan d'arrangement, la Cour a approuvé un cadre en vertu duquel les Demandeurs peuvent conclure des règlements à l'amiable avec tout défendeur tiers de la Procédure.

Le 4 février 2013, une procédure a été entamée dans la Cour des faillites des États-Unis du District-Sud de New York (« la Cour des faillites des États-Unis »), intitulée « In re Sino Forest Corporation », n° de dossier 13-10361 (MG) (la « Prodécure du chapitre 15 »), afin de demander que soit reconnue la Procédure CCAA et de solliciter une ordonnance selon laquelle est reconnue et appliquée l'Ordonnance de l'homologation du plan aux États-Unis. Le 15 avril 2013, la Cour des faillites a rendu une ordonnance dans le but de reconnaître et faire appliquer l'Ordonnance de l'homologation du plan aux États-Unis.

Peu de temps avant le début de la Procédure CCAA, les Demandeurs ont conclu un règlement à l'amiable avec Pöyry (Beijing) Consulting Consulting Company Limited (le « Règlement de Pöyry »). Le Règlement de Pöyry a été approuvé par les cours de l'Ontario et du Québec, et une date a été établie, soit le 15 janvier 2013, à laquelle les membres pouvaient se retirer du Recours collectif. Cette période de retrait est maintenant écoulée. Par conséquent, il est désormais impossible de se retirer des Procédures.

affidavit of G. A. L. M. Y. C. S

sworn before me this 8th

day of A. . . . . 20 15

COMMISSIONER FOR TAKING AFFIDAVITS

- 2 -

À ce jour, les réclamations mises de l'avant dans les Procédures contre les défendeurs Ernst & Young et David J. Horsley ont également été réglées et approuvées par la Cour supérieure de l'Ontario.

Le 12 janvier 2015, la Cour supérieure de l'Ontario a certifié la Procédure de l'Ontario et a autorisé les Demandeurs à poursuivre les réclamations déposées en vertu de la Section XXIII.1 de la *Loi sur les valeurs mobilières* de l'Ontario (et de lois similaires dans d'autres provinces) contre Sino-Forest, BDO Limited, Allen T.Y. Chan, W. Judson Martin, Kai Kit Poon, William E. Ardell, James P. Bowland, James M.E. Hyde, Edmund Mak, Simon Murray, Peter Wang et Garry J. West.

### Les représentants des Demandeurs d'indemnités dans le cadre du litige concernant les titres émis par Sino-Forest

Les cabinets d'avocat suivants sont les représentants des Demandeurs d'indemnités : Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules, sencrl, et Cohen Milstein Sellers & Toll PLLC (collectivement les « Avocats du groupe»). Si vous désirez être représenté(e) à la Cour par un avocat de votre choix, vous avez le droit d'en engager un à vos frais.

Vous n'aurez pas à payer directement vous-même les frais et dépenses encourus par les Avocats du groupe. Toutefois, les Avocats du groupe demanderont soit un paiement en remboursement de leurs frais et dépenses à même les sommes obtenues au bénéfice du groupe, soit un paiement à part à verser par les défendeurs.

### Projet de règlement négocié avec les Courtiers

Les Demandeurs ont conclu un projet de règlement avec les Courtiers (le « Règlement à l'amiable »). Ce Règlement à l'amiable viserait à régler, à annuler et à bloquer toutes les réclamations, dans leur globalité, à l'encontre des Courtiers en ce qui concerne Sino-Forest, y compris toutes les allégations formulées dans le cadre des Procédures. Les Courtiers nient avoir des dettes envers les demandeurs et ils nient avoir commis des actes répréhensibles. Les modalités du projet de règlement ne portent pas sur la résolution des réclamations à faire valoir contre Sino-Forest ou les autres défendeurs. Pour obtenir une mise à jour des Ordonnances CCAA qui touchent Sino-Forest, veuillez consulter le site Web du Contrôleur. Vous pouvez visionner une copie complète du projet de Règlement à l'amiable et autres renseignements concernant ces Procédures sur le site Web de Koskie Minsky LLP, à www.kmlaw.ca/sinoforestclassaction, le site Web de Cohen Milstein Sellers & Toll PLLC à http://www.cohenmilstein.com/cases/274/sino-forest (le « Site Web de Cohen Milstein »), ainsi que sur le site Web à www.sinosettlement.com (collectivement, les « Sites Web du recours collectif »).

