## **EXHIBIT I**

**DOCUMENT PRODUCTION ORDER**

Court File No.: CV-12-9667-00CL

## ONTARIO
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

| THE HONOURABLE REGIONAL | ) | _____, THE _____ DAY |
|---|---|---|
| | ) | |
| SENIOR JUSTICE MORAWETZ | ) | OF _____, 2015 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED, AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SINO-FOREST CORPORATION

Court File No.: CV-11-431153-00CP

## ONTARIO
### SUPERIOR COURT OF JUSTICE

B E T W E E N :

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA, THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 793 PENSION PLAN FOR OPERATING ENGINEERS IN ONTARIO, SJUNDE AP-FONDEN, DAVID GRANT ROBERT WONG, DAVIS NEW YORK VENTURE FUND, INC. and DAVIS SELECTED ADVISERS L.P.

Plaintiffs

- and -

SINO-FOREST CORPORATION, ERNST & YOUNG LLP, BDO LIMITED (formerly known as BDO MCCABE LO LIMITED), ALLEN T.Y. CHAN, W. JUDSON MARTIN, KAI KIT POON, DAVID J. HORSLEY, WILLIAM E. ARDELL, JAMES P. BOWLAND, JAMES M.E. HYDE, EDMUND MAK, SIMON MURRAY, PETER WANG, GARRY J. WEST, PÖYRY (BEIJING) CONSULTING COMPANY LIMITED, CREDIT SUISSE SECURITIES (CANADA), INC., TD SECURITIES INC., DUNDEE SECURITIES CORPORATION, RBC DOMINION SECURITIES INC., SCOTIA CAPITAL INC., CIBC WORLD MARKETS INC., MERRILL LYNCH CANADA INC., CANACCORD FINANCIAL LTD., MAISON PLACEMENTS CANADA INC., CREDIT SUISSE SECURITIES (USA) LLC and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (successor by merger to Banc of America Securities LLC)

Defendants

Proceeding under the *Class Proceedings Act, 1992*

## ORDER
### (Document Production Protocol)

**THIS MOTION**, made by the Ad Hoc Committee of Purchasers of the Applicant's Securities, including the plaintiffs in the action commenced against Sino-Forest Corporation ("Sino-Forest") in the Ontario Superior Court of Justice, bearing (Toronto) Court File No. CV-11-431153-00CP (the "Ontario Plaintiffs" and the "Ontario Class Action", respectively), in their own and proposed representative capacities, for an order providing the preservation and production of certain documents in the possession of Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation (now known as DWM Securities Inc.), RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC, and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC) (collectively, the Dealers"), was heard on October 30, 2015 at the Court House, 393 University Avenue, Toronto.

**ON READING** the Ontario Plaintiffs' Motion Record seeking settlement approval of a settlement between the Dealers and the Ontario Plaintiffs ("Dealers' Settlement"), including the affidavits of Charles Wright and the exhibits thereto, the affidavit Stephen Goudge, the affidavits of Garth Myers and the exhibits thereto, and the affidavit of Heather Palmer and the exhibits thereto; on the Court's granting its approval of the Dealers' Settlement; and on hearing the submissions of counsel:

1.     **THIS COURT ORDERS** that the Dealers and all other parties to the Ontario Class Action shall be bound by the terms of the Production Protocol attached to this Order as

    **Appendix "A"**.

2.    **THIS COURT ORDERS** that the document production as set out in the Production Protocol shall proceed pursuant to an agreement between the parties to the Ontario Class Action and the Dealers in respect of a discovery plan pursuant to Rule 29.1.03 (1) of the *Rules of Civil Procedure,* or failing such agreement, a further order of the court in respect of a discovery plan.

3.    **THIS COURT ORDERS** that the non-settling, parties may, on a motion to this Honourable Court, seek to enforce any pre-existing or subsequently acquired rights to obtain evidence from the Dealers, or any of them, and may obtain on a motion to this Honourable Court, as against the Dealers, or any of them, as a non-party, subject to the Dealers' ability to resist a further order of the Court, Orders for:

    (a)    documentary discovery and affidavit of documents in accordance with the Rules of Civil Procedure from the Dealers. or any of them, to the extent it is not provided for in the Order or Appendix "A" thereto;

    (b)    oral discovery of a representative of the Dealers, or any of them, the transcript of which may be read in at trial;

    (c)    leave to serve a request to admit on the Dealers, or any of them, in respect of factual matters; and

    (d)    an undertaking to produce a representative of the Dealers, or any of them, to testify at trial, with such witness to be subject to cross-examination by counsel for the non-settling defendants.

 

                                                            Morawetz RSJ.

APPENDIX "A"

PRODUCTION PROTOCOL

This document production protocol is intended to describe the process for the preservation of relevant documents in the possession of Credit Suisse Securities (Canada) Inc., TD Securities Inc., Dundee Securities Corporation (now known as DWM Securities Inc.), RBC Dominion Securities Inc., Scotia Capital Inc., CIBC World Markets Inc., Merrill Lynch Canada Inc., Canaccord Financial Ltd., Maison Placements Canada Inc., Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated (successor by merger to Banc of America Securities LLC) (collectively, the "Dealers") and production of relevant documents by Credit Suisse Securities (Canada) Inc., TD Securities Inc., and Merrill Lynch Canada Inc. (the "Lead Dealers") in Ontario Superior Court of Justice, Court File No. CV-11-431153CP (the "Action"). The protocol assumes that (a) the Dealers' Settlement and Dealers' Release will have been finally approved by the Ontario Superior Court of Justice and recognized and enforced by the United States Bankruptcy Court, as contemplated by paragraph 14 of the Minutes of Settlement between the Ontario Class Action Plaintiffs and the Dealers (the "Dealers' Minutes of Settlement") and (b) the preconditions to the Dealers' Settlement set out in paragraph 24 of the Dealers' Minutes of Settlement will have been met.