Si le Règlement à l'amiable est approuvé et que ses conditions sont remplies, il est prévu qu'un montant de 32 500 000 $ CA (le « Montant du règlement ») soit versé dans un compte productif d'intérêts au bénéfice des Demandeurs d'indemnités parties prenantes au litige eu égard aux titres de Sino-Forest, et ce, après distribution dudit Montant conformément à l'ordonnance de la Cour supérieure de l'Ontario, qui décrète que soient acquittés les honoraires des avocats et leurs débours.

En contrepartie, les Procédures contre les Courtiers seront abandonnées, et la Cour émettra une ordonnance pour bloquer en permanence toute réclamation contre ces derniers relativement à Sino-Forest, y compris toute allégation relativement aux Procédures. Cette ordonnance sera définitive et exécutoire. De plus, il sera impossible de poursuivre toute réclamation contre les Courtiers au moyen d'un processus d'option de refus aux termes du recours collectif ou de toute autre loi qui autoriserait un tel processus.

Le projet de règlement négocié avec les Courtiers est soumis à l'approbation de la Cour, ainsi qu'il est décrit ci-dessous.

### Tenue de l'audience d'approbation du Règlement à l'amiable, des Honoraires des avocats du groupe, ainsi que du Protocole régissant les réclamations et la distribution du Montant du règlement, le 11 mai 2015 à Toronto (Ontario)

Le 11 mai 2015, à 10 heures (HNE), une audience aura lieu devant la Cour supérieure de justice de l'Ontario, à l'occasion de laquelle les Avocats du groupe solliciteront l'approbation par la Cour i) du Règlement à l'amiable ; ii) de la demande de remboursement des honoraires et des dépenses des Avocats du groupe ; ainsi que ii) du plan d'attribution et de distribution du Montant du règlement (le « Protocole de réclamations et distribution ») (collectivement, la « Motion d'approbation par la Cour supérieure de justice de l'Ontario »). L'audience se tiendra dans l'immeuble Canada Life situé au 330 University Avenue, 8e étage, Toronto (Ontario). Le numéro de la salle d'audience sera indiqué sur un tableau d'affichage situé au 8e étage.

Le Protocole de réclamations et distribution proposé précise, entre autres, i) la méthode qu'utilisera l'Administrateur (voir définition ci-dessous) pour examiner et traiter les formulaires de réclamation, ainsi que ii) la méthode qu'utilisera celui-ci pour calculer le montant des indemnités à distribuer à chaque Demandeur partie prenante au litige eu égard aux titres émis par Sino-Forest, y compris le Système d'attribution qui assignera les différents coefficients d'ajustement du risque aux titres de Sino-Forest selon des facteurs tels que le type des titres acquis et le moment d'acquisition. Par conséquent, il est possible que les

295

- 3 -

personnes dont les titres de Sino-Forest ont subi des pertes identiques reçoivent des indemnités calculées d'après des échelons différents, en fonction des coefficients d'ajustement du risque assignés à leurs titres.

Vous pouvez consulter les détails du Protocole de réclamations et distribution proposé en vous rendant sur les sites Web du Recours collectif ou en communiquant avec les Avocats du groupe aux coordonnées présentées à la fin du présent avis.

Lors de la présentation de la Motion d'approbation par la Cour supérieure de justice de l'Ontario, la Cour déterminera si le Règlement à l'amiable et le Protocole de réclamations et distribution sont équitables, raisonnables et dans l'intérêt supérieur des Demandeurs parties prenantes au litige portant sur les titres émis par Sino-Forest. Au cours de cette audience, les Avocats du groupe solliciteront également l'approbation par la Cour de sa demande de remboursement des honoraires et des dépenses (les « Honoraires des avocats du groupe »). Comme il est d'usage pour les recours collectifs, les Avocats du groupe poursuivent et continueront à poursuivre le présent recours collectif sur une base d'honoraires conditionnels. Les Avocats du groupe ne seront rémunérés qu'à condition que le recours collectif obtienne gain de cause. Dans l'intervalle, ils assumeront l'ensemble des frais découlant de la conduite du litige. Avant la distribution du Montant du règlement aux Demandeurs d'indemnités parties prenantes au litige eu égard aux titres émis par Sino-Forest, les Avocats du groupe soumettront une demande de déduction des honoraires et déboursements suivants à partir du Montant du règlement :

Siskinds LLP, Koskie Minsky LLP, Siskinds Desmeules, sencrl

Montant demandé : 5 517 207 $, plus débours (dépenses), plus taxes

Cohen Milstein Sellers & Toll PLLC

Montant demandé : 194 620 $, plus débours (dépenses), plus taxes

Les documents judiciaires à l'appui de la demande de remboursement des honoraires et débours seront publiés sur les sites Web du Recours collectif avant la tenue de l'Audience portant sur les honoraires et le Protocole de distribution.