The Dealers confirm that to the best of their knowledge documents related to Sino-Forest Corporation and its subsidiaries ("Sino-Forest") in each of their power, possession and control have been preserved by each of them in a manner consistent with the *Rules of Civil Procedure* and will continue to be preserved until the Action has been finally resolved.

After the close of pleadings in the Action, following production of documents by the then parties (not including the Dealers) to the Action and following delivery of affidavits of documents by parties (not including the Dealers) to the Action, and in accordance with the timetable set out in the Discovery Plan (referenced in paragraph 3 below):

1) The Lead Dealers will identify and produce the documents relevant to the Action, as determined by reference to the pleadings in the Action, such relevance to be determined as if the Lead Dealers were still parties to the Action, subject to the principles or proportionality and reasonableness and subject to privilege and other lawful confidentiality

claims (the "Documents");

2)  The Documents referred to in paragraph (1) hereof shall be made available to the parties for inspection upon request and, if requested. copies shall be produced to the parties to the Action;

3)  The Lead Dealers shall be consulted about the proposed schedule for production and discovery with respect to productions pursuant to this protocol before the finalization of the Discovery Plan pursuant to Rules 29.1.03(1) of the *Rules of Civil Procedure*. The Lead Dealers shall thereafter make the Documents available for inspection in accordance with the established schedule. Any dispute with respect to the schedule as it affects the Lead Dealers may be referred to the Ontario Superior Court pursuant to paragraph 9 hereof;

4)  The Dealers shall be provided notice of all motions affecting any or all of them, including but not limited to any motion in respect of this Production Protocol, with service effective upon John Fabello or Andrew Gray of Torys LLP, for all motions or other proceedings contemplated by this protocol and the Order;

5)  The parties to the Action will be permitted to access the aforementioned Documents for an agreed duration during which any such party may request copies of them;

6)  The Lead Dealers will arrange for copies of the Documents to be made and thereafter provided, not only to the party to the Action requesting copies of the documents, but also to every other party to the Action. In the case of documents that are now in electronic form, production of such documents will be by electronic copies;

7)  Any party to the Action that requests copies of the documents pursuant to paragraphs 2 and 5 hereof agrees to pay all reasonable expenses relating to the copying or scanning of the requested documents incurred by the Lead Dealers (including the costs incurred as a result of the Lead Dealers retaining a third party vendor for such copying of scanning) for both the party requesting the documents and all other parties to the Action who are entitled to receive a duplicate copy, subject to the rights of the parties to the Action to recover the same from the other parties to the Action as costs in the Action. Nothing in this paragraph is intended to prevent the parties to the Action from allocating the costs referred to among themselves in any way they agree is appropriate; All other costs of the Lead Dealers relating to the preparation for inspection and the production of the Documents shall be in the discretion of the Court pursuant to Rule 30.10 of the *Rules of Civil Procedure* and s.

131 of the *Courts of Justice Act* and the Lead Dealers or any party to the Action may refer the issue of the responsibility for payment of such costs to the Court pursuant to paragraph 9 hereof;

8) The parties to the Action or the Dealers may seek the assistance of the Ontario Superior Court, in case managing or resolving any issues that may arise during implementation of the abovementioned document productions protocol, including the application and/or waiver of privilege, privilege generally, claims of confidentiality claims, the determination of relevance and the responsibility for costs incurred by the Lead Dealers referred to in paragraph 8 hereof;

9) The deemed undertaking, as described in Rule 30.1 of the *Rules of Civil Procedure* shall apply to all documents made available for inspection or produced by the Lead Dealers;

10) Nothing in this document protocol waives or prejudices the rights that the parties to the Action and the Dealers might have pursuant to Rules 30.10, 31.10 and 53.07 of the *Rules of Civil Procedure* and section 131 of the *Courts of Justice Act (Ontario)*.

KM-1877967v1

Court File No. CV-12-9667-00CL

Court File No. CV-11-431153-00CP

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED
AND IN THE MATTER OF A PLAN OF COMPROMISE AND ARRANGEMENTS OF SINO-FOREST CORPORATION

THE TRUSTEES OF THE LABOURERS' PENSION FUND OF CENTRAL AND EASTERN CANADA et al.

Plaintiffs

-and- SINO-FOREST CORPORATION, et. al.

Defendants

## ONTARIO
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

Proceeding Commenced at Toronto

### ORDER

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
250 University Avenue, Suite 501
Toronto, ON M5H 3E5
**Ken Rosenberg** (LSUC No. 21102H)
**Massimo Starnino** (LSUC No. 41048G) Tel: (416) 646-4300 / Fax: (416) 646-4301

**KOSKIE MINSKY LLP**
900-20 Queen Street West, Box 52 Toronto, ON M5H 3R3
**Kirk M. Baert** (LSUC No. 309420)
Tel: (416) 595-2117 / Fax: (416) 204-2889
Jonathan Ptak (LSUC No.45773F)
Tel: (416) 595-2149 / Fax: (416) 204-2903

**SISKINDS LLP**
680 Waterloo Street, P.O. Box 2520 London, ON N6A 3V8
**Charles M. Wright** (LSUC No. 36599Q)
Tel: (519) 660-7753 / Fax: (519) 660-7754
**A. Dimitri Lascaris** (LSUC No.50074A)
Tel: (519) 660-7844 / Fax: (519) 660-7845

Lawyers for the Ad Hoc Committee of Purchasers of the Applicant's Securities