Les frais engagés ou exigibles relativement à l'avis, à la mise en œuvre et à l'administration du règlement (les « Frais d'administration ») seront également payés à même du Montant du règlement.

Tous les Demandeurs d'indemnités parties prenantes au litige eu égard aux titres de Sino-Forest peuvent assister à l'Audience portant sur la Motion d'approbation par la Cour supérieure de justice de l'Ontario et demander de faire des soumissions concernant le projet de règlement conclu avec les Courtiers.

**Les personnes qui prévoient s'objecter à l'approbation du Règlement à l'amiable, au Protocole d'attribution et de distribution du Montant de règlement ou à l'Application des honoraires et dépenses, doivent envoyer un Avis d'opposition, essentiellement au format indiqué sur les sites Web du Recours collectif, et si cet Avis est reçu par courrier ou courriel, joint à cet Avis (l'« Avis d'opposition »), à Siskinds LLP par voie de courrier ordinaire, messagerie ou courriel, aux coordonnées indiquées sur l'Avis d'opposition, de sorte qu'il soit reçu <u>au plus tard le 1er avril 2015 à 17 heures</u> (HNE). Des exemplaires des Avis d'opposition envoyés à Siskinds LLP seront déposés auprès de la Cour supérieure de l'Ontario.**

En parallèle avec l'audience portant sur la Motion d'approbation par la Cour supérieure de justice de l'Ontario, une audience se tiendra à la Cour de faillite des États-Unis en vue d'obtenir une ordonnance selon laquelle sera reconnue et appliquée l'ordonnance qui accordera l'approbation du Règlement des courtiers aux États-Unis.

**<u>Audience simultanée pour solliciter une Ordonnance de reconnaissance et d'application le 9 juin 2015 à New York, New York</u>**

Entre autres choses, le Règlement à l'amiable est conditionnel à une ordonnance de reconnaissance et d'application de l'ordonnance qui accorde l'approbation du Règlement des courtiers aux États-Unis. En conséquence, le cabinet d'avocats experts en faillite qui représente les Demandeurs aux États-Unis, Lowenstein Sandler LLP, déposera une motion (la « Motion de reconnaissance du règlement des Courtiers ») auprès de la Cour de faillite des États-Unis afin de demander une telle approbation. La copie de la Motion de reconnaissance du règlement des Courtiers sera mise à disposition sur les sites Web du Recours collectif.

Le 9 juin 2015, à 10 heures (HNE), en parallèle avec l'audience portant sur la Motion d'approbation par la Cour supérieure de justice de l'Ontario, une audience sera tenue relativement à la Motion de reconnaissance du règlement des Courtiers auprès de l'honorable Martin Glenn, juge siégeant à la Cour de faillite aux États-Unis, dans la salle d'audience n°501 de la Cour de faillite, One Bowling Green, New York, New York. Si la Motion d'approbation est acceptée par la Cour supérieure de justice de

- 4 -

l'Ontario, la Cour de faillite délibérera sur l'opportunité d'accorder une ordonnance de reconnaissance et d'application de l'ordonnance accordant l'approbation du règlement des Courtiers aux États-Unis.

**Toute objection opposée ou toute réaction à l'égard de la Motion de reconnaissance du règlement des Courtiers (laquelle sera délibérée par la Cour de faillite des États-Unis séparément de toute objection opposée à la Motion d'approbation par la Cour supérieure de justice de l'Ontario) doit être conforme aux dispositions du Code des faillites des États-Unis (United States Bankruptcy Code), aux procédures prescrites par les Règles fédérales sur la faillite (Federal Rules of Bankruptcy Procedure) et aux règles locales auxquelles adhère la Cour de faillite. En outre, une telle objection ou réaction doit être faite à l'écrit, en décrire les fondements et déposée auprès de la Cour de faillite des États-Unis par voie électronique, conformément à l'ordonnance générale M-399, par les utilisateurs enregistrés du système de dépôt de dossiers électroniques de ladite Cour de faillite des États-Unis, et par toutes les autres parties intéressées, sur un disque de 3,5 pouces, de préférence au format PDF (document portable), Word Perfect ou tout autre format de traitement de texte compatible avec Windows, avec une copie papier adressée aux chambres de l'honorable Martin Glenn, juge siégeant en faillite aux États-Unis, District-Sud de New York, One Bowling Green, New York, NY 10004-1408, et signifié au cabinet d'avocats experts en faillite aux États-Unis représentant les Courtiers, au Sherman & Sterling LLP, 599 Lexington Avenue, New York, NY 1022, United States, à l'attention de : Jaculin Aaron, et le cabinet d'avocats experts en faillite représentant les Demandeurs aux États-Unis, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, N.Y. 10020, à l'attention de : Michael S. Etkin et Andrew D. Behlmann, afin d'être reçue par ces derniers au plus tard le 29 mai 2015 à 17 heures (HNE).**

**LA COUR PEUT APPROUVER UN PROTOCOLE DE RÉCLAMATIONS ET DISTRIBUTION QUI EST DIFFÉRENT DE CELUI PROPOSÉ PAR LE CABINET D'AVOCAT DU GROUPE. QU'ELLES SOUMETTENT OU NON UN FORMULAIRE DE RÉCLAMATION VALIDE, TOUTES LES PERSONNES ET ENTITÉS AUTORISÉES À PARTICIPER AU RÈGLEMENT DES COURTIERS SERONT LIÉES PAR LE PROTOCOLE DE RÉCLAMATIONS ET DISTRIBUTION, QUELLE QU'EN SOIT LA NATURE, QUE LA COUR APPROUVERA.**

### L'administrateur

La Cour supérieure de l'Ontario a nommé NPT RicePoint en tant qu'Administrateur du règlement. L'Administrateur aura notamment comme responsabilité de : (i) recevoir et traiter les formulaires de réclamation ; (ii) déterminer l'admissibilité à l'indemnité des Membres du groupe conformément au Protocole de réclamations et distribution ; (iii) communiquer avec les Membres du groupe au sujet de leur admissibilité à l'indemnité ; et (iv) gérer et distribuer le Montant net du Règlement. Vous pouvez joindre l'Administrateur au :

Adresse postale :   NPT RicePoint Class Action Services
                    Sino-Forest Class Action
                    C.P. 3355
                    London (Ontario) N6A 4K3
Téléphone :         1 866 432-5534
Adresse courriel :  sino@nptricepoint.com
Site Web :          www.nptricepoint.com

### Informations supplémentaires

Si vous souhaitez obtenir des informations supplémentaires, veuillez communiquer avec Koskie Minsky LLP, Siskinds LLP, Siskinds Desmeules sencrl, ou Cohen Milstein Sellers & TollPLLC, en utilisant les coordonnées ci-dessous :

Garth Myers, Jonathan Ptak
Koskie Minsky LLP
20 Queen St. West, bureau 900, boîte 52
Toronto (Ontario) M5H 3R3
Objet : Sino-Forest Class Action
Téléphone : 1 866 474-1739 (en Amérique du Nord)
Téléphone : 416 595-2158 (à l'extérieur de l'Amérique du Nord)
Adresse courriel : sinoforestclassaction@kmlaw.ca

297

- 5 -

Dimitri Lascaris, Charles Wright
Siskinds LLP
680 Waterloo Street, C.P. 2520
London (Ontario) N6A 3V8
Objet : Sino-Forest Class Action
Téléphone : 1 800 461-6166, poste 2380 (en Amérique du Nord)
Téléphone : 519 672-2251, poste 2380 (à l'extérieur de l'Amérique du Nord)
Adresse courriel : sinoforest@siskinds.com

Samy Elnemr
Siskinds Desmeules, Avocats, sencrl
480, Saint-Laurent, suite 501, Montréal, Québec, H2Y 3Y7
Objet : Recours collectif contre Sino-Forest
Téléphone: 514.849.1970
Adresse courriel : samy.elnemr@siskindsdesmeules.com

Richard Speirs, Genevieve Fontan
Cohen Milstein Sellers & Toll, PLLC
88 Pine Street
New York, NY 10005
Téléphone : 418 694-2009
Adresse courriel : lawinfo@cohenmilstein.com

**Interprétation**

En cas de conflit entre les dispositions du présent Avis et le Règlement à l'amiable, les dispositions du Règlement à l'amiable ont préséance.

Veuillez ne pas envoyer vos demandes de renseignements au sujet du présent Avis à la Cour supérieure de l'Ontario ni à la Cour de faillite des États-Unis. Toutes les demandes de renseignements doivent être adressées aux avocats du groupe.

LA DIFFUSION DE CET AVIS A ÉTÉ AUTORISÉE PAR LA COUR SUPÉRIEURE DE JUSTICE DE L'ONTARIO

- 6 -

## AVIS D'OPPOSITION
# UTILISEZ UNIQUEMENT CE FORMULAIRE SI LE RÈGLEMENT DES COURTIERS, LE PROTOCOLE DE RÉCLAMATIONS ET DISTRIBUTION OU L'APPLICATION DES HONORAIRES D'AVOCAT **NE VOUS CONVIENNENT PAS** ET SI VOUS SOUHAITEZ Y OPPOSER VOTRE OBJECTION

**À : SISKINDS LLP**
680 Waterloo Street
C.P. 2520
London (Ontario) N6A 3V8

À l'attention de : Nicole Young

Adresse courriel : sinoforest@siskinds.com

**Objet : SINO-FOREST CORPORATION – RÈGLEMENT DES COURTIERS**

Je soussigné(e), _____ (veuillez cocher toutes les cases qui s'appliquent) :
                        (insérez le nom)

☐    suis à présent un(e) actionnaire de Sino-Forest Corporation

☐    suis à présent un(e) ancien(ne) actionnaire de Sino-Forest Corporation

☐    suis à présent un(e) porteur(e) de titres de Sino-Forest Corporation

☐    suis à présent un(e) ancien(ne) porteur(e) de titres de Sino-Forest Corporation

☐    Autre (veuillez préciser)

_____

_____

Je reconnais qu'en vertu de l'ordonnance rendue par le juge, monsieur Morawetz, en date du 29 janvier 2015 (l'« Ordonnance »), les personnes qui souhaitant opposer une objection au règlement des Courtiers, au Protocole de réclamations et distribution ou à l'application des honoraires d'avocat doivent remplir le présent Avis d'opposition et l'envoyer à Siskinds LLP par courrier, messagerie ou courriel de sorte qu'il soit reçu au plus tard le 1er avril 2015 à 17 heures (HNE).

Par les présentes, je donne avis que j'oppose mon objection au règlement des Courtiers, au Protocole de réclamations et distribution ou à l'application des honoraires d'avocat pour les motifs suivants (veuillez ajouter des pages supplémentaires si plus d'espace est nécessaire) :

**SOUMETTEZ UNIQUEMENT VOTRE OJECTION SI LE RÈGLEMENT DES COURTIERS, LE PROTOCOLE DE RÉCLAMATIONS ET DISTRIBUTION OU L'APPLICATION DES HONORAIRES D'AVOCAT NE VOUS CONVIENNENT PAS**

293

- 7 -

_____

_____

_____

_____

_____

_____

_____

_____

☐    JE N'AI PAS L'INTENTION d'assister à l'audience portant sur la motion d'approbation du règlement des Courtiers, du Protocole de réclamations et distribution ou de l'Application des honoraires d'avocat, et je comprends que mon opposition sera déposée auprès de la Cour avant la tenue de ladite audience à 10 heures (HNE) le 11 mai 2015, à l'adresse suivante : 330 University Ave., 8e étage, Toronto (Ontario).

☐    J'AI L'INTENTION d'assister soit en personne, soit par avocat interposé, à l'audience portant sur la motion d'approbation du règlement des Courtiers, du Protocole de réclamations et distribution ou de l'Application des honoraires d'avocat, et j'ai l'intention de faire des soumissions lors de ladite audience à 10 heures (HNE) le 11 mai 2015, à l'adresse suivante : 330 University Ave., 8e étage, Toronto (Ontario).

| MON ADRESSE DE RÉCEPTION DE LA SIGNIFICATION : | L'ADRESSE DE RÉCEPTION DE LA SIGNIFICATION DE MON AVOCAT (le cas échéant) : |
|---|---|
| Nom : | Nom : |
| Adresse : | Adresse : |
| Téléphone : | Téléphone : |
| Télécopieur : | Télécopieur : |
| Adresse courriel : | Adresse courriel : |

Date : _____    Signature : _____

300

- 8 -

# LITIGE À L'ÉGARD DES TITRES DE SINO-FOREST
## AVIS DE MOTION VISANT À AUTORISER DES FRAIS D'ADMINISTRATION SUPPLÉMENTAIRES et À ACCEPTER DES RÉCLAMATIONS TARDIVES dans le CADRE DU RÈGLEMENT DE ERNST & YOUNG

### Avis de motion visant à autoriser des frais d'administration supplémentaires

NPT RicePoint Class Action Services Inc. (« NPT ») est l'administrateur nommé par la Cour du règlement conclu entre le comité ad hoc des acquéreurs de titres émis par Sino-Forest (le « Comité ad hoc ») et Ernst & Young LLP (le « Règlement de Ernst & Young »). Puisque le volume des réclamations déposées dans le cadre du Règlement de Ernst & Young est plus élevé que prévu – le volume dépasse substantiellement l'estimation faite par NPT dans sa proposition exprimant son souhait d'administrer ledit Règlement (la « Proposition ») – le Comité ad hoc sollicite une ordonnance selon laquelle les honoraires de NPT devraient être augmentés de **580 000 $** à **1 439 125 $** afin de tenir compte du surcroît de temps requis en conséquence par NPT pour administrer le Règlement.

Les honoraires d'origine de 580 000 $ proposés par NPT et approuvés par la Cour ont été établis en fonction d'une évaluation prévoyant le dépôt de 18 200 réclamations et 5 500 heures à consacrer à l'administration du Règlement de Ernst & Young. Dans le cas d'une augmentation importante du nombre des réclamations déposées au titre de ce Règlement, la Proposition stipule que le Comité ad hoc aurait le droit de se présenter de nouveau à la Cour pour demander l'approbation de frais supplémentaires au bénéfice de NPT. En fait, une telle augmentation s'est bel et bien produite. Jusqu'ici, plus de 49 625 réclamations ont été déposées (chiffre de 2,73 fois plus important que celui prévu dans la Proposition), et NPT compte consacrer environ 12 261 heures à l'administration du Règlement (soit 6,761 heures de plus que prévu dans la proposition). Dans ces circonstances, les avocats du groupe sont convaincus qu'une augmentation des honoraires de NPT de 580 000 $ à 1 439 125 $ est juste et raisonnable.

### Avis de motion visant à autoriser le dépôt des Réclamations tardives

Selon l'ordonnance de la Cour, la date limite pour déposer les réclamations dans le cadre du Règlement de Ernst & Young était le 14 février 2014. Depuis cette date, NPT a reçu environ 1 780 réclamations tardives (les « Réclamations tardives »). Le Comité ad hoc sollicite une ordonnance auprès de la Cour, qui autorisera le dépôt de toutes les Réclamations tardives que NPT recevra jusqu'au 11 mai 2015, inclusivement.

### Comment Opposer une objection aux Motions visant à autoriser des frais d'administration supplémentaires et des Indemnités pour les réclamations tardives

Si vous souhaitez opposer une objection à : (a) la motion visant à autoriser les frais d'administration supplémentaires, ou (b) la motion visant à autoriser le dépôt des réclamations tardives, veuillez envoyer un courriel à sinoforest@siskinds.com ou poster une lettre à Siskinds LLP 680 Waterloo Street, C.P. 2520, London (Ontario) N6A 3V8 , à l'attention de : Nicole Young . Veuillez indiquer (i) votre nom, (ii) vos motifs, (iii) votre intention d'assister ou non à l'audience portant sur la motion visant à autoriser des frais d'administration supplémentaires et celle visant à autoriser des indemnités pour les réclamations tardives (l'heure et la date de l'audience figurent sur l'avis d'approbation du règlement ci-joint), (iv) votre adresse de réception de la signification et (v) l'adresse de réception de la signification de votre avocat (le cas échéant).

**Votre avis d'opposition devra être reçu le 1er avril 2015.**

391

# SINO-FOREST SECURITIES LITIGATION
## NOTICE OF MOTION TO AUTHORIZE ADDITIONAL ADMINISTRATION FEES and TO PERMIT LATE CLAIMS in the ERNST & YOUNG SETTLEMENT

### Notice of Motion to Authorize Additional Administration Fees

NPT RicePoint Class Action Services Inc. ("NPT") is the court-appointed administrator of the settlement between the Ad Hoc Committee of Purchasers of Sino-Forest's Securities (the "Ad Hoc Committee") and Ernst & Young LLP (the "E&Y Settlement"). Due to an unexpectedly high volume of claims filed in the E&Y Settlement, materially beyond NPT's estimate in its proposal to administer the E&Y Settlement (the "Proposal"), and a corresponding increase in the amount of time required for NPT to administer the settlement, the Ad Hoc Committee seeks an order increasing NPT's fee from **$580,000** to **$1,439,125.00**.

The original fee of $580,000 proposed by NPT and approved by the court was based on an estimate that 18,200 claims would be filed and the E&Y Settlement would take 5,500 hours to administer. The Proposal provided that the Ad Hoc Committee could return to court for authorization of additional fees for NPT if there was a material increase in claims filed in the E&Y Settlement. Such a material increase has occurred, and over 49,625 claims have now been filed (2.73 times greater than anticipated in the Proposal) and NPT expects to expend approximately 12,261 hours administering the settlement (6,761 more hours than contemplated in the Proposal). In the circumstances, class counsel believes that an increase in NPT's fees from $580,000 to $1,439,125.00 is fair and reasonable.

### Notice of Motion to Permit Filing of Late Claims

Pursuant to court order, the deadline to file claims in the E&Y Settlement was February 14, 2014. Since that date, NPT has received approximately 1,780 late claims (the "Late Claims"). The Ad Hoc Committee seeks a court order permitting NPT to allow filing of all Late Claims received up until May 11, 2015.

### How to Object to the Motion to Authorize Additional Administrator Fees and to Permit Compensation for Late Claims

If you would like to object to: (a) the motion to authorize additional administration fees; and/or (b) the motion to permit filing of late claims, please email **sinoforest@siskinds.com** or mail a letter to Siskinds LLP 680 Waterloo Street,  PO Box 2520, London, ON N6A 3V8 Attention: Nicole Young and provide (i) your name; (ii) your reason for objecting; (iii) whether or not you intend to appear at the hearing of the motion to authorize additional administration fees and the motion to permit compensation for late claims (the time and date of which are on the notice of settlement approval, enclosed); (iv) your address for service; and (v) your lawyer's address for service (if applicable).

**Your objection must be received by April 1, 2015.**

This is Exhibit ....D.... referred to in the affidavit of ...Garth Myers...

sworn before me, this ...6th...

day of ....April.... 20..15

_A COMMISSIONER FOR TAKING AFFIDAVITS_

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C.
1985, c.C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR
ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-12-9667-00-CL

*ONTARIO*
SUPERIOR COURT OF JUSTICE
Proceeding commenced at Toronto

Proceeding under the *Class Proceedings Act, 1992*

AFFIDAVIT OF GARTH MYERS

KOSKIE MINSKY LLP
900-20 Queen Street West
Box 52
Toronto, ON M5H 3R3
Kirk M. Baert (LSUC#: 309420)
Tel: 416.595.2117/Fax: 416.204.2889
Jonathan Ptak (LSUC#: 45773F)
Tel: 416.595.2149/Fax: 416.204.2903

SISKINDS LLP
680 Waterloo Street
P.O. Box 2520
London, ON N6A 3V8
A. Dimitri Lascaris (LSUC#: 50074A)
Tel: 519.660.7844/Fax: 519.660.7845
Charles M. Wright (LSUC#: 36599Q)
Tel: 519.660.7753/Fax: 519.660.7754

PALIARE ROLAND ROSENBERG
ROTHSTEIN LLP
155 Wellington Street, 35th Floor
Toronto, ON M5V 3H1
Ken Rosenberg (LSUC #21102H)
Massimo Starnino (LSUC #41048G)
Tel: 416-646-4300/Fax: 416-646-4301

Lawyers for the Ad Hoc Committee of Purchasers of the
Applicant's Securities, including the Class Action Plaintiffs

1551083v1